DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>    Debtor and Debtor in Possession. | Case No.: 2:21-bk-18205-DS<br><br>Chapter 11 Case<br><br>**DEBTOR'S FIRST CHAPTER 11 CASE STATUS REPORT**<br><br>**Hearing:**<br>Date:   December 2, 2021<br>Time:  11:30 a.m.<br>Place:  Courtroom 1639<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br>          **[VIA ZOOMGOV ONLY]** |

1

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

Crestlloyd, LLC, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), respectfully submits this *First Chapter 11 Case Status Report* in compliance with that certain *Order Scheduling Chapter 11 Status Conference* [Dkt. 13].

1. **Brief Description of the Debtor's business and operations, if any, and the principal assets and liabilities of the estate.**

On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[1]  The Debtor is operating its estate and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108.  However, as noted before, there is currently a state court appointed receiver (the "Receiver") in place.

The Debtor's primary asset is the residential real Property that it developed and has nearly completed, which is located at 944 Airole Way, Los Angeles, CA 90077.  The Property is one of the finest pieces of real property in America.  The Property is situated on a four-acre Bel Air promontory, featuring the best views of Los Angeles. A moat that encompasses the Property gives the impression that it's floating on water.  The approximately 105,000-square-foot glass and marble compound holds 20 bedrooms, each with sweeping views of Los Angeles and the ocean, and 30 bathrooms, as well as every amenity in the world.  It features a 30-car garage, four swimming pools, a two-story waterfall, and numerous other water features, as well as two restaurant-grade kitchens, an indoor/outdoor entertainment center with its own VIP room, a movie theater, charitable organization rooms, a four-lane bowling alley, a library with floor-to-ceiling windows, a full beauty salon, a spa with a steam room and jacuzzi, a cigar lounge, and a gym. Three smaller villas also sit on the property, spread across the four acres.  The 5,000-square-foot master suite is an oasis within the mansion.  Designed with its own separate office and walk-in closet, the suite also has its own pool and kitchen.  To guarantee privacy, it's isolated from the rest

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

2

of the house. The mansion includes five elevators and LED ceilings that display images of moving clouds. The Property features state-of-the-art technology, with a full security center. The design encompasses secondary corridors for staff to use.

The Property requires work to be fully completed. However, even in its current state of near-completion, the Property can be and has been marketed for sale. In fact, the Debtor is in the process of retaining a new broker group and seeking Court approval thereof. The Debtor, in consultation with the brokers, believes that the Property will command near full value of approximately $325 million in its "as-is" nearly complete condition.

The Debtor believes that the overall pre-petition claims asserted against the Debtor total approximately $180 million, with approximately $176 million of such claims allegedly secured by the Property. Thus, the Debtor has approximately $145 million of equity in the Property. Even if the Property sold for substantially less than $325 million, for example $250 million, the Debtor would still have $70 million of equity in the Property and more than substantial funds to pay all allowed claims in full.

In regard to claims secured by the Property and potentially the Debtor's cash collateral, Hankey Capital, LLC ("HC") is the senior secured creditor with a lien on the Property and possibly cash collateral. In addition to HC, the Debtor is informed and believes that three other entities – YOGI Securities Holdings, LLC, Inferno Investment Inc., and Hilldun Corporation – allege claims secured by the Property and potentially the Debtor's cash collateral. There is also a tax lien and various mechanics' lien creditors.

**2. What precipitated the bankruptcy filing?**

Unfortunately, before the Property could be fully completed and sold (either as a fully completed or nearly completed project), HC, as well as a number of other junior secured lenders and mechanic's lien holders initiated a multitude of state court actions against the Debtor seeking, among other things, to recover amounts allegedly owed and to foreclose on the Property. In connection with its action, HC sought and obtained the appointment of the Receiver for the Property. In addition, HC had a foreclosure sale of the Property set for October 27, 2021.

