1  DAVID B. GOLUBCHIK (State Bar No. 185520)
2  TODD M. ARNOLD (State Bar No. 221868)
   LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
3  2818 La Cienega Avenue
   Los Angeles, California 90034
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: dbg@lnbyg.com; tma@lnbyg.com

6  Proposed Attorneys for Debtor and Debtor in Possession
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12 | In re:                              | Case No.: 2:21-bk-18205-DS

13 | CRESTLLOYD, LLC,                    | Chapter 11 Case

14 |        Debtor and Debtor in Possession. |

15 |                                     | **STIPULATION ADDRESSING CERTAIN
   |                                     | ACCESS AND RELATED ISSUES ON AN
16 |                                     | INTERIM BASIS**

17

18

19

20

21

22

23       This *Stipulation Addressing Certain Access And Related Issues On An Interim Basis*

24 ("Stipulation") is entered into by and between Crestlloyd, LLC, the Chapter 11 debtor and debtor in

25 possession herein (the "Debtor"), Theodore Lanes, Receiver ("Receiver"), and Hankey Capital, LLC

   ("HC"), with respect to the following:
26
                              **RECITALS**
27
         1.      On October 26, 2021 (the "Petition Date"), the Debtor commenced this
28
   bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.    The Debtor's primary asset is that certain residential real property in Bel-Air located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

3.    Prior to the Petition Date, HC provided certain debt financing to the Debtor for Debtor's construction of improvements on the Property (the "Loan") and HC asserts a first priority security interest in the Property to secure Debtor's obligations under the Loan;

4.    Prior to the Petition Date, HC asserted a default by the Debtor under the Loan with respect to the obligations due and owing to HC and commenced a state court proceeding against the Debtor which included, among other things, a request to appoint a receiver for the Property.

5.    The Receiver was appointed as the receiver over and for the Property.

6.    A trustee's non-judicial foreclosure sale of the Property was scheduled for October 27, 2021, which was stayed as a result of the instant bankruptcy filing.

7.    Certain disputes exist between the Debtor, Receiver and HC (collectively, the "Parties") with respect to access to the Property and other related matters.  Based upon the Parties' discussions, the Parties have agreed to enter into this Stipulation with respect to a limited time period (through and including November 30, 2021) to provide additional time for the Parties to discuss, in their sole and absolute discretion, a potential resolution of their disputes to allow for the efficient administration of Debtor's estate and the Property.

**STIPULATION**

A.    The term of this Stipulation shall be November 3, 3021 through, and including, November 30, 2021 (the "Term").

B.    During the Term, the Parties, and each of them, shall not file any motions or pleadings seeking either the turnover of any property or to be excused from the turnover of any property, however the case may be, or motion to dismiss or relief from stay, without prejudice to the filing of any such motions or pleadings at the conclusion of the Term, unless otherwise agreed to by the Parties in writing.

C.    During the Term, all cash, whenever obtained, and pre-petition financial accounts of the Receiver shall remain under the sole control of the Receiver, provided that all such cash shall be utilized by the Receiver to pay for the expenses associated with the operation, maintenance, and

2

1    repair of the Property, including, but not limited to, security, insurance (to the extent obtained or

2    obtainable), utilities (including any deposits required under 11 U.S.C. § 366), and trash.

3           D.     During the Term, the Debtor and Receiver shall have access to the Property to

4    carry out their respective duties and obligations, including, without limitation, showing the Property

5    to prospective buyers, insurance agents, bankers, engineers and other professionals necessary to

6    carry out their duties, provided however, that before Debtor enters the Property, Debtor shall provide

7    email written notice to (i) the Receiver's counsel, David Seror, at email address dseror@bg.law and

8    (ii) HC's counsel, Thomas M. Geher, at email address tgeher@jmbm.com, which notice shall contain

9    (iii) the date and time of the proposed access to the Property, (iv) the identity of all persons who will

10   access the Property and (v) the purpose of such access.  Notwithstanding anything contained herein,

11   Debtor agrees, acknowledges and covenants that Nile and/or Yvonne Niami may access/visit the

12   Property only one (1) time during the Term with and in the presence and company of Lawrence

13   Perkins, Debtor's representative, if Lawrence Perkins determines that their attendance is necessary to

14   carry out his duties at any access or visit to the Property.

