DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com

Attorneys for Debtor and Debtor in Possession

**FILED & ENTERED**

**DEC 10 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:21-bk-18205-DS |
| CRESTLLOYD, LLC, | Chapter 11 |
| Debtor and Debtor in Possession. | **INTERIM ORDER GRANTING MOTION FOR ORDER:**<br>**(I) AUTHORIZING DEBTOR TO OBTAIN SENIOR SECURED POSTPETITION FINANCING PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE,**<br>**(II) GRANTING SUPER-PRIORITY ADMINISTRATIVE CLAIMS AND SENIOR LIENS,**<br>**(III) SCHEDULING A FINAL HEARING, AND**<br>**(IV) GRANTING RELATED RELIEF**<br><br>Hearing:<br>　Date:　December 10, 2021<br>　Time:　12:00 p.m.<br>　Place:　Courtroom 1639<br>　　　　255 E. Temple St.<br>　　　　Los Angeles, CA 90012<br>　　　　(via Zoom for Government) |

A hearing was held at the above-referenced date, time, and location on the "Motion for Entry of Interim and Final Orders: (I) Authorizing Debtor to Obtain Senior Secured Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Granting Super-Priority Administrative Claims and Senior Liens, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief" (the "Motion,"

1

Docket No. 66) filed by debtor and debtor in possession Crestlloyd, LLC (the "Debtor").  Appearances were set forth on the record.  The court having considered the Motion, all papers filed in support of the Motion, the record in this case, and the arguments and comments of counsel at the hearing, and for the reasons stated on the record,

    THE COURT HEREBY FINDS AS FOLLOWS:

    A.  This court has jurisdiction over the Debtor's case, the Motion, and the parties and property affected thereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (D).  Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.  Notice of the Motion, the relief requested therein, and the interim hearing on the Motion was served by the Debtor on its twenty largest unsecured creditors, all known secured creditors, the United States Trustee for the Central District of California, and any parties who have requested special notice in this case.  Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein, and the interim hearing on the Motion constitutes due and sufficient notice thereof and complies with Rule 4001(c) of the Federal Rules of Bankruptcy Procedure ("FRBP") and any other applicable notice requirements under the FRBP and the Local Bankruptcy Rules.

    C.  The Debtor has an immediate need to obtain the DIP Loan[1] from the Lender to pay for the expenses contained in the Budget.  Payment of such expenses is necessary to enable the Debtor to avoid immediate, irreparable harm to the Debtor and its estate.

    D.  The Debtor sought postpetition financing from a number of sources, including certain existing alleged secured lenders.

    E.  After reasonable inquiry, the Debtor was unable to obtain adequate credit solely (1) allowable-under § 503(b)(1) as an administrative expense, (2) with priority over any and all administrative expenses of the kind specified in §§ 503(b) or 507(b)[2], (3) secured by a lien on property

///

---

[1] All capitalized terms not defined herein have the meanings defined in the Motion.
[2] Unless otherwise stated, all section references herein are to the Bankruptcy Code.

of the estate that is not otherwise subject to a lien, or (4) secured by a junior lien on property of the estate that is subject to a lien.

      F.      To date, the best postpetition financing commitment and terms that have been provided to the Debtor are those offered by the Lender under the DIP Loan Documents.

      G.      The terms of the DIP Loan are fair and reasonable, reflect the Debtor's reasonable exercise of its business judgment consistent with its fiduciary duties and constitute reasonably equivalent value and fair consideration.

      H.      The terms of the DIP Loan have been the subject of negotiations conducted in good faith and at arm's length between the Debtor and the Lender, and all of the Debtor's obligations and indebtedness to the Lender arising under or in connection with the DIP Loan have been extended by the Lender in "good faith" as such term is used in § 364(e), and in express reliance upon the protections set forth therein, and the Lender is entitled to, and is granted, the full protection of § 364(e) in the event that this interim order or any provision hereof is vacated, reversed, or modified on appeal or otherwise.

      I.      Any creditors with valid liens on the Collateral are adequately protected by (1) an equity cushion in excess of 20% and (2) the use of the DIP Loan to fully insure and maintain and preserve the value of the Real Property while the Debtor pursues a near-term sale of the Real Property, for the benefit of creditors.

      J.      The Debtor has requested immediate entry and the immediate effectiveness of this interim order pursuant to FRBP 4001(c)(2). Absent the interim relief set forth in this interim order, the Debtor's estate will be immediately and irreparably harmed.

      K.      Authorizing the Debtor to consummate the DIP Loan in accordance with this interim order to enable the Debtor to pay the expenses in the Budget is in the best interest of the Debtor's estate.

      L.      Good cause has been shown for the entry of this interim order.

Based upon the foregoing findings and conclusions, and upon the record made before this court at the interim hearing, and good and sufficient cause appearing,

///

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is granted as set forth in this interim order. This interim order is valid and binding on all parties-in-interest and is fully effective immediately upon entry.

2. The Debtor is authorized to borrow the DIP Loan, up to the principal amount of $12 million, from the Lender, pursuant to the DIP Loan Documents and to incur and perform all obligations under the DIP Loan Documents.

3. The Debtor is authorized and empowered to execute and enter into the DIP Loan Documents, and to perform such other and further acts as may be required in connection with the DIP Loan Documents. Upon execution and delivery, the DIP Loan Documents will represent valid and binding obligations of the Debtor, enforceable against the Debtor in accordance with their terms.

4. The Debtor is authorized to use the proceeds from the DIP Loan to pay the Debtor's expenses as set forth in the Budget attached to the Motion as Exhibit 3. The Debtor must comply with the Budget, but may have a variance by line item and by time each weekly time period of fifteen percent (15.0%) per line item, with any negative variances to carry forward to the next weekly time period.

