

**FILED & ENTERED**

**FEB 28 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell  DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>                            Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**ORDER DENYING MOTION FOR EMERGENCY PROTECTIVE ORDER/SEAL** |

      The court has reviewed and considered the "Notice of Motion and Motion for Protective Order/Seal; Memorandum of Points and Authorities; Declaration/Affidavit and; Order" (the "Motion," Docket No. 132) filed by Andre Mario Smith (the "Movant"). Based on its review of the Motion and the record in this case, the court will dispense with the instant Motion without a hearing. Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument. L. Bankr. R. 9013-1(j).

      In the Motion, the Movant refers to "instruments" filed on February 16, 2022 "for full settlement and closure of the above-captioned case and to remedy any harm that may, or may not, come to any-all parties effected by the transfer of lands most commonly known as 944 Airole Way, Los Angeles, california [90077]." This appears to be a reference to the documents received by the court and docketed as Docket No. 128 (the "Filing").[1] The Movant states that, due to emergency, he submitted the Filing "without *ex-parte*, without

---

[1] The Filing was received by the court twice – first by personal delivery and then by mail – and docketed once, to avoid any confusion that may result from docketing two identical documents.

redaction, and/nor without a Seal order," and he now seeks an order sealing the Filing "to protect, among other things, private, highly sensitive financial information of private non-party individuals." (Motion, 2:22-27).

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, (1978). The courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and Co. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (quoting *Kamanaka*, 447 F.3d at 1179). The fact that dissemination of materials "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamanaka*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

As section 107 of the Bankruptcy Code states, court filings are public records. 11 U.S.C. § 107(a). The case law interpreting requests to seal court filings – much of which was cited by the Movant – is clear that a court must not restrict public access to a filing without a specific showing that specific information should be excluded from the public

/ / /

record. The Movant has failed to make such a showing or even identify what information should be sealed. No cause has been shown for the requested relief.

    Based on the foregoing,

    IT IS HEREBY ORDERED that the Motion is denied.

###

Date: February 28, 2022

Deborah J. Saltzman
United States Bankruptcy Judge