1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   TODD M. ARNOLD (State Bar No. 221868)
2  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
3  2818 La Cienega Avenue
   Los Angeles, California 90034
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: dbg@lnbyg.com; tma@lnbyg.com

6  Attorneys for Debtor and Debtor in Possession

7                  UNITED STATES BANKRUPTCY COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                      LOS ANGELES DIVISION

10

11 In re:                          Case No.: 2:21-bk-18205-DS

12 CRESTLLOYD, LLC,                Chapter 11 Case

13       Debtor and Debtor in Possession.   **NOTICE OF MOTION AND MOTION FOR AN**
                                            **ORDER:**
14                                          **(1)     APPROVING THE SALE OF THE**
                                            **DEBTOR'S <u>PERSONAL</u> PROPERTY FREE AND**
15                                          **CLEAR OF ALL LIENS, CLAIMS,**
                                            **ENCUMBRANCES, AND INTERESTS;**
16                                          **(2)     WAIVING THE FOURTEEN-DAY STAY**
                                            **PERIOD SET FORTH IN BANKRUPTCY RULE**
17                                          **6004(h); AND**
                                            **(3)     PROVIDING RELATED RELIEF**
18
19                                          <u>Hearing:</u>
                                             Date:    March 18, 2022
20                                           Time:    11:00 a.m.
                                             Place:   Courtroom 1639
21                                                    255 E. Temple St.
                                                      Los Angeles, CA 90012
22                                                    **VIA ZOOMGOV ONLY**
23

24

25

26

27

28

                                        1

**PLEASE TAKE NOTICE** that a hearing will be held at the above-referenced date, time, and location to consider the motion (the "Sale Motion") filed concurrently herewith by Crestlloyd, LLC, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), for the entry of an order (the "Sale Order"):

(1)    pursuant to 11 U.S.C. §§ 363(b) and (f), approving the sale of the Debtor's miscellaneous personal property currently being stored at 944 Airole Way, Los Angeles, CA 90077 (the "Property") to Armen Topachikyan free and clear of any and all liens, claims, encumbrances, and interests, for a sale price of $10,000;

(2)    waiving the 14-day stay period set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure ("FRBP") to enable the sale of the Property to close as quickly as possible; and

(3)    providing such other relief as is appropriate under the circumstances.

In summary, in connection with inventorying the assets of the estate, the Debtor discovered that there remain certain miscellaneous appliances in storage at the Property.  The appliances have not been used for the Property and are not part of the Property.  However, the appliances are bulky and the estate would incur costs associated with removing and storing such items.  As a result, the Debtor reached an agreement for the Buyer to purchase such personal property for a fixed price of $10,000 and the Buyer has agreed to remove such property prior to the close of escrow for the Property, which is scheduled to occur by March 21, 2022.  The Debtor believes that the terms of the agreement with Buyer are fair and reasonable since it will result in funds for the estate would the expense associated with removal and storage of such property.  In addition, the Debtor believes that the value of the assets and the short time frame needed to remove them does not warrant an auction and overbid process, which prompted the Debtor to file the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 6004-1(c)(3) of the Local Bankruptcy Rules (the "LBR"), the Debtor provides the following information regarding the proposed sale of the Real Property:

- Name of Buyer:  Armen Topachikyan.

- <u>Asset to Be Sold</u>: Miscellaneous appliances in storage and not utilized in the Property, as descried in **Exhibit "A"** to the Motion.

- <u>Terms and Conditions of the Proposed Sale</u>:

  o <u>Purchase Price</u>: $10,000.00.

  o <u>Removal</u>: Upon approval of the sale, Buyer will pay $10,000 to the Debtor and will be responsible for the removal of the personal property assets, which will be removed prior to the close of escrow of the sale of the Property.

  o <u>Contingencies</u>: None, other than approval of the sale pursuant to an order of the Court.

- <u>Condition of Asset/Property</u>: "As-is" without warranty of any kind.

- <u>Free and Clear</u>: As discussed above, the Property will be sold free and clear of any and all liens, claims, encumbrances, and interests.

**PLEASE TAKE FURTHER NOTICE** that the Sale Motion is based upon (1) 11 U.S.C. §§ 105(a), 363(b), (f), and (m), FRBP 2002 and 6004, (2) any applicable LBRs, (3) the Memorandum of Points and Authorities and Declarations in support of the Sale Motion, as well as the exhibits thereto (together, the "<u>Memorandum, Declarations, and Exhibits</u>"), which Memorandum, Declarations, and Exhibits are attached to the Sale Motion, (4) this notice of the Sale Motion (the "<u>Notice</u>"), (5) all other evidence duly admitted by the Court in connection with consideration of the Sale Motion, (6) the record in this case, and (7) the arguments and statements of counsel to be made at the hearing on the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that any party that wants to obtain a full copy of the Sale Motion, and its annexed Memorandum, Declarations, and Exhibits, can do so by making a request, in writing, to the Debtor's counsel, whose contact information is set forth on the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f) and the Bid Procedures Orders, any opposition to the Sale Motion must (1) be in writing and include all reasons

and evidence in support of the opposition and (2) **be filed and served on the United States Trustee**
**and counsel for the Debtor by no later than <u>March 15, 2022 at 12:00 p.m. (Pacific Time)</u>.**

       **PLEASE TAKE FURTHER NOTICE** that the Court may deem the failure of any party
to file a timely opposition to the Sale Motion to constitute consent to the granting of the Sale Motion
and the relief requested therein.

       **WHEREFORE**, the Debtor respectfully requests that this Court enter a Sale Order
granting the Sale Motion and providing the relief requested in paragraphs (1) through (3) of the above
Notice and grant such further and additional relief as the Court deems just and proper.

Dated: March 8, 2022                          CRESTLLOYD, LLC

                                         */s/ David B. Golubchik*
                                         DAVID B. GOLUBCHIK
                                         TODD M. ARNOLD
                                         LEVENE, NEALE, BENDER, YOO
                                            & GOLUBCHIK L.L.P.
                                         Attorneys for Debtor and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1.      On October 26, 2021 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor is operating its estate and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108.

2.      The Debtor's primary asset is the residential property that it developed, which is located at 944 Airole Way, Los Angeles, CA 90077 ("Property").  The Property is one of the finest pieces of real property in America.  The Property is situated on an approximately four-acre Bel Air promontory, featuring the best views of Los Angeles. A moat that encompasses the Property gives the impression that it's floating on water.

