Samuel A. Newman (SBN 217042)
sam.newman@sidley.com
Genevieve G. Weiner (SBN 254272)
gweiner@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Fascimile: +1 213 896 6600

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9500
Facsimile: +1 310 595 9501

Attorneys for Movant
Richard Saghian, an individual

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES**

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>         Debtor and Debtor-in-Possession. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11 Case<br><br>Assigned to: The Hon. Deborah J. Saltzman<br><br>**BUYER'S NOTICE OF MOTION AND MOTION TO ENFORCE THE COURT'S ORDER APPROVING BID PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing:<br>   Date: March 11, 2022<br>   Time: 1:00 p.m.<br>   Place: Courtroom 1639<br>       255 E. Temple St.<br>       Los Angeles, CA 90012<br>   **VIA ZOOMGOV ONLY** |

**PLEASE TAKE NOTICE** that, on March 11, 2022, at 1:00 p.m. via zoom in Courtroom 1639, located at 255 E. Temple St., Los Angeles, CA 90012, Richard Saghian, the highest bidder and buyer ("Buyer") in accordance with the bid procedures pertaining to the auction of the Debtor's real property located at 944 Airole Way, Los Angeles, CA 90077 ("Property"), as approved by this Court in its Order Granting Debtor's Motion to Approve Auction and Bid Procedures, dated January 10, 2022 [Dkt. 105], and its Amended Order Granting Debtor's Motion to Approve Auction and Bid Procedures, dated January 14, 2022 [Dkt. 115], by and through his attorneys of record, will and hereby does move this Court for an emergency order, pursuant to its authority under the Federal Rules of Bankruptcy Procedure ("FRBP"), to enforce the Court's Orders Granting Debtor's Motion to Approve Auction and Bid Procedures.

The grounds for this emergency motion are as follows:

- In accordance with this Court's Orders Granting Debtor's Motion to Approve Auction and Bid Procedures, the Auction was held between February 28, 2022 and March 3, 2022, with the highest bid submitted by Buyer.

- Under the Court's Orders Granting Debtor's Motion to Approve Auction and Bid Procedures, Debtor was required to file a motion to approve the sale of the property pursuant to the Auction and Bid Procedures by March 8, 2022.

- On March 8, 2022, Debtor filed a noticed motion to approve the sale of the property to Buyer *or another bidder*, even though no other bidder is the Buyer pursuant to the Auction and Bid Procedures approved by the Court.

- The motion also stated Debtor would collect and advance future bids that it receives, which would result in Debtor expending estate resources on bidders and bidding that do not conform to the Court's approved Auction and Bid Procedures.

- On March 9, 2022, Debtor filed a Notice of Sale of Estate Property noting that potential future bidders could contact Debtor's brokers or counsel, even though no such potential future bidders have or could comply with the Court's approved Bid Procedures.

For the foregoing reasons, and as set forth more fully in his Memorandum of Points and Authorities, Buyer hereby moves for an emergency order of the Court to enforce its prior Orders Granting Debtor's Motion to Approve Auction and Bid Procedures and enjoin Debtor and Debtor's agent from soliciting, collecting or advancing and further bids for the Property or otherwise acting in ways that do not conform to the Court's prior Orders. Nothing contained herein is intended to constrain the rights, if any, of third-parties to be heard directly by the Court.

This Motion is based on the Memorandum of Points and Authorities, the relevant pleadings, all matters of which the Court may take judicial notice, and on such oral argument and evidence that may be presented at the hearing.

Dated:  March 10, 2022

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ *Genevieve G. Weiner*
    Samuel A. Newman
    Amy P. Lally
    Genevieve G. Weiner

    Attorneys for Richard Saghian, an individual

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 6, 2022, a hearing was held on Debtor's motion for the entry of an order approving the Debtor's proposed auction ("Auction") and bid procedures ("Bid Procedures") pertaining to the sale of real property located at 944 Airole Way, Los Angeles, CA 90077 ("Property"). In its motion, Debtor represented that the proposed Bid Procedures would maximize the benefit received by the estate, by fostering competitive bidding, eliminating unqualified purchasers, and ensuring the highest possible price for the Property. [Dkt. 88 at 18:1-8]. The motion was supported by a Declaration of Lawrence R. Perkins attesting to the foregoing. [Dkt. 88 at 24:11-20].

