DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com

Attorneys for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>        Debtor and Debtor in Possession. | Case No.: 2:21-bk-18205-DS<br><br>Chapter 11 Case<br><br>**DEBTOR'S RESPONSE TO "MOTION TO ENFORCE THE COURT'S ORDER APPROVING BID PROCEDURES"**<br><br>Hearing:<br>  Date:    March 11, 2022<br>  Time:   1:00 p.m.<br>  Place:  Courtroom 1639<br>            255 E. Temple St.<br>            Los Angeles, CA 90012<br>            **VIA ZOOMGOV ONLY** |

1

1  Crestlloyd, LLC, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby files its Response to the "Motion To Enforce The Court's Order Approving Bid Procedures" ("Motion") filed by Richard Saghian ("Saghian").

As the Court is aware, the Debtor's primary asset is the residential real property that it developed, which is located at 944 Airole Way, Los Angeles, CA 90077 (the "Property"). This bankruptcy was commenced to stay a pre-petition foreclosure sale of the Property and preserve value for the benefit of all creditors. Based on information and advice provided to the Debtor by experienced real estate professionals, the Debtor believed that the fair market value of the Property was approximately $325 million, while the pre-petition secured debts were less than $180 million.

With the support and consent of the creditors, the Debtor proposed a marketing plan with an online auction through Concierge Auctions, which was approved by the Court through a Bid Procedures Order. Pursuant to the Bid Procedures Order, the auction would take place from February 28, 2022 through March 3, 2022, with no minimum reserve. However, the Bid Procedures Order did not provide for the approval of the sale to the highest bidder. Rather, upon conclusion of the auction, the Debtor was to file a motion with the Court to seek approval of the highest bid, without prejudice to any creditors objecting to such sale. The Court would then determine if the sale is in the best interest of the estate and all creditors and whether the sale should be approved pursuant to Section 363(b) of the Bankruptcy Code, as well as free and clear of all liens, claims and encumbrances under Section 363(f) of the Bankruptcy Code.

Consistent with the approved procedures, after extensive marketing efforts, an online auction took place. At the conclusion of the auction, Saghian submitted the highest bid for $126 million. Once the credit of 9.5% of the purchase price (a credit agreed to by Concierge from a gross 12% buyer premium which it receives) is factored, the effective sale price to the estate is approximately $137.97 million.

At the conclusion of the sale, the Debtor and its brokers were contacted by numerous parties and advised that there were other interests in bidding for the Property. At least one person stated that he had a technical difficulty registering online. Another stated that they had not had an opportunity to complete due diligence. Yet another stated that the current was in Ukraine interfered with access to

funds. Notwithstanding the foregoing, the Debtor was obligated to proceed with a sale motion pursuant to the Bid Procedures Order.

Consistent with its obligations, the Debtor prepared and filed its motion to approve sale of the Property to Saghian as the highest bidder the auction. The sale motion further advised the Court and all parties that, although other expressions of interest were received, the Debtor was required to proceed with the current sale and did not expect or assume that the sale hearing on March 18, 2022 would be a second auction. Nevertheless, the Debtor advised the Court and all parties that, to the extent that the Debtor receives credible offers, it would not accept such offers, but would simply submit them to the Court so that the Court can consider the totality of the circumstances and any other bids, if any, to determine whether a sale, and at what price, should be approved as a sale in the best interest of the estate and all creditors. Moreover, and importantly, because the current high bid from Saghian is less than the asserted secured debt (which secured debt is subject to a bona fide dispute), the Court must consider whether Section 363(f) is satisfied.

Oddly, while seeking to compel enforcement of the Bid Procedures Order, Saghian has not met his obligations thereunder. The Bid Procedures Order provided that the winning bidder was required to execute the Sale Agreement and Addendum approved by the Court. Saghian did not do so, because he made the following material revision to the Addendum:

> d. If for any reason, or no reason whatsoever (other than if the Seller sells the Property to another party other than the Buyer or otherwise breaches the Agreement), the Seller is unable to deliver good and marketable title to the Property to the Buyer, the Buyer's sole remedy shall be the return of any money that it has deposited toward the purchase of the Property.

This provision was included in the Addendum to address the issue raised here:– If the Debtor receives a higher and better offer after the auction and the Court approves such offer, then Saghian would only be entitled to recover his deposit and not to seek specific performance. Through his material revision to the Addendum, Saghian is trying to eliminate such potential result and to have the Debtor essentially committed to a sale to Saghian even if there is a materially higher offer that is better for the estate, which would cause the Debtor to breach its fiduciary duty to creditors. Saghian is attempting to reach the same result through the instant Motion.

The Motion filed by Saghian effectively seeks an injunction prohibiting the Debtor from submitting any other bids, to the extent received, to the Court, or for interested third parties to provide offers to the Debtor. The Debtor has concerns with such an approach:

1. It appears that a request for an injunction is one that should be pursued through an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. Saghian has not commenced an adversary proceeding in this case.

2. Pursuant to the Bid Procedures Order, the Court has not pre-approved the high bid at the auction to be the approved buyer for the Property, since the Bid Procedures Order require a motion and order of the Court, subject to all interested parties' right to object and be heard.

3. The purpose of this bankruptcy case is to effectuate transactions which are in the best interest of the estate and all creditors.

For example, assume that a third party surfaces and offers to pay $300 million all cash for the Property. Such a sale would result in 100% payment to all creditors and a solvent estate. It is possible, but not a certainty, that when compared to the current bid, and taking into consideration the interests of creditors, this Court may find that a 100% payment to all creditors has a greater level of importance than consummating a sale to Saghian as the high bidder at the auction. On the other hand, the Court may determine that the Property was adequately marketed and all interested parties had an opportunity to register and bid at the auction and, therefore, the process of the auction should be protected and any later-submitted bids should be ignored. Either way, the consideration of the issues should properly be addressed at the sale hearing on March 18, 2022, in connection with considering the Sale Motion in its entirety. It is simply premature to issue an injunction at this stage of the process without considering what else may be available to benefit the creditors of this estate.

There is no prejudice to Saghian to assert the same objection at the March 18, 2022 hearing. On the other hand, an injunction issued at this time to prevent any other bids would prejudice other creditors of this estate. The balance of equities clearly waive in favor of the creditors of this estate.

/ / /

1 | **WHEREFORE**, based on the foregoing, the Debtor respectfully requests that the Court deny
2 | the Motion and grant such further and additional relief as the Court deems just and proper.

3 | Dated: March 11, 2022                              CRESTLLOYD, LLC

                                                      /s/ David B. Golubchik
                                                      DAVID B. GOLUBCHIK
                                                      TODD M. ARNOLD
                                                      LEVENE, NEALE, BENDER, YOO
                                                          & GOLUBCHIK L.L.P.
                                                      Attorneys for Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **DEBTOR'S RESPONSE TO "MOTION TO ENFORCE THE COURT'S ORDER APPROVING BID PROCEDURES"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 11, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com, zabrams@watttieder.com
- Danielle R Gabai    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, zabrams@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

**2. SERVED BY UNITED STATES MAIL**: On **March 11, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 11, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 11, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**