Hamid R. Rafatjoo (State Bar No. 181564)
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: 310.440.4100
Facsimile: 310.691.1367
E-mail:       hrafatjoo@raineslaw.com

Attorneys for Nile Niami

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>                Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**OPPOSITION OF NILE NIAMI TO THE MOTION TO ENFORCE THE COURT'S ORDER APPROVING BID PROCEDURES**<br><br>Date:    March 11, 2022<br>Time:    1:00 p.m.<br>Place:   Courtroom 1639<br>             255 East Temple Street<br>             Los Angeles, CA 90012<br>             (Via Zoom) |

    Nile Niami, the developer of The One and one of its creditors, hereby submits this opposition (the "Opposition") to the *Motion to Enforce the Court's Order Approving Bid Procedures* [Docket No. 162] (the "Motion") filed by Richard Saghian ("Saghian"), and respectfully states as follows:

    1.    The Motion is simply an attempt by Saghian to restrict, in contravention of every tenent of the Bankruptcy Code, Crestlloyd, LLC's (the "Debtor") ability to obtain the highest and best price for the real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property"). Other than Section 105, Saghian has not cited to a single Bankruptcy Code section or Bankruptcy rule which would support his position. In order for the Court to grant the Motion, the Court would need to find on an ex parte basis, based on a motion supported solely by the declaration of an attorney

1

for Saghian reciting certain background facts, that Saghian has submitted the highest and best offer for the Property—which is not even addressed in the attorney's declaration. There is no basis for the relief sought in the Motion. There is no evidence in support of the Motion. The Motion must be denied.

2.   Saghian is seeking declaratory relief from this Court that he has submitted the highest and best offer while circumventing Federal Rule of Bankruptcy Procedure 7001, which requires the commencement of an adversary action prior to seeking declaratory relief. The Motion is procedurally improper and must be denied.

3.   The unclean hands of Saghian is evidenced by Saghian's failure to execute the Purchase Agreement through which he seeks to obtain a windfall on the Property. On March 8, 2022, the Debtor filed the motion to sell the Property (the "Sale Motion"). The Sale Motion is Docket No. 142 in the Court's record. The Sale Motion contains the form purchase and sale agreement approved by the California Association of Realtors (the "PSA"). The PSA is executed by both Saghian and Larry Perkins of SierraConstellation Partners LLC, the Debtor's manager. However, the PSA is amended by the Supplemental Addendum to California Residential Purchase Agreement and Joint Escrow Instruction Date as of February 10, 2022 Between Crestlloyd, LLC, Debtor in Possession, Through Its Manager, SierraConstellation Partners, LLC, as Seller, and Richard Saghian or approved assignee as Buyer (the "Addendum"). The Addendum modifies the PSA and addresses various issues including the need for this Court's approval of the PSA and the acceptance of the Property "AS IS, WITH ALL FAULTS." Missing from the Addendum is Saghian's signature. Thus, Saghian is running into this Court on an ex parte basis to seek declaratory relief from this Court that he submitted the highest and best offer for the Property; yet, Saghian has failed to executed the documents necessary to bind him to the purchase of the Property. The Court should deny the Motion.[1]

4.   In addition, the Motion seeks declaratory relief as to this Court's Order Granting Debtor's Motion to: (1) Approve Auction and Bid Procedures Regarding the Sale of Real Property

---

[1] In light of Saghian's failure to execute the Addendum and the Debtor's failure to properly notice a sale of the Property with fully executed and binding documents, the hearing on the sale of the Property must be continued until such time as Saghian has executed all documents binding him to purchase the Property and the parties have an opportunity to review fully executed documents.

2

3002425.1

and (2) Set Scheduling for a Motion to Approve the Sale of Real Property (the "Sale Procedures Order") entered as Docket #105.  The Sale Procedures Order was later amended to modify certain dates by this Court's order entered as Docket #115.  The Sale Procedures Order approved the sale procedures which were attached as Exhibit 1 to the motion seeking approval of the Sale Procedures Order (the "Sale Procedures Motion").

5. The Motion contradicts the very Sale Procedures Order as to which Saghian seeks declaratory relief.  Exhibit 1 to the Sale Procedures Motion contains the sale procedures for the sale of the Property.  Presumaly, Saghian has signed and agreed to the sale procedures—the Exhibit 1—or he would not have been a qualified bidder.  Exhibit 1 clearly provides:  "[t]he parties agree to submit all controversies, disputes, claims and matters of difference arising out of relating to these Terms and Conditions, including but not limited to its enforcement, scope and/or interpretation, exclusively to arbitration in New York, New York in accordance with the Commercial Arbitration Rules of the American Arbitration Association from time to time in effect…."  Thus, Saghian has signed a contract requiring him to "submit all . . . disputes . . . to arbitration in New York…."  That's what the Court approved and adopted and that's what Saghian agreed to.  Yet, Saghian runs into this Court on an ex parte basis when he (a) has not executed the PSA and Addendum and (b) agreed to arbitrate any issues in New York.  The Motion must be denied.

WHEREFORE, Niami respectfully requests that the Court deny the Motion and not allow Saghian to cherry pick procedures and provisions of various documents he has presumably executed and thereafter run to this Court to seek declaratory relief so that he can obtain a windfall on the Property at the expense of all parties and creditors of this case.

Dated: March 11, 2022              **RAINES FELDMAN LLP**

By:    /s/ Hamid R. Rafatjoo
       Hamid R. Rafatjoo
       Attorneys for Nile Niami

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1800 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF NILE NIAMI TO THE MOTION TO ENFORCE THE COURT'S ORDER APPROVING BID PROCEDURES**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 11, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**    tma@lnbyg.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com, zabrams@watttieder.com
- **Danielle R Gabai**    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**    dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**    rbk@jmbm.com
- **Jane G Kearl**    jkearl@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cbl air@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**    wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                             **F 9013-3.1.PROOF.SERVICE**
3002439.1

- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/11/2022 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**
3002439.1