Leonard M. Shulman - Bar No. 126349
Ryan D. O'Dea - Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    lshulman@shulmanbastian.com
    rodea@shulmanbastian.com

Attorneys for American Truck & Tool Rental

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**CRESTLLOYD, LLC,**<br><br>    Debtor and Debtor in Possession. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS**<br><br>**Hearing Date:**<br>Date:    March 18, 2022<br>Time:    11:00 a.m.<br>Place:    Courtroom 1639<br>    255 East Temple Street<br>    Los Angeles, CA 90012<br>    **VIA ZOOMGOV ONLY** |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND ITS COUNSEL, AND ALL INTERESTED PARTIES:**

Secured Creditor American Truck & Tool Rental ("<u>Creditor</u>") hereby submits this opposition to Crestlloyd, LLC's ("<u>Debtor</u>") Motion For an Order Approving Sale Of Real Property Free and Clear of Liens, Claims Encumbrances, and Interests, With the Exception of Enumerated Exclusions (the "<u>Motion</u>") and respectfully represents as follows:

The Motion must be denied for failure to establish a good business reason for the proposed sale, as well as Debtor's failure to satisfy Section 363(f).  Courts ordinarily will approve a proposed sale if there is a good business reason for the sale and the sale is in the best interests of the estate. *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983).  Other than the Motion's cursory overview of controlling law on this issue and conclusory statements regarding how the proposed sale meets this legal standard, Debtor provides very little to meet its burden.  In particular, the Motion provides virtually no insight as to how the proposed sale will benefit the estate and is silent as to the actual impact the sale will have upon the vast majority of its creditors.  Without Debtor providing this Court and all interested parties with a robust analysis of how the proposed sale is in the best interest of the estate and its creditors, the relief sought in the Motion cannot be found to be predicated upon a sound business purpose.

Bankruptcy Code Section 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear of any interest in such property of an entity," if any one of the following five conditions is met:

  (1)  applicable non-bankruptcy law permits a sale of such property free and clear of such interest;

  (2)  such entity consents;

  (3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  (4)  such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

Despite Section 363(f) being written in the disjunctive, the Motion fails to satisfy any of its subparts permitting sale free and clear of liens. The Motion first posits that the proposed sale satisfies Section 363(f)(2) because Debtor believes "some or all of the Lenders will consent" and that "some or all of [the Construction Creditors] may also consent to the proposed sale or not oppose the Motion." Motion 29:26 through 30:5. The Motion fails to establish that any secured creditor has actually consented to the sale and appears to rest on the notion that silence is consent. While the Motion provides a short list of authorities supporting that lack of an opposition may be deemed to be consent, Creditor submits that the holdings and reasoning of the courts in *In re Roberts*, 249 B.R. 152 (Bankr. W.D. Mich. 2000) and *In re Decellis*, 349 B.R. 465 (Bankr. E.D. Virginia 2006) requiring actual consent are more persuasive. The *Roberts* and *Decellis* courts held that "'consent' obligates the trustee to approach the lienholder and secure the lienholder's assent if the trustee wishes to sell the property free and clear of the lien." *Decellis* at 468. Such a ruling is consistent with *Pac. Capital Corp. v. East Airport Dev., LLC (In re East Airport Dev., LLC)*, 443 B.R. 823 (9th Cir. BAP 2011), wherein the court determined that a lack of objection did not constitute consent for purposes of § 363(f)(2). In any event, Creditor does not consent to the proposed sale and submits that the Motion should be denied.

In addition to Section 363(f)(2), the Motion represents that the proposed sale satisfies Section 363(f)(4) despite Debtor's failure to indicate which liens and encumbrances are in bona fide dispute or the basis for such dispute. To be clear, the Motion provides nothing more than a passing reference to alleged bona fide disputes and asserts "there is no requirement that a complaint be filed to establish a bona fide dispute as to a lien or claim." Motion 30:22-23. While it may be true that a formal complaint is not necessary to establish a bona fide dispute, the Motion falls woefully short of establishing an objective basis for a factual or legal dispute as to the validity of Creditor's lien. Finally, and notwithstanding the Motion's attempt to create a bona fide dispute out of whole cloth, it should not be overlooked that Debtor's own schedules indicate that the secured debt owed to

Creditor is not disputed. See Dkt. No. 52; Schedule D, Para. 2.1.  Therefore, the Motion should be denied for failure to satisfy Section 363(f)(4).

