Jennifer L. Kneeland (admitted *pro hac vice*)
Marguerite Lee DeVoll (admitted *pro hac vice*)
Jane Kearl, Bar No. 156560
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
4 Park Plaza, Suite 1000
Irvine, CA  92614
Telephone: 949-852-6700
jkneeland@watttieder.com
mdevoll@watttieder.com
jkearl@watttieder.com

Attorneys for Creditor
J & E Texture, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>                Debtor and Debtor-in-<br>                Possession. | Case No.: 2:21-bk-18205-DS<br>Chapter 11 Case<br><br>**DECLARATION OF FRANCISCO JAVIER GONZALEZ IN SUPPORT OF J & E TEXTURE, INC.'S OBJECTION TO MOTION FOR ORDER: (1) APPROVING THE SALE OF THE DEBTOR'S REAL PROEPRTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS; (2) FINDING THAT THE BUYER IS A GOOD FAITH PURCHASER; (3) AUTHORIZING AND APPROVING THE PAYMENT OF CERTAIM CLAIMS FROM SALE PROCEEDS; (4) WAIVING THE FOURTEEN-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); AND (5) PROVIDING RELATED RELIEF**<br><br>Date:       March 18, 2022<br>Time:      11:00 A.M. PST<br>Place:     Courtroom 1639<br>              255 E. Temple St.<br>              Los Angeles, CA 90012<br>              **VIA ZOOMGOV ONLY** |

I, FRANCISCO JAVIER GONZALEZ, declare as follows:

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.     I am the President of J & E Texture, Inc. ("J&E").

3.     I submit this declaration in support of J&E's *Objection* (the "Objection") to the *Motion for an Order: (1) Approving the Sale of the Debtor's Real Property Free and Clear of All Liens, Claims, Encumbrances, and Interests, with the Exception of Enumerated Exclusions; (2) Finding that the Buyer is a Good Faith Purchaser; (3) Authorizing and Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h); and (5) Providing Related Relief* [Dkt. No. 142] (the "Motion") filed by Crestlloyd, LLC (the "Debtor").

4.     J&E is a drywall supplier and installation company.

5.     In May/June 2016, the Debtor and Nile Niami began meeting with me to arrange for the purchase and installation of exterior and interior drywall for the residential home being constructed on the real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property" or "The One").

6.     In May/June 2016, I went to the project site and walked the Property to measure for what ultimately resulted in over 6,000 sheets of drywall being hung, an amount akin to doing a hotel.  When I visited the project site and walked the Property, I observed that the project site was a hub of activity with numerous trades, suppliers, contractors, including electrical and plumbing working to bring Nile Niami's dream to life.  I observed that the foundation had been laid, framing had been put-up, and the roof had been installed.

7.     After negotiating a price, on July 1, 2016, the Debtor and J&E entered into a contract (the "Contract") for $925,000, plus change orders, for J&E to install the exterior and interior drywall for "The One."  A true and correct copy of the Contract is attached hereto and incorporated herein as **Exhibit "A"**.

8.     On July 7, 2016, J&E joined the fervor of activity at the project site and started work.  Attached hereto and incorporated herein as **Exhibit "B"** are two pictures of The One's construction status that I took on July 7, 2016, the day J&E started work on The One.

9.     Over the next several years, J&E performed under the Contract and hung over 6,000 sheets of drywall.  During this time, J&E was not the only contractor working on the project.  There

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

- 2 -

was always someone working at the Property, and sometimes 50-60 different people representing different trades at the Property.

10.     Despite performing under the Contract, the Debtor, however, failed to pay several of J&E's invoices.  As a result, on June 30, 2020, J&E protected its rights and timely recorded its verified Claim of Lien, Instrument No. 20200712043 (the "Mechanics' Lien"), in the Los Angeles County Recorder's Office (the "Recorder's Office") against "The One.".  A true and correct copy of J&E's Mechanics' Lien is attached hereto and incorporated herein as **Exhibit "C"**.

11.     When the Debtor failed to satisfy the Mechanics' Lien, on September 4, 2020, J&E timely initiated case number 20SMCV01229 (the "Foreclosure Suit"), in the Los Angeles County, California Superior Court (the "State Court") to foreclose its Mechanics' Lien.

12.     J&E was preparing to obtain a default judgment against the Debtor in the Foreclosure Suit when the Debtor filed its instant bankruptcy case.

13.     On January 7, 2022, J&E filed its proof of claim no. 13 in the Debtor's bankruptcy case asserting among other things, a secured claim totaling $284,086.99, inclusive of interest. Interest, however, continues to accrue at a rate of $58.67/day.  J&E also asserted an unsecured claim under its Contract for attorneys' fees.

