**FILED**

MAR 15 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

1  Gregory J. Morrow (SBN: 153224)
2  **THE MORROW LAW GROUP**
   10401 Wilshire Boulevard, Suite 1102
3  Los Angeles, CA 90024
   Phone: (310) 721-3833
4  Fax: (310) 894-9149
   gregory.j.morrow@hotmail.com
5
   Attorneys for Creditor(s)
6  Italian Luxury Group, LLC and
   Italian Luxury Design, LLC
7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re:                              Case No.: 2:21-bk-18205-DS

12  CRESTLLOYD, LLC                     Chapter 11

13      Debtor and Debtor in Possession.
                                        **OPPOSITION TO DEBTOR'S MOTION**
14                                      **FOR AN ORDER APPROVING SALE OF**
                                        **REAL PROPERTY; MEMORANDUM OF**
15                                      **POINTS AND AUTHORITIES**

16
                                        Date:   March 18, 2022
17                                      Time:   11:00 a.m.
                                        Place:  Courtroom 1639
18                                              255 E. Temple Street
                                                Los Angeles, California 90012
19
20                                      **Via: Government Zoom Hearing Only**

21                                      Judge: The Hon. Deborah J. Saltzman

22

23          Italian Luxury Group, LLC and Italian Luxury Design, LLC (collectively "Creditor")

24  hereby submits Creditor's objection (the "Objection") to Debtor's Motion Approving the Sale of

25  the Debtor's Real Property (Docket No. 143).

26

27

28
                                        -1-

    **OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Relevant Procedural Background

On December 8, 2021, Debtor Crestlloyd, LLC ("Debtor") filed its Motion for Entry of Interim and Final Orders: (I) Authorizing Debtor to Obtain Senior Secured Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Granting Super-Priority Administrative Claims and Senior Liens, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief (Docket No. 66) delineating, among other things, Debtor's "Exit Strategy" that included the assertion that "The Debtor believes that **a near-term sale of the Real Property will generate sufficient funds to pay all allowed claims in full**, which will allow the Debtor to exit bankruptcy…" (page 15, lines 12-13) (emphasis added).

By way of such Motion, Debtor also represented that "The Debtor believes that **the Real Property has a current fair market value of approximately $325 million in its 'as-is' nearly complete condition**. (page 12, lines 3-4) (emphasis added). As further justification for such Motion, Debtor also asserted that "Even if the Real Property sold for substantially less than $325 million, for example $250 million, the Debtor would still have $70.8 million of equity in the Real Property and more than substantial funds to pay all allowed claims in full. (page 14, lines 5-8).

In advancing such Motion, especially as to the issue of "Super-Priority" administrative claims in exchange for the extension of debtor-in-possession ("DIP") financing, the Debtor further represented that "even with the provision of the 'priming' DIP Liens to Hankey [Capital] for the DIP Loan…all alleged secured creditors will be adequately protected by an equity cushion in excess of 20%, whether the Property is valued at the Debtor's estimated value of $325 million or a substantially lower value of $250 million…" (page 24, lines 12-15). On January 27, 2022,

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**

1    the Court granted such Motion by Order (Docket No. 122) providing certain modifications to the

2    DIP Loan Documents[1].

3        On December 29, 2021, Debtor filed its Motion to Approve Auction and Bid Procedures

4    Regarding the Sale of the Real Property (Docket No. 88) reiterating its prior representation that,

5    in pertinent part, "The Debtor believes **the Property has a current fair market value of**

6    **approximately $325 million** in its 'as-is' nearly complete condition, but understands the market

7

8    will ultimately dictate the price." (page 14, lines 3-5) (emphasis added).

9        On January 5, 2022, alleged second priority creditor Inferno Investment, Inc. filed its

10   Opposition to Motion to Approve Auction and Bid Procedures, asserting that relevant sections of

11   the Bankruptcy Code required that "a property can be sold free and clear of liens where the price

12   at which the property is to be sold exceeds the aggregate value of the liens against the Property,

13   the lienholders consent, or the lien is in bona fide dispute. See 11 U.S.C. § 363(f)." (Docket No.

