DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JDG@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>        Debtor and Debtor-in-Possession | Chapter No.: 11<br><br>Case No.: 2:21-bk-18205-DS<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSEPH ENGLANOFF IN SUPPORT OF OBJECTION OF "YOGI SECURITIES HOLDINGS, LLC'S MOTION TO APPROVE THE SALE OF THE DEBTOR'S REAL PROPERTY"**<br><br>Date:     March 18, 2022<br>Time:    11:00 a.m.<br>Place:    255 E. Temple Street<br>            Los Angeles, CA 90012<br>            **VIA ZOOMGOV ONLY** |

1

1  Crestlloyd, LLC (the "Debtor"), hereby files its evidentiary objections to portions of the "*Declaration of Joseph Englanoff*" (the "Englanoff Declaration") filed in support of the "*Objection of Yogi Securities Holdings, LLC's Motion to Approve the Sale of the Debtor's Real Property*" (the "Objection") as follows:

As an initial matter, most of the statements in the Englanoff Declaration are not relevant because, among other reasons, the Motion is regarding whether a proposed sale of the Debtor's Property can be sold free and clear of all liens, claims, encumbrances and interests, that the Buyer is a good faith purchaser, whether the Debtor is authorized to distribute the sale proceeds in order to pay certain claims. The statements regarding global events and the impact on the economy, the sale bidding procedures used on other property marketed by the debtor's agents, and prior appraisals of the property are not relevant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | Paragraph # (Page: Line) | Statement | Objection | |
|---|---|---|---|---|
| 1 | ¶ 2 | "The Debtor's Brokers informed me prior to the Auction and the Bid Procedures Hearing that a minimum bid was advisable to ensure that bidders understood at what dollar level the bids needed to come in to garner the approval of the estate's creditors and, ultimately, the Court. I note that Concierge recently included a minimum reserve of $50 million for another house in Bel Air (which is .2 miles away as the crow flies) that is currently listed for auction at $87,777,777, for which it requires a minimum reserve." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 2 | ¶ 3 | "On the day prior to the January 6, 2022, Bid Procedures Hearing, I had a three-way phone call with Yvonne Niami and Chad Roffers, CEO of Concierge Auctions. Mr. Roffers appeared to very clearly understand both Mrs. Niami's and my objection to not having a minimum reserve for the Auction. Mrr. Roffers assured us that he was in favor of a minimum reserve. Yet | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion. | ☐ Sustained<br><br>☐ Overruled |

3

| | | | | |
|---|---|---|---|---|
| | | "I found out that during a closed session that did not include Mrs. Niami or myself, Mr. Roffers advocated the exact opposite – i.e., no need for a minimum reserve." | FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| 3 | ¶ 4 | "The brokers also informed me that, during the recess of the Bid Procedures Hearing, the Brokers were advocating for a minimum reserve." | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 4 | ¶ 5 | "On March 3, 2022, the end date for the Auction, I was informed by parties in interest (Yvonne Niami and representatives of Inferno) who were in contact with Concierge that a "soft" gavel approach could be employed to extend the auction a few more days in effect. What this meant is that bidders were hearing whispers that the end of the Auction might not be the last time to bid for | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion. | ☐ Sustained<br><br>☐ Overruled |

Case 2:21-bk-18205-DS    Doc 210    Filed 03/16/22    Entered 03/16/22 23:27:15    Desc
Main Document    Page 5 of 10

| | | | | |
|---|---|---|---|---|
| | | the property. This representation from Concierge almost certainly caused confusion amongst potential bidders that may otherwise have been waiting until the very end of the Auction to bid – as Concierge represented is common practice." | FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| 5 | ¶ 6 | "I believe that it was widely expected that a number of foreign bidders would come forward for the property. However, that did not happen." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | ☐ Sustained<br><br>☐ Overruled |
| 6 | ¶ 7 | "Given that tragic geopolitical events in Ukraine, I believe that the auction should have been delayed because of the ripple effect in international markets that almost certainly stymied potential foreign buyers who previously expressed | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time | ☐ Sustained<br><br>☐ Overruled |

5

| | | | | |
|---|---|---|---|---|
| | | an interest in the Property." | to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | |
| 7 | ¶ 8 | "Not only did those events dissuade potential buyers, but they roiled financial markets as well, creating wild currency and market fluctuations, hardly an ideal situation for a high-end real estate sale." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | ☐ Sustained<br><br>☐ Overruled |
| 8 | ¶ 9 | "In 2019, the Property was appraised at $228 million." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion. | ☐ Sustained<br><br>☐ Overruled |
| 9 | Exhibit A | | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion. | ☐ Sustained<br><br>☐ Overruled |
| 10 | ¶10 | "I understand that the Hankey loan for $82,500,000 was cross collateralized against other property and approximately $8 million is sitting in escrow from the | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in | ☐ Sustained<br><br>☐ Overruled |

6

| | | | sale of non-Debtor property subject to that cross collateralization." | issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | |
|---|---|---|---|---|---|
| | 11 | ¶11 | "According to some documents, it appears that there may have been an interest reserve set up and funded from time to time but, to date, I have been unable to confirm." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991).<br><br>FRE 1002 Document speaks for itself; Best Evidence Rule | ☐ Sustained<br><br>☐ Overruled |

Dated: March 16, 2022

LEVENE, NEALE, BENDER, YOO
    & GOLUBCHIK L.L.P.

By:   /s/ *Todd M. Arnold*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
JONATHAN D. GOTTLIEB
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
Attorneys for Crestlloyd, LLC

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSEPH ENGLANOFF IN SUPPORT OF OBJECTION OF "YOGI SECURITIES HOLDINGS, LLC'S MOTION TO APPROVE THE SALE OF THE DEBTOR'S REAL PROPERTY"** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 16, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**  kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**  tma@lnbyg.com
- **Jerrold L Bregman**  jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**  mdevoll@watttieder.com, zabrams@watttieder.com
- **Danielle R Gabai**  dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**  tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**  dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**  jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**  rbk@jmbm.com
- **Jane G Kearl**  jkearl@watttieder.com
- **Jennifer Larkin Kneeland**  jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **Noreen A Madoyan**  Noreen.Madoyan@usdoj.gov
- **Samuel A Newman**  sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**  rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**  sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**  hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**  vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**  wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**  dseror@bg.law, ecf@bg.law
- **Zev Shechtman**  zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**  mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**  lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**  gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**  jwellington@bg.law, ecf@bg.law

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: On **March 16, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 16, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 16, 2022 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**