DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JDG@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

In re

CRESTLLOYD, LLC,

Debtor and Debtor-in-Possession

Chapter No.: 11

Case No.: 2:21-bk-12812-ER

**EVIDENTIARY OBJECTIONS TO DECLARATION OF YVONNE NIAMI IN OPPOSITION TO SALE MOTION [DOCKET No. 142]**

Date: March 18, 2022
Time: 11:00 a.m.
Place: 255 E. Temple Street
Los Angeles, CA 90012
**VIA ZOOMGOV ONLY**

Crestlloyd, LLC (the "Debtor"), hereby files its evidentiary objections to portions of the "*Declaration of Yvonne Niami*" (the "Niami Declaration")[1] filed in support of the "*Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) Notice And Motion For An Order: (1) Approving the Sale of the Debtor's Personal Property Free And Clear Of All*

[1] There is no time stamp confirming timely filing of the Niami Declaration and the Niami Declaration did not appear on the docket until March 16, 2022. Therefore, the Debtor reserves the right to object that the Niami Declaration was not timely filed.

*Liens, Claims, Encumbrances, And Interests; (2) Waiving The Fourteen-Day Stay Period Set Forth In Bankruptcy Rule 6004(h); And Providing Related Relief* (the "Sale Motion") as follows:

Most of the statements in the Niami Declaration are hearsay statements or speculation and improper lay opinion. Ms. Niami's personal views as a lay witness on what auction features outside of the Court's Orders should have been instituted at the Auction are not relevant to whether the Auction properly followed this Court's orders and Bid Procedures. Ms. Niami's testimony about auction features that were not approved by the Court also is not relevant because, among other reasons, the Motion is regarding whether a proposed sale of the Debtor's Property can be sold free and clear of all liens, claims, encumbrances and interests, that the Buyer is a good faith purchaser, whether the Debtor is authorized to distribute the sale proceeds in order to pay certain claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | Paragraph # (Page: Line) | Statement | Objection | |
|---|---|---|---|---|
| 1 | ¶ 1 (1:19-23) | "Mr. Englanoff and I were concerned with the idea of not having a minimum reserve in place and therefore wanted to discuss putting one in place before the court hearing to determine whether there would or would not be a reserve at the auction." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 2 | ¶ 2 | "The day before the court hearing, Mr. Englanoff and I had the 3-way call with Mr. Roffers to discuss these concerns relating to the minimum reserve price." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion | ☐ Sustained<br><br>☐ Overruled |
| 3 | ¶ 3 | "During this call it was made clear by both Mr. Englanoff and myself that we were in favor of a reserve price to be set for the upcoming auction of 944 Airole Way." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in | ☐ Sustained<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | | issue, is irrelevant, and a waste of time to consider in connection with the pending motion<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| 4 | ¶ 4 | "While on the call, Mr. Roffers made it very clear that he had no issue implementing and recommending a minimum reserve price for the auction and said he would support it the following day at the hearing." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 5 | ¶5 | "To my knowledge, the following | FRE 602 Lack of | ☐ Sustained |

