MARK SHINDERMAN (State Bar No. 136644)
mshinderman@milbank.com
WILLIAM SCHUMACHER (State Bar No. 303862)
wschumacher@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone:   (424) 386-4000
Facsimile:    (213) 629-5063

*Attorneys for Yogi Securities Holdings, LLC*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**RESPONSE TO EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSEPH ENGLANOFF IN SUPPORT OF OBJECTION OF YOGI SECURITIES HOLDINGS, LLC TO DEBTOR'S MOTION TO APPROVE THE SALE OF THE DEBTOR'S REAL PROPERTY**<br><br>**Hearing**:<br>Date:    March 18, 2022<br>Time:   11:00 a.m.<br>Place:   Courtroom 1639<br>            255 East Temple Street<br>            Los Angeles, California 90012<br>            (via Zoom for Government) |

Yogi Securities Holdings, LLC (the "Yogi Securities") hereby files its responses to the Debtor's evidentiary objections [Docket No. 210] (the "Objection") to portions of the *Declaration of Joseph Englanoff* [Docket No. 193-1] (the "Englanoff Declaration") filed in support of Yogi Securities' objection [Docket No. 193] to the *Debtor's Motion for an Order Approving the Sale of the Debtor's Real Property Free and Clear of all Liens, Claims, Encumbrances, and Interests* [Docket No. 142] (the "Sale Motion"):

I.     **PRELIMINARY STATEMENT**

The Debtor, instead of addressing the substance of the Englanoff Declaration, asks the Court to ignore most of the statements therein as "irrelevant" and "a waste of time to consider in connection

with the pending motion." *See*, *e.g.*, 3:4-8. Indeed the Objection makes relevancy objections to 10 of the 11 substantive statements in the Englanoff Declaration. However, the standard under Fed. R. Evid. 401 for what is relevant is broad; and it is the Court's discretion, not the Debtor's, as to what facts may or may not be probative to granting or denying the Sale Motion. *See In re Olympia Off. LLC*, 574 B.R. 38, 49 (Bankr. E.D.N.Y. 2017) ("Trial courts have broad discretion to determine when evidence is relevant to a given proceeding and to refuse to admit evidence it believes to be irrelevant or whose probative value is outweighed by the risk of undue delay or waste of time.") (internal quotations omitted).

The Debtor also seeks to discount the significant concerns that Yogi Securities raised with the auction process by arguing that the "statements in the Englanoff Declaration are not relevant because . . . [t]he statements regarding global events and the impact on the economy, the sale bidding procedures used on other property marketed by the debtor's agents, and prior appraisals of the property are not relevant." Objection at 2:5-11. Ironically, the Debtor's own declarant raises similar concerns. *See* Declaration of Branden Williams attached to the Sale Motion [Docket No. 142] at ¶ 6, stating "I believe that the already limited pool of buyers with the means to purchase the Property may have been further reduced due to the conflict in Ukraine and related sanctions against Russia, which may have taken potential Russian, Ukrainian, Chinese and other international buyers out of the market."

And again, instead of addressing the substance of the Englanoff Declaration, the Debtor, without support, simply objects that the Englanoff Declaration is not relevant. *See*, *e.g.*, Objection at 2:4-11. The Englanoff Declaration, contrary to the Objection, goes directly to whether or not the Auction[1] was appropriately conducted or proved to be improvident in light of the circumstances, whether the Court should approve the sale, and whether or not the Debtor sought and obtained the best and highest value to maximize returns for creditors. Specifically, the Englanoff Declaration provides probative facts that highlight, among others (i) the confusion around the soft-gavel, (ii) the use of

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the *Debtor's Motion to: (1) Approve Auction and Bid Procedures Regarding the Sale of Real Property and (2) Set Scheduling for a Motion to Approve the Sale of Real Property* [Docket No. 88] (the "Bid Procedures Motion") or Sale Motion, as applicable.

minimum bids by Concierge in other instances, (iii) prior appraisals of the property, and (iv) issues surrounding Hankey's secured claims.[2]

The Objection should therefore be overruled because it incorrectly argues that the entire Englanoff Declaration is irrelevant to the Sale Motion.

