DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:21-bk-18205-DS |
| CRESTLLOYD, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | **NOTICE OF LODGING OF (I) REVISED ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER:**<br>**(1)    APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS;**<br>**(2)    FINDING THAT THE BUYER IS A GOOD FAITH PURCHASER;**<br>**(3)    AUTHORIZING AND APPROVING THE PAYMENT OF CERTAIN CLAIMS FROM SALE PROCEEDS;**<br>**(4)    WAIVING THE FOURTEEN-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); AND**<br>**(5)    PROVIDING RELATED RELIEF;**<br>**AND (II) REDLINE AGAINST ORIGINAL ORDER** |
| | Hearing:<br>Dates and Times:    March 18, 2022, at 11:00 a.m.<br>March 21, 2022, at 11:30 a.m.<br>Place:    Courtroom 1639<br>255 E. Temple St.<br>Los Angeles, CA 90012<br>**VIA ZOOMGOV ONLY** |

On March 24, 2022, Crestlloyd, LLC, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), lodged its *Order Granting Debtor's Motion for an Order: (1) Approving The Sale Of The Debtor's Real Property Free And Clear Of All Liens, Claims, Encumbrances, And Interests, With The Exception Of Enumerated Exclusions; (2) Finding That The Buyer Is A Good Faith Purchaser; (3) Authorizing And Approving The Payment Of Certain Claims From Sale Proceeds; (4) Waiving The Fourteen-Day Stay Period Set Forth In Bankruptcy Rule 6004(H); And (5) Providing Related Relief* (the "Sale Order") [Lodged as Dkt. No. 226]

The Debtor made two revisions to the Sale Order.  The revised Sale Order (the "Revised Sale Order") is attached hereto as **Exhibit "1."**    A redline of the Revised Sale Order against the original Sale Order is attached hereto as **Exhibit "2."**

Dated: March 25, 2022            CRESTLLOYD, LLC

                                 */s/ Todd M. Arnold*
                                 DAVID B. GOLUBCHIK
                                 TODD M. ARNOLD
                                 LEVENE, NEALE, BENDER, YOO
                                     & GOLUBCHIK L.L.P.
                                 Attorneys for Debtor and Debtor in Possession

# EXHIBIT "1"

1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   TODD M. ARNOLD (State Bar No. 221868)
2  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
3  2818 La Cienega Avenue
   Los Angeles, California 90034
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: dbg@lnbyg.com; tma@lnbyg.com

6  Attorneys for Debtor and Debtor in Possession

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                        LOS ANGELES DIVISION

10

11  In re:                          Case No.: 2:21-bk-18205-DS

12  CRESTLLOYD, LLC,                Chapter 11 Case

13      Debtor and Debtor in Possession.    **ORDER GRANTING DEBTOR'S MOTION FOR AN
                                             ORDER:**
14                                           **(1)      APPROVING THE SALE OF THE DEBTOR'S
                                             REAL PROPERTY FREE AND CLEAR OF ALL
15                                           LIENS, CLAIMS,  ENCUMBRANCES, AND
                                             INTERESTS, WITH THE EXCEPTION OF
16                                           ENUMERATED EXCLUSIONS;**
                                             **(2)      FINDING THAT THE BUYER IS A GOOD
17                                           FAITH PURCHASER;**
                                             **(3)      AUTHORIZING AND APPROVING THE
18                                           PAYMENT OF CERTAIN CLAIMS FROM SALE
                                             PROCEEDS;**
19                                           **(4)      WAIVING THE FOURTEEN-DAY STAY
                                             PERIOD SET FORTH IN BANKRUPTCY RULE
20                                           6004(h); AND**
                                             **(5)      PROVIDING RELATED RELIEF**
21

22

23                                           Hearing:
                                              Dates and Times:      March 18, 2022, at 11:00 a.m.
24                                                                   March 21, 2022, at 11:30 a.m.
                                              Place:                Courtroom 1639
25                                                                  255 E. Temple St.
                                                                    Los Angeles, CA 90012
26                                                                  **VIA ZOOMGOV ONLY**

27

28

                                      1

A hearing was held on March 18, 2022, at 11:00 a.m. Pacific time and a continued hearing was held on March 21, 2022, at 11:30 a.m. Pacific time, both at the above-referenced location, for the Court to consider approval of the motion (the "Sale Motion") [Dkt. 142] filed by Crestlloyd, LLC, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), pursuant to Sections 105(a), 363(b), (f), (m) and (n) of 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"),[1] Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "FRBP"), and any applicable Local Bankruptcy Rules (the "LBR"), for the entry of an order (the "Sale Order"):

(1)    pursuant to 11 U.S.C. §§ 363(b) and (f), approving the sale of the Debtor's real property located at 944 Airole Way, Los Angeles, CA 90077 (APN 4369-026-021) (the "Property") to (a) Richard Saghian or his approved assignee (the "Buyer"), who was the winning Bidder[2] at the Auction conducted pursuant to the Bid Procedures approved by the Court, free and clear of any and all liens, claims, encumbrances, and interests, with the exception of Items A1, C, D, E, F, 1-6, 8-12, and 17 (the "Excepted Items") set forth in the preliminary title report for the Property (the "Title Report") lodged concurrently with this Sale Order as **Exhibit "1,"** with such liens, claims, encumbrances, and interests to attach to the proceeds of the sale with the same validity, extent and priority and subject to the same defenses and avoidability, if any, as before the closing of the sale of the Property to the Buyer, provided that the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items shall be paid in full upon the close of escrow, for a purchase price of $126 million (the "Purchase Price"),[3] pursuant to the California Residential Purchase Agreement and Joint Escrow Instructions and related sale documents (the "Purchase Agreement") attached to the Sale Motion as Exhibit "2,"[4] or (b) any bidder (each an "Overbidder") that makes a higher and better offer

---

[1] Unless otherwise stated all section references herein are to the Bankruptcy Code.

[2] Any capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtor's Sale Motion and *Motion To: (1) Approve Auction And Bid Procedures Regarding The Sale Of Real Property And (2) Set Scheduling For A Motion To Approve The Sale Of Real Property* (the "Bid Procedures Motion") [Dkt. 88], which was granted by an order of the Court [Dkt. 105] with the scheduling regarding the Auction, Sale Motion and closing of the sale of the Property amended by a further order of the Court [Dkt. 115] (the "Bid Procedures Orders").

[3] As discussed in the Sale Motion, prior to the payment of taxes, commissions, and escrow expenses paid out of escrow, the Debtor will receive a total of $137.97 million in consideration comprised of the Purchase Price of $126 million, plus a $11.970 million Rebate from the Auctioneer (both as defined and discussed in the Sale Motion).

[4] The Purchase Agreement attached to the Sale Motion included the form of the Supplemental Addendum approved by the Court, a fully executed copy of which was filed as Docket No. 217.

1  for the Property that is approved by the Court, with any such sale also being free and clear of any and

2  all liens, claims, encumbrances, and interests other than the Excepted Items set forth in the Title Report

3  for the Property, provided that the claims of any taxing authorities or governmental units (as defined

4  in 11 U.S.C. § 101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens

5  included in the non-Excepted Items shall be paid in full upon the close of escrow;

6          (2)     pursuant to 11 U.S.C. § 363(m) finding that the Buyer is a "good faith"

7  purchaser entitled to the protections afforded under 11 U.S.C. § 363(m);

8          (3)     authorizing the Debtor to pay from the proceeds of the sale of the Property

9  out of escrow on closing (a) the outstanding balance of the debtor in possession loan (the "DIP Loan")

10  provided by Hankey Capital, LLC ("Hankey"), which is secured by a first priority lien and which DIP

11  Loan and first priority lien were approved by a prior order of the Court, (b) Hankey's senior

12  receivership certificate loan, which was an advance of funds on a senior secured basis to the pre-petition

13  receivership estate, as evidenced by Hankey's Proof of Claim No 19 in the asserted amount of

14  $848,511, (c) Hankey's first priority pre-petition loan in the principal amount of $82.5 million, subject

15  to accounting to be received from Hankey, as described in Hankey's Proof of Claim No. 20, (d) the

16  claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)) apportioned

17  to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items,

18  (e) a commission equal to two percent (2%) of the Purchase Price to be paid to and split equally between

19  (i) The Beverly Hills Estates ("TBHE") and Compass ("Compass" and, with TBHE the "Debtor's

20  Brokers"), whose employment and respective one percent (1%) commission were previously approved

21  by the Court, and (ii) TBHE and Hilton & Hyland (the "Buyer's Brokers"), with any split between the

22  Debtor's Brokers and the Buyer's Brokers to be determined by them, and (f) any other customary

23  escrow closing fees and charges allocated to the Debtor;

24          (4)     waiving the 14-day stay period set forth in Rule 6004(h) of the FRBP to

25  enable the sale of the Property to close as quickly as possible; and

26          (5)     providing such other relief as is appropriate under the circumstances.

