DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:21-bk-18205-DS |
| CRESTLLOYD, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | **RESPONSE TO REJECTION OF ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER:**<br>(1)    APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS;<br>(2)    FINDING THAT THE BUYER IS A GOOD FAITH PURCHASER;<br>(3)    AUTHORIZING AND APPROVING THE PAYMENT OF CERTAIN CLAIMS FROM SALE PROCEEDS;<br>(4)    WAIVING THE FOURTEEN-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); AND<br>(5)    PROVIDING RELATED RELIEF;<br>AND (II) REDLINE AGAINST ORIGINAL ORDER<br><br>Hearing:<br>  Dates and Times:    March 18, 2022, at 11:00 a.m.<br>                                     March 21, 2022, at 11:30 a.m.<br>  Place:                      Courtroom 1639<br>                                     255 E. Temple St.<br>                                     Los Angeles, CA 90012<br>                                     **VIA ZOOMGOV ONLY** |

1

Crestlloyd, LLC, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby files this response to the Court's notice (the "Rejection Notice") of LOU Order 10698841, which was the Debtor's proposed *Order Granting Debtor's Motion for an Order: (1) Approving The Sale Of The Debtor's Real Property Free And Clear Of All Liens, Claims, Encumbrances, And Interests, With The Exception Of Enumerated Exclusions; (2) Finding That The Buyer Is A Good Faith Purchaser; (3) Authorizing And Approving The Payment Of Certain Claims From Sale Proceeds; (4) Waiving The Fourteen-Day Stay Period Set Forth In Bankruptcy Rule 6004(H); And (5) Providing Related Relief* (the "Sale Order") [Lodged as Dkt. No. 226].

## RESPONSE AND JUSTIFICATION FOR THE FORM OF THE SALE ORDER

The Rejection Notice stated as follows regarding the reason for the rejection: "The [C]ourt notes a discrepancy between the definition of 'Excepted Items' in the [Sale] Motion [Dkt. 143][1] and in the lodged order. Please correct the order or file a document justifying the discrepancy." This response is intended to justify the foregoing discrepancy noted by the Court.

The Sale Motion defined Excepted Items as follows:

> [The sale shall be] free and clear of any and all liens, claims, encumbrances, and interests, with the exception of Items 1-6, 8-12, and 17 (the "Excepted Items") set forth in the preliminary title report for the Property (the "Title Report"), a true and correct copy of which is attached hereto as **Exhibit "1,"** provided that the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items shall be paid in full upon the close of escrow[.]

Sale Motion, 2:7-13.

The Sale Order defined Excepted Items as follows:

> [The sale shall be] free and clear of any and all liens, claims, encumbrances, and interests, with the exception of Items **A1, C, D, E, F,** 1-6, 8-12, and 17 (the "Excepted Items") set forth in the preliminary title report for the Property (the "Title Report"), a true and correct copy of which is attached hereto as **Exhibit "1,"**

---
[1] Capitalized terms not defined herein have the same meanings ascribed to them in the Sale Motion.

2

provided that the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items shall be paid in full upon the close of escrow[.]

Sale Order, 2:11-19 (emphasis added).

Bold items A1, C, D, E, and F above appear to be the discrepancies the Court noted. Per the Title Report attached to the Sale Motion and Sale Order as Exhibit "1," those items are as follows:

> A1. Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2022-2023.
>
> C. An assessment by the improvement district shown below:
>
> > Series: AD #1
> > District: County of Los Angeles
> > For: MRCA-Brush Fire Clear'g Dist #1
> > Bond issued: August 6, 2003
>
> Said assessment is collected with the county/city property taxes.
>
> Said assessment is also disclosed by a Notice of Amended Assessment, recorded January 26, 2015 as Instrument No. 2015-089995 of Official Records.
>
> D. The herein described property lies within the boundaries of a Community Facilities District (CFD) as follows:
>
> > CFD No: 2016-1
> > For: Fire Prevention, Wildlife Corridor and Open Space Protection and other associated purposes
> > Disclosed by: Notice of Special Tax Lien
> > Recording Date: January 13, 2017
> > Recording No.: 20170055098, Official Records
>
> This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the County of Los Angeles.

