1          UNITED STATES BANKRUPTCY COURT

2       CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

3                     --oOo--

4   In Re:                    )   Case No. 2:21-bk-18205-DS
                              )
5   CRESTLLOYD, LLC,          )   Chapter 11
                              )   Los Angeles, California
6                             )
    Debtor,                   )   Friday, 1:00 P.M.
7   --------------------------X   March 11, 2022

8                             HEARING RE: [162] BUYER'S
9                             NOTICE OF MOTION AND
                              MOTION TO ENFORCE THE
10                            COURT'S ORDER APPROVING
                              BID PROCEDURES

11

12          TRANSCRIPT OF ZOOM PROCEEDINGS
          BEFORE THE HONORABLE DEBORAH SALTZMAN
13           UNITED STATES BANKRUPTCY JUDGE

14

15  APPEARANCES:

16  For the Debtor:          DAVID B. GOLUBCHIK, ESQ.
                             Levene Neale Bender Yoo &
17                             Golubchik, LLP
                             2818 La Cienga Avenue
18                           Los Angeles, California  90034

19  For Hankey Capital:      THOMAS M. GEHER, ESQ.
                             Jeffer Mangels Butler &
20                             Mitchell, LLP
                             1900 Avenue of the Stars
21                           Seventh Floor
                             Los Angeles, California  90067

22

23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.



```
 1   For Hilldun Corporation: JERROLD L. BREGMAN, ESQ.
                              BG Law, LLP
 2                            21650 Oxnard Street
                              Suite #500
 3                            Woodland Hills, California  90032

 4   For Richard Saghian:     SAMUEL A. NEWMAN, ESQ.
                              Sidley Austin, LLP
 5                            555 West Fifth Street
                              Los Angeles, California  90013
 6
     For Yogi Securities      MARK SHINDERMAN, ESQ.
 7   Holdings, LLC:           WILLIAM SCHUMACHER, ESQ.
                              Milbank, LLP
 8                            2029 Century Park East
                              Los Angeles, California  90067
 9
     For Nile Niami:          HAMID R. RAFATJOO, ESQ.
10                            Raines Feldman, LLP
                              1800 Avenue of the Stars
11                            12th Floor
                              Los Angeles, California  90067
12
     For Inferno Investment,  KYRA E. ANDRASSY, ESQ.
13   Inc.:                    Smiley Wang-Ekvall, LLP
                              3200 Park Center Drive
14                            Suite #250
                              Costa Mesa, California  92626
15
     For Italian Luxury       GREGORY MORROW, ESQ.
16   Group, LLC:              The Morrow Group
                              10401 Wilshire Boulevard
17                            Suite #1102
                              Los Angeles, California  90024
18
     For Interested Party:    RONALD N. RICHARDS, ESQ.
19                            Law Offices of Ronald Richards &
                                Associates
20                            PO Box 11480
                              Beverly Hills, California  90213
21

22

23

24

25
```

```
 1    Court Recorder:           William Kaaumoana
                                U.S. Bankruptcy Court
 2                              Central District of California
                                Edward R. Roybal Federal Building
 3                                 and Courthouse
                                255 East Temple Street, Room #940
 4                              Los Angeles, California  90012
                                (855) 460-9641
 5
      Court Transcriptionist:   Ruth Ann Hager, C.E.T.**D-641
 6                              Ben Hyatt Certified Deposition
                                   Reporters
 7                              17835 Ventura Boulevard, Suite 310
                                Encino, California  91316
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



Page                                                                        4

1          <u>LOS ANGELES, CALIFORNIA, FRIDAY, MARCH 11, 2022</u>

2                            <u>1:10 P.M.</u>

3                             --oOo--

4          THE CLERK:  Please come to order.  This court is

5   now in session, the Honorable Deborah J. Saltzman

6   presiding.

7          THE COURT:  Thank you.

8          Good afternoon.  It is March 11, 2022.  This is

9   the Bankruptcy Court for the Central District of

10  California, Los Angeles Division.  We are appearing on Zoom

11  this morning.  Thank you for following the instructions on

12  the court's website and calendar and for assisting my law

13  clerks in recording your appearances this morning.

