**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Sharon Oh-Kubisch, State Bar No. 197573
*sokubisch@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
Martin Singer, State Bar No. 78166
Paul N. Sorrell, State Bar No. 126346
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com
        psorrell@lavelysinger.com

Attorneys for Inferno Investment, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>        Debtor in Possession. | Case No. 2:21-bk-18205-DS<br>Chapter 11<br><br>**OPPOSITION OF SECURED CREDITOR INFERNO INVESTMENT, INC. TO MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC, A SENIOR SECURED CREDITOR**<br><br>Date:    May 26, 2022<br>Time:   1:30 p.m.<br>Crtrm.:  1639 |

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, CRESTLLOYD, LLC, AND ITS COUNSEL, AND ALL OTHER PARTIES IN INTEREST:**

As this Court is aware, there are disputes between the lienholders of the real property that was sold at auction about the relative priority of their liens and the amount

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  of their debts.  There was prepetition litigation brought by Yogi Securities against Hankey

2  Capital and there were various disputes raised in connection with the motion to approve

3  the sale of the property.  Among these disputes is that Hankey Capital's loan provided

4  that it was to finance the construction of the property to completion.[1]  As set forth in

5  Exhibit D to the Construction Funding Agreement, Hankey dictated a procedure for

6  Crestlloyd to follow in order to get disbursements.  Given that the amount of the loan

7  went from $82.5 million to $91 million to $106 million in a period of twenty-two months, it

8  is questionable whether Hankey required Crestlloyd to comply with those procedures.[2]

9  The disbursement ledger for the Hankey Capital loan similarly calls into question whether

10  Hankey required Crestlloyd to comply with those same procedures.  However, there is

11  now an additional question about the various liens and their priority because, as detailed

12  in the attached declaration of Julien Remillard, Inferno did not sign the Subordination

13  Agreement that is attached to the motion as Exhibit 5.  The Subordination Agreement

14  was purported to be signed on October 30, 2018, but Crestlloyd forwarded to Inferno a

15  revised draft of the Subordination Agreement on October 31, 2018.  *See* Exhibit "C" to

16  Julien Remillard's declaration.  The impact of the Subordination Agreement is an open

17  question and yet another dispute to be resolved.  If Inferno did not sign the Subordination

18  Agreement, it cannot be bound to all of its terms, including without limitation those that

19  provide that Inferno waives certain rights.

20       In connection with the sale motion, Crestlloyd indicated that all of the liens were

21  disputed and set forth various grounds for objection.  Because of that and because

22  Inferno would not consent, the Court did not authorize payment of any of the disputed

23

24  [1] A copy of the Construction Funding Agreement was attached as an exhibit to the
complaint that Hankey Capital filed prepetition against Crestlloyd.  That complaint is
25  attached as Exhibit A.  The Exhibits are being concurrently filed.  The provisions that
state that the loan was intended to complete construction are at paragraphs 3.1(b),
26  3.1(e), 4.1, 6.9

27
[2] It is worth noting that a significant portion of the $82.5 million was used to pay off
28  another secured creditor and to fund an interest reserve.

1  liens.  A few weeks after the sale hearing and because of their disagreements, the

2  lienholders participated in a virtual settlement conference facilitated by counsel for

3  Crestlloyd.  Very little was accomplished at that conference except that the parties

4  agreed that they each required more information before they could intelligently discuss

5  resolution of their disputes.  The parties exchanged lists of documents requested and

6  information needed.  Inferno has produced the documents requested that are in its

7  possession, Yogi has produced the documents that it contends are responsive, but

8  Hankey Capital has produced nothing in response to those requests.  It has not even

9  responded to emails inquiring about whether any documents could be expected.

10  Inferno's requests of Hankey Capital included construction budgets, documents

11  confirming the loan proceeds were being used for Crestlloyd construction costs, and

12  explanations about the interest calculation.  Because Inferno has not been able to obtain

13  documents from Hankey voluntarily, it shortly expects to seek them through an

14  application under Federal Rule of Bankruptcy Procedure 2004.

15        Also in connection with that settlement conference, Inferno requested that

16  Crestlloyd produce copies of any forensic accounting or construction cost audit in its

17  possession, whether prepared by the state court receiver or Sierra Constellation as its

18  manager.  Inferno has not received any documents in response, so presumably

19  Crestlloyd does not have those in its possession or done that level of analysis.

20        Because of these issues, when Inferno informed counsel for Crestlloyd that it

21  would consent to the payment to Hankey of $82.5 million, it was expressly conditioned

22  upon the order providing that the payment is without prejudice to the rights of any party to

23  contest Hankey Capital's right to receive that payment, to contest the validity of Hankey

24  Capital's claim or the priority of its lien, or to seek and obtain disgorgement of any portion

25  of those funds that a court may determine Hankey Capital should not have received.  The