In order to protect its substantial equity in the Property and to address the myriad of litigation and claims against it, the Debtor filed its bankruptcy case on the Petition Date of October 26, 2021, which stayed the foreclosure sale. Immediately after the Debtor's bankruptcy petition was filed, pursuant to Section 543, the Debtor's counsel demanded that the Receiver, among other things, (1) turnover the Property and other property of the estate that was in the possession of the Receiver on the Petition Date, including cash held in an account controlled by the Receiver, which is currently all the cash the Debtor has, and (2) to cease exercising control over such estate property. The Debtor, HC, and the Receiver are working to resolve issues related to access to the Property and turnover of estate property to the Debtor.

It is imperative for the Debtor regain possession and control over the Property and to obtain the breathing spell afforded by the automatic stay not only to stop the foreclosure and protect equity in the Property, but also to provide time and a means for the Debtor to sell the Property. The Receiver currently has brokers. The Debtor also has brokers who have been showing the Property, and the Debtor will soon file an application to employ its brokers to market and sell the Property in furtherance of its efforts to sell the Property as soon as practicable for the highest price possible under the circumstances. As discussed above, the Debtor believes that such sale will generate sufficient funds to pay all allowed claims in full, which will allow the Debtor to exit bankruptcy, either pursuant to a plan or an alternative exit strategy, with a surplus for the Debtor's owner. While the Debtor believes that the structured dismissal option is more favorable because it offers substantial cost and time savings, which will benefit all parties in interest, in the event dismissal is not possible, the Debtor will propose a simple reorganization plan with terms similar to the expected conditions for dismissal – i.e., paying all allowed claims in full on the effective date of the plan.

**3. What does the Debtor hope to accomplish in this chapter 11 case?**

As noted above, the Debtor hopes to regain control of the Property and other estate assets from the Receiver and to sell the Property as soon as practicable for the highest price possible in order to generate sufficient funds to pay all allowed claims in full either under a plan or structured dismissal.

4. **What are the principal business and financial problems facing the Debtor and how does the Debtor intend to address these problems?**

As discussed, the Debtor's principal issues were the Receiver's control over the Property and the pending foreclosure on the Property, which would have likely eliminated the Debtor's equity in the Property and wiped out a number of junior lienholders. In addition, the Debtor had a number of other lawsuits and potential foreclosures. The Debtor is working with HC and the Receiver to address turnover issues. The automatic stay stopped the foreclosure, and the Debtor will soon be employing brokers to sell the Property for the best price under the circumstances.

5. **What are the main legal disputes facing the Debtor and likely to be encountered during this case, and how does the Debtor recommend that these disputes be resolved?**

The primary legal disputes relate to (1) turnover of the Property and other estate assets by the Receiver, which the parties are trying to resolve, but which (if necessary) can be addressed by this Court under Section 543, (2) selling the Property free and clear, which is under this Court's purview pursuant to Section 363, and (3) resolving any disputed claims, which can also be handled by the Court under Section 502 and/or adversary proceedings. The Debtor has reached out to the secured creditors and obtained loan documents and accounting and is analyzing the validity, extent and priority of the various obligations.

6. **What is the Debtor's estimate regarding timing for confirmation of a plan?**

The Debtor only recently filed its bankruptcy case on October 26, 2021. Further, the Debtor is still preparing its Schedules of Assets and Liabilities due on November 23, 2021 (some of which will be based on documents and information only recently received from the Receiver) and a claims bar date has yet been set, so the Debtor is unable to fully ascertain the universe of claims that would have to be treated under a plan. In addition, depending on the sale price for the Property and how many disputed claims there are, the Debtor may try to proceed with a structured dismissal. Based on the foregoing, the Debtor cannot estimate the timing for filing its plan of reorganization at this time.

In connection with discussions with HC, the Debtors' plan is move forward on an expedited basis so that an auction of the Property may be held in early 2022. In that respect, the Debtor is preparing broker employment applications and a motion to approve bid procedures to be utilized to carry out this strategy.

**7. Is the Debtor a "health care business" as defined in 11 U.S.C. § 101(27A)?**

No.

**8. Is the Debtor a small business debtor as defined in 11 U.S.C. § 101(51D)?**

No.

**9. Is this case a single asset real estate case as contemplated in 11 U.S.C. § 101(51B)?**

No.