15          E.     The Receiver shall inform the security company overseeing the Property that

16   Lawrence Perkins is an authorized agent and representative of Debtor.

17          F.     During the Term, any location rental of the Property, including, without

18   limitation, filming and photography, shall be approved if agreed to in writing by each of the Debtor,

19   Receiver and HC, and the Parties agree that all funds, payment and consideration related thereto

20   received during the Term shall be paid directly to and held by the Receiver and utilized by the

21   Receiver as provided in Section C above.

22          G.     The Debtor may file applications to employ real estate brokers as exclusive agents

23   of the estate and other professionals, including, without limitation, auctioneers, to market the

24   Property for sale at fair market value.  All applications filed to employ professionals shall be without

25   prejudice to HC or any other party in interest objecting thereto.

26          H.     During the term, the Receiver shall provide the Debtor with access to and allow

27   copying of such documents relating to the Property reasonably requested, in writing, by the Debtor,

28   including, without limitation, contracts, plans, permits, notices, citations, work estimates, budgets,

3

1  financial records, invoices, vendor information, contractor information, historical offers or
2  indications of interest, banking records, asset and liability information, marketing and sales
3  information for the Property.

4        I.      During the Term, the Receiver and his counsel (collectively, the "Receiver
5  Professionals") may receive compensation at their respective customary rates for the post-petition
6  period as follows:

7              a.  Receiver Professionals shall file periodic fee statements describing services
8                  rendered time entries related thereto on an interim basis pending order of the
9                  Court in the future;

10             b.  Funds held by the Receiver may be used to make the foregoing payments to
11                 the Receiver Professionals seven (7) days after the filing of the foregoing fee
12                 statements unless an objection is filed prior to the passage of the seven (7) day
13                 period; for purposes of clarity, if a periodic fee statement is filed during the
14                 Term, it may be paid after the Term, unless an objection is filed as set forth
15                 herein; and

16             c.  The payment of fees shall be deemed to be on an interim basis pending fee
17                 applications, motion or otherwise an order of the Court allowing such fees and
18                 payment thereto.

19       J.      The Debtor, Receiver and HC shall, in their sole and absolute discretion, continue
20  to discuss a long-term strategy with respect to the Property including, without limitation, potential
21  constructions, repairs and/or sale thereof.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1 ///

2       K.    Nothing set forth herein is intended to, and nothing herein shall, be deemed to be

3 a waiver of any of the Debtor's, Receiver's and HC's rights, duties and obligations, including, but

4 not limited to, seeking a turnover any property or being excused from turning over any property,

5 however the case may be, after the expiration of the Term.

6

7 Dated: November \_\_, 2021          LEVENE, NEALE, BENDER, YOO
                            & GOLUBCHIK L.L.P.

8

9                                 By: */s/ David B. Golubchik*

10                                    DAVID B. GOLUBCHIK
                                 TODD M. ARNOLD
                                 Proposed Attorneys for the Debtor and

11                                  Debtor in Possession

12 Dated: November 18, 2021        BRUTZKUS GUBNER ROZANSKY SEROR
                                 WEBER LLP

13

14                                 By: _____

15                                    DAVID SEROR
                                 Attorneys for Receiver

16 Dated: November 17, 2021        JEFFER MANGELS BUTLER & MITCHELL LLP

17                               By: _____

18                                    THOMAS M. GEHER
                                   Attorneys for Hankey Capital, LLC

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **STIPULATION ADDRESSING CERTAIN ACCESS AND RELATED ISSUES ON AN INTERIM BASIS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 19, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com**
- **Todd M Arnold    tma@lnbyg.com**
- **Marguerite Lee DeVoll    mdevoll@watttieder.com**
- **Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com**
- **David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com**
- **James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com**
- **Robert B Kaplan    rbk@jmbm.com**
- **Jane G Kearl    jkearl@watttieder.com**
- **Jennifer Larkin Kneeland    jkneeland@watttieder.com**
- **Michael S Kogan    mkogan@koganlawfirm.com**
- **Noreen A Madoyan    Noreen.Madoyan@usdoj.gov**
- **Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com**
- **Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com**
- **Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com**
- **David Seror    dseror@bg.law, ecf@bg.law**
- **Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com**
- **Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Jessica Wellington    jwellington@bg.law, ecf@bg.law**

**2. SERVED BY UNITED STATES MAIL**: On **November 19, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ *Service information continued on attached page*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 19, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 19, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**