5. Effective immediately upon entry of this interim order, and without the need to take any action or file or record any deeds of trust, financing statements or other documents, the obligations under the DIP Loan and DIP Loan Documents, including, without limitation, principal, accrued interest, unpaid reasonable fees and expenses, and all other obligations and amounts due from time to time under the Loan Agreement and DIP Loan Documents will be, and are deemed to be (a) an allowed Super-Priority Claim and (b) immediately secured by (i) a valid, binding, continuing, enforceable, fully perfected and unavoidable first position security interest and lien upon the Real Property and all rents, profits and proceeds therefrom (*i.e.,* the Real Property Lien), subject in priority only to the Carve Out, and (ii) valid, binding, continuing, enforceable, fully perfected and unavoidable first position security interests and liens upon all of the Personal Property, other than claims and causes of action under Chapter 5 of the Bankruptcy Code and the proceeds thereof, except that (y) actions under § 549 (and the proceeds thereof) will be included in the Collateral to the extent they concern the recovery of what was, before the avoided transfer, any of the Collateral, and (z) any lien

4

Case 2:21-bk-18205-DS    Doc 70    Filed 12/10/21    Entered 12/10/21 15:42:35    Desc
Main Document    Page 5 of 7

or security interest avoided pursuant to any or all of §§ 550, 551 and 552 will not in any event be senior to the DIP Liens.

6.  The Lender is authorized, but not required, to file or record financing statements, deeds of trust, mortgages, notices of lien or similar instruments in any jurisdiction, or take any other action in order to validate and perfect the DIP Liens granted to the Lender hereunder.  Regardless of whether the Lender will in its sole discretion choose to file such financing statements, deeds of trust, mortgages, notices of lien or similar instruments, the DIP Liens are deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination as of the date of entry of this interim order.  The automatic stay imposed by § 362 is vacated and modified solely to the extent necessary to permit the creation and perfection of the DIP Liens in and to the Collateral as set forth in this paragraph.

7.  The Debtor is prohibited from asserting claims arising under § 506(c) against the Lender or commencing other actions adverse to the Lender's rights and remedies under the DIP Loan Documents.

8.  The Debtor is prohibited from incurring debt with priority equal to or greater than the Lender has under the DIP Loan Documents, except and to the extent as expressly provided in the DIP Loan Documents.

9.  The Debtor is prohibited from granting or imposing liens on the Collateral other than Permitted Liens (as defined in the DIP Loan Documents).

10.  Subject to § 363(k), the Lender, with respect to the DIP Loan and any other allowed prepetition secured claim it has, will have the right to "credit bid" up to the full allowed amount of its allowed secured claims in connection with any sale of the Real Property, including any sale occurring pursuant to § 363 or included as part of a restructuring plan subject to confirmation under § 1129 or a sale or disposition by a chapter 7 trustee under § 725 or otherwise.

11.  The DIP Liens, lien priority, administrative priorities and other rights and remedies granted to the Lender pursuant to the DIP Loan Documents and this interim order may not be modified, altered or impaired in any manner by any other financing or extension of credit

///

or incurrence of indebtedness by the Debtor (pursuant to § 364 or otherwise), or by any dismissal or conversion of this case, or by other act or omission whatsoever.

12. The automatic stay imposed by § 362(a) is modified to permit (a) the Debtor to grant the DIP Liens and the Super-Priority Claim, and to perform such acts as the Lender may reasonably request to assure the perfection and priority of the DIP Liens; and (b) the implementation of the terms of this interim order and the DIP Loan Documents.

13. Except as otherwise provided in this interim order, the terms and provisions of this interim order will, immediately upon entry of this interim order by this court, become valid and binding upon the Debtor, the Lender, all creditors of the Debtor, the Official Committee of Unsecured Creditors if one is appointed, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor's estate in this case or in the event this case is converted to chapter 7.

14. The terms of this interim order and any actions taken pursuant hereto, will survive the entry of any order which may be entered: (a) confirming any plan in this case; (b) dismissing this case; (c) converting this case to any other chapter under the Bankruptcy Code; (d) withdrawing of the references of this case from the Bankruptcy court; and (e) providing for abstention from handling or retaining of jurisdiction of this case in this court. The terms and provisions of this interim order as well as the protections granted pursuant to this interim order and the DIP Loan Documents, will continue in full force and effect notwithstanding the entry of such order, and such protections will maintain their priority as provided by this interim order until all the obligations of the Debtor to the Lender pursuant to the DIP Loan Documents are indefeasibly paid in full and discharged. The obligations of Debtor under the DIP Loan Documents will not be discharged by the entry of any order confirming a chapter 11 plan, the Debtor having waived such discharge pursuant to § 1141(d)(4). The Debtor will not propose or support any plan that is not conditioned upon the payment in full in cash of all of Debtor's obligations under the DIP Loan Documents on or prior to the effective date of such plan.

15. This interim order may not be modified, amended or extended without the prior written consent of Hankey, and no such consent will be implied by any action, inaction or acquiescence of Hankey.

16. A Final Hearing on the Motion will be held on January 13, 2022, at 11:30 a.m., at the above referenced location, with appearances via Zoom for Government only. Any oppositions to the Motion must be filed and served by no later than January 3, 2022. Any replies to any oppositions to the Motion must be filed and served by no later than January 10, 2022.

17. Any applicable stay, including under FRBP 4001(c), is waived, and this interim order is immediately effective.

###

Date: December 10, 2021

Deborah J. Saltzman
United States Bankruptcy Judge