3.      The Debtor has completed an auction of the Property and proceeding to seek a confirmation of the sale through a concurrently filed sale motion (the "Property Sale Motion").  In the interest of efficiency, by this reference, the Debtor incorporates the factual background and discussion set forth in the Property Sale Motion.

4.      Separate and apart for the Property, the Debtor, under management of its current manager, discovered certain miscellaneous appliances in storage at the Property (the "Personal Property").  The appliances have not been used for the Property and are not part of the Property. However, the appliances are bulky and the estate would incur costs associated with removing and storing such items, all of which has to occur prior to the close of escrow of the Property (scheduled for March 21, 2022).

5.      The Debtor contacted numerous parties to see if anyone would be interested in purchasing the Personal Property.  The Debtor reached an agreement ("Agreement") with Armen Topachikyan ("Buyer") for the Buyer to purchase such Personal Property for a fixed price of $10,000 and the Buyer has agreed to remove such property prior to the close of escrow for the Property, which is scheduled to occur by March 21, 2022.  A true and correct copy of the Agreement with the Buyer is attached hereto as **Exhibit "A"**.

6.    The Debtor believes that the terms of the agreement with Buyer are fair and reasonable since it will result in funds for the estate would the expense associated with removal and storage of such property.  In addition, the Debtor believes that the value of the assets and the short time frame needed to remove them does not warrant an auction and overbid process, which prompted the Debtor to file the Motion.

7.    The Debtor also conducted a UCC search, a true and correct copy of which is attached hereto as **Exhibit "B"**.  According to the UCC search, no secured claims are asserted with respect to the personal property assets.

## II.
## LEGAL ARGUMENT

A.    **THE COURT SHOULD APPROVE THE SALE OF THE PERSONAL PROPERTY TO THE BUYER.**

1.    **THE DEBTOR HAS OR WILL HAVE COMPLIED WITH ALL APPLICABLE NOTICE REQUIREMENTS.**

Section 363(b)(1) provides that the Debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1). Section 102(1) defines "after notice and a hearing" as after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances.  11 U.S.C. § 102(1)(A).

FRBP 6004(a) provides, in pertinent part, that notice of a proposed sale not in the ordinary course of business must be given pursuant to  FRBP 2002(a)(2), (c)(1), (i) and (k), and, if applicable, in accordance with Section 363(b)(2).  Fed.R.Bankr.P. 6004(a).    FRBP 2002(a)(2) requires at least 21 days' notice by mail of a proposed sale of property of the estate other than in the ordinary course of business, unless the Court for cause shown shortens the time or directs another method of giving notice.  Fed.R.Bankr.P. 2002(a)(2).  Here, the Court shortened the notice period pursuant to the Bid Procedures Orders, and the Debtor complied with the Bid procedures by filing and serving the Notice of the Sale Motion and the Sale Motion on Mach 8, 2022.  FRBP 2002(c)(1) requires that the notice of a proposed sale include the date, time and place of any public sale, the

terms and conditions of any private sale, and the time fixed for filing objections.  It also provides that the notice of sale or property is sufficient if it generally describes the property.  Fed. R. Bankr. P. 2002(c)(1).  Because the Debtor believes this Motion is related to the real property sale proceeding, the Debtor requests that similar procedures be applicable herein.  FRBP 2002(k) requires that the notice be given to the United States Trustee.  Fed.R.Bankr.P. 2002(k).

In addition, LBR 6004-1 requires that the notice contain the information specified in LBR 6004-1(c)(3) and that an additional copy of the notice be submitted to the Clerk of the Bankruptcy Court together with a Form F 6004-2.NOTICE.SALE at the time of filing for purposes of publication.  LBR 6004-1(c)(3) and (f).

The Debtor has or will have complied with all of the above provisions of the Bankruptcy Code, the FRBP and the LBR.  The Debtor has complied with  FRBP 6004(a) and 2002(a)(2), (c)(1), (i) and (k), as well as LBR 6004-1(c)(3), as far as practicable under the circumstances, because the Notice of the Sale Motion includes all of the required information set forth above, including, without limitation, the date, time and place of the hearing on the Sale Motion to approve the proposed sale of the Personal Property to the Buyer, the deadline for objecting to the Sale Motion, and related deadlines, and the Notice of the Sale Motion has been served on the Office of the United States Trustee, the Debtor, all of the Debtor's known creditors, and all parties requesting special notice. Further, this Sale Motion and its annexed Memorandum, Declaration, and Exhibits will be served on the Office of the United States Trustee, the Debtor, and all parties requesting special notice. Additionally, the Notice of the Sale Motion advises parties in interest how and where to obtain a full copy of this Motion and its annexed Memorandum, Declaration, and Exhibits.

Further, as required by LBR 6004-1(f), concurrently with the filing hereof, the Debtor submitted an additional copy of the Notice of the Sale Motion, which includes required information about the proposed sale of the Property, with the Clerk of the Bankruptcy Court together with a Form F 6004-2.NOTICE.SALE for purposes of publication.

Based on the foregoing, all applicable notice requirements have been satisfied.

2.    **THE SALE OF THE PERSONAL PROPERTY TO THE BUYER SHOULD BE APPROVED, BECAUSE GOOD BUSINESS REASONS FOR THE SALE EXIST, THE PURCHASE PRICE FOR THE PROPERTY IS FAIR AND REASONABLE, AND THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE ESTATE AND ITS CREDITORS.**

As a general matter, a court considering a motion to approve a sale under Section 363(b) should determine from the evidence presented before it that a "good business reason" exists to grant such a motion. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). In addition, the court must further find that the sale is in the best interest of the estate. To make this determination, the Court should consider whether:

(1)    the sale is fair and reasonable, *i.e.*, the price to be paid is adequate;
(2)    the property has been given adequate marketing;
(3)    the sale is in good faith, *i.e.*, there is an absence of any lucrative deals with insiders, and
(4)    adequate notice has been provided to creditors.