On January 10, 2022, the Court granted Debtor's motion and approved the Auction and Bid Procedures. [Dkt. 105]. On January 14, 2022, the Court amended its Order to set March 8, 2022 as the deadline for Debtor to file a motion to approve the sale of the property pursuant to the Auction and Bid Procedures, and to set March 18, 2022 for a hearing on the sale motion. [Dkt. 115].

In accordance with this Court's Order and pursuant to the Bid Procedures, the Auction was held between February 28, 2022 and March 3, 2022. [Dkt. 142 at 58:3-4]. Richard Saghian ("Buyer") and several other parties participated in the Auction in good faith and in reliance on the publicized rules and Bid Procedures approved by the Court. *Id.* at 57:25-58:1. In deciding to participate and bid at the Auction, Buyer relied on the provisions of the Court's Order providing that "the Bidder who submits the highest bid (the 'HighBid') (meaning the highest bid acknowledged by the Auctioneer) will be the buyer (the 'Buyer') of the Property," subject solely to Court approval. [Dkt. 88 at 3:10-12]. Without that assurance, had the rules provided that the winning bid was simply a "stalking horse" subject to further bidding, Buyer would not have made his highest and best bid at the Auction. At the Auction, in reliance on the rules, the purchase prices increased from an opening bid of $50,000,000 to the winning bid of $126,000,000 including several bids buy Buyer. [Dkt. 142 at 58:6-13] Ultimately, after all parties had full and fair opportunity to bid, the Auction was closed

with the highest bid submitted by Buyer. [Dkt. 142 at 8:6-7 ("Richard Saghian … was the winning Bidder at the Auction conducted pursuant to the Bid Procedures approved by the Court")].

However, on March 8, 2022, Debtor filed a notice of motion and motion to approve a property sale to Buyer *or another bidder*. *Id.* at 8. The motion also noted that Debtor would advance future bids that it receives. [Dkt. 142 at 2, n.4, and 4, n.5]. On March 9, 2022, Debtor filed a Notice of Sale of Estate Property indicating that potential future bidders could contact Debtor's brokers or counsel. [Dkt. 150 at 2]. This is inconsistent with the Court's prior Orders. Accordingly, Buyer, who bid in accordance with the Bid Procedures Order and relied on the Order in submitting his winning bid, seeks an emergency order from this Court to enforce its previous Orders approving the Auction and Bid Procedures in the best interests of the estate.

## II.    LEGAL AUTHORITY

Under 11 U.S.C. § 105, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]. 11 U.S. C. § 105(a). Further, "[n]o provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* Case law is in accord that the Bankruptcy Court "has the inherent authority to enforce its own orders." *Fracasse v. Redmond*, No. 6:14-BK-17941 MJ, 2017 WL 6557435, at *2 (C.D. Cal. Dec. 21, 2017); *Yates v. Nimeh*, No. C07-0798 BZ, 2009 WL 10698416, at *1 (N.D. Cal. June 22, 2009); and *Flores v. Barr*, No. CV854544DMGAGRX, 2020 WL 2758792, at *3 (C.D. Cal. Apr. 24, 2020).

## III.    ARGUMENT

### A.    The Court-Approved Auction and Bid Procedures Offer the Highest Benefit for the Estate

In its Motion for an Order Approving the Auction and Bid Procedures, the Debtor explained that the Auction and Bid Procedures were in the best interest of the estate because "the proposed Bid Procedures detailed in the preceding Bid Procedures Motion will maximize the price ultimately obtained for the Property while still protecting the estate from parties who may wish to bid on the

1  Property but who are ultimately unable to consummate a purchase of the Property." [Dkt. 88 at 18:1-
2  4]. Mr. Perkins' declaration supporting the motion explained that the Bid Procedures would serve
3  several legitimate purposes including to: "(1) foster competitive bidding among any serious potential
4  purchasers, (2) eliminate from consideration purchasers who would waste the estate's time because
5  they would not have the financial ability to consummate a purchase of the Property, and (3) ensure
6  that the highest possible price is obtained for the Property." *Id.* at 24:15-20. The Court granted the
7  motion and approved the Auction and Bid Procedures in the best interests of the estate. [Dkts. 105
8  and 115].