Finally, the Motion relies on an overly broad interpretation of Section 363(f)(5) to assert that a hypothetical foreclosure or a hypothetical cramdown allows for sale free and clear of Creditor's lien.  However, the approach advocated by Debtor is not consistent with either the language of Section 363(f)(5) or the analysis advanced by the Ninth Circuit B.A.P. in *Clear Channel*.  In contrast to Debtor's extremely broad interpretation of Section 363(f)(5), a narrow interpretation of this section provides a properly limited role for this subsection and avoids rendering the remaining paragraphs mere surplusage. See *In re PW*, 391 B.R. 25, 44 (B.A.P. 9th Cir. 2008) ("[A]ny interpretation of paragraph (5) must satisfy the requirement that the various paragraphs of subsection (f) work harmoniously and with little overlap."). Other courts have similarly limited the scope of paragraph (5) to those scenarios where the trustee or debtor, not any third party, is the actor. See, e.g., *In re Ricco, Inc.*, 2014 Bankr. LEXIS 1265, 2014 WL 1329292, *3 (Bankr. N.D. W. Va. Apr. 1, 2014) ("[T]he only logical interpretation of . . . § 363(f)(5) is that the statute requires that the trustee or debtor be the party able to compel monetary satisfaction for the interest which is the subject of the sale.") (quoting *In re Haskell*, 321 B.R. at 9); *In re Scott*, 2013 Bankr. LEXIS 3433, 2013 WL 4498987, *2-3 (Bankr. E.D. Ky. Aug. 21, 2013) (paragraph (5) does not refer to foreclosure proceedings because they are initiated by creditors, not the debtor); *In re Haskell*, 321 B.R. at 9 (paragraph (5) does not encompass eminent domain proceedings because the trustee must be the party capable of compelling the interest holder to accept a money satisfaction). "[P]aragraph [363(f)](5) should be read to reach only those legal or equitable proceedings that could be brought by [Debtor] as owner of the property. A foreclosure by a third-party mortgagee is not such a proceeding…[therefore] the Court holds that paragraph (5) does not authorize a sale free and clear of TGM's rights." *Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 711, (S.D.N.Y. 2014)(emphasis added).  Due to Debtor's failure to establish that it could bring an action compelling Creditor to accept a money satisfaction of its interest, the proposed sale cannot be approved free and clear of Creditor's interest.

1  Taking the Section 363(f)(5) analysis one step further, Debtor's reliance upon a hypothetical cramdown in satisfaction of this subsection is equally unavailing. In particular, *Clear Channel* stands for the proposition that the mere existence of a legal mechanism is insufficient to satisfy section 363(f)(5) absent a showing under the facts of the case that such mechanism could actually be used to extinguish a specific creditor's interest. In *Clear Channel*, the court held that, in connection with approval of a sale under section 363(f)(5), "[a] bankruptcy court must make a finding of the existence of such a mechanism and the trustee must demonstrate how satisfaction of the lien 'could be compelled.'" *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 45 (B.A.P. 9th Cir. 2008). Furthermore, the *Clear Channel* court rejected the "hypothetical cramdown" approach and held that the "use of the cramdown mechanism to allow a sale free and clear under § 363(f)(5) uses circular reasoning it sanctions the effect of cramdown without requiring any of § 1129(b)'s substantive and procedural protections." *Id*. at 46. Finally, *Clear Channel* suggests that no section of the Bankruptcy Code would be appropriate in the section 363(f)(5) context because "[i]f the proceeding authorizing the satisfaction was found elsewhere in the Bankruptcy Code, then an estate would not need § 363(f)(5) at all; it could simply use the other Code provision." *Id*. As a result of the Motion providing nothing more than conclusory assertions in support of its attenuated hypothetical cramdown arguments, Debtor has failed to meet its burden to establish the applicability of Section 363(f)(5) to allow a sale free and clear of Creditor's interest.

///
///
///
///
///
///
///
///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

In sum, Debtor has not established a sound business purposes for the proposed sale and has not established a single basis for sale free and clear of Creditor's interest pursuant to Section 363(f). Therefore, the Motion should be denied in its entirety.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: March 15, 2022    By: _/s/ Ryan D. O'Dea_
Leonard M. Shulman
Ryan D. O'Dea
Attorneys for American Truck & Tool Rental

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 15, *2022***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 15, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery/Atty Service**
Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/15/2022 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                     F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com, zabrams@watttieder.com
- Danielle R Gabai    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, zabrams@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**