14.     To date, J&E remains unpaid for its drywall work at "The One."

15.     Attached hereto and incorporated herein as **Exhibit "D"** is a true and correct copy of a letter sent on March 7, 2022 by J&E's counsel to counsel for the Debtor.

16.     Attached hereto and incorporated herein as **Exhibit "E"** is a true and correct copy of a letter sent on March 8, 2022 by J&E's counsel to counsel for the Debtor.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 14, 2022

_____
Francisco Javier Gonzalez

# **<u>EXHIBIT A</u>**

## CONSTRUCTION AGREEMENT

THIS CONSTRUCTION AGREEMENT, or "Agreement", entered into July 1st, 2016, between Crestlloyd, LLC _____ ("Owner") and J & E Texture Inc. _____ ("Contractor") for the Work described in the Drawings and Specifications detailed hereinafter.

### WITNESSETH:

ARTICLE 1, DEFINITIONS:

Contractor: J & E Texture Inc.

Contractor's License Number: 1004691

Owner: Crestlloyd, LLC

Project: 944 Airole Way Los Angeles, CA 90077

Commencement Date: 07/05/2016

Substantial Completion Date:

Contract Sum: $925,000.00

Drawings & Specifications Architect:  Approved set

Drawings & Specifications Date:

Pre-Agreed Schedule Failure Damages/Day:

Owner's Representative: Tony Camarena

Contract Documents:    The Contract Documents shall consist of this Agreement and the Drawings and Specifications.

ARTICLE 2, THE WORK:

Contractor shall perform the Work as generally described in Exhibit "A" hereto in a good and workmanlike manner and furnish all labor, materials and equipment as required to complete its portion of the work indicated in the Contract Documents.  The Work may

Y:\NIAMI\Misc\ConstructionAgt.wpd

be changed at any time only by written order of the Owner and Contractor shall comply with all such changes without delay. Any change which results in an adjustment to the Contract Sum shall be accompanied by a detailed itemization of the actual material costs, actual labor costs, reasonable labor benefits, reasonable overhead and reasonable profit. Deviations from the requirements of the Contract Documents indicated on shop drawings, product data, samples or other submittals shall not be valid, even if approved, unless such deviations are clearly highlighted as such therein.

Contractor shall comply in every respect with all laws, codes, ordinances and regulations of any organization having legal jurisdiction over the Work.

If the quality of any existing work will not allow Contractor to complete its Work in a manner that will result in a finished product that complies in all respects with the Contract Documents, Contractor must notify Owner in writing before commencing its Work. By commencing Work, Contractor accepts the condition of the existing work as being a fully satisfactory component to be integrated with Contractor's Work.

Project meetings will be held on a scheduled basis for the purpose of reviewing Project issues and coordinating work schedules.

Contractor shall be responsible for a daily clean-up of all debris created by its Work. If Contractor fails to do so, Owner may perform such clean-up, withholding the cost of same from any money payable to the Contractor.

ARTICLE 3, THE CONTRACT TIME:

The Work to be performed under this Agreement shall be executed in accordance with Owner's project schedule and in cooperation with other subcontractor's work to achieve Substantial Completion of the Project by the Project Substantial Completion Date. Upon request, Contractor will supply Owner with an accurate and complete critical path schedule indicating Contractor's Work schedule. Should such schedule indicate Contractor's inability to complete the Work within the required schedule, Contractor shall undertake all necessary steps to meet the schedule, including over-time hours of operation if required. Should Contractor fail to properly staff and execute the Work, Owner, upon written notice and at Contractor's expense, may: (i) terminate this Agreement without penalty; or (ii) supply additional labor to perform Contractor's Work and Contractor shall pay the cost thereof.

Contractor shall be liable to Owner in an amount equal to the Pre-Agreed Schedule Failure Damages for each day the Work is not completed after the Substantial Completion Date, or in the absence of Pre-Agreed Schedule Failure Damages, for the Owner's actual damages suffered as a result of Contractor's failure. Any items of Contractor's Work appearing on what is commonly known as a *Punch List* shall be completed within 48 hours of notice thereof unless the nature of the Work requires additional time in which case Contractor shall diligently commence and pursue the Work to completion.

In the event the Contractor's performance of this Contract is delayed for any reason including acts of the Owner or other contractors, Contractor may request an extension of

Y:\NIAMI\Misc\ConstructionAgt.wpd

time for the performance of the Work in writing within 5 days of the event causing such delay, but shall not be entitled to any increase in the Contract Sum or to damages or to additional compensation as a consequence of such delays or interference. Contractor warrants that it has an effective Hazardous Communications Program and that its employees have received training in that program. Contractor warrants that, before commencement of the Work, it will make available at the job site copies of all Material Safety Data Sheets relative to materials to be used at the Project and all required insurance certificates ("Safety and Insurance Submittals").