14   98, page 2, lines 3-6) and that, given the Debtor's belief that the Property may be worth $325

15   million, "it makes significantly more sense to set a reserve..." (*Id.*, lines 15-16)

16

17       On January 10, 2022, and with certain modifications that the "Back-Up Buyer" be

18   required to keep its bid and offer to purchase the Property open "for a period of only 21 days after

19   the Auction End Date, not 45 days", the Court granted Debtor's Motion to Approve Auction and

20   Bid Procedures Regarding the Sale of the Real Property (Docket No. 105, page 2, lines 1-7).

21

22       On March 8, 2022, and after the conclusion of the auction process, Debtor filed its Motion

23   for Order: (1) Approving the Sale of the Debtor's Real Property Free and Clear of All Liens,

24   Claims, Encumbrances, and Interests... (2) Finding that the Buyer is a Good Faith Purchaser; (3)

25   Authorizing and Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the

26

27

28   _____

[1] Capitalized terms used but not defined herein are as defined in the pertinent Motion as
referenced herein.

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**

1   Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h)... (collectively referred to

2   herein as the "Sale Motion") (Docket No. 143).

3
    Among other things, the Sale Motion asserts that the "Purchase Price" equals "$126

4
    million, plus $11.97 million Rebate from the Auctioneer for a total of $137.97 million"... (page

5
    4, lines 15-16) and set forth the "Estimated Costs of Sale" equal to a "total of approximately 2.5%

6
7   of the sale price, comprised of: (1) a 1% commission to be paid to the Debtor's Brokers, (2) a 1%

8   commission to be paid to the Buyer's Brokers, and (3) the balance for any closing costs. (page 5,

9   lines 7-11).  Based on such alleged Purchase Price as set forth in the Motion, such alleged

10  Estimated Costs of Sale equal approximately $3.45 million.

11
    Furthermore, the Debtor is requesting that the Court allow the Debtor to execute a

12
    proposed "Supplemental Addendum to the Purchase Agreement" that is different from, and would

13
14  substantively modify, the Court's previously approved Bid Procedures by providing additional

15  "remedies" to the Buyer in that event Debtor somehow "sells the Property to any party other than

16  the Buyer." (page 5, lines 16-21).   Interestingly, the Debtor also seems to allude to this "party" as

17  "any bidder that makes a higher and better offer for the Property that is approved by the Court (an

18  'Overbidder')" (page 2, lines 17-18).  The current Sale Motion should be denied.

19

20       II.    **Argument**

21  The Sale Motion should be denied for the following reasons:

22       **First**, the Sale Motion proposes to sell the Property for significantly far less than what is

23  owed (as set forth in the various Proofs of Claim on file in this case).  None of the five (5)

24  alternatives under 11 U.S.C. § 363(f) permit this result.  As counsel for the Debtor tacitly

25  admitted during the Court's most recent hearing on the Buyer's Motion to Enforce the Court's

26  Order Approving Bid Procedures (Docket No. 162), the Debtor "has a 363(f) problem" that must

27  be necessarily remedied before the Court can proceed with the current Motion.  Here, what the

28  Debtor is apparently attempting to do is what the debtor did in *Clear Channel Outdoor, Inc. v.*

- 4 -

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**

1    *Knupfer (In re PW, LLC)*, 391 B.R. 25 (B.A.P. 9th Cir. 2008).  Nevertheless, the Bankruptcy

2    Appellate Panel rejected such an attempt in holding that "Paragraph (1) does not apply because

3    applicable law—California real property law—does not permit a sale free and clear, and indeed

4    would preserve Clear Channel's lien despite the transfer." *Id.* at 37.

5         **Second**, and more importantly, the Sale Motion appears to be a *sub rosa* plan, without

6    complying with the requirements of an adequate and compliant disclosure statement and

7    approved plan of reorganization.  There is no business justification for permitting the sale of the

8    Property outside of a plan.  The Property could not be sold under an unconfirmable plan so,

9    therefore, it should not be sold pursuant to 11 U.S.C. § 363.

10        The current Sale Motion must be denied because it constitutes nothing more than a *sub

11   rosa* plan of reorganization in that it provides for the sale of the Debtor's one and only asset (the

12   "Property" located at 944 Airole Way, Los Angeles, California 90077), thereby ultimately

13   determining the terms and conditions of the Debtor's plan (rendering the rights of all other

14   creditors virtually meaningless).  The Debtor apparently proposes to obtain this Court's approval

15   without satisfying the requirements of a plan and disclosure statement. (*accord, Czyzewski v.