| | | | | |
|---|---|---|---|---|
| | | day, Mr. Roffers was due in court to make his recommendation on the auction with regards to including a reserve or not." | Personal Knowledge<br><br>FRE 602 Calls for Speculation | ☐ Overruled |
| 6 | ¶ 6 (2:6-8) | "It was brought to my attention that after Mr. Roffers had told Mr. Englanoff and myself, he did not have any issue with including a minimum reserve, he then proceeded to tell the court that he recommended having no reserve price included in the auction." | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991).<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Calls for Speculation | ☐ Sustained<br><br>☐ Overruled |
| 7 | ¶ 6 (2:8-10) | "Had I known this would have been the case, I would have objected to having no reserve during the court hearing." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion<br><br>FRE 602 Calls for Speculation | ☐ Sustained<br><br>☐ Overruled |
| 8 | ¶ 7 (2:13-14) | "In my opinion, this tactic was detrimental to the outcome of the auction." | FRE 403 Argument and Prejudicial<br><br>FRE 602 Calls for Speculation<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 701 Improper Lay Opinion | ☐ Sustained<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| 9 | Exhibit 1 | | FRE 901(a) Lack of Authentication | ☐ Sustained<br><br>☐ Overruled |
| 10 | ¶ 7 (2:14-16) | "It gave the impression the house could be purchased for far less than its market value, which according to a previous email sent by Mr. Roffers, was believed to be between $265 - $310M." | FRE 403 Argument and Prejudicial<br><br>FRE 602 Calls for Speculation<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 701 Improper Lay Opinion<br><br>FRE 1002 Document speaks for itself; Best Evidence Rule | ☐ Sustained<br><br>☐ Overruled |
| 11 | ¶ 7 (2:16-18) | "To quote his exact words, he wrote 'As discussed, we believe the final high bid will fall somewhere between $265M and $310M.'" | FRE 602 Lack of Foundation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991).<br><br>FRE 1002 Document speaks for itself; Best Evidence Rule | ☐ Sustained<br><br>☐ Overruled |
| 12 | Exhibit 2 | | FRE 901(a) Lack of Authentication | ☐ Sustained<br><br>☐ Overruled |
| 13 | ¶ 8 (2:21-22) | "He was the 'Day to Day' person from Concierge stationed at 944 | FRE 602 Lack of Personal Knowledge | ☐ Sustained |

| | | | | |
|---|---|---|---|---|
| | | Airole." | FRE 602 Calls for Speculation | ☐ Overruled |
| 14 | ¶ 8 (2:22-24) | "He told me a method Concierge Auctions uses often during the bidding process is called a "Soft Gavel," in which they extend the length of the auction to generate higher bids." | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br>☐ Overruled |
| 15 | ¶ 8 (2:22-25) | "He told me that the auction could be extended for 1 to 2 days by using this "Soft Gavel" and with a house like this, most likely would be." | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br>☐ Overruled |
| 16 | ¶ 8 (2:26-27) | "This information relating to the "Soft Gavel" method was explained to multiple interested parties, including the realtors and lien holders." | FRE 602 Lack of Foundation<br>FRE 602 Calls for Speculation<br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual | ☐ Sustained<br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | | allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| 17 | ¶ 8 (2:27-3:2) | "To my knowledge, the bidding was extended 3 times by 3 minutes, for a total of 9 additional minutes, leaving almost no additional time to generate higher bids, and not the aforementioned 1 or 2 days as expected." | FRE 602 Lack of Foundation<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 701 Improper Lay Opinion<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 18 | Exhibit 3 | | FRE 901(a) Lack of Authentication | ☐ Sustained<br><br>☐ Overruled |
| 19 | ¶ 9 | "On March 2, 2022 I texted Mr. Roffers 'Is it normal that bidding starts so low?' to which he responded 'Yes.'" | FRE 602 Lack of Foundation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the | ☐ Sustained<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | | paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991).<br><br>FRE 1002 Document speaks for itself; Best Evidence Rule | |
| 20 | ¶ 10 (3:6-7) | "He did not answer and proceeded to text "Can't talk. We all need to be focusing on the bidders right now."" | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991).<br><br>FRE 1002 Document speaks for itself; Best Evidence Rule | ☐ Sustained<br><br>☐ Overruled |
| 21 | Exhibit 4 | | FRE 901(a) Lack of Authentication | ☐ Sustained<br><br>☐ Overruled |
| 22 | ¶ 10 (3:7-13) | "I then texted him 'If the bids are not high enough Can we push it out until tomorrow?' This was based off the previous conversation I had with Mario relating to the 'Soft Gavel.' There was no response from Mr. Roffers. I then proceeded to text him the two following texts 'We have to extend the auction. 141 won't work. That barely covers Hankey' & 'This is a disaster. Everyone wanted a reserve. Why, | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to her by another individual or source to support the factual allegations in the paragraph, her testimony related thereto would be | ☐ Sustained<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | at the very least did you not push out the auction? Is there anyway to course correct this?'" | inadmissible hearsay. See Caddie Const. Co., Inc., 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991).<br><br>FRE 1002 Document speaks for itself; Best Evidence Rule | |
| 23 | ¶ 11 (3:14-17) | "Within 2 hours of closing the bidding, Concierge Auctions sent an email stating 'OUR 5TH WORLD RECORD: $141M-Plus Pending Sale of America's Largest Residence,' (Exhibit 5) while posting similar sentiments on Instagram and Instagram stories. (Exhibit 6)' | FRE 1002 Document speaks for itself; Best Evidence Rule | ☐ Sustained<br><br>☐ Overruled |
| 24 | Exhibit 5 | | FRE 901(a) Lack of Authentication | ☐ Sustained<br><br>☐ Overruled |
| 25 | Exhibit 6 | | FRE 901(a) Lack of Authentication | ☐ Sustained<br><br>☐ Overruled |
| 26 | ¶ 11 (3:17-18) | "I believe this shows the true intention of Concierge Auctions, considering they knew the debt on the house far exceeded that amount." | FRE 602 Calls for Speculation<br><br>FRE 602 Lack of Foundation<br><br>FRE 701 Improper Lay Opinion | ☐ Sustained<br><br>☐ Overruled |
| 27 | ¶ 13 | "In my opinion, Concierge Auctions saw an opportunity to be a part of one of the most valuable properties in the United States and intentionally misled the lien holders and myself to generate publicity and advance their company's status without the best interests of the other involved parties. Had a minimum reserve price been implemented, we could have avoided a multitude of problems and potentially have generated a much higher final bid." | FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 701 Improper Lay Opinion | ☐ Sustained<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| 28 | ¶ 14 | "It has also come to my attention that Concierge Auctions has a similar high-end listing in the same neighborhood, less than half a mile away, at 777 Sarbonne Rd., Los Angeles, CA 90077. This house is listed for $87,777,777 and has a reserve price of $50M. This shows that it is common practice for Concierge Auctions to implement a reserve when dealing with homes of this caliber and price point." | FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Calls for Speculation<br><br>FRE 701 Improper Lay Opinion | ☐ Sustained<br><br>☐ Overruled |