## II. RESPONSES TO DEBTOR'S SPECIFIC EVIDENTIARY OBJECTIONS

| ENGLANOFF DECLARATION | DEBTOR'S EVIDENTIARY OBJECTIONS | YOGI SECURITIES' RESPONSE TO DEBTOR'S EVIDENTIARY OBJECTIONS |
|---|---|---|
| ¶ 2: The Debtor's Brokers informed me prior to the Auction and the Bid Procedures Hearing that a minimum bid was advisable to ensure that bidders understood at what dollar level the bids needed to come in to garner the approval of the estate's creditors and, ultimately, the Court. I note that Concierge recently included a minimum reserve of $50 million for another house in Bel Air (which is .2 miles away as the crow flies) that is currently listed for auction at $87,777,777, for which it requires a minimum reserve. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.

FRE 602 Lack of Personal Knowledge

FRE 602 Lack of Foundation

FRE 602 Calls for Speculation

FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. | The Debtor's unexplained objections are meritless.

All of Debtor's "Relevance" (FRE 401, 402, 403) and "Personal Knowledge / Foundation / Speculation" (FRE 602) objections should be disregarded because they fail to explain what testimony in particular in the Englanoff Declaration lacks "any tendency to make a fact more or less probable than it would be without the evidence" and is not "of consequence in determining the action." FRE 401. In fact, all of the Englanoff Declaration in question is probative of facts that are potentially determinative of the Sale Motion.

The "Hearsay" objection fails because (*inter alia*) (i) the statements in the Englanoff Declaration represent "present sense impression[s]" (FRE 803(1)), (ii) the document is a "recorded recollection" (FRE 803(5)), (iii) the document is a "record of a regularly conducted activity" (FRE 803(6)), (iv) statement against interest (FRE 804(b)(3)), and (iv) even if hearsay, the document is subject to the residual exception for hearsay under FRE 807. |

---

[2] Ultimately, the Court can ascribe whatever weight it chooses to the Englanoff Declaration, however, for the Debtor to argue that the Englanoff Declaration is entirely irrelevant and hearsay is inaccurate.

| ENGLANOFF DECLARATION | DEBTOR'S EVIDENTIARY OBJECTIONS | YOGI SECURITIES' RESPONSE TO DEBTOR'S EVIDENTIARY OBJECTIONS |
|---|---|---|
| | 674, 678 (Bankr. M.D. Fla. 1991).[3] | |
| ¶ 3: On the day prior to the January 6, 2022, Bid Procedures Hearing, I had a three-way phone call with Yvonne Niami and Chad Roffers, CEO of Concierge Auctions. Mr. Roffers appeared to very clearly understand both Mrs. Niami's and my objection to not having a minimum reserve for the Auction. Mr. Roffers assured us that he was in favor of a minimum reserve. Yet I found out that during a closed session that did not include Mrs. Niami or myself, Mr. Roffers advocated the exact opposite—*i.e.*, no need for a minimum reserve. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. | *See* Response to Objection to ¶ 2, *supra*. |

---

[3] The Debtor cites *Caddie Const. Co., Inc.* for the proposition that the Englanoff Declaration is based on hearsay and therefore should not be admitted into evidence. *See*, *e.g.*, Objection at 3:20-23. However, *Caddie Const. Co., Inc.* is inapposite because the ruling was based a different procedural posture and different facts, *i.e.*, the case involved a submission of affidavits by a chapter 7 trustee that failed to comply with Fed. R. Civ. P. 56(e) as part of an opposition to a summary judgment motion, although the Court determined that it need not rule on the Fed. R. Civ. P. 56(e) point because the Court found that the affidavits were not based on the personal knowledge of the trustee. *See In re Caddie Const. Co., Inc.*, 125 B.R. 674 (Bankr. M.D. Fla. 1991). Specifically, the trustee was attesting to the meaning of documents created before her appointment as trustee, a very different situation than is the case here.

| ENGLANOFF DECLARATION | DEBTOR'S EVIDENTIARY OBJECTIONS | YOGI SECURITIES' RESPONSE TO DEBTOR'S EVIDENTIARY OBJECTIONS |
|---|---|---|
|  | 674, 678 (Bankr. M.D. Fla. 1991). |  |
| ¶ 4: The brokers also informed me that, during the recess of the Bid Procedures Hearing, the Brokers were advocating for a minimum reserve | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | *See* Response to Objection to ¶ 2, *supra*. |
| ¶ 5: On March 3, 2022, the end date for the Auction, I was informed by parties in interest (Yvonne Niami and representatives of Inferno) who were in contact with Concierge that a "soft" gavel approach could be employed to extend the auction for a few more days in effect. What this meant is that bidders were hearing whispers that the end of the Auction might not be the last time to bid for the property. This representation from Concierge almost certainly caused confusion amongst potential bidders that may otherwise have been waiting until the very end of the Auction | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.

FRE 602 Lack of Personal Knowledge

FRE 602 Lack of Foundation

FRE 602 Calls for Speculation

FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual | *See* Response to Objection to ¶ 2, *supra*. |

| ENGLANOFF DECLARATION | DEBTOR'S EVIDENTIARY OBJECTIONS | YOGI SECURITIES' RESPONSE TO DEBTOR'S EVIDENTIARY OBJECTIONS |
|---|---|---|
| to bid—as Concierge represented is common practice. | or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| ¶ 6: I believe that it was widely expected that a number of foreign bidders would come forward for the property. However, that did not happen. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | *See* Response to Objection to ¶ 2, *supra*. |
| ¶ 7: Given the tragic geopolitical events in Ukraine, I believe that the Auction should have been delayed because of the ripple effect in international markets that almost certainly stymied potential foreign buyers who previously expressed an interest in the Property. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation | *See* Response to Objection to ¶ 2, *supra*. |

| ENGLANOFF DECLARATION | DEBTOR'S EVIDENTIARY OBJECTIONS | YOGI SECURITIES' RESPONSE TO DEBTOR'S EVIDENTIARY OBJECTIONS |
|---|---|---|
| | FRE 602 Calls for Speculation | |
| ¶ 8: Not only did those events dissuade potential buyers, but they roiled financial markets as well, creating wild currency and market fluctuations, hardly an ideal situation for a high-end real estate sale. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | *See* Response to Objection to ¶ 2, *supra*.<br><br>This is within Mr. Englanoff's knowledge as a lay witness (FRE 701) and is within the public record (FRE 803).[4] |
| ¶ 9: In 2019, the Property was appraised at $228 million. Attached as **Exhibit A** is a true and correct copy of an appraisal report reflecting such. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion. | *See* Response to Objection to ¶ 2, *supra*. |
| ¶ 10: I understand that the Hankey loan for $82,500,000 was cross collateralized against other property and approximately $8 million is sitting in escrow from the sale of non-Debtor property subject to that cross collateralization. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion. | *See* Response to Objection to ¶ 2, *supra*. |

---

[4] *See, e.g.*, Declaration of Branden Williams attached to the Sale Motion [Docket No. 142] at ¶ 6, stating "I believe that the already limited pool of buyers with the means to purchase the Property may have been further reduced due to the conflict in Ukraine and related sanctions against Russia, which may have taken potential Russian, Ukrainian, Chinese and other international buyers out of the market."

| ENGLANOFF DECLARATION | DEBTOR'S EVIDENTIARY OBJECTIONS | YOGI SECURITIES' RESPONSE TO DEBTOR'S EVIDENTIARY OBJECTIONS |
|---|---|---|
| ¶ 11: According to some documents, it appears that there may have been an interest reserve set up and funded from time to time but, to date, I have been unable to confirm. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | *See* Response to Objection to ¶ 2, *supra*.<br><br>Mr. Englanoff also has personal knowledge based on his review of documents filed in this case and in litigation between the secured lenders—and this is within his ability to provide an opinion as a lender familiar with loan documents (FRE 701, 702). |
| ¶ 12: Prior to the commencement of the bankruptcy case, I had loaned Crestlloyd slightly more than $30 million. Yogi Securities has recently provided the Debtor with supporting information that shows that the proceeds of the loan went to the Debtor and will provide additional support as requested. | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual | *See* Response to Objection to ¶ 2, *supra*.<br><br>Mr. Englanoff has personal knowledge of the amount Yogi Securities loaned to the Debtor and he has personal knowledge of the information Yogi Securities provided to the Debtor to support Yogi Securities' claims.<br><br>The "Best Evidence" rule (FRE 1002) does not bar admission of the Englanoff Declaration because under FRE 1003 "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Debtor has not raised any genuine question about Yogi Securities' proofs of claim, which attached the relevant notes and deeds of trust, that would then make it somehow unfair to admit the Englanoff Declaration as a duplicate admission of the underlying documents.<br><br>The "Best Evidence" objection also fails because (i) to the extent documents are referenced in the Englanoff Declaration, those documents have also been provided to the Debtor as evidence in this case, *e.g.*, in Yogi Securities' proofs of claims, (ii) the Englanoff Declaration statement related to the declarant's *understanding* of the contents of the |

8

| ENGLANOFF DECLARATION | DEBTOR'S EVIDENTIARY OBJECTIONS | YOGI SECURITIES' RESPONSE TO DEBTOR'S EVIDENTIARY OBJECTIONS |
|---|---|---|
| | or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). FRE 1002 Document speaks for itself; Best Evidence Rule Pages: 113, 149-152, 183. | documents in question as well as recitation of a willingness of the declarant to provide additional support as requested, and (iii) in any event, FRE 1007 plainly provides that "[t]he proponent may prove the content of a writing . . . by the . . . deposition . . . of the party against whom the evidence is offered. The proponent need not account for the original." Nor is the declarant offering to prove the content of a writing, but rather it has been offered as evidence that supports the information contained in Yogi Securities' proofs of claims and which has been provided to the Debtor. |

## III. CONCLUSION

WHEREFORE, Yogi Securities respectfully requests that the Court overrule the Objection.

Dated:  March 17, 2022                         **MILBANK LLP**

                                                */s/  Mark Shinderman*
                                                MARK SHINDERMAN
                                                WILLIAM SCHUMACHER
                                                MOHAMMAD TEHRANI

                                                Attorneys for Yogi Securities Holdings, LLC

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **2029 Century Park E, 33rd Floor, Los Angeles, CA 90067**. A true and correct copy of the foregoing document entitled: *RESPONSE TO EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSEPH ENGLANOFF IN SUPPORT OF OBJECTION OF YOGI SECURITIES HOLDINGS, LLC TO DEBTOR'S MOTION TO APPROVE THE SALE OF THE DEBTOR'S REAL PROPERTY* will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 17, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On March 17, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   None.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 17, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   None.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 17, 2022 | William Schumacher | /s/ *William Schumacher* |
|---|---|---|
| Date | Printed Name | Signature |

# SERVICE LIST
(Via NEF)

- **Kyra E Andrassy**  kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**  tma@lnbyg.com
- **Jerrold L Bregman**  jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**  mdevoll@watttieder.com, zabrams@watttieder.com
- **Danielle R Gabai**  dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**  tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**  dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**  jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**  rbk@jmbm.com
- **Jane G Kearl**  jkearl@watttieder.com
- **Jennifer Larkin Kneeland**  jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **Noreen A Madoyan**  Noreen.Madoyan@usdoj.gov
- **Samuel A Newman**  sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**  rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**  sokubisch@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**  hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**  vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**  wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**  dseror@bg.law, ecf@bg.law
- **Zev Shechtman**  zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**  mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**  lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**  gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**  jwellington@bg.law, ecf@bg.law

2