27        Upon consideration of (1) the Notice of the Sale Motion [Dkt. 143], (2) Sale Motion, the

28  Memorandum of Points and Authorities, declarations, and exhibits attached to, and in support of, the

Sale Motion [Dkt. 142], (3) the Notice of Sale of Estate Property pursuant to LBR 6004-2 [Dkt. 150],

(4) any and all oppositions to the Sale Motion (the "Oppositions"), including, but not limited to, those

filed by American Truck & Tool Rental [Dkt. 191], J&E Texture, Inc. [Dkt. 192], Yogi Securities

Holdings, LLC. [Dkt. 193], Nile Niami [Dkt. 196], Inferno Investment Inc. [Dkt. 198], Italian Luxury

Group, LLC and Italian Luxury Design, LLC [Dkt. 201], Yvonne Niami [Dkt. 202] (in the form of a

declaration as opposed to a formal opposition), and any Memoranda of Points and Authorities,

declarations (the "Opposition Declarations"), and exhibits attached to, and in support of, the

Oppositions, (5) the Debtor's omnibus reply to the Oppositions [Dkt. 208], (6) the Debtor's evidentiary

objections to portions of, and/or certain exhibits to, the Opposition Declarations (the "Evidentiary

Objections"), (7) the Buyer's statement in support of the Sale Motion [Dkts. 194 and 195] and reply to

the Oppositions, but only as to a good faith finding under Section 363(m) [Dkts. 205 and 206], (8) the

notice of lodging of the Buyer's signed Supplemental Addendum to the Purchase Agreement in form

required by the Court pursuant to the Bid Procedures Orders [Dkt. 217], (9) all other evidence duly

admitted by the Court in connection with consideration of the foregoing, including the live testimony

at the hearing on the Sale Motion that was not excluded by the Court pursuant to an evidentiary

objection sustained by the Court, (10) the entire record in this case, (11) the arguments, representations

and statements of counsel made at the hearing on the Sale Motion, and (12) the findings of fact and

conclusions of law set forth on the record by the Court at the hearing relating to the Sale Motion and

the matters addressed by this Sale Order, which are incorporated herein by this reference to the extent

not inconsistent with this Sale Order.

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**

A.    The findings and conclusions set forth in this Sale Order constitute the Court's

findings of fact and conclusions of law pursuant to FRBP 7052, made applicable to this proceeding

pursuant to FRBP 9014.

B.    To the extent any of the following findings of fact constitute conclusions of law,

they are adopted as such, and to the extent any of the following conclusions of law constitute findings

of fact, they are adopted as such.

4

C.    The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Property to be sold, transferred or conveyed pursuant to the Purchase Agreement, pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Debtor's chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    The statutory and other predicates for the relief sought in the Sale Motion are (1) 11 U.S.C. §§ 105 and 363, (2) FRBP 2002, 6004, 9006, 9007, and 9014, and (3) any applicable LBRs.

E.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

F.    Notwithstanding FRBP 6004(h), and to any extent necessary under FRBP 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by FRBP 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and this Sale Order shall be effective immediately upon entry.

G.    On October 26, 2021 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor is operating its estate and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108.

H.    Notice of the Sale Motion has been provided, and a reasonable opportunity to object or be heard regarding the relief requested by the Sale Motion has been afforded, to all interested persons and entities, including, without limitation: (1) the Office of the United States Trustee, (2) the Debtor, (3) all of the Debtor's known creditors, (4) all parties appearing on the Title Report (even parties to the Excepted Items where addresses are available), and (5) all parties requesting special notice (the "Notice Parties").

I.    As evidenced by the proofs of service filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion was provided in accordance with (1) Sections 102(1), 105(a) and 363(b), FRBP 2002, 6004, 9006, 9007, and 9014, the LBR, as modified by the Bid Procedures Orders, and (2) the procedural due process requirements of the United States Constitution.

J.    The Property and the Auction thereof were extensively and adequately marketed.

K.      The Debtor's notice of the Sale Motion was sufficient and reasonably calculated to provide all interested parties with timely and proper notice of (1) the proposed sale of the Property to the Buyer, (2) the deadline for objecting to the proposed sale of the Property to the Buyer, and (3) the hearing for the Court to approve the Debtor's proposed sale of the Property to the Buyer.

L.      The disclosures made by the Debtor concerning the Sale Motion, the Purchase Agreement, and the proposed sale of the Property to the Buyer were sufficient, complete and adequate.

M.      The Debtor and its professionals conducted a sale process in good faith and in accordance with the Bid Procedures Orders.

N.      There is no evidence of fraud or collusion between the Buyer and the Debtor or any of their respective professionals, nor between the Buyer and any other person or entity, in, or with respect to, the conduct of the Auction of the Property.

O.      The Debtor and its professionals did not foreclose the opportunity for Overbidders to present offers for the Property after the conclusion of the Auction on March 3, 2022, and the Debtor advised the Court and other parties in interest that any bona fide offers made after March 3, 2022 would be presented to the Court in connection with the hearing on the Sale Motion.  Despite the foregoing, and the passage of over two weeks between the conclusion of the Auction on March 3, 2022 and the final hearing on the Sale Motion on March 21, 2022, no Overbidder provided a bona fide offer (*i.e.*, an offer supported by proof of funds necessary to close the transaction and secured by a deposit in a percentage of the offer price equal to the percentage deposit paid by the Buyer and on the same terms as the Buyer other than the purchase price to be paid) to the Court or the Debtor.

P.      The offer of the Buyer, upon the terms and conditions set forth in the Purchase Agreement, including the consideration to be realized by the Debtor pursuant to the Purchase Agreement totaling $126 million, plus the $11.970 million Rebate from the Auctioneer, for  a total of $137.97 million in consideration: (1) is fair and reasonable, (2) represents optimal value for the Property under the circumstances, (3) is in the best interests of the Debtor, its bankruptcy estate and the creditors thereof, and (4) constitutes full and adequate consideration and reasonably equivalent value for the Property under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform

6

Fraudulent Conveyance Acts and any other applicable laws of the United States, any state, territory or possession, or the District of Columbia.

Q.    The Court is not making a determination at this juncture as to whether the $11.970 million Rebate from the Auctioneer is or is not subject to any liens of any alleged Secured Creditors, and any and all claims, arguments, and defenses regarding whether and to what extent the Rebate may be subject to any liens of any alleged Secured Creditors are preserved and not waived or abandoned.

R.    Approval of the Sale Motion, the Purchase Agreement, and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, its bankruptcy estate, and creditors and other parties in interest, and, based on the foregoing and the other reasons set forth herein and on the record at the hearing on the Sale Motion, there is a valid business purpose for selling the Property to the Buyer pursuant to the terms of the Purchase Agreement and the decision to do so represents a reasonable exercise of the Debtor's business judgment.

S.    The Buyer is not an "insider," as that term is defined in Section 101(31), of the Debtor.  The Buyer is buying the Property in "good faith," as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the benefits and protections of Section 363(m).  The Buyer has proceeded in good faith in all respects in connection with the Debtor's chapter 11 case in that, *inter alia*: (1)(a) the form of the Purchase Agreement, other than the Purchase Price and identity of the Buyer, which was required to be used by all Bidders, was prepared and approved by the Court before the Auction pursuant to the Bid Procedures Order and (b) the Property was sold pursuant to an Auction conducted in accordance with the Bid Procedures Orders in all material respects, such that the terms of the Purchase Agreement are the result of arms-length negotiations between the Debtor and the Buyer, (2) the Buyer in no way induced the chapter 11 filing by the Debtor, and (3) all payments to be made by the Buyer in connection with the purchase of the Property have been disclosed.

T.    The Purchase Agreement was negotiated and entered into in good faith, based upon arms-length bargaining and negotiation, and without collusion or fraud of any kind.  Neither the Debtor nor the Buyer has engaged in any conduct that would cause or permit (1) the application of, or otherwise implicate, Section 363(n) with respect to the Purchase Agreement or to the consummation of the sale transaction and transfer of the Property to the Buyer, or (2) costs or damages to be imposed under

7

1  Section 363(n).  Specifically, the Buyer has not acted in a collusive manner with any person or entity,

2  and the Purchase Price was not controlled by any agreement among other interested parties.

3        U.        Upon entry of this Sale Order, provided there is no stay pending appeal ordered,

4  the Debtor's execution of the Purchase Agreement and any other documents contemplated thereby is

5  approved, and the Debtor and the Buyer, and any cooperating brokers, escrow company, title company

6  and their respective agents and representatives, are authorized to consummate the transaction

7  contemplated by the Purchase Agreement and this Sale Order and to sign any and all documents

8  necessary to enable the Debtor and the Buyer, and any cooperating brokers, escrow company, to

9  consummate such transaction.  This Sale Order shall be effective as a determination that, on and as of

10 the Closing, all "Interests" (as defined below) of any kind or nature whatsoever (except for the Excepted

11 Items) have been unconditionally released, discharged, and terminated in, on, or against the Property.

12       V.        Subject to the terms of the Purchase Agreement, the sale and transfer of the

13 Property is a legal, valid, and effective transfer of the Property under all applicable provisions of the

14 Bankruptcy Code, including, without limitation, Sections 105(a) and 363, and all applicable

15 requirements of such Sections have been complied with in respect thereof.

16       W.        On the close of the sale of the Property to the Buyer pursuant to the Purchase

17 Agreement (the "Closing Date"), with the exception of the Excepted Items, the Property shall be sold

18 to the Buyer free and clear of any and all "Interests" (as defined below), with such Interests to attach

19 to the proceeds from and of the sale of the Property and the Rebate from the Auctioneer (the "Sale

20 Proceeds") with the same validity, extent and priority and subject to the same defenses and avoidability,

21 if any, as before the closing of the sale of the Property to the Buyer.  Without limiting the foregoing in

22 any way, the sale of the Property to the Buyer shall be free and clear of Interests, including, without

23 limitation, the Interests listed below in this paragraph W, with such Interests to attach to the Sale

24 Proceeds[5] with the same extent, validity, and priority and subject to the same defenses and avoidability,

25 if any, as before the closing of the sale of the Property to the Buyer:

26

27 _____

28 [5] Pursuant to paragraph 10, *infra*, the Interests described as exceptions A, B, 26 and 33 in the Title Report and the Interest
described as "Receiver's Certificate #2 (Hankey Capital/Theodore Lanes)" will be paid with the Sale Proceeds at the time
of Closing. These Interests are marked with an asterisk ("*") in the chart, *infra*.

| Exception on Title Report | Item | Recording Date | Instrument No. (LA County Official Records) |
|---|---|---|---|
| 7 | Deed of Trust in favor of Inferno Investment Inc. as assignee | March 13, 2013 | #2013-384037 (DT) |
| | | November 10, 2015 | #2015-1375607 (ASDT) |
| | | November 10, 2015 | #2015-1375608 (MOD) |
| | | November 6, 2018 | #2018-1122920 (SUBN) |
| 13 | Deed of Trust in favor of Hankey Capital, LLC | November 6, 2018 | #2018-1122917 (DT) |
| | | August 31, 2020 | #2020-1030024 (MOD) |
| | | March 5, 2021 | #2021-367447 (NOD) |
| | | June 14, 2021 | #2021-934061 (NTS) |
| 14 | Memorandum of Agreement (Profit Participation Agreement) in favor of Hankey Capital, LLC | November 6, 2018 | #2018-1122919 (MOA) |
| | | August 31, 2020 | #2020-1030294 (MOA) |
| 15 | Deed of Trust in favor of YOGI Securities Holdings, LLC | November 7, 2018 | #2018-1126580 (DT) |
| 16 | Deed of Trust in favor of YOGI Securities Holdings, LLC | September 23, 2019 | #2019-0989746 (DT) #2021-0765458 |
| 18 | Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records. | NA | NA |
| 19 | Matters which may be disclosed by an inspection and/or by a correct ALTA/NSPS Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof. | NA | NA |
| 20 | Mechanic's lien by American Truck & Tool Rentals Inc. | June 29, 2020 | #2020-709010 (ML) |
| | | May 5, 2021 | #2021-717597 (LP) |
| 21 | Mechanic's lien by J&E Texture, Inc. | June 30, 2020 | #2020-712043 (ML) |

| Exception on Title Report | Item | Recording Date | Instrument No. (LA County Official Records) |
|---|---|---|---|
| | | December 14, 2020 | #2020-1647158 (LP) |
| | | May 5, 2021 | #2021-717597 (LP) |
| 22 | Deed of Trust in favor of Hilldun Corporation | September 4, 2020 | #2020-1058770 (DT) |
| 23 | Mechanic's lien by JMS Air Conditioning and Appliance Services, Inc. | May 6, 2021 | #2021-722265 (ML) |
| 24 | Mechanic's lien by Calgrove Rentals, Inc. | June 1, 2021 | #2021-868958 (ML) |
| 25 | Mechanic's lien by BMC West LLC | July 16, 2021 | #2021-1102584 (ML) |
| 26* | Receiver's Certificate #1 (Hankey Capital/Theodore Lanes) | July 23, 2021 | #2021-1136088 (CTF) |
| 27 | Notice of Pending Lien/Inspection Fees by the City of Los Angeles (reference Invoice No. 7939248) | January 31, 2020 | #2020-124042 (LNN) |
| 28 | Mechanic's lien by Parquet By Dian | September 8, 2021 | #2021-1373746 (ML) |
| 29 | Mechanic's lien by Powertek Electric, Inc. | September 23, 2021 | #2021-1455960 (ML) |
| 30 | Mechanic's lien by Kennco Plumbing, Inc. | October 5, 2021 | #2021-1508207 (ML) |
| | | October 21, 2021 | #2021-1585116 (LP) |
| 31 | Chapter 11 Petition | November 8, 2021 | #2021-1666304 (BK PET) |
| 32 | Any Lien Or Right To A Lien For Services, Labor Or Material Not Shown By The Public Records. | NA | NA |
| 33* | (DIP Loan) Deed of Trust in favor of Hankey Capital, LLC | January 26, 2022 | #2022-103108 (DT) |
| NA* | Receiver's Certificate #2 (Hankey Capital/Theodore Lanes) | NA | NA |
| A* | Property taxes owed for fiscal year 2021-2022 | NA | NA |
| B* | Property taxes owed for fiscal year 2020 | NA | NA |

10

X.    As used in this Sale Order, the term "Interests" includes all of the following, in each case to the extent against or with respect to the Debtor or in, on, or against or with respect to the Property: liens (as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this Chapter 11 Case, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (i) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of offset or recoupment, rights of use or possession, subleases, leases, condition sale arrangements, or any similar rights, (ii) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtor or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of this Chapter 11 Case, and whether imposed by agreement, understanding, law, equity or otherwise; (iii) all debts, liabilities, obligations, contractual rights and claims; (iv) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents or any similar rights.  Notwithstanding anything to the contrary in this paragraph, the term "Interest" shall not include the Excepted Items.

11

Y.      The Debtor is the sole and lawful owner of the Property.  The transfer of the Property to the Buyer pursuant to the Purchase Agreement and this Sale Order is a legal, valid, and effective transfer of the Property and shall vest the Buyer with all rights, title and interest of the Debtor to the Property free and clear of any and all Interests.  Except as specifically provided in the Purchase Agreement and this Sale Order, the Buyer shall not assume or become liable for any Interests relating to the Property. This Sale Order shall be effective as a determination that, on and as of the Closing, all Interests of any kind or nature whatsoever (except for the Excepted Items) have been unconditionally released, discharged, and terminated in, on, or against the Property.

Z.      The sale of the Property is hereby approved free and clear of any liens, claims, and Interests of any kind, regardless of whether they are explicitly referenced in this Sale Order. With respect to each creditor asserting an Interest, one or more of the requirements set forth in Sections 363(f) has been satisfied, as follows (1) as to Hankey, because it consented to the sale of the Property pursuant to the Sale Motion and therefore the requirements of Section 363(f)(2) are satisfied as to Hankey; and (2) as to all other alleged Secured Creditors, because (a) Hankey has a senior lien on the Property pursuant to its DIP Loan and the interim and final orders of this Court approving the DIP Loan and (b) there is a mechanism under California state law – namely a foreclosure sale of the Property – whereby Hankey could foreclose on the Property and sell it free and clear of the junior liens of the other alleged Secured Creditors and, therefore, compel them to accept money satisfaction of their liens. All holders of Interests are adequately protected by having their Interests, if any, satisfied from the Sale Proceeds as requested in the Sale Motion and allowed pursuant to this Sale Order, or attach to the Sale Proceeds with the same extent, validity, and priority and subject to the same defenses and avoidability, if any, as before the Closing Date.

AA.     The Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and creditors and parties in interest, if either: (1) the sale of the Property to the Buyer was not free and clear of all Interests or (2) the Buyer would, or in the future could, be liable for any such Interests or any claims against the Debtor based upon successor or vicarious liability or otherwise.  The Buyer shall not

12

be responsible for any Interests or any such claims against the Debtor and Buyer based upon successor or vicarious liability or otherwise.

BB.    The Buyer is acting in good faith, pursuant to Section 363(m), in closing the transactions contemplated by the Purchase Agreement at any time on or after the entry of this Sale Order and cause has been shown as to why this Sale Order should not be subject to the stay provided by FRBP 6004(h).

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.    The Sale Motion is **GRANTED**.

2.    All Evidentiary Objections are hereby OVERRULED.

3.    All objections, responses, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Sale Order and as set forth in the record of the Court at the hearing on the Sale Motion.  To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, mooted, or settled, it, and all reservations of rights contained therein, is OVERRULED and DENIED.

4.    Provided there is no stay pending appeal of this Sale Order, upon the entry of this Sale Order, pursuant to Sections 363(b), (f), and (m), (a) the sale of the Property free and clear of any and all Interests to the Buyer for the Purchase Price of $126 million pursuant to the Purchase Agreement is hereby approved, and (b) the Debtor and the Buyer, and any escrow and title companies, are authorized to take any and all actions reasonably necessary to consummate the sale of the Property pursuant to the Purchase Agreement and this Sale Order.  Lawrence Perkins, on behalf of the Manager of the Debtor, is hereby authorized to execute any and all documents on behalf of the Debtor to effectuate the transactions contemplated by this Sale Order.

5.    Upon the closing of the sale transaction pursuant to the Purchase Agreement, escrow shall transfer the net Purchase Price to the Debtor pursuant to instructions from the Debtor.

6.    Upon the closing of the sale transaction pursuant to the Purchase Agreement, escrow or Concierge, however the case may be, shall transfer the $11.970 million Rebate from the Auctioneer to the Debtor pursuant to instructions from the Debtor.

7.      The Buyer is hereby deemed to be a "good faith" purchaser entitled to the benefits and protections afforded under Section 363(m).

8.      The 14-day stay period set forth in FRBP 6004(h) is hereby waived to enable the sale of the Property to close as quickly as possible.

9.      A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the county recorder to cancel any encumbrances of record, other than the Excepted Items.

10.     On the Closing Date, the Debtor and the escrow company are authorized and directed to pay from the Sale Proceeds, (a) the outstanding balance of the DIP Loan in the principal amount of $12 million, plus all accrued interest, fees and costs, provided by Hankey, which is secured by a first priority lien and which DIP Loan and first priority lien were approved by prior orders of the Court (payoff amount = $12,065,166.67, as of March 23, 2022, with per diem interest of $2,833.33 thereafter), (b) Hankey's senior receivership certificate loans in the principal amount of $827,745, plus all accrued interest, fees and costs, which were advances of funds on a senior secured basis to the pre-petition receivership estate, as evidenced by Hankey's Proof of Claim No 19 (payoff amount = $882,540.56, as of March 23, 2022, with per diem interest of $229.93 thereafter), (c) the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items (payoff amount = approximately $2,649,078.30), (d) a commission equal to two percent (2%) of the Purchase Price to be paid to and split equally between (i) the Debtor's Brokers (The Beverly Hills Estates and Compass), whose employment and one percent (1%) commission were previously approved by the Court's Employment Order, and (ii) the Buyer's Brokers (The Beverly Hills Estates and Hilton & Hyland), whose one percent (1%) commission was previously approved by the Court's Employment Order, with any split between the Debtor's Brokers and the Buyer's Brokers to be determined by them (payoff amount = $2,520,000), and (e) any other customary escrow closing fees and charges allocated to the Debtor, including, but not limited to, Sub-Escrow Fee, Wire Fee, Owner's Title Policy, Settlement or Closing Fee to Escrow, and Notary Services (payoff amount = approximately $318,052.50).

11.     The Buyer has not assumed and/or is otherwise not obligated for any of the Debtor's liabilities.  Consequently, upon entry of this Sale Order, all persons, governmental units (as defined in Sections 101(27) and 101(41)), and all holders of Interests based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Buyer or the Property, including asserting any setoff, right of subrogation or recoupment of any kind, or to recover any Interests or enforce any claims or causes of action or on account of any liabilities of the Debtor.

12.     Subject to the Excepted Items and except to the extent needed to enforce the terms of the Purchase Agreement, pursuant to Sections 105 and 363, all persons and entities, including, but not limited to, the Debtor and any holders of Interests, shall be forever barred, prohibited, estopped and permanently enjoined from (a) after the Closing Date, asserting, prosecuting or otherwise pursuing such Interests, whether by payment, setoff, or otherwise, directly or indirectly, against the Buyer, his affiliates, successors or assigns, and his current affiliates, officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents, and representatives, or the Property, and (b) taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Property to the Buyer pursuant to the terms of this Sale Order. For the avoidance of doubt, nothing herein will impair the rights of parties in interest to appeal and/or seek a stay pending appeal.

13.     Subject to the terms of the Purchase Agreement, the Purchase Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and the Buyer, without further action or order of the Court, provided, however, that any such waiver, modification, amendment, or supplement materially and substantially conforms to, and effectuates, the Purchase Agreement and any related agreements.

14.     The failure specifically to include any particular provision of the Purchase Agreement or any related agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor and the Buyer that the Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order prior to the Closing Date.

15.     This Sale Order and the Purchase Agreement shall be binding upon and govern the acts of all persons and entities, including, without limitation, the Debtor's bankruptcy estate, the Debtor and its successors and assigns, including, without limitation, any chapter 11 trustee or examiner hereinafter appointed for the Debtor's bankruptcy estate or any chapter 7 trustee appointed if the case is converted from chapter 11, all creditors of the Debtor (whether known or unknown), the Buyer and his successors and assigns, the Property, filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required to report or insure any title in or to the Property or who may be required by operation of law, the duties of its office or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that the Buyer is the owner of the Property free and clear of all Interests, except as otherwise provided in the Purchase Agreement and this Sale Order, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

16.     The provisions of this Sale Order are non-severable and mutually dependent.

17.     Notwithstanding FRBP 6004 and 7062, this Sale Order shall be effective and enforceable immediately upon entry, and the Sale Motion or notice thereof shall be deemed to provide sufficient notice of the Debtor's request for waiver of the otherwise applicable stay of this Sale Order. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Buyer, and any cooperating brokers, escrow company, and title company, are free to close under the Purchase Agreement at any time, subject to the terms of this Sale Order and the Purchase Agreement.

18.     To the extent that there is any conflict between this Sale Order and the Purchase Agreement, this Sale Order shall control.

19.     The Court shall retain exclusive jurisdiction to interpret, implement and enforce the terms and provisions of this Sale Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or that have been assigned by the Debtor to the Buyer in all respects, and to decide any disputes concerning this Sale Order and the Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Purchase Agreement and this Sale Order,

16

including, but not limited to, retaining jurisdiction to (a) interpret, implement and enforce the terms, conditions and provisions of the Bid Procedures Order, this Sale Order and the Court-approved Purchase Agreement, (b) determine the status, nature and extent of the Property; and (c) protect the Buyer against any Interests against the Debtor or the Property of any kind or nature whatsoever attaching to the proceeds of the sale.  Any proceeding commenced pursuant to this paragraph may be commenced as a contested matter.

**IT IS SO ORDERED.**

# # #

# EXHIBIT "2"

1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   TODD M. ARNOLD (State Bar No. 221868)
2  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
3  2818 La Cienega Avenue
   Los Angeles, California 90034
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: dbg@lnbyg.com; tma@lnbyg.com

6  Attorneys for Debtor and Debtor in Possession

7              UNITED STATES BANKRUPTCY COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9                LOS ANGELES DIVISION

| In re:                               | Case No.: 2:21-bk-18205-DS |
|--------------------------------------|----------------------------|
| CRESTLLOYD, LLC,                     | Chapter 11 Case            |
| Debtor and Debtor in Possession.     | **ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER:** |

**(1)    APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS,  ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS;**
**(2)    FINDING THAT THE BUYER IS A GOOD FAITH PURCHASER;**
**(3)    AUTHORIZING AND APPROVING THE PAYMENT OF CERTAIN CLAIMS FROM SALE PROCEEDS;**
**(4)    WAIVING THE FOURTEEN-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); AND**
**(5)    PROVIDING RELATED RELIEF**

Hearing:
 Dates and Times:        March 18, 2022, at 11:00 a.m.
                         March 21, 2022, at 11:30 a.m.
 Place:                  Courtroom 1639
                         255 E. Temple St.
                         Los Angeles, CA 90012
                         **VIA ZOOMGOV ONLY**

Field Code Changed

1

1    A hearing was held on March 18, 2022, at 11:00 a.m. Pacific time and a continued hearing

2    was held on March 21, 2022, at 11:30 a.m. Pacific time, both at the above-referenced location, for the

3    Court to consider approval of the motion (the "<u>Sale Motion</u>") [Dkt. 142] filed by Crestlloyd, LLC, the

4    Chapter 11 debtor and debtor in possession herein (the "<u>Debtor</u>"), pursuant to Sections 105(a), 363(b),

5    (f), (m) and (n) of 11 U.S.C. §101 *et seq.* (the "<u>Bankruptcy Code</u>"),[1] Rules 2002 and 6004 of the Federal

6    Rules of Bankruptcy Procedure (the "<u>FRBP</u>"), and any applicable Local Bankruptcy Rules (the

7    "<u>LBR</u>"), for the entry of an order (the "<u>Sale Order</u>"):

8        (1)    pursuant to 11 U.S.C. §§ 363(b) and (f), approving the sale of the Debtor's

9    real property located at 944 Airole Way, Los Angeles, CA 90077 (APN 4369-026-021) (the "<u>Property</u>")

10    to (a) Richard Saghian or his approved assignee (the "<u>Buyer</u>"), who was the winning Bidder[2] at the

11    Auction conducted pursuant to the Bid Procedures approved by the Court, free and clear of any and all

12    liens, claims, encumbrances, and interests, with the exception of Items A1, C, D, E, F, 1-6, 8-12, and

13    17 (the "<u>Excepted Items</u>") set forth in the preliminary title report for the Property (the "<u>Title Report</u>")

14    lodged concurrently with this Sale Order as **Exhibit "1,"** with such liens, claims, encumbrances, and

15    interests to attach to the proceeds of the sale with the same validity, extent and priority and subject to

16    the same defenses and avoidability, if any, as before the closing of the sale of the Property to the Buyer,

17    provided that the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. §

18    101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens included in

19    the non-Excepted Items shall be paid in full upon the close of escrow, for a purchase price of $126

20    million (the "<u>Purchase Price</u>"),[3] pursuant to the California Residential Purchase Agreement and Joint

21    Escrow Instructions and related sale documents (the "<u>Purchase Agreement</u>") attached to the Sale

22    Motion as Exhibit "2,"[4] or (b) any bidder (each an "<u>Overbidder</u>") that makes a higher and better offer

---

23    [1] Unless otherwise stated all section references herein are to the Bankruptcy Code.

24    [2] Any capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtor's Sale Motion
and *Motion To: (1) Approve Auction And Bid Procedures Regarding The Sale Of Real Property And (2) Set Scheduling For*

25    *A Motion To Approve The Sale Of Real Property* (the "<u>Bid Procedures Motion</u>") [Dkt. 88], which was granted by an order
of the Court [Dkt. 105] with the scheduling regarding the Auction, Sale Motion and closing of the sale of the Property

26    amended by a further order of the Court [Dkt. 115] (the "<u>Bid Procedures Orders</u>").

    [3] As discussed in the Sale Motion, prior to the payment of taxes, commissions, and escrow expenses paid out of escrow, the

27    Debtor will receive a total of $137.97 million in consideration comprised of the Purchase Price of $126 million, plus a
$11.970 million Rebate from the Auctioneer (both as defined and discussed in the Sale Motion).

28    [4] The Purchase Agreement attached to the Sale Motion included the form of the Supplemental Addendum approved by the
Court, a fully executed copy of which was filed as Docket No. 217.

Field Code Changed
[Proposed] Order

for the Property that is approved by the Court, with any such sale also being free and clear of any and all liens, claims, encumbrances, and interests other than the Excepted Items set forth in the Title Report for the Property, provided that the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items shall be paid in full upon the close of escrow;

(2)    pursuant to 11 U.S.C. § 363(m) finding that the Buyer is a "good faith" purchaser entitled to the protections afforded under 11 U.S.C. § 363(m);

(3)    authorizing the Debtor to pay from the proceeds of the sale of the Property out of escrow on closing (a) the outstanding balance of the debtor in possession loan (the "DIP Loan") provided by Hankey Capital, LLC ("Hankey"), which is secured by a first priority lien and which DIP Loan and first priority lien were approved by a prior order of the Court, (b) Hankey's senior receivership certificate loan, which was an advance of funds on a senior secured basis to the pre-petition receivership estate, as evidenced by Hankey's Proof of Claim No 19 in the asserted amount of $848,511, (c) Hankey's first priority pre-petition loan in the principal amount of $82.5 million, subject to accounting to be received from Hankey, as described in Hankey's Proof of Claim No. 20, (d) the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items, (e) a commission equal to two percent (2%) of the Purchase Price to be paid to and split equally between (i) The Beverly Hills Estates ("TBHE") and Compass ("Compass" and, with TBHE the "Debtor's Brokers"), whose employment and respective one percent (1%) commission were previously approved by the Court, and (ii) TBHE and Hilton & Hyland (the "Buyer's Brokers"), with any split between the Debtor's Brokers and the Buyer's Brokers to be determined by them, and (f) any other customary escrow closing fees and charges allocated to the Debtor;

(4)    waiving the 14-day stay period set forth in Rule 6004(h) of the FRBP to enable the sale of the Property to close as quickly as possible; and

(5)    providing such other relief as is appropriate under the circumstances.

Upon consideration of (1) the Notice of the Sale Motion [Dkt. 143], (2) Sale Motion, the Memorandum of Points and Authorities, declarations, and exhibits attached to, and in support of, the

3

Field Code Changed

[Proposed] Order

1  Sale Motion [Dkt. 142], (3) the Notice of Sale of Estate Property pursuant to LBR 6004-2 [Dkt. 150],

2  (4) any and all oppositions to the Sale Motion (the "Oppositions"), including, but not limited to, those

3  filed by American Truck & Tool Rental [Dkt. 191], J&E Texture, Inc. [Dkt. 192], Yogi Securities

4  Holdings, LLC. [Dkt. 193], Nile Niami [Dkt. 196], Inferno Investment Inc. [Dkt. 198], Italian Luxury

5  Group, LLC and Italian Luxury Design, LLC [Dkt. 201], Yvonne Niami [Dkt. 202] (in the form of a

6  declaration as opposed to a formal opposition), and any Memoranda of Points and Authorities,

7  declarations (the "Opposition Declarations"), and exhibits attached to, and in support of, the

8  Oppositions, (5) the Debtor's omnibus reply to the Oppositions [Dkt. 208], (6) the Debtor's evidentiary

9  objections to portions of, and/or certain exhibits to, the Opposition Declarations (the "Evidentiary

10 Objections"), (7) the Buyer's statement in support of the Sale Motion [Dkts. 194 and 195] and reply to

11 the Oppositions, but only as to a good faith finding under Section 363(m) [Dkts. 205 and 206], (8) the

12 notice of lodging of the Buyer's signed Supplemental Addendum to the Purchase Agreement in form

13 required by the Court pursuant to the Bid Procedures Orders [Dkt. 217], (9) all other evidence duly

14 admitted by the Court in connection with consideration of the foregoing, including the live testimony

15 at the hearing on the Sale Motion that was not excluded by the Court pursuant to an evidentiary

16 objection sustained by the Court, (10) the entire record in this case, (11) the arguments, representations

17 and statements of counsel made at the hearing on the Sale Motion, and (12) the findings of fact and

18 conclusions of law set forth on the record by the Court at the hearing relating to the Sale Motion and

19 the matters addressed by this Sale Order, which are incorporated herein by this reference to the extent

20 not inconsistent with this Sale Order.

21      **IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**

22      A.      The findings and conclusions set forth in this Sale Order constitute the Court's

23 findings of fact and conclusions of law pursuant to FRBP 7052, made applicable to this proceeding

24 pursuant to FRBP 9014.

25      B.      To the extent any of the following findings of fact constitute conclusions of law,

26 they are adopted as such, and to the extent any of the following conclusions of law constitute findings

27 of fact, they are adopted as such.

28

Field Code Changed

[Proposed] Order

C.    The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Property to be sold, transferred or conveyed pursuant to the Purchase Agreement, pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    The statutory and other predicates for the relief sought in the Sale Motion are (1) 11 U.S.C. §§ 105 and 363, (2) FRBP 2002, 6004, 9006, 9007, and 9014, and (3) any applicable LBRs.

E.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

F.    Notwithstanding FRBP 6004(h), and to any extent necessary under FRBP 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by FRBP 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and this Sale Order shall be effective immediately upon entry.

G.    On October 26, 2021 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor is operating its estate and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108.

H.    Notice of the Sale Motion has been provided, and a reasonable opportunity to object or be heard regarding the relief requested by the Sale Motion has been afforded, to all interested persons and entities, including, without limitation: (1) the Office of the United States Trustee, (2) the Debtor, (3) all of the Debtor's known creditors, (4) all parties appearing on the Title Report (even parties to the Excepted Items where addresses are available), and (5) all parties requesting special notice (the "Notice Parties").

I.    As evidenced by the proofs of service filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion was provided in accordance with (1) Sections 102(1), 105(a) and 363(b), FRBP 2002, 6004, 9006, 9007, and 9014, the LBR, as modified by the Bid Procedures Orders, and (2) the procedural due process requirements of the United States Constitution.

J.    The Property and the Auction thereof were extensively and adequately marketed.

5

Field Code Changed

[Proposed] Order

K.      The Debtor's notice of the Sale Motion was sufficient and reasonably calculated to provide all interested parties with timely and proper notice of (1) the proposed sale of the Property to the Buyer, (2) the deadline for objecting to the proposed sale of the Property to the Buyer, and (3) the hearing for the Court to approve the Debtor's proposed sale of the Property to the Buyer.

L.      The disclosures made by the Debtor concerning the Sale Motion, the Purchase Agreement, and the proposed sale of the Property to the Buyer were sufficient, complete and adequate.

M.      The Debtor and its professionals conducted a sale process in good faith and in accordance with the Bid Procedures Orders.

N.      There is no evidence of fraud or collusion between the Buyer and the Debtor or any of their respective professionals, nor between the Buyer and any other person or entity, in, or with respect to, the conduct of the Auction of the Property.

O.      The Debtor and its professionals did not foreclose the opportunity for Overbidders to present offers for the Property after the conclusion of the Auction on March 3, 2022, and the Debtor advised the Court and other parties in interest that any bona fide offers made after March 3, 2022 would be presented to the Court in connection with the hearing on the Sale Motion.  Despite the foregoing, and the passage of over two weeks between the conclusion of the Auction on March 3, 2022 and the final hearing on the Sale Motion on March 21, 2022, no Overbidder provided a bona fide offer (*i.e.*, an offer supported by proof of funds necessary to close the transaction and secured by a deposit in a percentage of the offer price equal to the percentage deposit paid by the Buyer and on the same terms as the Buyer other than the purchase price to be paid) to the Court or the Debtor.

P.      The offer of the Buyer, upon the terms and conditions set forth in the Purchase Agreement, including the consideration to be realized by the Debtor pursuant to the Purchase Agreement totaling $126 million, plus the $11.970 million Rebate from the Auctioneer, for  a total of $137.97 million in consideration: (1) is fair and reasonable, (2) represents optimal value for the Property under the circumstances, (3) is in the best interests of the Debtor, its bankruptcy estate and the creditors thereof, and (4) constitutes full and adequate consideration and reasonably equivalent value for the Property under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform

Field Code Changed

1  Fraudulent Conveyance Acts and any other applicable laws of the United States, any state, territory or

2  possession, or the District of Columbia.

3       Q.    The Court is not making a determination at this juncture as to whether the $11.970

4  million Rebate from the Auctioneer is or is not subject to any liens of any alleged Secured Creditors,

5  and any and all claims, arguments, and defenses regarding whether and to what extent the Rebate may

6  be subject to any liens of any alleged Secured Creditors are preserved and not waived or abandoned.

7       R.    Approval of the Sale Motion, the Purchase Agreement, and the consummation of

8  the transactions contemplated thereby are in the best interests of the Debtor, its bankruptcy estate, and

9  creditors and other parties in interest, and, based on the foregoing and the other reasons set forth herein

10  and on the record at the hearing on the Sale Motion, there is a valid business purpose for selling the

11  Property to the Buyer pursuant to the terms of the Purchase Agreement and the decision to do so

12  represents a reasonable exercise of the Debtor's business judgment.

13       S.    The Buyer is not an "insider," as that term is defined in Section 101(31), of the

14  Debtor.  The Buyer is buying the Property in "good faith," as that term is used in the Bankruptcy Code

15  and the decisions thereunder, and is entitled to the benefits and protections of Section 363(m).  The

16  Buyer has proceeded in good faith in all respects in connection with the Debtor's chapter 11 case in

17  that, *inter alia*: (1)(a) the form of the Purchase Agreement, other than the Purchase Price and identity

18  of the Buyer, which was required to be used by all Bidders, was prepared and approved by the Court

19  before the Auction pursuant to the Bid Procedures Order and (b) the Property was sold pursuant to an

20  Auction conducted in accordance with the Bid Procedures Orders in all material respects, such that the

21  terms of the Purchase Agreement are the result of arms-length negotiations between the Debtor and the

22  Buyer, (2) the Buyer in no way induced the chapter 11 filing by the Debtor, and (3) all payments to be

23  made by the Buyer in connection with the purchase of the Property have been disclosed.

24       T.    The Purchase Agreement was negotiated and entered into in good faith, based upon

25  arms-length bargaining and negotiation, and without collusion or fraud of any kind.  Neither the Debtor

26  nor the Buyer has engaged in any conduct that would cause or permit (1) the application of, or otherwise

27  implicate, Section 363(n) with respect to the Purchase Agreement or to the consummation of the sale

28  transaction and transfer of the Property to the Buyer, or (2) costs or damages to be imposed under

7

Field Code Changed

[Proposed] Order

1    Section 363(n).  Specifically, the Buyer has not acted in a collusive manner with any person or entity,

2    and the Purchase Price was not controlled by any agreement among other interested parties.

3          U.    Upon entry of this Sale Order, provided there is no stay pending appeal ordered,

4    the Debtor's execution of the Purchase Agreement and any other documents contemplated thereby is

5    approved, and the Debtor and the Buyer, and any cooperating brokers, escrow company, title company

6    and their respective agents and representatives, are authorized to consummate the transaction

7    contemplated by the Purchase Agreement and this Sale Order and to sign any and all documents

8    necessary to enable the Debtor and the Buyer, and any cooperating brokers, escrow company, to

9    consummate such transaction.  This Sale Order shall be effective as a determination that, on and as of

10   the Closing, all "Interests" (as defined below) of any kind or nature whatsoever (except for the Excepted

11   Items) have been unconditionally released, discharged, and terminated in, on, or against the Property.

12         V.    Subject to the terms of the Purchase Agreement, the sale and transfer of the

13   Property is a legal, valid, and effective transfer of the Property under all applicable provisions of the

14   Bankruptcy Code, including, without limitation, Sections 105(a) and 363, and all applicable

15   requirements of such Sections have been complied with in respect thereof.

16         W.    On the close of the sale of the Property to the Buyer pursuant to the Purchase

17   Agreement (the "Closing Date"), with the exception of the Excepted Items, the Property shall be sold

18   to the Buyer free and clear of any and all "Interests" (as defined below), with such Interests to attach

19   to the proceeds from and of the sale of the Property and the Rebate from the Auctioneer (the "Sale

20   Proceeds") with the same validity, extent and priority and subject to the same defenses and avoidability,

21   if any, as before the closing of the sale of the Property to the Buyer.  Without limiting the foregoing in

22   any way, the sale of the Property to the Buyer shall be free and clear of Interests, including, without

23   limitation, the Interests listed below in this paragraph W, with such Interests to attach to the Sale

24   Proceeds[5] with the same extent, validity, and priority and subject to the same defenses and avoidability,

25   if any, as before the closing of the sale of the Property to the Buyer:

26

27   _____

28   [5] Pursuant to paragraph 10, *infra*, the Interests described as exceptions A, B, 26 and 33 in the Title Report and the Interest
     described as "Receiver's Certificate #2 (Hankey Capital/Theodore Lanes)" will be paid with the Sale Proceeds at the time
     of Closing. These Interests are marked with an asterisk ("*") in the chart, *infra*.

Field Code Changed

[Proposed] Order

| Exception on Title Report | Item | Recording Date | Instrument No. (LA County Official Records) |
|---|---|---|---|
| 7 | Deed of Trust in favor of Inferno Investment Inc. as assignee | March 13, 2013 | #2013-384037 (DT) |
| | | November 10, 2015 | #2015-1375607 (ASDT) |
| | | November 10, 2015 | #2015-1375608 (MOD) |
| | | November 6, 2018 | #2018-1122920 (SUBN) |
| 13 | Deed of Trust in favor of Hankey Capital, LLC | November 6, 2018 | #2018-1122917 (DT) |
| | | August 31, 2020 | #2020-1030024 (MOD) |
| | | March 5, 2021 | #2021-367447 (NOD) |
| | | June 14, 2021 | #2021-934061 (NTS) |
| 14 | Memorandum of Agreement (Profit Participation Agreement) in favor of Hankey Capital, LLC | November 6, 2018 | #2018-1122919 (MOA) |
| | | August 31, 2020 | #2020-1030294 (MOA) |
| 15 | Deed of Trust in favor of YOGI Securities Holdings, LLC | November 7, 2018 | #2018-1126580 (DT) |
| 16 | Deed of Trust in favor of YOGI Securities Holdings, LLC | September 23, 2019 | #2019-0989746 (DT) #2021-0765458 |
| 18 | Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records. | NA | NA |
| 19 | Matters which may be disclosed by an inspection and/or by a correct ALTA/NSPS Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof. | NA | NA |
| 20 | Mechanic's lien by American Truck & Tool Rentals Inc. | June 29, 2020 | #2020-709010 (ML) |
| | | May 5, 2021 | #2021-717597 (LP) |
| 21 | Mechanic's lien by J&E Texture, Inc. | June 30, 2020 | #2020-712043 (ML) |

9

Field Code Changed

[Proposed] Order

| Exception on Title Report | Item | Recording Date | Instrument No. (LA County Official Records) |
|---|---|---|---|
| | | December 14, 2020 | #2020-1647158 (LP) |
| | | May 5, 2021 | #2021-717597 (LP) |
| 22 | Deed of Trust in favor of Hilldun Corporation | September 4, 2020 | #2020-1058770 (DT) |
| 23 | Mechanic's lien by JMS Air Conditioning and Appliance Services, Inc. | May 6, 2021 | #2021-722265 (ML) |
| 24 | Mechanic's lien by Calgrove Rentals, Inc. | June 1, 2021 | #2021-868958 (ML) |
| 25 | Mechanic's lien by BMC West LLC | July 16, 2021 | #2021-1102584 (ML) |
| 26* | Receiver's Certificate #1 (Hankey Capital/Theodore Lanes) | July 23, 2021 | #2021-1136088 (CTF) |
| 27 | Notice of Pending Lien/Inspection Fees by the City of Los Angeles (reference Invoice No. 7939248) | January 31, 2020 | #2020-124042 (LNN) |
| 28 | Mechanic's lien by Parquet By Dian | September 8, 2021 | #2021-1373746 (ML) |
| 29 | Mechanic's lien by Powertek Electric, Inc. | September 23, 2021 | #2021-1455960 (ML) |
| 30 | Mechanic's lien by Kennco Plumbing, Inc. | October 5, 2021 | #2021-1508207 (ML) |
| | | October 21, 2021 | #2021-1585116 (LP) |
| 31 | Chapter 11 Petition | November 8, 2021 | #2021-1666304 (BK PET) |
| 32 | Any Lien Or Right To A Lien For Services, Labor Or Material Not Shown By The Public Records. | NA | NA |
| 33* | (DIP Loan) Deed of Trust in favor of Hankey Capital, LLC | January 26, 2022 | #2022-103108 (DT) |
| NA* | Receiver's Certificate #2 (Hankey Capital/Theodore Lanes) | NA | NA |
| A* | Property taxes owed for fiscal year 2021-2022 | NA | NA |
| B* | Property taxes owed for fiscal year 2020 | NA | NA |

10

Field Code Changed

[Proposed] Order

X.      As used in this Sale Order, the term "Interests" includes all of the following, in each case to the extent against or with respect to the Debtor or in, on, or against or with respect to the Property: liens (as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this Chapter 11 Case, and whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to, (i) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of offset or recoupment, rights of use or possession, subleases, leases, condition sale arrangements, or any similar rights, (ii) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtor or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of this Chapter 11 Case, and whether imposed by agreement, understanding, law, equity or otherwise; (iii) all debts, liabilities, obligations, contractual rights and claims; (iv) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents or any similar rights.  Notwithstanding anything to the contrary in this paragraph, the term "Interest" shall not include the Excepted Items.

11

Field Code Changed

Y.     The Debtor is the sole and lawful owner of the Property.  The transfer of the Property to the Buyer pursuant to the Purchase Agreement and this Sale Order is a legal, valid, and effective transfer of the Property and shall vest the Buyer with all rights, title and interest of the Debtor to the Property free and clear of any and all Interests.  Except as specifically provided in the Purchase Agreement and this Sale Order, the Buyer shall not assume or become liable for any Interests relating to the Property. This Sale Order shall be effective as a determination that, on and as of the Closing, all Interests of any kind or nature whatsoever (except for the Excepted Items) have been unconditionally released, discharged, and terminated in, on, or against the Property.

Z.     The sale of the Property is hereby approved free and clear of any liens, claims, and Interests of any kind, regardless of whether they are explicitly referenced in this Sale Order. With respect to each creditor asserting an Interest, one or more of the requirements set forth in Sections 363(f) has been satisfied, as follows (1) as to Hankey, because it consented to the sale of the Property pursuant to the Sale Motion and therefore the requirements of Section 363(f)(2) are satisfied as to Hankey; and (2) as to all other alleged Secured Creditors, because (a) Hankey has a senior lien on the Property pursuant to its DIP Loan and the interim and final orders of this Court approving the DIP Loan and (b) there is a mechanism under California state law – namely a foreclosure sale of the Property – whereby Hankey could foreclose on the Property and sell it free and clear of the junior liens of the other alleged Secured Creditors and, therefore, compel them to accept money satisfaction of their liens. All holders of Interests are adequately protected by having their Interests, if any, satisfied from the Sale Proceeds as requested in the Sale Motion and allowed pursuant to this Sale Order, or attach to the Sale Proceeds with the same extent, validity, and priority and subject to the same defenses and avoidability, if any, as before the Closing Date.

AA.    The Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and creditors and parties in interest, if either: (1) the sale of the Property to the Buyer was not free and clear of all Interests or (2) the Buyer would, or in the future could, be liable for any such Interests or any claims against the Debtor based upon successor or vicarious liability or otherwise.  The Buyer shall not

12

Field Code Changed

[Proposed] Order

1   be responsible for any Interests or any such claims against the Debtor and Buyer based upon successor

2   or vicarious liability or otherwise.

3         BB.     The Buyer is acting in good faith, pursuant to Section 363(m), in closing the

4   transactions contemplated by the Purchase Agreement at any time on or after the entry of this Sale

5   Order and cause has been shown as to why this Sale Order should not be subject to the stay provided

6   by FRBP 6004(h).

7         **NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY**

8   **ORDERED THAT:**

9         1.      The Sale Motion is **GRANTED**.

10        2.      All Evidentiary Objections are hereby OVERRULED.

11        3.      All objections, responses, and requests for continuance concerning the Sale Motion

12  are resolved in accordance with the terms of this Sale Order and as set forth in the record of the Court

13  at the hearing on the Sale Motion.  To the extent any such objection, response or request for continuance

14  was not otherwise withdrawn, waived, mooted, or settled, it, and all reservations of rights contained

15  therein, is OVERRULED and DENIED.

16        4.      Provided there is no stay pending appeal of this Sale Order, upon the entry of this

17  Sale Order, pursuant to Sections 363(b), (f), and (m), (a) the sale of the Property free and clear of any

18  and all Interests to the Buyer for the Purchase Price of $126 million pursuant to the Purchase Agreement

19  is hereby approved, and (b) the Debtor and the Buyer, and any escrow and title companies, are

20  authorized to take any and all actions reasonably necessary to consummate the sale of the Property

21  pursuant to the Purchase Agreement and this Sale Order.  Lawrence Perkins, on behalf of the Manager

22  of the Debtor, is hereby authorized to execute any and all documents on behalf of the Debtor to

23  effectuate the transactions contemplated by this Sale Order.

24        5.      Upon the closing of the sale transaction pursuant to the Purchase Agreement,

25  escrow shall transfer the net Purchase Price to the Debtor pursuant to instructions from the Debtor.

26        6.      Upon the closing of the sale transaction pursuant to the Purchase Agreement,

27  escrow or Concierge, however the case may be, shall transfer the $11.970 million Rebate from the

28  Auctioneer to the Debtor pursuant to instructions from the Debtor.

13

Field Code Changed

[Proposed] Order

7.    The Buyer is hereby deemed to be a "good faith" purchaser entitled to the benefits and protections afforded under Section 363(m).

8.    The 14-day stay period set forth in FRBP 6004(h) is hereby waived to enable the sale of the Property to close as quickly as possible.

9.    A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the county recorder to cancel any encumbrances of record, other than the Excepted Items.

10.    On the Closing Date, the Debtor and the escrow company are authorized and directed to pay from the Sale Proceeds, (a) the outstanding balance of the DIP Loan in the principal amount of $12 million, plus all accrued interest, fees and costs, provided by Hankey, which is secured by a first priority lien and which DIP Loan and first priority lien were approved by prior orders of the Court (payoff amount = $12,065,166.67, as of March 23, 2022, with per diem interest of $2,833.33 thereafter), (b) Hankey's senior receivership certificate loans in the principal amount of $827,745, plus all accrued interest, fees and costs, which were advances of funds on a senior secured basis to the pre-petition receivership estate, as evidenced by Hankey's Proof of Claim No 19 (payoff amount = $882,540.56, as of March 23, 2022, with per diem interest of $229.93 thereafter), (c) the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items (payoff amount = approximately $2,649,078.30), (d) a commission equal to two percent (2%) of the Purchase Price to be paid to and split equally between (i) the Debtor's Brokers (The Beverly Hills Estates and Compass), whose employment and one percent (1%) commission were previously approved by the Court's Employment Order, and (ii) the Buyer's Brokers (The Beverly Hills Estates and Hilton & Hyland), whose one percent (1%) commission was previously approved by the Court's Employment Order, with any split between the Debtor's Brokers and the Buyer's Brokers to be determined by them (payoff amount = $2,520,000), and (e) any other customary escrow closing fees and charges allocated to the Debtor, including, but not limited to, Sub-Escrow Fee, Wire Fee, Owner's Title Policy, Settlement or Closing Fee to Escrow, and Notary Services (payoff amount = approximately $318,052.50).

14

Field Code Changed

[Proposed] Order

11.     The Buyer has not assumed and/or is otherwise not obligated for any of the Debtor's liabilities.  Consequently, upon entry of this Sale Order, all persons, governmental units (as defined in Sections 101(27) and 101(41)), and all holders of Interests based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Buyer or the Property, including asserting any setoff, right of subrogation or recoupment of any kind, or to recover any Interests or enforce any claims or causes of action or on account of any liabilities of the Debtor.

12.     Subject to the Excepted Items and except to the extent needed to enforce the terms of the Purchase Agreement, pursuant to Sections 105 and 363, all persons and entities, including, but not limited to, the Debtor and any holders of Interests, shall be forever barred, prohibited, estopped and permanently enjoined from (a) after the Closing Date, asserting, prosecuting or otherwise pursuing such Interests, whether by payment, setoff, or otherwise, directly or indirectly, against the Buyer, his affiliates, successors or assigns, and his current affiliates, officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents, and representatives, or the Property, and (b) taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Property to the Buyer pursuant to the terms of this Sale Order. For the avoidance of doubt, nothing herein will impair the rights of parties in interest to appeal and/or seek a stay pending appeal.

13.     Subject to the terms of the Purchase Agreement, the Purchase Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and the Buyer, without further action or order of the Court, provided, however, that any such waiver, modification, amendment, or supplement materially and substantially conforms to, and effectuates, the Purchase Agreement and any related agreements.

14.     The failure specifically to include any particular provision of the Purchase Agreement or any related agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor and the Buyer that the Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order prior to the Closing Date.

15

Formatted: Font: (Default) Times New Roman, 12 pt

Formatted: Font: 12 pt

Field Code Changed

15. This Sale Order and the Purchase Agreement shall be binding upon and govern the acts of all persons and entities, including, without limitation, the Debtor's bankruptcy estate, the Debtor and its successors and assigns, including, without limitation, any chapter 11 trustee or examiner hereinafter appointed for the Debtor's bankruptcy estate or any chapter 7 trustee appointed if the case is converted from chapter 11, all creditors of the Debtor (whether known or unknown), the Buyer and his successors and assigns, the Property, filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required to report or insure any title in or to the Property or who may be required by operation of law, the duties of its office or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that the Buyer is the owner of the Property free and clear of all Interests, except as otherwise provided in the Purchase Agreement and this Sale Order, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

16. The provisions of this Sale Order are non-severable and mutually dependent.

17. Notwithstanding FRBP 6004 and 7062, this Sale Order shall be effective and enforceable immediately upon entry, and the Sale Motion or notice thereof shall be deemed to provide sufficient notice of the Debtor's request for waiver of the otherwise applicable stay of this Sale Order. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Buyer, and any cooperating brokers, escrow company, and title company, are free to close under the Purchase Agreement at any time, subject to the terms of this Sale Order and the Purchase Agreement.

18. To the extent that there is any conflict between this Sale Order and the Purchase Agreement, this Sale Order shall control.

19. The Court shall retain exclusive jurisdiction to interpret, implement and enforce the terms and provisions of this Sale Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or that have been assigned by the Debtor to the Buyer in all respects, and to decide any disputes concerning this Sale Order and the Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Purchase Agreement and this Sale Order,

16

Field Code Changed

[Proposed] Order

including, but not limited to, retaining jurisdiction to (a) interpret, implement and enforce the terms, conditions and provisions of the Bid Procedures Order, this Sale Order and the Court-approved Purchase Agreement, (b) determine the status, nature and extent of the Property; and (c) protect the Buyer against any Interests against the Debtor or the Property of any kind or nature whatsoever attaching to the proceeds of the sale.  Any proceeding commenced pursuant to this paragraph may be commenced as a contested matter.

**IT IS SO ORDERED.**

# # #

**Field Code Changed**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **NOTICE OF LODGING OF (I) REVISED ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER: (1) APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS,  ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS; (2) FINDING THAT THE BUYER IS A GOOD FAITH PURCHASER; (3) AUTHORIZING AND APPROVING THE PAYMENT OF CERTAIN CLAIMS FROM SALE PROCEEDS; (4) WAIVING THE FOURTEEN-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); AND (5) PROVIDING RELATED RELIEF; AND (II) REDLINE AGAINST ORIGINAL ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 25, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**    tma@lnbyg.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com, zabrams@watttieder.com
- **Danielle R Gabai**    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**    dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**    rbk@jmbm.com
- **Jane G Kearl**    jkearl@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**    wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**2.  SERVED BY UNITED STATES MAIL**: On **March 25, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 25, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 25, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

In re Crestlloyd, LLC
Secured Creditors
File No. 9562

County of Los Angeles
(MRCA-Brush Fire Clear'g Dist #1)
200 North Main Street, 16th Fl
Los Angeles, CA 90012

County of Los Angeles
(Wildlife Corridor and Open Space
Protection)
c/o SCI Consulting Group
4745 Mangels Blvd.
Fairfield, CA 94534

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054

Counsel to Hankey Capital
Jeffer Mangels Butler & Mitchell LLP
Neil C. Erickson
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Inferno Investment Inc.
Attn: Julien Remillard, President
4-95 Kandahar, Mont Tremblant
Quebec J8E 1E2, Canada

County of Los Angeles
(Local Fire Prevention, Water Quality
and Open Space Measure )
c/o SCI Consulting Group
4745 Mangels Blvd.
Fairfield, CA 94534

Rolls Scaffold, Inc.
Michael Rolls, CEO
11351 County Dr. Ste B
Ventura, CA 93004

American Truck & Tool Rentals
Inc./American Rentals
c/o Caprenos Inc., Cindee Wood,
Authorized Agent
4345 Murphy Canyon Road #200
San Diego, CA 92123

YOGI Securities Holdings, LLC
Steve Oshins, Authorized Agent
1645 Village Center Circle, Ste. 170
Las Vegas, NV 89131

Calgrove Rentals Inc.
Guadalupe Gomez, President
456 Glenoaks Blvd.
San Fernando, CA 91340

Hilldun Corporation
Jeffrey D. Kapelman, CEO
225 West 35th St.
New York, NY 10001

J&E Texture, Inc.
Francisco Gonzalez, CEO
181 Exter Way
Corona, CA 92882

City of Los Angeles
Mike Feuer, City Attorney
City Hall East, Suite 800
Los Angeles, CA 90012

BMC West LLC
David Filtman, CEO
4800 Falls of Neuse Rd., Ste. 400
Raleigh, NC 27609

JMS Air Conditioning and Appliance
Services, Inc.
Yosi Hesica, CEO
7640 Burnet Ave.
Van Nuys, CA 91405

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
21366 Placerita Canyon Rd.
Newhall, CA 91321

Parquet By Dian
Dima Efros, CEO
16601 S. Main St.
Gardena, CA 90248

Powertek Electric, Inc.
Mike Moshrefi, CEO
28364 S, Western Ave. #414
Rancho Palos Verdes, CA 90275

County of Los Angeles (Wildlife Corridor
and Open Space Protection)/Clerk of the
Governing Board, Mountains Recreation
& Conservation Authority
5750 Ramirez Canyon Road
Malibu, CA 90265

County of Los Angeles
(Local Fire Prevention, Water Quality
and Open Space Measure )
Conejo Recreation and Park District
403 W Hillcrest Drive
Thousand Oaks, CA 91360

YOGI Securities Holdings, LLC
c/o Daniel Wiesel, Esq.
Wolf, Rifkin, Shapiro, Schulman &
Rabkin, LLP
11400 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064-1582

American Truck & Tool Rentals
Inc./American Rental
Tom Murray, CEO and President
88 W. Victoria St.
Long Beach, CA 90805

Buchalter, APC
Jeffrey S. Wruble
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Calgrove Rentals Inc.
21627 Roscoe Bl.
Canoga Park, CA 91304

BMC West LLC
3250 N. San Fernando Rd.
Los Angeles, CA 90065

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
26575 Ruether Ave.
Santa Clarita, CA 91350

Los Angeles County Tax Collector
PO Box 54018
Los Angeles, CA 90054

Los Angeles County Tax Collector
225 N. Hill Street # 1
Los Angeles, CA 90012

SHULMAN BASTIAN FRIEDMAN &
BUI LLP
Ryan D. O'Dea
100 Spectrum Center Drive, Ste. 600
Irvine, CA 92618

MIKE FIELDS BRONZES LLC
2715 E. 36TH, APT 6203
SPOKANE, WA 99223

**Attorneys for Richard Saghian**
Amy P. Lally, Esq. **RSN**
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

**Attorneys for Richard Saghian**
Samuel A. Newman, Esq. **RSN**
Genevieve G. Weiner, Esq.
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

Counsel For Receiver
Brutzkus Gubner Rozansky Seror
Weber LLP
David Seror/Jessica Wellington
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

Noreen A Madoyan
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Debtor
Crestlloyd, LLC
c/o SierraConstellation Partners LLC
355 S. Grand Avenue Suite 1450
Los Angeles, CA 90071