  E. The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A or as a result of changes in ownership or new construction occurring prior to Date of Policy.

  F. The herein described property lies within the boundaries of a Community Facilities District (CFD) as follows:

> CFD No: 2020-1
> For: Local Fire Prevention, Water Quality and Open Space Measure and other associated purposes
> Disclosed by: Notice of Special Tax Lien
> Recording Date: February 10, 2021
> Recording No.: 2021-0235371, Official Records
>
> This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the County of Los Angeles.

  The Debtor submits that there are three justifications for including items A1, C, D, E, and F as Excepted Items. **First and foremost**, the addition of Excluded Items that would remain as liens on the Property would be a potential detriment to the Buyer and benefit to the Debtor. However, the Buyer also agreed with the form of the original Sale Order and, as will be indicated by the signature of the Buyer's counsel the Debtor will seek on revised Sale Order (the "<u>Revised Order</u>") that will be uploaded, which, as discussed below, has only two small revisions to the original Sale Order, none of which relate to Excepted Items, the Buyer will also indicate agreement with the form of the Revised Order.

  **Second**, the addition of items A1, C, D, E, and F as Excepted Items is consistent with the Sale Motion and does not cause a detriment to the Buyer, the Debtor, or any parties in interest. That is, (1) items A1, C, D, E, and F all relate to the claims of taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)), (2) the Sale Motion provided that (a) the sale would be free and clear of the Excepted Items, "*provided that* the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27) apportioned to the Debtor prior to the close of the sale that are secured

by liens included in the non-Excepted Items shall be paid in full upon the close of escrow" [Sale Motion, 2:7-13] and (b) requested authority for the Debtor/escrow to pay on closing, inter alia, "the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items" [Sale Motion, 3:12-14], and (3) consistent with the foregoing, the original Sale Order and Revised Sale Order both provide that (a) "on the close of the sale of the Property to the Buyer pursuant to the Purchase Agreement (the "Closing Date"), with the exception of the Excepted Items, the Property shall be sold to the Buyer free and clear of any and all "Interests" (as defined below), with such Interests to attach to the proceeds from and of the sale of the Property and the Rebate from the Auctioneer (the "Sale Proceeds") with the same validity, extent and priority and subject to the same defenses and avoidability, if any, as before the closing of the sale of the Property to the Buyer" [Sale Order and Revised Sale Order, at  ¶ W], (b) the Debtor/escrow will pay the claims related to items A and B apportioned to the Debtor as of closing , and (c) on the close of escrow, the Debtor/escrow can pay, inter alia, "the claims of any taxing authorities or governmental units (as defined in 11 U.S.C. § 101(27)) apportioned to the Debtor prior to the close of the sale that are secured by liens included in the non-Excepted Items" [Sale Order and Revised Sale Order, at ¶ 10(c)]. Importantly, (1) the taxes related to items C, D, and F are included in the general real property taxes assessed by the County of Los Angeles, under Items A and B, which have always remained Excepted Items to be paid by the Debtor pursuant to the Sale Motion, the Sale Order, and the Revised Sale Order and (2) Items A.1 and E relate to future assessments that would be paid by the Buyer and no amounts are being paid on them by the Debtor. ***In short, regardless of whether or not items A1, C, D, E, and F were included as Excepted Items, any amounts of the tax claims related to those items apportioned to the Debtor as of closing were going to be paid on closing.***

**Third**, the addition of items A1, C, D, E, and F as Excepted Items, while not having a financial effect on the amount to be paid by the Buyer to the Debtor or by the Debtor to the taxing authorities and governmental units whose claims relate to the foregoing items, the title company required such items to be Excepted Items in order to process the sale and the issuance of title insurance, because, even after the Debtor's payment of any amounts it owes as of closing related to

5

such items, the liens for such items would have to stay on the Property for future amounts owed by the Buyer apportioned to the Buyer as of closing or accruing thereafter.

**WHEREFORE,** based on the foregoing, the Debtor requests that the Court enter the Revised Sale Order to be lodged by the Debtor. As noted in the notice of lodging of the Revised Sale Order, the only revisions in the Revised Sale Order are as follows, neither of which relate to Excepted Items or are inconsistent with the relief requested or ordered by the Court:

> 4. Provided there is no stay pending appeal of this Sale Order, upon the entry of this Sale Order, pursuant to Sections 363(b), (f), and (m), (a) the sale of the Property free and clear of any and all Interests to the Buyer for the Purchase Price of $126 million pursuant to the Purchase Agreement is hereby approved, and (b) the Debtor and the Buyer, and any escrow and title companies, are authorized to take any and all actions reasonably necessary to consummate the sale of the Property pursuant to the Purchase Agreement and this Sale Order. <u>Lawrence Perkins, on behalf of the Manager of the Debtor, is hereby authorized to execute any and all documents on behalf of the Debtor to effectuate the transactions contemplated by this Sale Order.</u>

…

> 12. Subject to the Excepted Items and except to the extent needed to enforce the terms of the Purchase Agreement, pursuant to Sections 105 and 363, all persons and entities, including, but not limited to, the Debtor and any holders of Interests, shall be forever barred, prohibited, estopped and permanently enjoined from (a) after the Closing Date, asserting, prosecuting or otherwise pursuing such Interests, whether by payment, setoff, or otherwise, directly or indirectly, against the Buyer, his affiliates, successors or assigns, and his current affiliates, officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents, and representatives, or the Property, and (b) taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Property to the Buyer pursuant to the terms of this Sale Order. <u>For the avoidance of doubt, nothing herein will impair the rights of parties in interest to appeal and/or seek a stay pending appeal.</u>

Dated: March 25, 2022                    CRESTLLOYD, LLC

/s/ *Todd M. Arnold*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
LEVENE, NEALE, BENDER, YOO
   & GOLUBCHIK L.L.P.
Attorneys for Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **RESPONSE TO REJECTION OF ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER: (1) APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, WITH THE EXCEPTION OF ENUMERATED EXCLUSIONS; (2) FINDING THAT THE BUYER IS A GOOD FAITH PURCHASER; (3) AUTHORIZING AND APPROVING THE PAYMENT OF CERTAIN CLAIMS FROM SALE PROCEEDS; (4) WAIVING THE FOURTEEN-DAY STAY PERIOD SET FORTH IN BANKRUPTCY RULE 6004(h); AND (5) PROVIDING RELATED RELIEF; AND (II) REDLINE AGAINST ORIGINAL ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 25, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**   kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**   tma@lnbyg.com
- **Jerrold L Bregman**   jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**   mdevoll@watttieder.com, zabrams@watttieder.com
- **Danielle R Gabai**   dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**   tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**   dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**   jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**   rbk@jmbm.com
- **Jane G Kearl**   jkearl@watttieder.com
- **Jennifer Larkin Kneeland**   jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov
- **Ryan D O'Dea**   rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**   sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**   vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**   wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**   dseror@bg.law, ecf@bg.law
- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**   mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**   lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**   gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                             **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: On **March 25, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 25, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 25, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

In re Crestlloyd, LLC
Secured Creditors
File No. 9562

County of Los Angeles
(MRCA-Brush Fire Clear'g Dist #1)
200 North Main Street, 16th Fl
Los Angeles, CA 90012

County of Los Angeles
(Wildlife Corridor and Open Space Protection)
c/o SCI Consulting Group
4745 Mangels Blvd.
Fairfield, CA 94534

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054

Counsel to Hankey Capital
Jeffer Mangels Butler & Mitchell LLP
Neil C. Erickson
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Inferno Investment Inc.
Attn: Julien Remillard, President
4-95 Kandahar, Mont Tremblant
Quebec J8E 1E2, Canada

County of Los Angeles
(Local Fire Prevention, Water Quality and Open Space Measure )
c/o SCI Consulting Group
4745 Mangels Blvd.
Fairfield, CA 94534

Rolls Scaffold, Inc.
Michael Rolls, CEO
11351 County Dr. Ste B
Ventura, CA 93004

American Truck & Tool Rentals Inc./American Rentals
c/o Caprenos Inc., Cindee Wood, Authorized Agent
4345 Murphy Canyon Road #200
San Diego, CA 92123

YOGI Securities Holdings, LLC
Steve Oshins, Authorized Agent
1645 Village Center Circle, Ste. 170
Las Vegas, NV 89131

Calgrove Rentals Inc.
Guadalupe Gomez, President
456 Glenoaks Blvd.
San Fernando, CA 91340

Hilldun Corporation
Jeffrey D. Kapelman, CEO
225 West 35th St.
New York, NY 10001

J&E Texture, Inc.
Francisco Gonzalez, CEO
181 Exter Way
Corona, CA 92882

City of Los Angeles
Mike Feuer, City Attorney
City Hall East, Suite 800
Los Angeles, CA 90012

BMC West LLC
David Filtman, CEO
4800 Falls of Neuse Rd., Ste. 400
Raleigh, NC 27609

JMS Air Conditioning and Appliance Services, Inc.
Yosi Hesica, CEO
7640 Burnet Ave.
Van Nuys, CA 91405

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
21366 Placerita Canyon Rd.
Newhall, CA 91321

Parquet By Dian
Dima Efros, CEO
16601 S. Main St.
Gardena, CA 90248

Powertek Electric, Inc.
Mike Moshrefi, CEO
28364 S, Western Ave. #414
Rancho Palos Verdes, CA 90275

County of Los Angeles (Wildlife Corridor and Open Space Protection)/Clerk of the Governing Board, Mountains Recreation & Conservation Authority
5750 Ramirez Canyon Road
Malibu, CA 90265

County of Los Angeles
(Local Fire Prevention, Water Quality and Open Space Measure )
Conejo Recreation and Park District
403 W Hillcrest Drive
Thousand Oaks, CA 91360

YOGI Securities Holdings, LLC
c/o Daniel Wiesel, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064-1582

American Truck & Tool Rentals Inc./American Rental
Tom Murray, CEO and President
88 W. Victoria St.
Long Beach, CA 90805

Buchalter, APC
Jeffrey S. Wruble
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Calgrove Rentals Inc.
21627 Roscoe Bl.
Canoga Park, CA 91304

BMC West LLC
3250 N. San Fernando Rd.
Los Angeles, CA 90065

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
26575 Ruether Ave.
Santa Clarita, CA 91350

Los Angeles County Tax Collector
PO Box 54018
Los Angeles, CA 90054

Los Angeles County Tax Collector
225 N. Hill Street # 1
Los Angeles, CA 90012

SHULMAN BASTIAN FRIEDMAN & BUI LLP
Ryan D. O'Dea
100 Spectrum Center Drive, Ste. 600
Irvine, CA 92618

MIKE FIELDS BRONZES LLC
2715 E. 36TH, APT 6203
SPOKANE, WA 99223

<u>Counsel For Receiver</u>
Brutzkus Gubner Rozansky Seror Weber LLP
David Seror/Jessica Wellington
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**Attorneys for Richard Saghian**
Amy P. Lally, Esq. **RSN**
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

Noreen A Madoyan
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

**Attorneys for Richard Saghian**
Samuel A. Newman, Esq. **RSN**
Genevieve G. Weiner, Esq.
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

<u>Debtor</u>
Crestlloyd, LLC
c/o SierraConstellation Partners LLC
355 S. Grand Avenue Suite 1450
Los Angeles, CA 90071