14         We only have one matter on calendar today.  This

15  is the emergency motion filed in the Crestlloyd case.  We

16  do, of course, have a more extensive hearing next week.  I

17  think we actually have a very limited issue before the

18  Court today.

19         I'm going to start with appearances, calling

20  roll.  I'm going to begin with those who have filed papers.

21  Those, I think, are the people who will be speaking today.

22  We do have a number of other parties who followed

23  instructions and said they wanted to make an appearance, so

24  I'll call roll for those names and we have a number of

25  observers as well.

Page                                                                5

1            When I call your name, just state your full name

2    for the record and who you represent.  And then after that

3    what I will do is call on those who filed papers on today's

4    matters, so we'll begin with the movant and any

5    oppositions. I may have some questions as we go.  And then

6    I'll give the movant an opportunity for some final thoughts

7    before giving a ruling today.

8            If at any point we lose you for a technical

9    reason, just rejoin us as soon as you're able.  Okay.

10   Let's begin, Mr. Newman.  Good afternoon.

11           MR. NEWMAN:  Good afternoon, Your Honor.  Sam

12   Newman with Sidley Austin on behalf of winning bidder and

13   prospective purchaser Richard Saghian.

14           THE COURT:  Mr. Golubchik, good afternoon.

15           MR. GOLUBCHIK:  Good afternoon, Your Honor.

16   David Golubchik, Levene Neale Bender Yoo & Golubchik for

17   the debtor.

18           THE COURT:  Mr. Shinderman and Mr. Schumacher,

19   good afternoon.

20           MR. SHINDERMAN:  Good afternoon, Your Honor.

21   Mark Shinderman and William Schumacher of Millbank, LLP on

22   behalf of Yogi Securities.

23           THE COURT:  Mr. Rafatjoo, good afternoon.

24           MR. RAFATJOO:  Hamid Rafatjoo of Raines Feldman,

25   LLP for Nile Niami.

Page                                                                        6

1          THE COURT:  Ms. Andrassy, good afternoon.

2          MS. ANDRASSY:  Good afternoon, Your Honor.  Kyra

3     Andrassy of Smiley Wang-Ekvall, counsel for Inferno

4     Investment, Inc.

5          THE COURT:  And we also had check-ins from a few

6     other parties who I'll ask to make your appearances as

7     well.

8          Mr. Geher, good afternoon.

9          MR. GEHER:  Excuse me, good afternoon, Your

10    Honor.  Thomas M. Geher for secured creditor Hankey

11    Capital.

12         THE COURT:  Mr. Bregman, good afternoon.

13         MR. BREGMAN:  Good afternoon, Your Honor.

14    Jerrold Bregman from BG Law on behalf of Hilldun Corp.

15         THE COURT:  Mr. Smith, good afternoon.  Oh, sir,

16    you're mute.  If you'd just unmute yourself or if you're

17    just observing, you don't need to make an appearance.

18         (No response.)

19         Okay.  Let's go to who else checked in here.

20         Mr. Richards, good afternoon.

21         MR. RICHARDS:  Oh, good afternoon.  Just

22    observing, Your Honor.

23         THE COURT:  Okay.  Thank you.

24         MR. SMITH:  I do apologize.

25         THE COURT:  Ah, yes, there we go.  Good

Page                                                                                    7

1  afternoon, sir.

2         MR. SMITH:  Thank you.  Greetings to you all.

3  Smith Andre Mario by special appearance only on behalf of

4  special interested party Andre Mario Smith.

5         THE COURT:  Thank you.  Okay.  Mr. Newman, why

6  don't we start with you.  I have to be honest, counsel, I

7  think this is a very steep hill to climb procedurally.  I

8  don't know that I'm in a position to grant you the relief

9  that you're looking for and it seems like maybe these are

10 more issues to be talking about next week in connection

11 with the sale.

12        MR. NEWMAN:  Well, Your Honor, I think the

13 clarification we're asking -- I apologize, Your Honor.

14 Moments before the hearing started someone started using

15 the leaf blower right outside my window, so if you have too

16 much background noise, please let me know and I'll try to

17 see if I can get them to cease.

18        THE COURT:  Not a problem.  We can hear you just

19 fine.

20        MR. NEWMAN:  Okay.  Thank you.  I think, Your

21 Honor, we are, as you indicated, putting a fairly simple

22 and direct issue before the Court, which is to ask the

23 Court to further explain and enforce the terms of the

24 existing bid procedures order and here's why.

25        It's undisputed and you've seen the papers that

1    the auction is closed, the auction was conducted, as the

2    debtor has indicated, according to the bid procedures that

3    were set out and upon which my client relied in appearing

4    and making bids.  The bidding is complete and under the

5    terms of the bidding procedures those bidding procedures

6    mandate that he be determined to be the winning bidder and

7    presented to the Court and his bid -- then we acknowledge

8    is subject to Your Honor's approval or disapproval at that

9    hearing.

10           However, that has been made clear in the last 48

11   hours is that several parties, perhaps including the

12   debtor, seem to believe that there is an other and further

13   opportunity for overbidding occurring after the completed

14   auction.  You can see from the papers that have been filed

15   many parties are taking the position that other bids can

16   and should be sought and we've had other indications from

17   inside the papers including the sale motion itself in which

18   is a number of instances refers to some "overbid."

19           Your Honor, we don't believe that that is a fair

20   process.  It's not the process my client signed up for and

21   it's not a process that's court approved.  In deciding to

22   bid, the -- my client relied on the details of bidding and

23   auction procedures provided -- approved by the Court and

24   provided to him by the debtors.  The debtor has now

25   satisfied its fiduciary duties by conducting the auction

1  and is obligated under the terms of the bid procedures to

2  present the winning bid to the Court for approval.  No

3  further action or overbidding is required in order for the

4  debtor to satisfy a fiduciary duty.  And my client --

5              THE COURT:  Does anything suggest that your

6  client's bid will not be presented?

7              MR. NEWMAN:  Well, in at least one place in the

8  overbid motion -- in the bidding -- I'm sorry, the sale

9  motion, the debtor requested that this court approve sale

10  to my client or an overbidder and that's the part, Your

11  Honor, that we think is inappropriate.  There's no reason

12  this court next week should be considering overbidders and

13  we don't think further activity by the debtor seeking

14  overbidders is contemplated by the procedures are

15  appropriate.

16              THE COURT:  Well, it seems that that's an

17  argument that you would make before the hearing next week.

18              MR. NEWMAN:  Well, I guess the point is, Your

19  Honor, that if an over bidding process is ongoing or could

20  be ongoing, it's not in compliance with Your Honor's

21  procedures and it doesn't give us any opportunity to be

22  involved or to understand what that would be and it doesn't

23  comply with the procedures that Your Honor has set out.  I

24  mean, if you looked at the bidding procedures that were put

25  out, they're very clear.  And frankly, having participated

1   in a number of auctions involving property of this nature,

2   it is an important criteria for my client and for others

3   that they know that the bidding process will be completed

4   at the close of the auction and, therefore, they can come

5   and they will make their best bid, and that is a set of

6   decisions that the debtor made with the advice of their

7   expert and presented to Your Honor when they had the

8   bidding procedures approved.

9            And to now completely change the rules would be

10  inappropriate and would undermine the confidence both of

11  the public in the judicial sale process.  And, you know, we

12  cite some cases, we cite additional cases in response to

13  the case that Mr. Shinderman cited that say very

14  specifically that the auction process itself with a

15  definite beginning, middle and end, it's critical to giving

16  bidders the incentive to come forward and make their best

17  bid.

18           So, for example, if my client had been told,

19  "Well, you come and bid last week, but then we're going to

20  go and see if other people want to bid after that," I don't

21  think he would have made the bid he made.  In fact, I'm

22  pretty sure he would not have and we'd be sitting here with

23  a much lower starting price, if any.

24           So I think the point is that the rules actually

25  incentivize my client and others to make bids and now the

Page                                                                    11

1 debtor is trying to argue and others that they don't have

2 to rely on those procedures in seeking to approve the

3 highest bid that was obtained at the auction.

4          So what we're asking the Court to do, is by the

5 order make it clear that the existing bid procedures order

6 does not authorize, direct or require any further

7 overbidding of my client's bid and that my client's bid

8 should be the winning bid as identified at the auction and

9 should be as is mandatory under the bid procedures order

10 that Your Honor entered previously in the case should be

11 the bid submitted to the Court for approval.  And these

12 bidding procedures have to --

13          THE COURT:  I apologize for interrupting you,

14 Mr. Newman, but again, the bid is being submitted as the

15 winning bid at the auction.

16          MR. NEWMAN:  This bid is being submitted or in

17 the reference to the motion of -- to some overbidder and

18 that's the part that we object to.

19          THE COURT:  Okay.

20          MR. NEWMAN:  We agree that this bid has been

21 submitted and we expect it to be submitted.  However, this

22 process included, you know, very specific language saying,

23 for example, that, you know, the auction would -- the

24 auction record would be the sole basis to determine the

25 bid.  There's no auction record open now.  If there's any

Page                                                                12

1   overbidder, that would be outside of compliance with those

2   bid procedures.  It also says, for example, that the

3   auction -- the auctioneer had the definitive right to

4   determine the winning bidder at the auction.

5          So again, there's no -- you can search the bid

6   procedure order, and I have, Your Honor.  There's no

7   reference in the bidding procedures, the auction

8   procedures, the bidding procedures order to an overbid

9   after the conclusion of the auction and that's the part to

10  which we object, Your Honor.

11         We don't think that the state's resources -- and

12  the debtor was quite clear in their bid procedures motion

13  that they were seeking to conserve estate resources and the

14  conduct of the process.  We don't think estate resources

15  should be devoted to this, you know, subsequent -- some

16  subsequent mini-auction that's occurring outside of the

17  court-ordered process and we don't think there's any

18  requirement that the debtor do so.

19         Now, we're not saying, as we make clear in our

20  papers, that any party can appear and be heard on any topic

21  at the hearing next week.  We're simply saying that it must

22  be clear that that hearing is not and the intervening

23  period between now and then, is not some sort of mini-

24  auction that is -- you know, that is going outside of the

25  approved procedures or without my client's knowledge.

Page                                                                        13

1              THE COURT:  Okay.

2              MR. NEWMAN:  At this point I have no --

3              THE COURT:  Oh.

4              MR. NEWMAN:  Sorry, Your Honor.

5              THE COURT:  No.

6              MR. NEWMAN:  At this point, Your Honor, we've a

7    few comments from, you know, other papers that I just want

8    to address briefly.

9              THE COURT:  Um-hum.

10             MR. NEWMAN:  First off, there's a number of

11   parties that are saying that my client should have or could

12   have negotiated for some stalking horse protection, if

13   that's what it intended to do.  That's sort of exactly our

14   point, Your Honor.  This bidding process that my client

15   agreed to participate in and relied upon didn't include a

16   prior selection of a bid that was then going to be over-

17   shopped.  It was a three-day auction.  Many parties

18   participated.  Multiple rounds of bidding occurred.  A full

19   and fair opportunity for bidding has occurred.  And that's

20   the record, Your Honor, I think -- and only that record

21   that Your Honor should be considering at the point at

22   which -- at which Your Honor considers whether or not to

23   approved our bid next week.

24             We also believe, Your Honor, that the fiduciary

25   duty's argument -- we don't think that anything about the

Page                                                                          14

1    debtor's fiduciary duty requires that there be unsanctioned

2    bidding to occur outside of the process.  The debtor's

3    fiduciary duties are discharged based on the fact that they

4    did and have complied with this Court's order to conduct a

5    robust auction.  You've got -- you will have evidence in

6    front of you next week confirming that Your Honor's order

7    has been complied with.  And we believe that's all that's

8    required for the debtor to satisfy fiduciary duties.

9            And the cases that Shinderman cites, *Flower City*

10   and *Bekites* (phonetic) don't contradict that point.  And

11   those cases clearly say that it's not just a mechanical

12   application of picking the biggest number, but that factors

13   including certainty and others and these are all issues

14   that could be raised next week need to be considered.

15           THE COURT:  Yes.

16           MR. NEWMAN:  And we would argue, Your Honor,

17   would include the respect for the process.  There's two

18   cases I'd like to bring to Your Honor's attention in

19   response to the cases cited by Mr. Shinderman.  There's *In

20   Re: Seybert*, which is 2008 Westlaw 686264 and --

21           THE COURT:  I'm sorry again?  2 --

22           MR. NEWMAN:  -- the (indiscernible) --

23           THE COURT:  2008 Westlaw 6 --

24           MR. NEWMAN:  686264, Your Honor.

25           THE COURT:  Thank you.

Page                                                                    15

1          MR. NEWMAN:  And in that case both the Bankruptcy

2   Court in the Eastern District refused to accept, you know,

3   after bidding outside of the context of the bid procedures

4   saying, at least in part, to accept the late bid under the

5   circumstances that clearly undermine the confidence in the

6   judicial sales and discourage protected purchasers from

7   making their best offer in a timely manner.  And that's

8   kind of similar --

9          THE COURT:  (Indiscernible), Mr. Newman --

10          MR. NEWMAN:  Yes, Your Honor.

11          THE COURT:  What was the procedural situation in

12   that case?  Was there also a motion filed seeking

13   injunctive relief without commencing an adversary

14   proceeding or was this decided in connection with approval

15   of a sale?

16          MR. NEWMAN:  Again, Your Honor, so first of all,

17   that was at the sale hearing.  That case --

18          THE COURT:  Right.

19          MR. NEWMAN:  -- was seeking to (indiscernible).

20   However, it was -- it is not, I think, correct that we are

21   requiring injunctive relief outside of an adversary

22   proceeding.  We're simply asking the Court to clarify its

23   earlier order making clear that there isn't a requirement

24   in bidding procedures or, as I said, authorization for

25   further overbidding following the auction, basically just

1   asking the Court to make clear that the order meant what it

2   said and said what it meant when I think the parties are

3   taking liberties at this point to suggest that there is

4   some obligation or opportunity for further overbidding.

5          THE COURT:  I'm just looking at the beginning of

6   the notice in motion and motion and it asks to enjoin the

7   debtor and debtor's agent from soliciting, collecting or

8   advancing any further bids for the property.

9          Again, I think that these are --

10         MR. NEWMAN:  But --

11         THE COURT:  -- a lot of interesting arguments,

12  but I don't see that this motion is the place to do it.  I

13  think that these are issues that are appropriately raised

14  in connection with the sale hearing next week.

15         MR. NEWMAN:  Well, Your Honor, we think that

16  there is a need for clarity in what the Court's earlier

17  order meant.  And to the extent that Your Honor doesn't

18  feel the procedural presentation, notwithstanding 105 and

19  the cases we've cited with respect to the Court's ability

20  to enforce its own orders, at a minimum we think that the

21  Court's order should be clarified to make clear that

22  nothing about the procedures authorizes or permits

23  additional overbidding.

24         THE COURT:  Okay.  Thank you.  So I'm going to go

25  around to those who've filed papers related to the motion

Page                                                                     17

1   and then, Mr. Newman, I'll come back to you at the end if

2   there's anything you'd like to respond to.

3             Mr. Golubchik.

4             MR. NEWMAN:  Yes, Your Honor.

5             MR. GOLUBCHIK:  Yes, thank you, Your Honor.  As

6   Mr. Newman had an issue with the leaf blower outside, if

7   you hear barking there's a neighbor dog which we --

8             MR. NEWMAN:  I remember.

9             MR. GOLUBCHIK:  -- jokingly refer to as "The

10  Yapper."  So let me know.

11            THE COURT:  Not a problem.  We can hear you just

12  fine.

13            MR. GOLUBCHIK:  All right.  I think the issues

14  have been clearly set forth in all of the pleadings.  This

15  is not the sale hearing.  Mr. Newman is attempting to

16  obtain an injunction or something prematurely, procedurally

17  improperly, which doesn't make sense.

18            If you look at our notice of sale and at the

19  motion, unless I can't write and Mr. Arnold can't write, we

20  were very clear that we did not anticipate an auction.  We

21  are proceeding with this sale based on the bid procedures.

22            However, because the procedures order was entered

23  in such a way that this is subject to everyone's

24  objections, this is subject to the Court's order and the

25  reality here is that the sale price is less than the

1  secured debt so we have to deal with the 363(f) issues.  So

2  there is a possibility that the Court may theoretically

3  deny the motion.  We advised everyone as part of caring out

4  the fiduciary objections of SCP as the manager, if we

5  receive anything we're not going to accept it.  We're not

6  going to act on it because under the bid procedures order

7  we have an accepted offer.  We will simply present it to

8  the Court and the Court and the parties can comment and

9  decide.

10          With respect to restrictions, I don't think that

11  we have done anything that is inconsistent or in violation

12  of the bid procedures order.  There was an auction.  A

13  motion had to be filed by March 8th.  That is exactly what

14  we did.

15          On the other hand, I don't think there's anything

16  that's stated that third parties are not permitted to

17  provide more money.  At the end of the day, Your Honor,

18  this bankruptcy, as all bankruptcies are, for the benefit

19  of the creditors.  I think we have an example and when I've

20  been talking -- all of us have talked off the record, so

21  when we talk I throw out a hypothetical.  What if Bill

22  Gates comes in --

23          THE COURT:  Oops, I think you muted yourself,

24  counsel.  I heard Bill Gates.

25          MR. GOLUBCHIK:  Maybe I shouldn't have used that.

Page                                                                    19

1    Comes in with a 300 or 500 million-dollar all-cash offer,

2    then the Court has to do a balancing test; is it the same

3    (indiscernible) of the bid procedures order or is it in the

4    best interests of the creditors.

5             From our point of view, our obligation is to

6    present the facts and everything to the Court so the Court

7    can see what the situation is and a decision will be made,

8    but that's going to be made next week at the properly

9    noticed sale hearing.  There shouldn't be anything in

10   advance that ties anyone's hands.  I think the past of our

11   response I think is on point and it stays.

12            If you look at the balance of the equities, there

13   is no prejudice for the buyer, Mr. Newman's client, to make

14   the exact same objections and other objections at the

15   hearing next week.  However, if there was an injunction,

16   which is improperly sought, the other creditors would be

17   prejudiced because they would not be aware of anything else

18   that may be out there, so it just does not make sense to

19   deal with this issue today.  We can deal with it next week.

20            THE COURT:  Okay.  Thank you.

21            Mr. Shinderman.

22            MR. SHINDERMAN:  Good afternoon, Your Honor.

23   Mark Shinderman, Millbank, on behalf of Yogi Securities.

24            Your Honor, I'll be very brief.  First of all, I

25   want to assure people I am not standing outside

Page                                                                    20

1   Mr. Newman's window or Mr. Golubchik's window.  Just want

2   to be clear.

3           Your Honor, this is an issue for another day as

4   you questioned why and I can go back and look at the

5   transcript, but my recollection at the hearing where you

6   set the bid procedures is that given the objections that

7   were interposed at that time you would be taking all these

8   things into account at the sale hearing, that people could

9   be heard to complain.

10          On Friday we are likely to file an objection to

11  the sale because we think there were some concerns and the

12  geopolitical stuff certainly affected our buyer base.  We

13  think there was a soft gavel where bidders were told that

14  there'd be an opportunity, but that's an issue for another

15  day, right?  Just like Mr. Newman will be heard to complain

16  on Friday, maybe the other secured creditors will as --

17  won't.

18          Between now and then, we think the duty of the

19  debtor is to maximize the value of the estate.

20  Mr. Golubchik and Mr. Perkins are terrific advisors.

21  They've been very receptive to calls and they understand

22  that duty.  They will present -- my understanding is they

23  will present the highest bid, as well as anybody else who

24  comes forward before Friday to say, look, we have these two

25  choices.  And because Mr. Golubchik is right, because the

Page                                                                    21

1   current bid doesn't pay secured creditors in full, there's

2   a very real issue about how we'll proceed.

3          So a long-winded way of saying, this is an issue

4   for another day.  No one's rights are prejudiced and

5   Mr. Newman's position, while understandable, is probably

6   procedurally not correct as well, so thank you, Your Honor.

7          THE COURT:  Thank you.

8          Ms. Andrassy, you filed a joinder.  Anything to

9   add?

10         MS. ANDRASSY:  No, Your Honor.  I think

11  Mr. Shinderman did a good job of putting forth the concerns

12  that my client has.  I think this is an issue that can be

13  raised next week.  It should be an interesting week.

14         THE COURT:  Thank you.

15         Mr. Rafatjoo.

16         MR. RAFATJOO:  Thank you, Your Honor.  Hamid

17  Rafatjoo of Raines Feldman for Nile Niami.

18         Your Honor, this motion is simply an attempt by a

19  buyer to over reach and obtain a windfall on this property.

20  There's no doubt that this property is worth materially

21  more than the current bid that is on the table.  There's no

22  doubt that events in the world have impacted this auction

23  and the bids that have come in this property, which is

24  truly unique and one of a kind.

25         So to now face a motion that is procedurally

Page                                                                                    22

1    incorrect, let's be perfectly clear.  They are seeking an

2    injunction through a motion and the Federal Rules of

3    Bankruptcy Procedure are perfectly clear, but you need an

4    adversary action to do that.

5            In addition to that, Your Honor, it is shocking

6    that, you know, we are talking about sale motion and sale

7    hearing next week when this buyer has not executed the

8    documents.  That addendum isn't signed.  The debtor filed a

9    motion because it had to file a motion and the

10   documentation is not complete.  This buyer is not bound to

11   purchase this property right now and they are trying to

12   find the debtor to sell it to them at this price if they so

13   choose to sign the documents.

14           And yet, we come to this court and we're hearing

15   about all, Your Honor, sale procedures order said this,

16   it's going to have this impact on future bidding in all

17   cases across the country.  They haven't signed the

18   agreement.  You're going to want to hold everybody's feet

19   to the fire to obtain a windfall on this house when you as

20   the buyer have not done what you are supposed to do, sign

21   the agreement.

22           So with respect to next Friday, you know, we have

23   oppositions and we will object and we intend to take some

24   depositions.  What am I objecting to, Your Honor, a

25   document that's not signed, that a buyer was not found.  So

1   I question the need for that hearing on Friday, next Friday

2   without having signed documents.  What are we proceeding

3   with; to sell something to someone who hasn't agreed to buy

4   it, even at this low price?

5            So there are a number of procedural issues

6   associated with this thing.  Forget about today's motion.

7   It's improper.  It should be denied.  There is no reason

8   for it.  But even for next Friday what are we moving

9   forward with?  So from --

10           THE COURT:  All right.  Oh, I'm sorry.  Go ahead.

11           MR. RAFATJOO:  So from that perspective, Your

12  Honor, you know, frankly I would like some clarify because

13  if I'm going to be spending my client's money to take

14  depositions and file oppositions, I want to know what I'm

15  opposing.

16           THE COURT:  Thank you.  I think that in a way

17  your comments are somewhat similar to those of Mr. Newman

18  that these are all issues to talk about next week.  I don't

19  think I have anything before me as to what parties ought to

20  be putting in objections or not, but I very much agree with

21  Ms. Andrassy.  It's going to be an interesting week and

22  interesting conversation a week from today.

23           Mr. Smith, I saw your hand.  You did not file a

24  paper in response to this motion, but you -- if you have a

25  brief comment, you're welcome to make it.

Page                                                                  24

1          MR. SMITH:  Thank you.  I actually did, but I had

2    to drop it in the dropbox due to some complication --

3          THE COURT:  Okay.

4          MR. SMITH:  -- about the tribunal, so it was

5    received yesterday before 4:00 p.m. when the clerk's office

6    closed in the dropbox.

7          THE COURT:  Okay.

8          MR. SMITH:  And it has been, but it's very

9    simple, very brief and I would like to incorporate it by

10   reference here.  Bottom line is the offer is very

11   insufficient.  A blind person could see that.  A blind man

12   could see that.  The reality is that everybody has a

13   fiduciary responsibility to the creditors to recover the

14   highest amount available and if that's the best that

15   Mr. Newman's client can do I just think it's really, really

16   dishonorable to try and enjoin the Court to enforce that

17   when it's just morally bankrupt.

18          The other thing is that -- excuse me -- in the

19   absence of Mr. Rafatjoo's comment about the document not

20   being fully executed, if it's not executed, it's not done

21   and there's always an offer or room for a higher bid or a

22   more responsible and more morally inept bidder to come

23   forward, even if it's goodwill, and do the right thing.

24          And so I believe that the Court also received a

25   bid yesterday in the dropbox before 4:00 p.m. when the

1   clerk's office closed, a certificate of overbid notarized

2   and duly executed for 500 million dollars.  And so if

3   Mr. Newman's client is interested in seriously bidding on

4   the property it should be in good faith and that's my

5   objection and I move this Court based on those moving

6   papers and the testimony today to oppose the order.

7           THE COURT:  Thank you, sir.

8           Mr. Newman, I think that based on our discussion

9   a little earlier it's probably relatively clear where we're

10  going here today, but I wanted to give you an opportunity

11  to respond to what you've heard.

12          MR. NEWMAN:  Well, I appreciate it, Your Honor.

13  And I think that the frame of the (indiscernible) parties

14  in large point kind of makes my point, which is that this

15  process, which my client participated in and relied upon is

16  being turned into kind of a general free-for-all with no

17  structure and no rule and my client believes that he has

18  rights that attended him by participating in the

19  representations that were made by the debtor and by relying

20  on the Court's order and he intend to fulfill those rights

21  and to prosecute them appropriately.

22          I'll just respond to Mr. Rafatjoo's discussion

23  with respect to whether my client has complied with its

24  obligations.  My client has submitted signed copies of all

25  documents requested by the debtor and, in fact, we're twice

1  assured that we have provided documents that complied with

2  the debtor's requirements.

3            I believe, and we haven't -- you know, I think

4  this is certainly not before the Court today but just the

5  Court has the information.  I believe there is a discrete

6  dispute over what one -- one language in the two different

7  documents that were signed which basically then formed by

8  this issue.  The question in our mind is whether the

9  documents that were signed give the parties an opportunity

10  for overbidding or not and we believe they do not

11  inconsistent with the other bid procedures (indiscernible).

12  So there's no question that we have submitted the

13  documents.  We have submitted signed copies of the

14  documents and the debtors and we have disagreement about

15  how to interpret one of those provisions, but that's

16  something that I think can be -- result in another day.  I

17  don't think there's any question that the bid is fully in

18  compliance with the bid procedures order and it's for the

19  property free and clear of liens, the way it was described.

20            And so, again, our request is that the Court

21  clarify its prior order to make clear that there is not an

22  overbidding process occurring now following the close of

23  the auction and we, of course, do reserve all rights of the

24  sale hearing with respect to the parties' conduct between

25  now and then.

Page                                                                                    27

1              THE COURT:  Thank you.

2              Well, for purposes of today as I've said earlier,

3     this motion to me appears to be an effort to seek

4     injunction relief, which is procedurally improper as that

5     can't be done by motion.  it needs to be done by adversary

6     proceeding.

7              To the extent that this motion seeks anything

8     else, including clarification of a prior order, I don't

9     think that there's any cause for relief.  I think that the

10    sale procedures order and other orders entered in this case

11    all speak for themselves and there's been no cause shown

12    that any clarification is required.

13             This ruling denying today's motion is not a

14    ruling on the merits of any of the comments that anyone has

15    made today in connection with the sale motion and the sale

16    hearing that is going to go forward on Friday.

17             So to the extent that there have been comments

18    that relate to approval of the sale of the property, all of

19    those arguments can be raised in connection with next

20    week's hearing.

21             The Court will prepare an order on today's

22    emergency motion and that will be entered and I will expect

23    to read a lot of papers between now and a week from today

24    and probably see most of you in a week.

25             MR. GOLUBCHIK:  Thank you, Your Honor.

Page                                                                                          28

1          THE COURT:  Thank you very much to everyone.

2          ATTORNEYS:  Thank you, Your Honor.

3          THE COURT:  We're adjourned.

4     (At 1:41 p.m.)

5                         *  *  *  *  *  *  *

6          I certify that the foregoing is a correct

7     transcript from the electronic sound recording of the

8     proceedings in the above-entitled matter.

9

10    *Ruth Ann Hager*

11

12    _____      Date:  3/27/2022

13    RUTH ANN HAGER, C.E.T.**D-641

14

15

16

17

18

19

20

21

22

23

24

25

P 888.272.0022  F 818.343.7119      www.benhyatt.com