26  Motion omits this critical condition so Inferno raises it here.  Also because of these

27  disputes, Inferno was not agreeable to Hankey getting a full payment on account of its

28  lien and it remains opposed to Hankey collecting its interest.  Hankey Capital has not

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   provided answers to the questions posed about calculation of interest and that, together

2   with the other disputes, are the basis for Inferno's continued objection to the payment to

3   Hankey Capital of any interest at this time.

4

5   DATED:  May 26, 2022                    Respectfully submitted,

6                                            SMILEY WANG-EKVALL, LLP

7

8                                            By:  ____/s/ Kyra E. Andrassy____

9                                                 KYRA E. ANDRASSY
                                                  Attorneys for Inferno Investment, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2909586.2                          4                          OPPOSITION

1

# **DECLARATION OF KYRA E. ANDRASSY**

2    I, Kyra E. Andrassy, declare as follows:

3    1.    I am a partner with Smiley Wang-Ekvall, LLP, attorneys of record for Inferno

4 Investment, Inc. ("Inferno").  I am licensed to practice before this Court and the courts of

5 the State of California.  I know each of the following facts to be true of my own personal

6 knowledge, except as otherwise stated and, if called as a witness, I could and would

7 competently testify with respect thereto.  I make this declaration in support of the

8 Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to

9 Disburse Funds to Hankey Capital, LLC, a Senior Secured Creditor.

10    2.    Attached as Exhibit "A" is a true and correct copy of the complaint filed

11 prepetition by Hankey Capital, LLC, against Crestlloyd in Los Angeles Superior Court.

12    3.    On April 7, 2022, I attended a meeting facilitated by counsel for Crestlloyd

13 for Hankey Capital, Yogi Securities, and Inferno Investment to discuss their disputes

14 about the liens against the property.  The result of that meeting was a consensus that

15 everyone required additional documents and information if any progress was going to be

16 made.  The parties agreed to exchange lists of documents and information requested of

17 the other parties.

18    4.    On April 8, 2022, I emailed counsel for Crestlloyd and Hankey Capital with

19 a list of documents or information being requested by Inferno.  I sent a list of several

20 additional documents being requested of Hankey Capital on April 11, 2022.  Among the

21 documents and information that I requested of Hankey Capital were copies of signed loan

22 documents, answers to two questions posed about the interest calculation, any

23 construction budget that had been prepared by Crestlloyd or used by Hankey in

24 connection with its approval and funding of the $82.5 million loan, and documents

25 confirming that the loan proceeds were being used for Crestlloyd construction costs. A

26 true and correct copy of these emails is attached as Exhibit "B."

27    5.    As of May 25, 2022, I have not received any of the documents or

28 information requested of Hankey Capital, despite a couple of follow-up inquiries.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1        6.    In the April 8, 2022, email, I also requested that Crestlloyd produce any

2    forensic accounting or construction cost audit done to date, whether by the state court

3    receiver or by Sierra Constellation, its manager.  As of today, I have not received these

4    documents and do not see them in the Dropbox folder set up by Crestlloyd.

5        I declare under penalty of perjury under the laws of the United States of America

6    that the foregoing is true and correct to the best of my knowledge.

7        Executed on this 26th day of May, 2022, at Costa Mesa, California.

8

9                    /s/ Kyra E. Andrassy

10                   Kyra E. Andrassy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2909586.2

6

OPPOSITION

# DECLARATION OF JULIEN RÉMILLARD

I, Julien Rémillard, declare as follows:

1.      I am a director of Inferno Investment, Inc.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to Disburse Funds to Hankey Capital, LLC, a Senior Secured Creditor.

2.      In reviewing the Subordination Agreement that is attached to the motion to disburse funds to Hankey Capital as Exhibit 5, I realized that the signature in the signature block for Inferno Investment is not my signature.  I then looked at the notary certificate attached to the Subordination Agreement that states that I personally appeared before the notary in Los Angeles, California on October 30, 2018.  I was not in Los Angeles on October 30, 2018.  I was in Montreal, Quebec, Canada.

3.      This is supported by the fact that on October 30, 2018, Doug Witkins of Skyline Development, who acted as Crestlloyd's representative, emailed me a subordination agreement.  The next day, on October 31, 2018, he emailed me an updated one.  A true and correct copy of these emails is attached as Exhibit "C."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of May, 2022, at Miami, Florida.

DocuSigned by:

204101220C4641F...

Julien Rémillard

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2909642.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to Disburse Funds to Hankey Capital, LLC, a Senior Secured Creditor**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **5/26/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **5/26/2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Overnight Mail:
Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/26/2022 | Lynnette Garrett | */s/ Lynnette Garrett* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com, zabrams@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Danielle R Gabai    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- Jonathan Gottlieb    jdg@lnbyg.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, zabrams@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.