**10. Has the Debtor complied with all of its duties under 11 U.S.C. §§ 521, 1106, 1107, F.R.B.P. 1007 and all applicable guidelines of the Office of the United States Trustee?**

To the extent there have been deadlines, other than set forth below, the Debtor believes it has complied with all of its material duties under 11 U.S.C. §§ 521, 1106 and 1107, F.R.B.P. 1007, and all applicable guidelines of the Office of the United States Trustee. The Debtor submitted its administrative compliance package (i.e., the "7-Day Package") to the Office of the United States Trustee (the "UST").

The Debtor sought, and the Court approved, an extension of the time for the Debtor to file its Schedules of Assets and Liabilities and Statement of Financial Affairs, which are not due on November 23, 2021.

The Debtor's Initial Debtor Interview and Section 341(a) Meeting of Creditors are scheduled for November 30, 2021.

The Debtor only recently obtained bank statements from the Receiver, who controls the account where all of the Debtor's cash is. The Debtor will be filing its Monthly Operating Report for the stub period of October 26-31, 2021 and for November 2021 by December 15, 2021.

11. **Do any parties claim an interest in cash collateral of the Debtor? Is the Debtor using cash that any party claims as its cash collateral, and if so, on what date did the Debtor obtain an order authorizing the use of such cash or the consent of the party?**

The Debtor is informed and believes that the funds held by the Receiver, which are the Debtor's only funds, are derived from certain Property rental and filming revenue and, arguably, not cash collateral. While the funds are likely not cash collateral for the reason discussed above, to the extent such funds are cash collateral, they may be the cash collateral of HC, YOGI Securities Holdings, LLC, Inferno Investment Inc., and Hilldun Corporation, allegedly in that order of priority. Notwithstanding the foregoing, in connection with the Debtor's recently filed motion to set and pay an adequate assurance deposit to LADWP, the Debtor requested (to the extent necessary) authority to use cash collateral.

12. **The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered regarding such applications (if any), a general description of the services to be rendered by each such professional, and an estimate of the expected amount of compensation for each professional.**

On October 26, 2021, the Debtor filed its application to employ Levene, Neale, Bender, Yoo & Golubchik L.L.P. as its general bankruptcy counsel. The application was approved by the Court's order entered on November 17, 2021.

In advance of the chapter 11 status conference, the Debtor will likely have filed an application to employ brokers to market and sell the Property.

Given that the Debtor's bankruptcy case was only recently filed on October 26, 2021 and because it is not known how contentious the case will be, the Debtor is unable at this time to provide an estimate of the compensation to be paid to each professional.[2]

---

[2] While not a "professional," the Debtor filed a Notice of Setting Insider Compensation for SierraConstellation Partners LLC, the current Non-Member Manager of the Debtor. The UST filed an objection, and the Debtor will set it for hearing on December 13, 2021.

**13. In operating cases, evidence regarding projected income and expenses for the first six months of the case and a comparison to actual results for the 12 months preceding the filing of the case..**

Since the Debtor is developing a high-end single-family residence that is only occasionally rented out for filming and likely will not be rented out as efforts to market and sell the Property get underway in earnest, this is not an "operating case" per se. However, the Debtor has prepared a pro forma budget to use in connection with seeking DIP financing. That budget is attached hereto as **Exhibit "1."**

**14. Proposed deadlines for the filing of claims and objections to claims.**

The Debtor requests that the Court set a general claims bar date of January 14, 2022. Until the general claims bar date has passed, the Debtor will not know whether there are any material disputed claims, how many of them there are (if any), or the amount and the complexity of any disputed claims. Therefore, until the general claims bar date has passed, the Debtor will not be able to estimate the amount of time it will require to object to any such disputed claims. Accordingly, the Debtor believes that it is premature to set a deadline for the filing of objections to claims.

**15. A discussion of the unexpired leases and executory contracts to which the Debtor is a party, and the Debtor's intentions and a proposed timetable for addressing such leases and contracts.**

The Debtor is still in the process of preparing its Schedules of Assets and Liabilities, which are currently due on November 23, 2021. In connection therewith, the Debtor's professionals are continuing to review documents and information regarding any contracts and/or leases, some of which documents and information were only recently received from the Receiver. Therefore, the Debtor is still unable to ascertain whether there are any unexpired leases or executory contracts. However, at present, and subject to further investigation, the Debtor does not believe that it will have any material unexpired leases or executory contracts.

**16. Whether the Debtor anticipates the sale of any estate assets by motion or in connection with a plan.**

The Debtor will likely seek to sell the Property by way of a Section 363 motion.

**17. A proposed deadline for the filing of a plan and disclosure statement.**

For all of the reasons discussed herein, the Debtor believes that it is premature to set a deadline for filing a plan and disclosure statement.

Dated: November 18, 2021                    CRESTLLOYD, LLC

                                            /s/ David B. Golubchik
                                            DAVID B. GOLUBCHIK
                                            TODD M. ARNOLD
                                            LEVENE, NEALE, BENDER, YOO
                                                & GOLUBCHIK L.L.P.
                                            Attorneys for Debtor and
                                            Debtor in Possession

**EXHIBIT "1"**

**[PRO FORMA BUDGET]**

**Crestlloyd, LLC**
**Preliminary DIP Budget Forecast - Subject to Substantial Revisions**
**Prepared on 11-8-2021**

($USD)

| | Forecast Month Dec-21 | Forecast Month Jan-22 | Forecast Month Feb-22 | Forecast Month Mar-22 | Forecast Month Apr-22 | Forecast Month May-22 | Forecast Month Jun-22 | Forecast Case Duration Dec '21 - June '22 |
|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | $ - | $ 1,052,073 | $ 1,428,373 | $ 830,453 | $ 489,087 | $ 336,060 | $ 236,220 | $ - |
| **Disbursements:** | | | | | | | | |
| Construction | - | - | - | - | - | - | - | - |
| Insurance | 5,000,000 | - | - | - | - | - | - | 5,000,000 |
| Property Taxes | 701,466 | - | 701,466 | - | - | - | - | 1,402,931 |
| Security, Cleaning, and General Carry | 117,244 | 53,293 | 42,634 | 31,976 | - | - | - | 245,146 |
| Utilities | 60,000 | 30,000 | 30,000 | 30,000 | - | - | - | 150,000 |
| Furniture Rental | 110,000 | 50,000 | 50,000 | 50,000 | - | - | - | 260,000 |
| Miscellaneous | - | - | - | - | - | - | - | - |
| Contingency | 90,000 | 50,000 | 40,000 | 30,000 | - | - | - | 210,000 |
| Total | 6,078,709 | 183,293 | 864,100 | 141,976 | - | - | - | 7,268,077 |
| **Restructuring Disbursements:** | | | | | | | | |
| Professional and UST Fees | 519,217 | 306,033 | 156,420 | 119,840 | 153,028 | 99,840 | 31,526 | 1,385,904 |
| Lender Fees | - | - | - | - | - | - | - | - |
| Total Restructuring Disbursements | 519,217 | 306,033 | 156,420 | 119,840 | 153,028 | 99,840 | 31,526 | 1,385,904 |
| Total Disbursements Before Interest | 6,597,927 | 489,326 | 1,020,520 | 261,816 | 153,028 | 99,840 | 31,526 | 8,653,981 |
| **Interest and Fees:** | | | | | | | | |
| Interest & Fees (DIP) | 100,000 | 134,375 | 77,400 | 79,550 | - | - | - | 391,325 |
| Interest & Fees (Existing debt) | - | - | - | - | - | - | - | - |
| Total Interest and Fees | 100,000 | 134,375 | 77,400 | 79,550 | - | - | - | 391,325 |
| Total Disbursements | 6,697,927 | 623,701 | 1,097,920 | 341,366 | 153,028 | 99,840 | 31,526 | 9,045,306 |
| Ending Cash Balance Before DIP Draw | (6,697,927) | 428,373 | 330,453 | 489,087 | 336,060 | 236,220 | 204,694 | (9,045,306) |
| DIP Advances / (repayments) | 7,750,000 | 1,000,000 | 500,000 | - | - | - | - | 9,250,000 |
| **Ending Cash Balance** | $ 1,052,073 | $ 1,428,373 | $ 830,453 | $ 489,087 | $ 336,060 | $ 236,220 | $ 204,694 | $ 204,694 |
| **DIP Loan:** | | | | | | | | |
| Beginning Loan Balance | - | 7,750,000 | 8,750,000 | 9,250,000 | 9,250,000 | 9,250,000 | 9,250,000 | - |
| Advances / (repayments) | 7,750,000 | 1,000,000 | 500,000 | - | - | - | - | 9,250,000 |
| **Ending Loan Balance** | $ 7,750,000 | $ 8,750,000 | $ 9,250,000 | $ 9,250,000 | $ 9,250,000 | $ 9,250,000 | $ 9,250,000 | $ 9,250,000 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S FIRST CHAPTER 11 CASE STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 18, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**    tma@lnbyg.com
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**    dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**    rbk@jmbm.com
- **Jane G Kearl**    jkearl@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com
- **Victor A Sahn**    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

**2. SERVED BY UNITED STATES MAIL**: On **November 18, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 18, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 18, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| In re Crestlloyd, LLC<br>Secured Creditors<br>File No. 9562 | County of Los Angeles<br>(MRCA-Brush Fire Clear'g Dist #1)<br>200 North Main Street, 16th Fl<br>Los Angeles, CA 90012 | County of Los Angeles<br>(Wildlife Corridor and Open Space Protection)<br>c/o SCI Consulting Group<br>4745 Mangels Blvd.<br>Fairfield, CA 94534 |
| Los Angeles County Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054 | Counsel to Hankey Capital<br>Jeffer Mangels Butler & Mitchell LLP<br>Neil C. Erickson<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | Inferno Investment Inc.<br>Attn: Julien Remillard, President<br>4-95 Kandahar, Mont Tremblant<br>Quebec J8E 1E2, Canada |
| County of Los Angeles<br>(Local Fire Prevention, Water Quality and Open Space Measure )<br>c/o SCI Consulting Group<br>4745 Mangels Blvd.<br>Fairfield, CA 94534 | Rolls Scaffold, Inc.<br>Michael Rolls, CEO<br>11351 County Dr. Ste B<br>Ventura, CA 93004 | American Truck & Tool Rentals Inc./American Rentals<br>c/o Caprenos Inc., Cindee Wood, Authorized Agent<br>4345 Murphy Canyon Road #200<br>San Diego, CA 92123 |
| YOGI Securities Holdings, LLC<br>Steve Oshins, Authorized Agent<br>1645 Village Center Circle, Ste. 170<br>Las Vegas, NV 89131 | Calgrove Rentals Inc.<br>Guadalupe Gomez, President<br>456 Glenoaks Blvd.<br>San Fernando, CA 91340 | Hilldun Corporation<br>Jeffrey D. Kapelman, CEO<br>225 West 35th St.<br>New York, NY 10001 |
| J&E Texture, Inc.<br>Francisco Gonzalez, CEO<br>181 Exter Way<br>Corona, CA 92882 | City of Los Angeles<br>Mike Feuer, City Attorney<br>City Hall East, Suite 800<br>Los Angeles, CA 90012 | BMC West LLC<br>David Filtman, CEO<br>4800 Falls of Neuse Rd., Ste. 400<br>Raleigh, NC 27609 |
| JMS Air Conditioning and Appliance Services, Inc.<br>Yosi Hesica, CEO<br>7640 Burnet Ave.<br>Van Nuys, CA 91405 | Kennco Plumbing, Inc.<br>Robert L. Kennedy, Jr., CEO<br>21366 Placerita Canyon Rd.<br>Newhall, CA 91321 | Parquet By Dian<br>Dima Efros, CEO<br>16601 S. Main St.<br>Gardena, CA 90248 |
| Powertek Electric, Inc.<br>Mike Moshrefi, CEO<br>28364 S, Western Ave. #414<br>Rancho Palos Verdes, CA 90275 | County of Los Angeles (Wildlife Corridor and Open Space Protection)/Clerk of the Governing Board, Mountains Recreation & Conservation Authority<br>5750 Ramirez Canyon Road<br>Malibu, CA 90265 | County of Los Angeles<br>(Local Fire Prevention, Water Quality and Open Space Measure )<br>Conejo Recreation and Park District<br>403 W Hillcrest Drive<br>Thousand Oaks, CA 91360 |
| YOGI Securities Holdings, LLC<br>c/o Daniel Wiesel, Esq.<br>Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP<br>11400 W. Olympic Blvd., 9th Fl.<br>Los Angeles, CA 90064-1582 | American Truck & Tool Rentals Inc./American Rental<br>Tom Murray, CEO and President<br>88 W. Victoria St.<br>Long Beach, CA 90805 | Buchalter, APC<br>Jeffrey S. Wruble<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017 |
| Calgrove Rentals Inc.<br>21627 Roscoe Bl.<br>Canoga Park, CA 91304 | BMC West LLC<br>3250 N. San Fernando Rd.<br>Los Angeles, CA 90065 | Kennco Plumbing, Inc.<br>Robert L. Kennedy, Jr., CEO<br>26575 Ruether Ave.<br>Santa Clarita, CA 91350 |
| Los Angeles County Tax Collector<br>PO Box 54018<br>Los Angeles, CA 90054 | Los Angeles County Tax Collector<br>225 N. Hill Street # 1<br>Los Angeles, CA 90012 | SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>Ryan D. O'Dea<br>100 Spectrum Center Drive, Ste. 600<br>Irvine, CA 92618 |

In re Crestlloyd, LLC
D UST Receiver RSN + 20 Largest
File No.: 9562

Debtor
Crestlloyd, LLC
c/o SierraConstellation Partners LLC
355 S. Grand Avenue Suite 1450
Los Angeles, CA 90071

Noreen A Madoyan
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Counsel For Receiver
Brutzkus Gubner Rozansky Seror Weber LLP
David Seror/Jessica Wellington
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

Biabani & Associates, Inc.
Attn: Alex Biabani
1600 Sawtelle Bl #104
Los Angeles, CA 90025

Bradford Sheet Metal
4164 Sopp Road
Mojave, CA 93501

Branden Williams
257 N. Cannon Dr., 2nd Fl.
Beverly Hills, CA 90210

C.G.S. Custom Glass Specialists
Attn: Tom Yang
4536 Ish Drive
Simi Valley, CA 93063

CAD Stone Works Inc.
Attn: Cesar Hernandez
4533 Van Nuys Bl. #201
Sherman Oaks, CA 91403

Centurion Air, LLC
Attn: Michael T. Pyle
13932 Arrow Creek Road
Draper, UT 84020

Davidson Accountancy Corp.
William N. Davidson, CPA
14011 Ventura Blvd., Ste. 302
Sherman Oaks, CA 91423

Creative Art Partners
6542 Hayes Dr.
Los Angeles, CA 90048

Crest Real Estate
Attn: Jason Somers
11150 Olympic Bl. #700
Los Angeles, CA 90064

Draken Security
Attn: Jamie Salanga
8225 Encino Ave
Northridge, CA 91325

Dennis Palma
146 Beach Way
Monterey, CA 93940

Italian Luxury Design
4 NE 39 St.
Miami, FL 33137

Jabs Pools and Spas, LLC
Attn: Georgina Rendon
8055 Matilija Ave.
Panorma City, CA 91402

Vesta (aka Showroom Interiors, LLC)
Attn: Julian Buckner
8905 Rex Road
Pico Rivera, CA 90660

KN Coating
201 E. Tamarack Ave
Inglewood, CA 90301

LA DWP
P.O. Box. 30808
Los Angeles, CA 90030

West Valley Green Landscaping, Inc.
14761 Tupper St.
Panorama City, CA 91402

Made by TSI, Inc.
888 Biscayne Blvd #209
Miami, FL 33132

Midland Contractors, Inc.
Attn: Bruce Partovi
Po Box 8312
Van Nuys, CA 91409

West Coast Gates
339 Isis Ave.
Inglewood, CA 90301