*In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830, 841-2 (Bankr. C.D. Cal. 1991); *In re The Landing*, 156 B.R. 246, 249 (Bankr. E.D. Mo. 1993); *In re Mama's Original Foods, Inc.,* 234 B.R. 500, 502-505 (C.D. Cal. 1999). Here, the proposed sale of the Personal Property to the Buyer satisfies each of these requirements.

a.    **Sound Business Purpose.**

The Ninth Circuit Bankruptcy Appellate Panel in *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988) has adopted a flexible case-by-case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b). The facts pertaining to the sale at issue here amply substantiate the Debtor's business decision that the contemplated sale of the Personal Property to the Buyer serves the best interests of the estate and merits the approval of this Court.

As noted above, the Personal Property is stored at the Property, which is scheduled to be sold with a closing of March 21, 2022. The Debtor has no use for the Personal Property. However, to retain the Personal Property, the Debtor would have to incur costs associated with removing it from the Property and storing it. Considering the relatively nominal value of the Personal Property,

the Debtor believes expending funds for this purpose is not prudent.  Instead, the Debtor has secured a third party that will not only remove all the Personal Property prior to close of escrow, but will also pay to the estate $10,000 for an "as is" sale of the Personal Property.  Under the circumstances, the Debtor believes that this is a fair and reasonable solution and supported by a sound business purpose.

### b.  Fair and Reasonable Price.

In order for a sale to be approved under Section 363(b), the purchase price must be fair and reasonable.  *See generally, In re Canyon Partnership*, 55 B.R. 520 (Bankr. S.D. Cal. 1985).  The trustee is given substantial discretion in this regard.  *Id.*  In addition, Courts have broad discretion with respect to matters under section 363(b).  *See Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 278 (Bankr. N.D. Ga. 1985).  In any sale of estate assets, the ultimate purpose is to obtain the highest price for the property sold.  *Wilde Horse Enterprises, Inc.*, 136 B.R. at 841 (*citing In re Chung King, Inc.*, 753 F.2d 547 (7th Cir. 1985)), *In re Alpha Industries, Inc.*, 84 B.R. 703, 705 (Bankr. Mont. 1988).

The Debtor submits that, under the circumstances, the proposed sale price for the Personal Property is fair and reasonable.  The Personal Property consists of used appliances which, the Debtor believes, have relatively nominal value in the marketplace.  The Debtor does not have the luxury of time to market and sell the Personal Property.  Moreover, any efforts to market and sell the Personal Property would likely require removal of the Personal Property from the Property by March 21, 2022 and incurring costs associated with storage.  The Debtor believes that there would be no net benefit to the estate associated with such efforts. On the other hand, the proposed sale provides a net benefit to the estate of $10,000, which includes timely removal of the Personal Property prior to escrow closing at no additional cost to the estate.

### c.  Adequate Marketing.

For the reasons discussed above, the Debtor believes that there is no time for extensive marketing efforts and that the cost of such efforts are not likely to result in a net benefit to the estate.  On the other hand, the proposed sale results in an inflow of $10,000 to the estate without a need to incur fees and costs associated with vacating the Property at close of escrow.

### d.    Good Faith.

When a Bankruptcy Court authorizes a sale of assets pursuant to Section 363(b)(1), it is required to make a finding with respect to the "good faith" of the purchaser. *In re Abbotts Dairies*, 788 F.2d at 149. Such a procedure ensures that Section 363(b)(1) will not be employed to circumvent creditor protections. *Id.* at 150. With respect to the Debtor's conduct in conjunction with the proposed sale of the Property, the good faith requirement focuses principally on whether there is any evidence of "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Abbotts Dairies*, 788 F.2d at 147; *Wilde Horse Enterprises*, 136 B.R. at 842.

Here, the Debtor or its manager has no connection with the Buyer. Buyer was referred to the Debtor through one of the appliance vendors. Because the Buyer has no affiliation with the Debtor and is not an "insider" of the Debtor, as that term is defined in Section 101(31), the Debtor submits that there has been no fraud or collusion in connection with the proposed sale of the Personal Property. Therefore, the good faith requirement has been satisfied.

### e.    Accurate and Reasonable Notice.

The purpose of the notice is to provide an opportunity for objections and hearing before the Court if there are objections. *In re Karpe*, 84 B.R. 926, 930 (Bankr. M.D.Pa. 1988). A notice is sufficient if it includes the terms and conditions of the sale and if it states the time for filing objections. *Id.*

As set forth above, the Debtor has or will have complied with all of the applicable notice provisions of the Bankruptcy Code, the FRBP and the LBR. Thus, the Notice of the Sale Motion (and proposed sale of the Personal Property) should be deemed adequate, accurate, and reasonable by the Court.

## B.    THE COURT SHOULD APPROVE THE SALE OF THE PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS.

The Court has the power to authorize the sale of property free and clear of liens, claims, or interests. *See* 11 U.S.C. § 363(f); *In re Gerwer*, 898 F.2d 730, 733 (9th Cir. 1990).

Section 363(f) permits a sale of property "free and clear of any interest in such property

of an entity other than the estate" if **any one** of the following five conditions is met:

(1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell property free and clear of liens.  *See e.g., Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988); *Mutual Life Ins. Co. of New York v. Red Oak Farms, Inc. (In re Red Oak Farms, Inc.)*, 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984).

In this case, as evidenced by a UCC search, a copy of which is attached hereto as **Exhibit "B"**, there are no secured claims asserted with respect to the Personal Property.  As a result, a sale free and clear of all such interests is appropriate.

## C.    THE COURT SHOULD WAIVE THE 14-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULES 6004(h).

FRBP 6004(h) provides, among other things, that an "order authorizing the … sale … of property . . . is stayed until the expiration of 14 days after entry of the court order, unless the court orders otherwise."  Fed.R.Bankr.P. 6004(h).

Here, the closing of the Property sale is scheduled for March 21, 2022 and the hearing on the Sale Motion is scheduled for March 18, 2022.  It is critical that the Personal Property assets be removed from the Property prior to close of escrow, which would be less than 14 days from the date of the hearing, assuming that an order is entered the same day.  For this to be achieved, the Debtor

1  requests that the Court waive the stay under FRBP 6004(h) and that the sale order be effective

2  immediately upon entry.

3                                              **III.**

4                                       <u>**CONCLUSION**</u>

5          **WHEREFORE**, the Debtor respectfully requests that this Court enter a Sale Order

6  granting the Sale Motion and providing the relief requested in paragraphs (1) through (3) of the above

7  Sale Motion and granting such further and additional relief as the Court deems just and proper.

8
9   Dated: March 8, 2022                    CRESTLLOYD, LLC

10                                          <u>*/s/ David B. Golubchik*            </u>
                                            DAVID B. GOLUBCHIK
11                                          TODD M. ARNOLD
                                            LEVENE, NEALE, BENDER, YOO
12                                               & GOLUBCHIK L.L.P.
                                            Attorneys for Debtor and Debtor in Possession
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              12

## DECLARATION OF LAWRENCE R. PERKINS

I, LAWRENCE R. PERKINS, hereby declare as follows:

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the Founder and Chief Executive Officer of SierraConstellation Partners LLC ("SCP") and have nearly 20 years of management consulting and advisory experience with companies undergoing transition. I have enhanced business performance for numerous companies on projects ranging from interim management, profit improvement and working capital management to strategic planning and transaction execution.

3.      I have served in a variety of senior level positions including Financial Advisor, Strategic Consultant, Investment Banker, Financial Executive, and Crisis Manager to numerous middle market companies and believe that I am particularly skilled at assisting clients through challenging situations.

4.      Prior to founding SCP, I was a Senior Managing Director and Regional Leader of a national consulting firm where he was responsible for business development, marketing, staffing, and general management of the firm's western region. I joined the firm in 2010 when it acquired El Molino Advisors, a company I founded in January 2007 and led as the CEO.

5.      I began my career in the strategic consulting group of Arthur Andersen after graduating from the University of Southern California Marshall School of Business. I am currently on the board of several non-profits, and two corporate boards, and am a member of the Young Presidents Organization.

6.      SCP is the current Non-Member Manager of the Debtor.

7.      On October 26, 2021 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor is operating its estate and managing its financial affairs as a debtor in possession.

8.      The Debtor's primary asset is the residential property that it developed, which is located at 944 Airole Way, Los Angeles, CA 90077 ("Property").  The Property is one of the finest pieces of real property in America.  The Property is situated on an approximately four-acre Bel Air

promontory, featuring the best views of Los Angeles. A moat that encompasses the Property gives the impression that it's floating on water.

9.     The Debtor has completed an auction of the Property and proceeding to seek a confirmation of the sale through a concurrently filed sale motion (the "Property Sale Motion").  My declaration in support thereof is attached to the Property Sale Motion.  In the interest of efficiency, by this reference, I hereby incorporate the factual background and discussion set forth in my declaration in support of the Property Sale Motion.

10.     Separate and apart for the Property, we discovered certain miscellaneous appliances in storage at the Property (the "Personal Property").  The appliances have not been used for the Property and are not part of the Property.  However, the appliances are bulky and the estate would incur costs associated with removing and storing such items, all of which has to occur prior to the close of escrow of the Property (scheduled for March 21, 2022).

11.     The Personal Property consists of used appliances which, I believe, have relatively nominal value in the marketplace.  I believe that the Debtor does not have the luxury of time to market and sell the Personal Property.  Moreover, I believe that any efforts to market and sell the Personal Property would likely require removal of the Personal Property from the Property by March 21, 2022 and incurring costs associated with storage.  I therefore believe that there would be no net benefit to the estate associated with such efforts. On the other hand, the proposed sale provides a net benefit to the estate of $10,000, which includes timely removal of the Personal Property prior to escrow closing at no additional cost to the estate.

12.     SCP contacted numerous parties to see if anyone would be interested in purchasing the Personal Property.  Fortunately, the Debtor reached an agreement ("Agreement") with Armen Topachikyan ("Buyer") for the Buyer to purchase such Personal Property for a fixed price of $10,000 and the Buyer has agreed to remove such property prior to the close of escrow for the Property, which is scheduled to occur by March 21, 2022.  A true and correct copy of the Agreement with the Buyer is attached hereto as **Exhibit "A"**.

13.     I believe that the terms of the agreement with Buyer are fair and reasonable since it will result in funds for the estate would the expense associated with removal and storage of such

1  property.  In addition, I believe that the value of the assets and the short time frame needed to remove

2  them does not warrant an auction and overbid process, which prompted the Debtor to file the Motion.

3            14.      To the best of my knowledge, neither the Debtor nor SCP has any connection with

4  the Buyer.  Buyer was referred to the Debtor through one of the appliance vendors.  Because the

5  Buyer has no affiliation with the Debtor and is not an "insider" of the Debtor, I submit that there has

6  been no fraud or collusion in connection with the proposed sale of the Personal Property, and that we

7  are proceeding with a sale in good faith.

8            15.      The Debtor also conducted a UCC search, a true and correct copy of which is

9  attached hereto as **Exhibit "B"**.  According to the UCC search, no secured claims are asserted with

10 respect to the personal property assets.

11           I declare and verify under penalty of perjury that the foregoing is true and correct to the

12 best of my knowledge.

13           Executed on this 8th day of March 2022, at Los Angeles, California.

14

15                                                    _____

16                                                    LAWRENCE R. PERKINS

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

ARMEN TOPACHIKYAN

818-601-0788

ATOPACHIKYAN@YAHOO.COM

1. **2 x True Residential**  15 Inch Clear Ice Maker
2. **True Residential**  24 Inch Undercounter Refrigerator

3. Subzero Undercounter Refrigerator - Panel Ready
4. Used SCIROCCO DOWNDRAFT
5. Used SCIROCCO DOWNDRAFT
6. Used Thermaodor Oven with Warming drawer
7. Used MIELE HOOD LINER
8. Used 24" Wine cooler
9. GE 24" double drawer refrigerator
10. 2 Kitchen Sinks
11. Open Toilet Seat

# WE WILL BE PAYING YOU $10,000 FOR TOTAL OF ITEMS

# EXHIBIT "B"




**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**INFORMATION REQUEST (UCC 11)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U220171817222

Date Filed: 3/8/2022

| Requester Information: | |
|---|---|
| Contact Name | |
| Organization Name | CLAS INFORMATION SERVICES |
| Phone Number | |
| Email Address | |
| Address | 2020 HURLEY WAY SACRAMENTO, CA 95825 |

| Search Information: | |
|---|---|
| Request Type | Search request only |
| Search Type: | Debtor Search |
| Individual or Organization: | Organization |
| Organization name: | CRESTLLOYD, LLC |
| City: | |
| State: | |
| Start Date: | |
| Include lapsed filings on search response: | Yes |

B0476-3640 03/08/2022 10:25 AM Received by California Secretary of State



# Secretary of State
**Business Programs Division**
1500 11th Street,  Sacramento, CA 95814

---

CLAS INFORMATION SERVICES
2020 HURLEY WAY
SACRAMENTO, CA  95825

| | |
|---|---|
| Request Date: | 03/08/2022 10:25 AM |
| Information | |
| Request No.: | U220171817222 |
| Certification No.: | 012513517 |

## LIEN SEARCH CERTIFICATE

The search results herein reflect only the specific information requested.  The results of this Debtor search will not reflect variances of this name.  If the Debtor is known under other personal names, trade names, business entities, or addresses, separate searches of these names will have to be requested and conducted.  The Secretary of State, his officers and agents disclaim any and all liability for claims resulting from other filings on which the name of the Debtor can be found in any other form than which was requested.

## Search Criteria:

Debtor Organization: CRESTLLOYD, LLC
Request Type:  Lien Information Request (UCC 11)
All Records On File (Lapsed and Unlapsed), List Only

---

### Lien Listing

---

**Lien File No.: 167541207811**              **Filed: 08/11/2016 01:04 PM**          **Lapse: 08/11/2021 11:59 PM**
Lien Type:      Financing Statement

Debtor(s):          CRESTLLOYD, LLC A CALIFORNIA LIMITED LIABILITY COMPANY, 8981 WEST SUNSET
                              BOULEVARD #303, WEST HOLLYWOOD, CA  90069

Secured Party(s):  FIRST CREDIT BANK, A CALIFORNIA BANKING CORPORATION, 9265 SUNSET
                              BOULEVARD, WEST HOLLYWOOD, CA  90069

***Amendment - Termination***
Amendment No.: 1976990786              Filed: 02/25/2019 09:14 AM
***System Amendment - Lapse***
Amendment No.: U210074695830              Filed: 08/12/2021 01:00 AM

---

**Lien File No.: 167542523621**              **Filed: 08/19/2016 10:53 AM**          **Lapse: 08/19/2021 11:59 PM**
Lien Type:      Financing Statement

Debtor(s):          CRESTLLOYD, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, 8981 WEST SUNSET
                              BOULEVARD #303, WEST HOLLYWOOD, CA  90069

Secured Party(s):  FIRST CREDIT BANK, A CALIFORNIA BANKING CORPORATION, 9255 WEST SUNSET
                              BOULEVARD, WEST HOLLYWOOD, CA  90069

***System Amendment - Lapse***
Amendment No.: U210077198737              Filed: 08/20/2021 01:00 AM

---

**Lien File No.: U200018754836**              **Filed: 09/11/2020 01:08 PM**          **Lapse: 09/11/2025 11:59 PM**
Lien Type:      Financing Statement

Debtor(s):          CRESTLLOYD, LLC, 8981 W. SUNSET BLVD, WEST HOLLYWOOD, CA  90069

Secured Party(s):  MIKE FIELDS BRONZES LLC, 2715 E. 36TH, APT 6203 SPOKANE, WA  99223

Certification No.:  012513517

Page Count:  2

I, Shirley N. Weber, Ph.D., Secretary of State, do hereby certify that the above listing is a record of all presently active financing statements, tax liens, attachment liens and judgment liens, including any change documents relating to them, which name the referenced debtor, subject to any above-stated search qualifiers and are on file in my office as of **03/02/2022 11:59 PM**.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California on March 8, 2022.

**Shirley N. Weber, Ph.D.**
Secretary of State





**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U200018754836 |
| Date Filed: 9/11/2020 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | JEFFREY H. LERMAN, ESQ. |
| Organization Name | LERMAN LAW PARTNERS, LLP |
| Phone Number | (415) 454-0455 |
| Email Address | JEFF@LERMANLAW.COM |
| Address | 802 B STREET<br>SAN RAFAEL, CA 94901 |

Debtor Information:

| Debtor Name | Mailing Address |
| --- | --- |
| CRESTLLOYD, LLC | 8981 W. SUNSET BLVD<br>WEST HOLLYWOOD, CA 90069 |

Secured Party Information:

| Secured Party Name | Mailing Address |
| --- | --- |
| MIKE FIELDS BRONZES LLC | 2715 E. 36TH<br>APT 6203<br>SPOKANE, WA 99223 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
This constitutes actual and constructive notice.

Debtor currently holds as a bailment the sculpture known as "Unity" (2019, composite, white finish), whose sole creator and sole owner is and at all times has been Secured Party. Debtor does not have, and has not at any time had, any ownership rights whatsoever in Unity. As of the date hereof, Debtor holds Unity solely as a bailment, and Unity is currently located at the real property commonly known as "The One", 944 Airole Way, Los Angeles CA 90077 ("Real Property"). Unity is not and has never been furniture, a fixture, or otherwise affixed to or in any way a part of the Real Property; is not and has never been used in the operation or occupancy of the Real Property; and is not and has never been the personal property of Debtor.

The rights and obligations of Debtor as Bailee and Secured Party as Bailor with respect to Unity are set forth in that certain private Artwork Display Agreement between Debtor and Secured Party dated January 27, 2020.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Bailee/Bailor

Optional Filer Reference Information:

☒ This Financing Statement is to be filed in the real estate records (if applicable).

This Financing Statement:

☐ Covers timber to be cut

☐ Covers as-extracted Collateral

☐ Is filed as a fixture filing

Name and address of a Record Owner of real estate described above (if Debtor does not have a record interest):

Description of real estate:
The real property and improvements thereon commonly known as "The One", 944 Airole Way, Los Angeles, CA 90077 (APN 4369-026-021)

Miscellaneous Information:

Search to Reflect:

☐ Order a Search to Reflect

B0325-3228 09/11/2020 1:25 PM Received by California Secretary of State

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR AN ORDER: (1) APPROVING THE SALE OF THE DEBTOR'S PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS,   ENCUMBRANCES, AND INTERESTS; (2) WAIVING THE FOURTEEN-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); AND (3) PROVIDING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 8, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**    tma@lnbyg.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com, zabrams@watttieder.com
- **Danielle R Gabai**    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**    dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**    rbk@jmbm.com
- **Jane G Kearl**    jkearl@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**    wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: On **March 8, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 8, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>**SERVED BY EMAIL**</u>

**Buyer Agent**
Hilton & Hyland/Stuart Vetterick
257 North Cañon Drive, 2nd Floor Reception
Beverly Hills, CA 90210
Email: stuart@hiltonhyland.com

**Buyer Advisors & Attorneys**
Michael G. Burke, mgburke@sidley.com
Erica Meierhans, erica.meierhans@fashionnova.com
Melissa Morton, mmorton@grfllp.com
Samuel A. Newman, sam.newman@sidley.com

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 8, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

In re Crestlloyd, LLC
Professionals Service List
File No.: 9562


The Beverly Hills Estates
GREG LAPLANT
Managing Director
8878 West Sunset Blvd. West
Hollywood, CA 90069

Compass/Aaron Kirman
Attn: Aaron Kirman
9378 Wilshire Blvd #200
Beverly Hills, CA 90212

Concierge
Chad Roffers, Chairman
228 Park Avenue S
PMB 70835
New York, NY 10003-1502

Concierge Counsel
Anthony (Nino) Capobianco
Capobianco Law Offices, P.C.
41990 Cook Street, Bldg. F, Suite
2006
Palm Desert, CA 92211

In re Crestlloyd, LLC
RSN, Secured Creditors
File No. 9562

Debtor
Crestlloyd, LLC
c/o SierraConstellation Partners LLC
355 S. Grand Avenue Suite 1450
Los Angeles, CA 90071

Noreen A Madoyan
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Counsel For Receiver
Brutzkus Gubner Rozansky Seror
Weber LLP
David Seror/Jessica Wellington
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

County of Los Angeles
(MRCA-Brush Fire Clear'g Dist #1)
200 North Main Street, 16th Fl
Los Angeles, CA 90012

County of Los Angeles
(Wildlife Corridor and Open Space
Protection)
c/o SCI Consulting Group
4745 Mangels Blvd.
Fairfield, CA 94534

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054

Counsel to Hankey Capital
Jeffer Mangels Butler & Mitchell LLP
Neil C. Erickson
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Inferno Investment Inc.
Attn: Julien Remillard, President
4-95 Kandahar, Mont Tremblant
Quebec J8E 1E2, Canada

County of Los Angeles
(Local Fire Prevention, Water Quality
and Open Space Measure )
c/o SCI Consulting Group
4745 Mangels Blvd.
Fairfield, CA 94534

Rolls Scaffold, Inc.
Michael Rolls, CEO
11351 County Dr. Ste B
Ventura, CA 93004

American Truck & Tool Rentals
Inc./American Rentals
c/o Caprenos Inc., Cindee Wood,
Authorized Agent
4345 Murphy Canyon Road #200
San Diego, CA 92123

YOGO Securities Holdings, LLC
Steve Oshins, Authorized Agent
1645 Village Center Circle, Ste. 170
Las Vegas, NV 89131

Calgrove Rentals Inc.
Guadalupe Gomez, President
456 Glenoaks Blvd.
San Fernando, CA 91340

Hilldun Corporation
Jeffrey D. Kapelman, CEO
225 West 35th St.
New York, NY 10001

J&E Texture, Inc.
Francisco Gonzalez, CEO
181 Exter Way
Corona, CA 92882

City of Los Angeles
Mike Feuer, City Attorney
City Hall East, Suite 800
Los Angeles, CA 90012

BMC West LLC
David Filtman, CEO
4800 Falls of Neuse Rd., Ste. 400
Raleigh, NC 27609

JMS Air Conditioning and Appliance
Services, Inc.
Yosi Hesica, CEO
7640 Burnet Ave.
Van Nuys, CA 91405

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
21366 Placerita Canyon Rd.
Newhall, CA 91321

Parquet By Dian
Dima Efros, CEO
16601 S. Main St.
Gardena, CA 90248

Powertek Electric, Inc.
Mike Moshrefi, CEO
28364 S, Western Ave. #414
Rancho Palos Verdes, CA 90275

County of Los Angeles (Wildlife Corridor
and Open Space Protection)/Clerk of the
Governing Board, Mountains Recreation
& Conservation Authority
5750 Ramirez Canyon Road
Malibu, CA 90265

County of Los Angeles
(Local Fire Prevention, Water Quality
and Open Space Measure )
Conejo Recreation and Park District
403 W Hillcrest Drive
Thousand Oaks, CA 91360

YOGI Securities Holdings, LLC
c/o Daniel Wiesel, Esq.
Wolf, Rifkin, Shapiro, Schulman &
Rabkin, LLP
11400 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064-1582

American Truck & Tool Rentals
Inc./American Rental
Tom Murray, CEO and President
88 W. Victoria St.
Long Beach, CA 90805

Buchalter, APC
Jeffrey S. Wruble
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Calgrove Rentals Inc.
21627 Roscoe Bl.
Canoga Park, CA 91304

BMC West LLC
3250 N. San Fernando Rd.
Los Angeles, CA 90065

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
26575 Ruether Ave.
Santa Clarita, CA 91350

Los Angeles County Tax Collector
PO Box 54018
Los Angeles, CA 90054

Los Angeles County Tax Collector
225 N. Hill Street # 1
Los Angeles, CA 90012

SHULMAN BASTIAN FRIEDMAN &
BUI LLP
Ryan D. O'Dea
100 Spectrum Center Drive, Ste. 600
Irvine, CA 92618

MIKE FIELDS BRONZES LLC
2715 E. 36TH, APT 6203
SPOKANE, WA 99223

Armen Topachikyan
11605 Kagel Canyon St.
Sylmar, CA 91342

In re Crestlloyd, LLC
Utility Service List
File No. 9562

| | | |
|---|---|---|
| LA DWP<br>Acct: 742-331-2228<br>Acct: 039-675-3615<br>PO Box 30808<br>Los Angeles, CA 90030 | LA DWP<br>Acct: 742-331-2228<br>Acct: 039-675-3615<br>PO Box 515407<br>Los Angeles, CA 90051-6707 | City of Los Angeles Department of<br>Water and Power<br>111 N. Hope St.<br>Los Angeles CA 90012 |
| City of Los Angeles Department of<br>Water and Power – West LA<br>1394 S. Sepulveda<br>Los Angeles CA 90025 | L.A. DWP – Bankruptcy Unit<br>PO Box 51111<br>Los Angeles, CA 90051 | |

Label Matrix for local noticing
0973-2
Case 2:21-bk-18205-DS
Central District of California
Los Angeles
Tue Mar  8 08:49:51 PST 2022

Crestlloyd, LLC
c/o  SierraConstellation Partners LLC
355 S. Grand Avenue Suite 1450
Los Angeles, CA 90071-3152

Interno Investment, Inc.
4-95 Kandaher,
Mont Tremblant
Quebec Canada

Levene, Neale, Bender, Yoo & Golubchik LLP
2818 La Cienega Avenue
Los Angeles, CA 90034-2645

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Alvandi Law Group, P.C.
Gil Alvandi
2955 Main St. Suite 110
Irvine, CA 92614-2527

American Truck & Tool Rentals Inc.
Tom Murray, CEO and President
88 W. Victoria St.
Long Beach, CA 90805-2157

BMC West LLC
3250 N. San Fernando Rd.
Los Angeles, CA 90065-1415

BMC West LLC
David Filtman, CEO
4800 Falls of Neuse Rd., Ste. 400
Raleigh, NC 27609-8142

Biabani & Associates, Inc.
1600 Sawtelle Bl #104
Los Angeles, CA 90025-3197

Bradford Sheet Metal
4164 Sopp Road
Mojave, CA 93501-7196

Branden Williams
257 N. Cannon Dr., 2nd Fl.
Beverly Hills, CA 90210-4361

Brunswick Corp.
26125 N. Riverwoods Blvd.
Ste 500
Lake Forest, IL 60045-4811

Brutzkus Gubner
David Seror
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

Buchalter, APC
Jeffrey S. Wruble
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-1730

C.G.S. Custom Glass Specialists
4536 Ish Drive
Simi Valley, CA 93063-7666

CAD Stone Works Inc.
4533 Van Nuys Bl. #201
Sherman Oaks, CA 91403-2950

Calgrove Rentals Inc.
21627 Roscoe Bl.
Canoga Park, CA 91304-4159

Calgrove Rentals Inc.
Guadalupe Gomez, President
456 Glenoaks Blvd.
San Fernando, CA 91340-1833

Caprenos Inc.
Cindee Wood  Authorized Agent
4345 Murphy Canyon Road #200
San Diego, CA 92123-4362

Carcassone Fine Homes, LLC
c/o Hamid R. Rafatjoo
1800 Avenue of the Stars, 12th Fl.
Los Angeles, CA 90067-4201

Centurion Air, LLC
13932 Arrow Creek Road
Draper, UT 84020-9295

City of Los Angeles
Mike Feuer, City Attorney
City Hall East, Suite 800
Los Angeles, CA 90012

Clerk of the Governing Board,
Mount. Rec. & Cons. Auth.
5750 Ramirez Canyon
Malibu, CA 90265-4474

Compass
Aaron Kirman
9378 Wilshire Blvd. #200
Beverly Hills, CA 90212-3167

Conejo Recreation and Park District
403 W. Hillcrest Drive
Thousand Oaks, CA 91360-4223

County of Los Angeles
Local Fire Prevention Measure
4745 Mangels Blvd.
Fairfield, CA 94534-4175

County of Los Angeles
MRCA-Brush Fire Clear g Dist #1
200 North Main Street, 16th Fl
Los Angeles, CA 90012-4110

County of Los Angeles
Wildlife Corridor and Protection
4745 Mangels Blvd.
Fairfield, CA 94534-4175

Creative Art Partners
6542 Hayes Dr.
Los Angeles, CA 90048-5320

Crest Real Estate
11150 Olympic Bl. #700
Los Angeles, CA 90064-1825

Daniel Wiesel, Esq.
Wolf, Rifkin, Shapiro, et al.
11400 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064-1582

Davidson Accountancy Corp.
William N. Davidson, CPA
14011 Ventura Blvd., Ste. 302
Sherman Oaks, CA 91423-5226


Dennis Palma
146 Beach Way
Monterey, CA 93940-3436

Department of Water and Power,
City of Los Angeles
Attn:  Bankruptcy
P. O. Box 51111
Los Angeles, CA  90051-5700

Draken Private Security
Jaime Salanga
633 West 5th St.
Los Angeles, CA 90071-2005


Draken Security
8225 Encino Ave
Northridge, CA 91325-4313

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952


Franchise Tax Board
Bankruptcy Section, MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Frontier Communications Corporation
401 Merritt 7
Norwalk, CT 06851-1069

Hankey Capital, LLC
Attn: Eugene M. Leydiker
4751 Wilshire Blvd. #110
Los Angeles, CA 90010-3838


Hilldun Corporation
Jeffrey D. Kapelman, CEO
225 West 35th St.
New York, NY 10001-1910

Hilldun Corporation
c/o Brutzkus Gubner
Attn: Jerrold L Bregman
5445 DTC Parkway Ste 825
Denver CO 80111-3190

Hilton & Hyland Real Estate
257 North Ca on Drive
Beverly Hills, CA 90210-4361


Inferno Investment Inc.
Julien Remillard, President
4-95 Kandahar, Mont Tremblant
Quebec J8E 1E2 Canada

Inferno Investment, Inc.
c/o Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626-7234

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Italian Luxury Design
4 NE 39 St.
Miami, FL 33137-3630

Italian Luxury Group, LLC
c/o Gregory J. Morrow, Esq.
10401 Wilshire Boulevard, Suite 1102
Los Angeles, CA 90024-4609

J&E Texture, Inc.
Francisco Gonzalez, CEO
181 Exeter Way
Corona, CA 92882-8502


JMBM LLP
Neil C. Erickson
1900 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-4308

JMS Air Conditioning
and Appliance Services, Inc.
7640 Burnet Ave.
Van Nuys, CA 91405-1005

JOHN A. BELCHER
150 E. COLORADO BLVD., SUITE 215
PASADENA, CA 91105-3758


Jabs Pools and Spas, LLC
8055 Matilija Ave.
Panorma City, CA 91402-6126

Jesus Agudelo
aka Jesus Columbia
944 Airole Way
Los Angeles, CA 90077-2602

Jose Napoleon Garcia
1525 N. Detroit St., #5
Los Angeles, CA 90046-3233


KN Coating
201 E. Tamarack Ave
Inglewood, CA 90301-2714

Kazemi & Associates Constructors
11901 Santa Monica Blvd #800
Los Angeles, CA 90025-2767

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
21366 Placerita Canyon Rd.
Newhall, CA 91321-1846

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
26575 Ruether Ave.
Santa Clarita, CA 91350-2622

Lanes Management Services
Theodore Lanes
655 Deep Valley Drive 125-P
Palos Verdes Peninsula, CA 90274-3615


(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Made by TSI, Inc.
1840 Jefferson Ave., Apt 303
Miami Beach, FL 33139-2461

Made by TSI, Inc.
888 Biscayne Blvd #209
Miami, FL 33132-1588


Martin Aguirre
112 1/2 North 20th St.
Montebello, CA 90640-4041

Martin Aguirre
c/o Nathan D. McMurry
8050 N. Palm Ave. Ste. 300
Fresno, CA 93711-5510

Michael Pyle LLC dba Centurion LV
13932 Arrow Creek Rd
Draper, UT 84020-9295


Midland Contractors, Inc.
Po Box 8312
Van Nuys, CA 91409-8312

Mike Fields Bronzes LLC
2715 E 36th Ave Apt 6203
Spokane, WA 99223-4593

Moises Lopez
141 S. Ave. 55 Apt. 40
Los Angeles, CA 90042-4635


Nile Niami
c/o Hamid R. Rafatjoo
1800 Avenue of the Stars, 12th Fl.
Los Angeles, CA 90067-4201

Parker Resnik
Structural Engineering
1927 Pontius Ave
Los Angeles, CA 90025-5611

Parquet by Dian
Dima Efros, CEO
16601 S. Main Street
Gardena, CA 90248-2722


Plus Development Group
743 Seward St.
Los Angeles, CA 90038-3566

Powertek Electric Inc.
Mike Moshrefi, CEO
28364 S. Western Ave. # 414
Rancho Palos Verdes, CA 90275-1434

Powertek Electric, Inc.
Hart Kienle Pentecost
4 Hutton Centre Drive, Suite 900
Santa Ana, CA 92707
Santa Ana, CA 92707-8713


Pro-Pest, Inc.
P.O. Box 3868
Valley Village, CA 91617-3868

Public Insurance Agency Inc.
10941 W. Pico Bl.
Los Angeles, CA 90064-2117

Public Occurrences, LLC
15821 Ventura Blvd. #265
Encino, CA 91436-2941


Rolls Scaffold, Inc.
Michael Rolls, CEO
11351 County Dr. Ste B
Ventura, CA 93004-3559

SHULMAN BASTIAN FRIEDMAN & BUI LLP
Ryan D. O'Dea
100 Spectrum Center Drive, Ste. 600
Irvine, CA 92618-4969

Santos Gerardina Garcia
509 Union Drive Apt. #206
Los Angeles, CA 90017-1526


Showroom Interiors LLC
8905 Rex Road
Pico Rivera, CA 90660-3799

SierraConstellation Partners LLC
355 S. Grand Avenue, Suite 1450
Los Angeles, CA 90071-3152

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029


The Beverly Hills Estates, Inc.
Branden Williams
8878 Sunset Blvd., West
West Hollywood, CA 90069-2108

The Vertex Companies, Inc.
12100 Wilshire Blvd 8th floor
Los Angeles, CA 90025-7120

The Vertex Companies, Inc.
147 W. 35th St., 19th Fl.
Long Island City, NY 11101

The Vertex Companies, Inc.
400 Libbey Parkway
Weymouth MA 02189-3134

Toni Maier-On Location Inc.
8033 West Sunset Blvd. #569
Los Angeles, CA 90046-2401

United Specialty Insurance Co.
1900 L Don Dodson Drive
Bedford, TX 76021-5990


United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Universal Television, LLC
100 Universal City Plaza
Universal City, CA 91608-1002

Vesta  aka Showroom Interiors, LLC
8905 Rex Road
Pico Rivera, CA 90660-3799


Vista Sotheby's Int'l. Realty
Chris Adlam
16 Malaga Cove Plaza
Palos Verdes Peninsula, CA 90274-1306

West Coast Gates
339 Isis Ave.
Inglewood, CA 90301-2007

West Valley Green Landscaping, Inc.
14761 Tupper St.
Panorama City, CA 91402-1222


Westcoast Gate & Entry Systems, LLC
339 Isis Ave
Inglewood CA 90301-2007

Westside Estate Agency
Kurt Rappaport
210 North Canon Dr.
Beverly Hills, CA 90210-5302

YOGI Securities Holdings, LLC
Steve Oshins, Auth. Agent
1645 Village Center Cir., Ste. 170
Las Vegas, NV 89134-6371


Yaly Martinez Arrazola
11804 Kiowa Avenue
Apt 4
Los Angeles, CA 90049-6024

Yvonne Niami
301 Copa de Oro Road
Los Angeles, CA 90077-3822

David B Golubchik
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2645


Lindsey L Smith
Levene, Neale, Bender, Yoo & Golubchik
2818 La Cienega Ave
Los Angeles, CA 90034-2645

Todd M Arnold
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2645


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Los Angeles County Tax Collector
225 N. Hill Street # 1
Los Angeles, CA 90012

(d)Los Angeles County Treasurer and Tax Colle
Attn: Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0110

State Board of Equalization
Acct. Analysis & Control MIC 29
POB 942879
Sacramento, CA 94279


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Concierge Auctions, LLC

(u)Courtesy (NEF)

(u)Hilldun Corporation

(u)Inferno Investment, Inc.

(u)L&E Feature, Inc.

(u)The Beverly Hills Estate and Compass

(u)Yogi Securities Holdings, LLC

(u)Simone Giovanni Cenedese
Murano s.a.s
Calle Bertolini, 6, Murano, Venezia

(u)Andre Mario Smith

(u)Edward Roark Schwagerl

(u)Theodore Lanes

End of Label Matrix
Mailable recipients   106
Bypassed recipients    11
Total                 117