9  As set forth in Debtor's noticed motion to approve the property sale, "the Property was
10 extensively marketed," which "resulted in 40 qualified showings of the Property by the Auctioneer,"
11 and "five Bidders that qualified for bidding at the Auction by submitting the documents and
12 $250,000 Bidder Deposit required by the Bid Procedures." [Dkt. 142 at 19:20-20:8]. In accordance
13 with the Court approved Auction and Bid Procedures, Richard Saghian was the highest bidder at the
14 Auction and Buyer. [Dkt. 142 at 8:6-7]. In a declaration filed on March 8, 2022, Mr. Perkins attests
15 that, in his business judgment, "the Purchase Price represents fair and reasonable value for the
16 Property in today's marketplace." [Dkt. 142 at 60:7-8].

17 **B.     The Court-Approved Bid Procedures Should be Enforced**

18 The Court's Orders required the Debtor to file a motion to approve the sale of the property
19 following the Auction and Bid Procedures by March 8, 2022, and a hearing on the sale motion on
20 March 18, 2022. On March 8, 2022, Debtor filed its noticed motion seeking approval for a sale of
21 the property to "Buyer, who was the winning Bidder at the Auction conducted pursuant to the Bid
22 Procedures approved by the Court" *or another bidder*. [Dkt. 142 at 6-7 (cleaned up) and 16]. Debtor
23 also noted that it would advance future bids that it receives. [Dkt. 142 at 2, n.4, and 4, n.5]. On
24 March 9, 2022, Debtor filed its Notice of Sale of Estate Property indicating that potential future
25 bidders could contact Debtor's brokers or counsel. [Dkt. 150 at 2]. This is inconsistent with the
26 Court's prior Orders.

27 As noted in the motion seeking approval of the auction and bid procedures, "the Bid
28 Procedures … *shall apply to the* proposed auction and *sale of the Property*." [Dkt. 88 at 2, n.2]. As

set forth therein, "the Bidder who submits the highest bid (the 'HighBid') (meaning the highest bid acknowledged by the Auctioneer) will be the buyer (the 'Buyer') of the Property" and "the Auctioneer's auction record shall determine conclusively all bidding issues, including but not limited to the High Bid [and] the Buyer… ." [Dkt. 88 at 3:10-12 and 19-21]. The Debtor intended to, and in fact did, widely publicize these rules – which did not provide for any overbid process following the Auction – intending to induce, and in fact inducing, several parties to submit qualified, binding bids for the Property. [Dkt. 142 at 57:25-58:1]. Buyer was induced to bid and relied on the finality of the procedures provided to him.

Debtor acknowledges that the Court approved Bid Procedures "do not contemplate an overbid process" [Dkt. 142 at 2, n.4] outside of the Court approved Auction. During the Auction there were, of course, several overbids. [Dkt. 142 at 52:2-13]. It is not in the best interest of the estate for Debtor to spend resources on bidders who do not conform to the Court approved Bid Procedures and the safeguards for the estate provided for therein [Dkt. 88 at 2:18-3:9 ("Bidder Qualification")].

The Court's prior Orders approving the Auction and Bid Procedures were entered in the best interests of the estate to ensure that the estate would obtain the maximum benefit from a competitive bidding process of qualified bidders without draining the estate's recourses with other bidders. The finality provided by the Court approved Bid Procedures was a key element of the marketing effort that induced several bidders to come forward. The Court should enter an Order prohibiting the Debtor or Debtor's agents from soliciting, collecting or advancing any further bids on the Property or otherwise acting in ways that do not conform with the Bid Procedures approved by the Court in its prior Orders. Nothing contained herein is intended to constrain third parties' rights, if any, to be heard directly by the Court. But the estate should not bear expenses from third-party bidders who do not conform to the Court's prior Orders. The Bid Procedures are intended to prevent such a waste of resources, which would unnecessarily negatively impact the estate. Bidders should be known, qualified purchasers and the estate's resources should not be diverted to a bid process that 1) is not approved, 2) fails to conform to the Court's prior Orders, and 3) is not in the best interest of the estate.

279102754

**IV.    CONCLUSION**

  For the reasons set forth above, Buyer, by and through its attorneys of record, respectfully requests that this Court issue an emergency order to enforce the Court's previously approved Bid Procedures.

Dated:  March 10, 2022

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ *Genevieve G. Weiner*
  Samuel A. Newman
  Amy P. Lally
  Genevieve G. Weiner

  Attorneys for Richard Saghian, an individual

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: SIDLEY AUSTIN LLP, 555 West Fifth Street, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled (*specify*): **BUYER'S NOTICE OF MOTION AND MOTION TO ENFORCE THE COURT'S ORDER APPROVING BID PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. March 10, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On March 10, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u> <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 9, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 9, 2022 | Pamela Santos | /s/Pamela Santos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE LIST**
**(Via NEF)**

- Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold tma@lnbyg.com
- Jerrold L Bregman jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll mdevoll@watttieder.com
- Thomas M Geher tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik dbg@lnbyg.com, stephanie@lnbyb.com
- James Andrew Hinds jhinds@hindslawgroup.com; mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan rbk@jmbm.com
- Jane G Kearl jkearl@watttieder.com
- Jennifer Larkin Kneeland jkneeland@watttieder.com
- Michael S Kogan mkogan@koganlawfirm.com
- Noreen A Madoyan Noreen.Madoyan@usdoj.gov
- Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch sokubisch@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com
- Victor A Sahn vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com; pdillamar@ecf.inforuptcy.com; vsahn@ecf.inforuptcy.com; cblair@sulmeyerlaw.com; cblair@ecf.inforuptcy.com
- William Schumacher wschumac@milbank.com, autodocketecf@milbank.com
- David Seror dseror@bg.law, ecf@bg.law
- Zev Shechtman zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman mshinderman@milbank.com, dmuhrez@milbank.com; dlbatie@milbank.com
- Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Jessica Wellington jwellington@bg.law, ecf@bg.law

# SERVICE LIST
**(Via Overnight Mail)**

| | |
|---|---|
| American Truck & Tool Rentals Inc.<br>c/o Shulman Bastian Friedman & Bui LLP<br>Attn: Ryan D. O'Dea<br>100 Spectrum Center Drive, Ste. 600<br>Irvine, CA 92618-4969<br>Email: rodea@shulmanbastian.com | Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento CA 95812-2952 |
| Hankey Capital, LLC<br>Attn: Thomas M. Geher<br>c/o JMBM<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | Hankey Capital, LLC<br>Attn: Eugene M. Leydiker<br>4751 Wilshire Blvd. #110<br>Los Angeles, CA 90010-3838<br>Email: tgeher@jmbm.com |
| Kazemi & Associates Constructors<br>11901 Santa Monica Blvd.<br>Suite 800<br>Los Angeles, CA 90025-2767<br>Email: anet@kazemiwaterproofing.com | Kennco Plumbing, Inc.<br>Attn: Robert L. Kennedy, Jr., CEO<br>21366 Placerita Canyon Rd.<br>Newhall, CA 91321-1846 |
| Kennco Plumbing, Inc.<br>Attn: Robert L. Kennedy, Jr., CEO<br>26575 Ruether Ave.<br>Santa Clarita, CA 91350-2622 | Kennco Plumbing, Inc.<br>c/o Law Offices of Gary A. Weis<br>17451 Sarita Ave.<br>Santa Clarita, CA 91387<br>Email: gary@garyweisattorney.com |
| Los Angeles County Treasurer and Tax Collector<br>Attn: Bankruptcy Unit<br>PO Box 54110<br>Los Angeles, CA 90054-0110<br>Email: bankruptcy@ttc.lacounty.gov | Mike Fields Bronzes LLC<br>2715 E. 36th Ave., Apt. 6203<br>Spokane, WA 99223-4593<br>Email: mike@mikefieldsbronzes.com |
| Powertek Electric, Inc.<br>c/o Hart Kienle Pentecost<br>4 Hutton Centre Drive<br>Suite 900<br>Santa Ana, CA 92707-8713<br>Email: celliott@hkplawfirm.com | |