## ARTICLE 4, CONTRACTOR'S RESPONSIBILITIES:

Contractor acknowledges that it is performing the Work as an independent contractor, is responsible for including any required sales taxes in the Contract Sum and remitting same to the collecting authority, and is solely responsible for the acts and omissions of its employees, for directing their work and for the payment of all their wages and taxes.

Contractor shall take all safety precautions necessary with respect to the performance of this Agreement, shall administer an effective, written safety program for the protection of its employees, shall comply with all safety measures and substance abuse programs initiated by the Owner and with all applicable laws, ordinances, rules, regulations and orders of public authorities for the safety of persons and property. Contractor shall not initiate or proceed with any portion of the Work that a prudent commercial contractor would or should have recognized as unsafe. Contractor shall immediately report any such condition or any injury to an employee or agent of the Contractor that occurred at the site.

## ARTICLE 5, REQUIRED INSURANCE COVERAGE:

Contractor shall maintain in full force and effect, at its own expense, the following minimum insurance coverage.

(a)    Statutory Worker's Compensation and Employer's Liability Insurance, but in no event limits of less than $500,000. Contractor shall require its subcontractors to provide Worker's Compensation and Employer's Liability Insurance with the same minimum limits.

(b)    Commercial General Liability Insurance including Broad Form Property Damage Liability Coverage with minimum limits as follows: $1,000,000 Each Occurrence, $1,000,000 Products and Completed Operations Aggregate, $2,000,000 General Aggregate. The Commercial General Liability Policy will include Bodily Injury and Property Damage on an "Occurrence" basis.

(c)    Commercial Automobile Insurance $1,000,000 Combined single limit for all owned, non-owned, and hired vehicles.

(d)    Commercial Umbrella Liability Insurance including bodily injury and property damage coverage with minimum limits as follows: $1,000,000 Each Occurrence and $1,000,000 General Aggregate.

Y:\NIAMI\Misc\ConstructionAgt.wpd                    3

(e)      Contractor's Worker's Compensation policy shall contain a Waiver of Subrogation endorsement in favor of the Owner.

(f)      Contractor's General Liability coverage shall be endorsed as follows:

(1)      Contractor shall name Owner as additional insured, both for ongoing work and completed operations.

(2)      Contractor shall provide a Waiver of Subrogation in favor of Owner.

(3)      Contractor's General Liability policy shall be Primary and Non-Contributory.

(g)      Contractor's Umbrella and Auto policies shall also name Owner as additional insured.

Contractor shall furnish to the Owner certificates of insurance, non-cancelable except in thirty (30) days written notice to the Owner of default providing an opportunity to cure the default to Owner within ten (10) days of receipt of the written notice of election by the Owner.

Contractor shall not commence work at the site under this Agreement until he has obtained all required insurance.  Certificates of Insurance shall be filed with Owner prior to commencing work but such action shall not relieve or decrease the liability of Contractor hereunder nor be considered approval of any lesser limits of coverage except by specific written agreement of the Owner. Failure to furnish either satisfactory insurance or required certificates within 10 days of notice to proceed shall not be considered cause for modification of any contractual time limits.  The required insurance must be written by a company licensed to do business in California at the time the policy is issued, and with a company acceptable to the Owner.  Contractor shall not cause any insurance to be canceled nor permit any insurance to lapse.  All insurance policies shall include a clause to the effect that the policy shall not be canceled or reduced, restricted or limited until 30 days after Owner has received written notice as evidence by return receipt of registered letter.

If Contractor fails or neglects to obtain or renew the insurance required by this Agreement and furnish Owner an executed Certificate of Insurance form as evidence thereof, Owner may, in its sole discretion, deem such failure or neglect on the part of Contractor as a material breach of this Agreement.  Contractor must incorporate all provisions of this Article into its subcontracts so all sub-subcontractors have the same coverage and provisions as required above.

ARTICLE 6, WARRANTY:

Contractor warrants to the Owner that materials and equipment furnished under this Agreement will be of good quality and new unless otherwise required or permitted by the Contract Documents, that the Work of this Agreement will be free from defects not inherent

in the quality required or permitted, and that the Work will conform to the requirements of the Contract Documents.  Work not conforming to these requirements, including substitutions not properly authorized, will be considered defective.  Defective Work will be replaced by and at the expense of the Contractor during hours convenient to the Owner. Any damage caused by the defective Work will be restored at the sole expense of Contractor.  This warranty shall be in addition to and not in limitation of any other warranty or remedy required by law or by the Contract Documents.

If within the applicable period of the statute of limitations set forth in California Senate Bill 800 for the type of Work performed by Contractor under this Agreement, a defect appears in the Work, Contractor shall be required to, and shall commence to, correct such Work promptly after receipt of written notice from Owner and shall thereafter diligently proceed to correct the defect.  Contractor shall be liable to Owner for all liabilities, costs and expenses incurred by Owner due to said defects and/or for failure of Contractor to correct the defects.

ARTICLE 7, INDEMNITY:

Article 7.1:  TO THE FULLEST EXTENT PERMITTED BY LAW AND SUBJECT TO Article 7.2 BELOW, CONTRACTOR SHALL INDEMNIFY THE OWNER, ARCHITECT, AND ANY THIRD PARTY UNDER THE CONTROL OR SUPERVISION OF ANY OF THEM, AND ANY OF THEIR OFFICERS, MEMBERS, DIRECTORS, EMPLOYEES, AGENTS, AFFILIATES, SUBSIDIARIES, AND PARTNERS (INDIVIDUALLY, AN "INDEMNITEE" AND, COLLECTIVELY, "INDEMNITEES"), FROM AND AGAINST ALL CLAIMS ARISING FROM OR ALLEGED TO ARISE FROM ANY LOSS OF ANY KIND OR NATURE, INCLUDING, BUT NOT LIMITED TO, DAMAGE TO THE PROJECT, BODILY INJURY OR DEATH, RELATING DIRECTLY OR INDIRECTLY TO THE (1) PERFORMANCE OF THE WORK PURSUANT TO THIS AGREEMENT, (2) NEGLIGENCE, (3) FAULT, (4) INTENTIONAL ACTS, (5) BREACH OF THIS AGREEMENT, OR (6) BREACH OR VIOLATION OF A STATUTE, ORDINANCE, GOVERNMENTAL REGULATION, STANDARD, OR RULE, BY CONTRACTOR OR ITS AGENT, EMPLOYEE, OR SUBCONTRACTOR OF ANY TIER, OR ANYONE FOR WHOSE ACTS OR OMISSIONS THEY MAY BE LIABLE (INDIVIDUALLY, AN "INDEMNITOR" AND, COLLECTIVELY, "INDEMNITORS"), BUT ONLY FOR THE PERCENTAGE OF RESPONSIBILITY AN INDEMNITOR CAUSED OR CONTRIBUTED TO CAUSE IN ANY WAY.

Article 7.2:  SUBJECT TO THE TERMS OF THIS ARTICLE 7, CONTRACTOR IS OBLIGATED TO PROVIDE A DEFENSE FOR ANY INDEMNITEE, WITH AN ATTORNEY OF INDEMNITEE'S CHOICE, FOR ALL CLAIMS ARISING FROM OR ALLEGED TO ARISE FROM THE (1) PERFORMANCE OF THE WORK PURSUANT TO THIS AGREEMENT, (2) NEGLIGENCE, (3) FAULT, (4) INTENTIONAL ACT, (5) BREACH OF THIS AGREEMENT, OR (6) BREACH OR VIOLATION OF A STATUTE, ORDINANCE, GOVERNMENTAL REGULATION, STANDARD, OR RULE, BY ANY INDEMNITOR.

Article 7.3:  CONTRACTOR'S OBLIGATIONS SET OUT IN THIS ARTICLE 7 SURVIVE THE PERFORMANCE OF THE PARTIES UNDER THIS AGREEMENT FOR

THAT PERIOD OF TIME NECESSARY FOR THE INDEMNITEES TO RECEIVE THE BENEFITS OF THIS ARTICLE 7.

ARTICLE 8, THE CONTRACT SUM & PROGRESS PAYMENTS:

For the performance of the Work, Owner shall pay Contractor, subject to additions and deductions by Change Order the Contract Sum. Contractor shall invoice Owner by the 25th day of the month for all material and labor incorporated in the Work, providing written, substantiating backup. If Contractor has failed to correct defective Work, or to satisfy any claims or liens (existing or, on the basis of reasonable evidence, expected to exist in the next 45 days) relative to the Work, Owner may withhold an amount equal to 150% of: the cost to repair the defective work or 150% of the amount of the lien. Owner shall have no obligation whatsoever to pay for any Work not invoiced within 60 days following the month of its installation. Owner shall pay Contractor 90% of all material and labor incorporated in the Work. The remaining 10% shall be withheld by Owner and will be payable to Contractor within _____ (___) days after Contractor's Work has been completed and Contractor has provided Owner with its Unconditional Waiver and Release of Lien and those of its materialmen, and subcontractors. Terms and time of payment to Contractor shall be subject to the requirements of Owner's contruction lender.

ARTICLE 9, LIENS:

Except for Owner's failure to pay Contractor in accordance with the terms of this Agreement, Contractor will save and keep the Project free from all liens by reason of its Work or of any materials or other things used by it in the Work, and shall indemnify and hold the Owner harmless against any loss, damage, expense or claim arising out of Contractor's failure to do so. If Contractor fails to remove any lien by bonding it or otherwise, the Owner may retain from funds out of any money due or thereafter to become due to Contractor in an amount equal to 150% of the amount of the lien. In addition, the Owner may remove the lien by bonding it, the cost of which shall be paid by the Contractor.

ARTICLE 10, DEFAULT:

Should Contractor at any time within forty-eight (48) hours after written notice from Owner (i) fail to supply adequate and complete supervision or a sufficient number of properly skilled workmen or materials of the proper quality, or fail in any respect to perform the Work with promptness and diligence; or (ii) fail in the performance of any agreement for the benefit of its creditors; or (iii) fail to pay promptly its obligations; or (iv) if a receiver be appointed for Contractor or its assets; or (v) if Contractor be adjudged a bankrupt; or (vi) should any workmen performing work covered by this Agreement engage in a strike or other work stoppage, or cease to work due to picketing or other activity, the Owner may, in any such events at its option after twenty-four (24) hours written notice to Contractor, provide any such labor and materials required to maintain necessary job progress, and charge the cost thereof to the Contractor and/or may terminate this Agreement.

ARTICLE 11, CHANGE ORDERS:

Owner may make changes in the Work in which event Owner and Contractor shall execute a written Change Order setting forth the change and the price to be paid by Owner for the change.  Under no circumstances will Contractor be entitled to receive any compensation for changes in the Work or extra work unless the same is subject to a Change Order, executed by both Contractor and Owner prior to performance of the additional work, and the amount to be paid by Owner is specified therein.  Contractor is deemed to have waived its claim for additional compensation, overhead or profit where it has performed additional work for which a written change order was not obtained.  If Owner unreasonably delays in executing a Change Order, the time of the delay will extend the Delivery Date for a period of time equal to the delay.

ARTICLE 12, ATTORNEY'S FEES:

In the event litigation or arbitration should arise out of the Contract, the Court or the arbitrator in such litigation or arbitration shall award reasonable attorney's fees, all costs (including, but not limited to, travel costs, deposition costs and photocopying), and expert witness fees to the prevailing party.  The attorney's fees award shall not be computed in accordance with any Court schedule, but shall be such as to fully reimburse all reasonable attorney's fees, actually incurred in good faith, regardless of the size of the judgment or award, it being the intention of the parties to fully compensate the prevailing party for all reasonable attorney's fees paid or incurred including those paid or incurred on appeal.

ARTICLE 13, BINDING ARBITRATION.

IN ORDER TO EXPEDITE THE RESOLUTION OF ANY DISPUTE BETWEEN THE PARTIES, AND TO REDUCE THE COSTS TO THE PARTIES OF ADJUDICATING ANY CLAIM OR DISPUTE CONCERNING THE INTERPRETATION, ENFORCEMENT OR BREACH OF THIS CONTRACT OR ANY PROVISION(S) OF THIS CONTRACT AS IT NOW EXISTS OR MAY BE MODIFIED, OR ANY CLAIM RELATING IN ANY WAY TO THIS CONTRACT OR THE PROJECT, OR ANY WORK ON THE PROJECT, WHETHER SOUNDING IN CONTRACT, TORT OR EQUITY, ANY SUCH CLAIM OR DISPUTE SHALL BE SUBJECT TO BINDING ARBITRATION TO THE FULLEST EXTENT ALLOWED BY LAW BEFORE THE AMERICAN ARBITRATION ASSOCIATION PURSUANT TO ITS CONSTRUCTION RULES IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, RATHER THAN ADJUDICATION BEFORE A JUDGE OR JURY IN ANY COURT OF ANY STATE OR THE UNITED STATES.  THE FINAL AWARD OR DETERMINATION OF ANY ARBITRATOR(S) SHALL BE FINAL AND BINDING AND CONCLUSIVE UPON THE PARTIES, AND SHALL BE MADE IN SUCH FORM THAT IT SHALL BE CONFIRMED AND JUDGMENT THEREON MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. THE PARTIES UNDERSTAND AND AGREE THAT BY AGREEING TO BINDING ARBITRATION THEY ARE GIVING UP ANY RIGHT THEY MIGHT OTHERWISE HAVE TO TRIAL BY JURY.  THIS PROVISION SHALL BE CONSTRUED SO AS NOT TO PREVENT OR IMPEDE CONTRACTOR FROM PURSUING MECHANIC'S LIEN RIGHTS AND OTHER PRE-JUDGMENT REMEDIES UNDER CALIFORNIA LAW, INCLUDING, BUT NOT LIMITED TO, RECORDING MECHANIC'S LIENS AND FILING AN ACTION(S) TO FORECLOSE THE MECHANIC'S

LIEN(S), PROVIDED CONTRACTOR TIMELY MOVES THE COURT TO COMPEL ARBITRATION AND STAY THE ACTION PENDING THE OUTCOME OF THE ARBITRATION.

BY PLACING MY INITIALS BELOW, I AM AGREEING TO BE BOUND BY THIS ARTICLE

OWNER/OWNER REPRESENTATIVE_____     CONTRACTOR_____

## ARTICLE 14, INSURANCE REQUIREMENTS:

The following are mandatory insurance requirements:

General Liability Limits of $1,000,000 per occurrence, $2,000,000 general aggregate, $2,000,000 products / opps, and $1,000,000 personal advertising injury with a minimum deductible of $25,000.

Enrollment into the project's OCIP or *Wrap Policy*.

## ARTICLE 15, MISCELLANEOUS:

A.    Contractor shall not assign this Agreement, nor subcontract any portion of this Agreement, without prior written approval of the Owner.

B.    The laws of the State of California shall govern this Agreement.

C.    This Agreement and all Contract Documents constitute the entire contract and shall supersede all prior agreements, written or oral between the parties hereto and no amendment or modification of this Agreement shall be binding unless executed in writing by the parties hereto.

D.    This Agreement, entered into as of the day and year first written above, shall become binding and of full force and effect upon receipt by Contractor of a fully completed copy executed by both parties, which copy may be a telefacsimile reproduction.

E.    Time is of the essence for any period of time stated for performance of any obligation hereunder.

F.    In the event of any contradiction between Articles 1-15 of this Agreement and Exhibit "A" of this Agreement, Articles 1-15 shall prevail.

**Owner**                                    **Contractor**

By _____                     By _____

Title: Manager                          Title: President

Y:\NIAMI\Misc\ConstructionAgt.wpd                    8

"Exhibit A"

# J & E TEXTURE INC.

JANDETEXTURE@HOTMAIL.COM  ST LIC # 1004691

181 EXETER WAY CORONA CA. 92882 & 13441 CORCORAN ST. SAN FERNANDO'CA. 91340

**BUILDER :CRESTLLOYD LLC**
**PROJECTS ADDRESSES: 944 AIROLE WAY LOS ANGELES CA 90077**
06/30/2016

### DRYWALL PROPOSAL

SPECIFICATIONS:

* Walls will receive 5/8" type x board

* Ceilings will receive 5/8" type x board

*  metal at corners & windows

* Tape walls & ceilings

* Bathrooms will receive green board where need it by code

* Walls & ceilings will receive level 5 finish Throughout

* Densglass at all fascia metal

EXCLUSIONS: contract does not include ceiling "T" bar, acoustic ceilings and
Framing

SCHEDULE OF PAYMENTS

* Deposit of $ 92 500 .00 on execution of contract

* Builder will paid material on a joint account on the 30th of each month to the building
material supplier

* After hanging densglass requesting $ 50 000.00

* After hanging upper floor requesting $ 75 000.00

* After taping upper floor requesting $ 75 000.00

* After hanging main floor requesting $ 75 000.00

* After taping main floor requesting $ 75 000.00

* After hanging guest house and pool house requesting $ 25 000.00

* After taping guest house and pool house requesting $ 25 000.00

* After hanging staff area requesting $ 25 000.00

* After taping staff area requesting $ 25 000.00

* After hanging basement requesting $ 100 000.00

* After taping basement requesting remaining of contract balance

* J & E Texture understands that they will have to come back for door frames

* J & E Texture will supply life or scaffolding as needed.

06/30/2016

DRYWALL WITH LEVEL 5 FINISH:  $ 925 000.00
NOTE: this price is good for one week due to material price increase

Respectfully Submitted:

Francisco Javier Gonzalez & Elias Wences                Contractor
( 951 ) 903 7301                (818) 339 0117

# <u>EXHIBIT B</u>

# EXHIBIT C



## This page is part of your document - DO NOT DISCARD





# 20200712043

**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/30/20 AT 08:44AM**

| | |
|---|---|
| FEES: | 26.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 101.00 |



**L E A D S H E E T**



202006302870010

**00018454212**



010890375

**SEQ:**
**01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

E025091

<u>Recording requested by:</u>
J&E Texture, Inc.
c/o Watt, Tieder, Hoffar & Fitzgerald, LLP



18454212

Batch Number: 10890375

<u>And when recorded mail this document to:</u>

Robert C. Shaia, Esq.
Watt, Tieder, Hoffar & Fitzgerald, LLP
4 Park Plaza, Suite 1000
Irvine, CA 92614

For recorder's use

# MECHANICS' LIEN
## (Cal. Civ. Code § 8416, et seq.)

1.    J&E Texture, Inc. ("Claimant") claims a mechanics lien for the labor, services, equipment and/or materials described in paragraph 2, furnished for a work of improvement on that certain real property located in the City of West Hollywood, County of Los Angeles, State of California, and more particularly described as:

Property Description:  944 Airole Way, Los Angeles, CA 90077

2.    After deducting all just credits and offsets, the sum of $214,147.50, together with interest at the rate of 10% per annum from dates of various unpaid invoices, is due Claimant for labor, materials, services and equipment relating to installation of drywall at the above-mentioned residential property.

3.    Claimant furnished the labor, services, equipment and/or materials, at the request of:

Crestlloyd, LLC

4.    The name and address of the owner(s) or reputed owner(s) of the real property is/are:

Crestlloyd, LLC
8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069

5.    Claimant's address is:  181 Exeter Way, Corona, CA 92882

Dated ___6/22/___, 2020

J&E Texture, Inc.

By: _____
Francisco Javier Gonzalez, President

<u>VERIFICATION</u>

I, Francisco Javier Gonzalez, am the President of Claimant on the foregoing Mechanics Lien and am authorized to make this verification for and on its behalf. I have read the foregoing Mechanics Lien and know the contents of the Mechanics Lien to be true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated _____6/22/_____, 2020                    _____
                                                                                    Francisco Javier Gonzalez

## NOTICE OF MECHANICS LIEN

## ATTENTION!

Upon the recording of the enclosed MECHANICS LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.

The party identified in the enclosed mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.

BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.

## PROOF OF SERVICE AFFIDAVIT
California Civil Code section 8416

Failure to serve the Mechanic's Lien and Notice of Mechanic's Lien on the owner, or
alternatively if the owner cannot be served on the lender or direct contractor, shall cause the
Mechanic's Lien to be unenforceable as a matter of law (Civil Code Section 8024(d)). Service
of the Mechanic's Lien and Notice of Mechanic's Lien must be by (1) registered mail, (2)
certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and
to a residence or business address for the owner, lender or contractor. Further, a Proof of
Service Affidavit (below) must be completed and signed by the person serving the Mechanic's
Lien and Notice of Mechanic's Lien. This page should be completed (either one of the sections
below) and recorded with the County Recorder along with the Mechanic's Lien and Notice of
Mechanic's Lien.

## PROOF OF SERVICE AFFIDAVIT (ON OWNER)
California Civil Code section 8416(a)(7) and (c)(1)

I, _Julie Benton_, declare that I served a copy of this Mechanic's Lien and Notice
of Mechanic's Lien by registered mail, certified mail, or first-class mail evidenced by a
certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed
owner(s) of the property:

Company/Person Served:          Crestlloyd, LLC
(Title or capacity of person):  Owner

Service address: 8981 W. Sunset Blvd., Suite 303, West Hollywood, CA 90069

Said service address is the owner's residence, place of business, or address showed by the
building permit on file with the permitting authority for the work.

Executed on ___June 24___, 2020, at Irvine, Orange County, California.


_Julie Benton_
Julie Benton

# EXHIBIT D

**W|T WATT TIEDER**

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.

1765 Greensboro Station Place, Suite 1000
McLean, Virginia  22102

Telephone:  703-749-1000
Facsimile:  703-893-8029
www.watttieder.com

Jennifer Kneeland
jkneeland@watttieder.com

March 7, 2022

**VIA EMAIL**

David B. Golubchik (dbg@lnbyg.com)
Todd M. Arnold (tma@lnbyg.com)
Levene, Neale, Bender, Yoo & Golubchik, L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

Re:   *In re Crestlloyd, LLC* **(Bankr. C.D.Cal. 21-18205) – Outcome of the Auction of 944
        Airole Way, Los Angeles, California 90077 aka "The One" (the "Property")**

Dear David and Todd:

As you know, I represent J & E Texture, Inc. ("J&E") in the above-referenced chapter 11
bankruptcy case filed by Crestlloyd, LLC (the "Debtor").  J&E holds a priority, pre-petition
mechanic's lien against the Property ahead of all other pre-petition secured lenders.[1]  I am writing
regarding the outcome of the March 3, 2022 auction (the "Auction") of the Property.

It is my understanding that the Auction concluded and derived a price that is significantly less than
the total secured debt against the Property.  This price shortfall appears to present an obstacle under
section 363(f)(3) of the Bankruptcy Code for the Debtor, as it must now obtain consent from the
creditors secured by the Property in order to sell it free and clear of all liens.  *See* 11 U.S.C. §
363(f)(3); *see also In re PW, LLC*, 391 B.R. 25 (9th Cir. 2008).

As such, I ask that you confirm that J&E's mechanic's lien will be treated as having priority ahead
all pre-petition secured creditors, subordinate only to the interests of the post-petition DIP-
financing lender.  Also, please let me know if the Debtor intends to go forward with the sale process
via confirmation of the Auction, or if the Debtor will attempt to close the sale under other
possibilities provided for under the Bankruptcy Code.

Very truly yours,

**Watt, Tieder, Hoffar & Fitzgerald, L.L.P.**

*/s/ Jennifer Kneeland*

Jennifer Kneeland

cc:   Robert Shaia, Esq.
       Marguerite Lee DeVoll, Esq.

---

[1] *See* J&E's proof of claim no. 13 filed on January 7, 2022.  *See also* Cal. Civ. Code § 8450 (providing that a
mechanic's lien priority relates back to the time of commencement of work).

# **EXHIBIT E**

1765 Greensboro Station Place, Suite 1000
McLean, Virginia  22102

**WT WATT TIEDER**

WATT, TIEDER, HOFFAR  & FITZGERALD, L.L.P.

Telephone:  703-749-1000
Facsimile:  703-893-8029
www.watttieder.com

March 8, 2022

Jennifer Kneeland
jkneeland@watttieder.com

**VIA EMAIL**
Todd M. Arnold (tma@lnbyg.com)
David B. Golubchik (dbg@lnbyg.com)
Levene, Neale, Bender, Yoo & Golubchik, L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

**Re:**  ***In re Crestlloyd, LLC*** **(Bankr. C.D.Cal. 21-18205) – Response to March 7, 2022 Email from Todd Arnold Re: Outcome of the Auction of 944 Airole Way, Los Angeles, California 90077 aka "The One" (the "Property")**

Dear Todd:

I am in receipt of your March 7, 2022 email sent in response to my March 7, 2022 letter regarding the outcome of the March 3, 2022 auction (the "Auction") of the Property.  In your email, you inquired as to the basis of J & E Texture, Inc.'s ("J&E") position that it is a priority pre-petition secured lien creditor by virtue of its mechanic's lien that only sits below the post-petition DIP financing lender.

First, every mechanic lien filed against the Property primes the pre-petition lender, Hankey Capital, LLC's ("Hankey") security interest against the Property.  As you know, California Civil Code § 8450(a) provides that a mechanic's lien –

> … has priority over a lien, mortgage, deed of trust, or other encumbrance on the work of improvement or the real property on which the work of improvement is situated, that (1) attaches ***after*** commencement of the work of improvement or (2) was unrecorded at the commencement of the work of improvement and of which the claimant had no notice.

Consequently, ***all*** mechanic's liens relate back to the date of commencement of work at a project, regardless of when any individual claimant may have commenced work at the project. *See* Cal. Civ. Code § 8450(a); *see also Simons Brick Co. v. Hetzel*, 72 Cal. App. 1, 9, 236 P. 357, 360 (2nd Dist. 1925); *Schrader Iron Works, Inc. v. Lee*, 26 Cal.App.3d 621, 631-32, 103 Cal. Rptr. 106, 112-13 (3rd Dist. 1972); *In re KDR Bldg. Specialties, Inc.*, 76 B.R. 778, (Bankr. S.D. Cal. 1987).

Further, regardless of when any other party first commenced work at the Property, as evidenced by its Proof of Claim No. 13, J&E entered into its contract with the Debtor on July 1, 2016.  (*See* POC No. 13).  J&E promptly commenced work on the Property four days later on July 5, 2016. Thus, J&E commenced work on the Property approximately 2 ½ years ***before*** Hankey obtained its security interest in the Property.

March 8, 2022
Page 2

As such, I renew my request that you: (1) confirm that J&E's mechanic's lien will be treated as having priority ahead of all pre-petition secured lenders, subordinate only to the interests of the post-petition DIP-financing lender; and (2) let me know if the Debtor intends to go forward with attempting to approve the sale via section 363 of the Bankruptcy Code, and if so, please explain how the Debtor will overcome its apparent inability to meet the requirements of section 363(f) of the Bankruptcy Code to have the sale approved, or if the Debtor will attempt to close the sale under other possibilities provided for under the Bankruptcy Code.

Very truly yours,

**Watt, Tieder, Hoffar & Fitzgerald, L.L.P.**

*/s/ Jennifer Kneeland*

Jennifer Kneeland

cc:    Robert Shaia, Esq.
       Marguerite Lee DeVoll, Esq.