16   Jevic Holding Corp.*, --- U.S. ---, 137 S. Ct. 973, 986, 197 L. Ed. 2d 398 (2017) rejecting such *sub

17   rosa* plans; *and, In re Latam Airlines Grp. S.A.*, 620 B.R. 722, 812 (Bankr. S.D.N.Y. 2020) ["A

18   debtor cannot enter into a transaction that 'would amount to a *sub rosa* plan of reorganization' or

19   an attempt to circumvent the chapter 11 requirements for confirmation of a plan of

20   reorganization.]")

21        Creditor acknowledges that bankruptcy courts, from time to time, may find a "business

22   justification" for the sale of substantially all of the assets of a debtor without necessarily requiring

23   strict compliance with the procedural safeguards inherent in the plan and disclosure statement

24   process, such as when the debtor's business is the proverbial "melting ice cube" that warrants an

25   expedited sale in order to preserve and derive value from the debtor's "going concern" business;

26   however, it is clearly apparent in this case that there is no such business justification and, by its

27   Sale Motion, the Debtor has not argued that one even exists.  To the contrary, the Property at

28   issue is a one-off, non-income generating 100,000 plus square foot mega-mansion audaciously

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**

built for speculation and definitely not a going business concern. There's no business justification that would validate the current Sale Motion.

**Third**, the Debtor has not demonstrated that the proposed "Purchase Price" as set forth in the current Motion ($137.97 million) is actually appropriate pursuant to relevant sections of the Bankruptcy Code or Rules, much less adequate to satisfy claims asserted by the creditors in this Chapter 11 case.

**Fourth**, and pursuant to its own motion practice, the Debtor has repeatedly pegged the Property's true value at approximately $325 million in its "as-is" condition, which has now turned out to be **an approximately $187 million shortfall** instead. At this entirely inadequate amount, and contrary to the assertions of the Debtor as to the Property's "fair market value", it is obvious that only the Senior Secured Lender (Hankey Capital) can expect to be paid off, much less any of the general unsecured creditors who are clearly ostracized in this process.

**Fifth**, without a non-nominal carve-out provided to the general unsecured creditors, this kind of inherently inequitable result (wherein only the Senior Secured Lender and the Debtor's professionals are paid) is patently unfair to such creditors. Section 1107 of the Bankruptcy Code places the Debtor in the position of a fiduciary, with the rights and obligations of a chapter 11 trustee, whose principal duty is to administer estate property so as to maximize distribution to unsecured creditors, whether priority or general unsecured. (*see, for reference only, In re C. Keffas & Son Florist, Inc.*, 240 B.R. 466, 474-5 (Bankr. E.D.N.Y. 1999)).

As adequately set forth above, and if the Court actually decides to approve the Property to be sold pursuant to the current bid as requested in the Sale Motion, all net proceeds will be paid to the one and only Senior Secured Lender, leaving the Debtor without any funds whatsoever to pay any of the general unsecured claims including Creditor's claim. The Debtor should not be allowed to consummate the sale of the Property under what is ultimately an unconfirmable plan that provides absolutely nothing for any other creditors.

///

///

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**

1

III.     **Conclusion**

2        Based upon the foregoing, Creditor respectfully requests that the Court make it a

3    condition for its approval of the current Sale Motion for the Debtor to provide a defined non-

4    nominal carve-out for the benefit of the general unsecured creditors so as to fairly and equitably

5    compensate such creditors for the value of their claims evidenced in this matter.

6    DATED: March 14, 2022                 THE MORROW LAW GROUP

7

8                                         By: /s/ *Gregory J. Morrow*

9                                             Gregory J. Morrow, Esq.
                                             Attorneys for Creditor(s)
10                                            Italian Luxury Group, LLC and
                                             Italian Luxury Design, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10401 Wilshire Boulevard, Suite 1102, Los Angeles, California  90024

A true and correct copy of the foregoing document entitled (*specify*):

## OPPOSITION TO DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY

will be served or was served **(a)** on the judge in chambers in the form and manner if required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 15, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/15/2022 | Barbara Burruel | */s/ Barbara Burruel* |
|-----------|-----------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Victor A Sahn    vsahn@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;
  cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                            **F 9013-3.1.PROOF.SERVICE**