Dated: March 16, 2022

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: /s/ *Todd M. Arnold*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
JONATHAN D. GOTTLIEB
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
Attorneys for Crestlloyd, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **EVIDENTIARY OBJECTIONS TO DECLARATION OF YVONNE NIAMI IN OPPOSITION TO SALE MOTION [DOCKET No. 142]** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 16, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com**
- **Todd M Arnold tma@lnbyg.com**
- **Jerrold L Bregman jbregman@bg.law, ecf@bg.law**
- **Marguerite Lee DeVoll mdevoll@watttieder.com, zabrams@watttieder.com**
- **Danielle R Gabai dgabai@danninggill.com, dgabai@ecf.courtdrive.com**
- **Thomas M Geher tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com**
- **David B Golubchik dbg@lnbyg.com, stephanie@lnbyb.com**
- **James Andrew Hinds jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com**
- **Robert B Kaplan rbk@jmbm.com**
- **Jane G Kearl jkearl@watttieder.com**
- **Jennifer Larkin Kneeland jkneeland@watttieder.com, zabrams@watttieder.com**
- **Michael S Kogan mkogan@koganlawfirm.com**
- **Noreen A Madoyan Noreen.Madoyan@usdoj.gov**
- **Samuel A Newman sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com**
- **Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com**
- **Sharon Oh-Kubisch sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com**
- **Hamid R Rafatjoo hrafatjoo@raineslaw.com, bclark@raineslaw.com**
- **Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com**
- **Victor A Sahn vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com**
- **William Schumacher wschumac@milbank.com, autodocketecf@milbank.com**
- **David Seror dseror@bg.law, ecf@bg.law**
- **Zev Shechtman zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com**
- **Mark Shinderman mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com**
- **Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com**
- **United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**
- **Genevieve G Weiner gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com**
- **Jessica Wellington jwellington@bg.law, ecf@bg.law**

2. **SERVED BY UNITED STATES MAIL**: On **March 16, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 16, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 16, 2022 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |