DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JDG@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>    Debtor and Debtor-in-Possession | Chapter No.: 11<br><br>Case No.: 2:21-bk-18205-DS<br><br>**DECLARATION OF MILES STAGLIK IN SUPPORT PRELIMINARY OBJECTION TO REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LLC DBA VESTA [DKT 357]**<br><br>Date: July 21, 2022<br>Time: 11:30 a.m.<br>Place: 255 E. Temple Street<br>       Los Angeles, CA 90012<br>**VIA ZOOMGOV ONLY** |

I, Miles Staglik, hereby declare as follows:

1. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I make this declaration in support of the *"Preliminary Objection To Request For Payment Of Chapter 11 Administrative Expenses Of Showroom Interiors, LLC DBA Vesta [Dkt 357"* (the "Preliminary Objection") to which this declaration is attached. Unless otherwise stated, capitalized terms herein have the same meanings ascribed to them in the Preliminary Objection.

3. At all times relevant to this Declaration, I was employed by SierraConstellation Partners LLC ("SCP"), which is the designated manager of Crestlloyd, LLC, the debtor and debtor in possession in the above captioned bankruptcy case (the "Debtor"). I am also the person at SCP that was primarily responsible for carrying out the day-to-day operations with the Debtor, including communicating with the Debtor's vendors. I was the primary person at SCP engaged in communications with Julian Butler, as the principal of Showroom Interiors, LLC dba Vesta ("Vesta").

4. Shortly after commencement of the Debtor's case on October 26, 2021 (the "Petition Date"), I was contacted by Mr. Buckner who advised me that the Debtor entered into a pre-petition agreement with Vesta to provide staging furnishings in the Debtor's real property known as The One (the "Property"). Mr. Buckner advised me that the agreement provided for a monthly rental rate for the staged furniture of $57,500 and provided me with a copy of a pre-petition agreement that reflected the foregoing. However, based on alleged pre-petition non-payment, Vesta sought to become a "critical vendor" to be paid substantial additional sums for the outstanding pre-petition obligations.

5. I advised Mr. Buckner and, I understand that, Debtor's counsel advised Vesta's counsel, that Vesta cannot be considered a "critical vendor" and the Debtor cannot agree to such demands. However, the Debtor is prepared to continue making monthly payments pursuant to the executory contract in effect. Based on the foregoing, and to avoid any disruption associated with the Debtor's efforts to market the Property for sale, the Debtor agreed to continue to rent the furnishings at the same rate of $57,500 per month. Payments were timely made.

6. In mid December 2021, Mr. Buckner contacted me and advised me that furnishings were missing from the Property and that he filed a police report on behalf of Vesta. Mr. Buckner asked me to submit a statement in support of the report to assist him in recovering additional sums related to the alleged losses. I promptly came to the Property and inspected all furnishings and confirmed that, in fact, nothing was missing. I advised Mr. Buckner that I was unwilling to provide him with a false report. I do not know if the police report was withdrawn.

7. Thereafter, Mr. Buckner contacted me on several occasions advising me that Vesta is losing money as a result of the Debtor and sought additional amounts. I repeatedly advised him that his demands cannot be met since the Debtor must operate in accordance with bankruptcy laws.

8. Mr. Buckner also advised me on several occasions that, notwithstanding the withdrawal of the police report, numerous items of furnishings were missing and Vesta must be compensated. I repeatedly requested documentation showing the inventory at the time of the staging so that it can be compared to the current status. I was advised that there was no formal inventory prepared at the commencement of the contract and, therefore, we were unable to compare (or have proof of) what may have occurred between the contract commencement and the post-petition period.

9. Based on Mr. Buckner's request, I conducted a walk-through of the Property together with Mr. Buckner to assist him in reconciling an inventory, pursuant to his request. Shortly thereafter, Mr. Buckner provided me with a newly created inventory which, according to him, consisted of all items provided to the Debtor pursuant to the staging contract. Among the items provided to me were numerous rugs located at the Property which, Buckner asserted, were provided by Vesta. Based on the Debtor's records in my possession, I confirmed that the subject rugs were purchased by the Debtor separate and apart from Vesta and were not, in fact, provided by Vesta. I advised Mr. Buckner of the foregoing.

10. On December 31, 2021, there was a pool leak in the pool outside of the master bedroom which caused some damage to flooring in the master bedroom and certain furnishings.

11. In addition, there were numerous rains in Los Angeles both prior to the bankruptcy filing and after the bankruptcy filing. I received and reviewed reports from Ted Lanes, the pre-petition receiver, that stated there was some water damage to portions of the Property. However, it is unclear, at this time, whether any water damage was caused pre-petition or post-petition.

12. Around March 2022, I learned from Tony Camarena, the project manager of the Property, that the staging contract provided to me by Mr. Buckner was not the applicable contract. Rather, I learned that Vesta and the Debtor entered into a staging agreement which provided for rent payments of approximately $13,500 per month (with the balance accruing and to be paid upon the sale of the house), which means that Mr. Buckner was not honest with me as to the operative agreement. I was provided with such invoices, true and correct copies of which are collectively attached hereto as **Exhibit "A"**. While I received a copy of that agreement from Tony Camarena, I separately requested a copy of the document from Vesta, but was not provided with a copy from Vesta. I was also on a call with Debtor's counsel (David

4

Golubchik), Mr. Buckner and Vesta's counsel wherein Mr. Golubchik requested a copy of that agreement, but Mr. Golubchik was not provided with a copy.

13. I understand that Vesta's position is that numerous items of furnishings were damaged as a result of the pool leak and rains. There is a schedule of inventory in Exhibit B to the Motion. I have no evidence that the furnishings listed therein were the furnishings provided to the Debtor. In addition, none of the contracts contain a schedule of inventory allegedly provided to the Debtor, but only references locations where staging is to be provided. This newly created document is troubling and additional investigation is necessary to ascertain its credibility. In fact, over the course of the case I received several versions of inventory at the property. However, based on past conduct, included repeated misstatements and misrepresentations, as outlined before, it appears that the schedule of furnishings provided was not accurate.

14. I also understand that Vesta asserts approximately $248,000 in allegedly damaged furniture. I disagree with such a position for, at least, the following reasons:

   a. Numerous items asserted by Vesta as having been provided to the Debtor were, in fact, not provided to the Debtor by Vesta;

   b. The alleged damage was caused, in part, during the pre-petition rain period and not post-petition period;

   c. None of the furnishings were "not properly protected by the Debtor."

15. In connection with the transfer of documents and information from the former Receiver, Theodore Lanes, to the Debtor, I learned from that Vesta asserted missing and/or damaged furniture under his tenure and requested a police report be filed by Mr. Lanes, which Mr. Lanes refused as there was no inventory provided to Mr. Lanes. In fact, based on my review

of the records and receipt of information transferred from Mr. Lanes to the Debtor, I understand that Mr. Lanes and his team were the first to perform such an inventory.

16. Based on the foregoing, I dispute, and disagree with, Vesta's position as to its alleged administrative claim and its alleged "inventory" of furnishings provided. Moreover, I previously advised Mr. Buckner that the "valuations" of furnishings he previously provided were not realistic or actual values based on my investigation of the same. At a minimum, I believe that discovery is necessary to sort through the issues to determine the veracity of the facts. In addition, I believe that the Debtor holds substantial claims against Vesta and Mr. Buckner related to, among other things, improper billing and misrepresentation.

I declared and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 23rd day of June 2022, at Los Angeles, California.

_____
MILES STAGLIK

**EXHIBIT A**

**Vesta Home**
8905 Rex Rd
Pico Rivera, CA  90660 US
+1 3232070526
accountsreceivable@vestahome.com



# INVOICE

| | | |
|---|---|---|
| **BILL TO**<br>Crestlloyd, LLC<br>4628 Noeline<br>Encino, CA  91316 | **SHIP TO**<br>Crestlloyd, LLC<br>944 Airole Way Los Angeles,<br>CA 90077 | **INVOICE #** H1568 - Oct21<br>**DATE** 10/01/2021<br>**DUE DATE** 10/01/2021 |

| TRACKING NO. | JOB # | DESCRIPTION |
|---|---|---|
| H1568 | H1568 | Staging Rental |

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Staging Rental**<br>Inventory Rental Fee | 1 | 13,500.00 | 13,500.00T |
| **Late Fee (10%)**<br>Late Fee (10%) | 1 | 1,350.00 | 1,350.00 |

944 Airole Way Los Angeles, CA 90077
$36,000 Due through escrow

| | |
|---|---|
| SUBTOTAL | 14,850.00 |
| TAX | 1,282.50 |
| TOTAL | 16,132.50 |
| BALANCE DUE | **$16,132.50** |

**Vesta Home**
8905 Rex Rd
Pico Rivera, CA  90660 US
+1 3232070526
accountsreceivable@vestah
ome.com



# INVOICE

| BILL TO | SHIP TO | |
|---|---|---|
| Crestlloyd, LLC | Crestlloyd, LLC | **INVOICE #** H1568-Nov21 |
| 4628 Noeline | 944 Airole Way Los Angeles, | **DATE** 11/01/2021 |
| Encino, CA  91316 | CA 90077 | **DUE DATE** 11/01/2021 |

| TRACKING NO. | JOB # | DESCRIPTION |
|---|---|---|
| H1568 | H1568 | Staging Rental |

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Staging Rental**<br>Inventory Rental Fee | 1 | 13,500.00 | 13,500.00T |

944 Airole Way Los Angeles, CA 90077
$36,000 Due through escrow

| | |
|---|---|
| SUBTOTAL | 13,500.00 |
| TAX | 1,282.50 |
| TOTAL | 14,782.50 |
| BALANCE DUE | **$14,782.50** |

**Vesta Home**
8905 Rex Rd
Pico Rivera, CA  90660 US
+1 3232070526
accountsreceivable@vestahome.com



# INVOICE

| BILL TO | SHIP TO | |
|---|---|---|
| Crestlloyd, LLC | Crestlloyd, LLC | **INVOICE #** H1568-Dec21 |
| 4628 Noeline | 944 Airole Way Los Angeles, | **DATE** 12/01/2021 |
| Encino, CA  91316 | CA 90077 | **DUE DATE** 12/01/2021 |

| TRACKING NO. | JOB # | DESCRIPTION |
|---|---|---|
| H1568 | H1568 | Staging Rental |

| ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Staging Rental**<br>Inventory Rental Fee | 1 | 13,500.00 | 13,500.00T |

944 Airole Way Los Angeles, CA 90077
$36,000 Due through escrow

| | |
|---|---|
| SUBTOTAL | 13,500.00 |
| TAX | 1,282.50 |
| TOTAL | 14,782.50 |
| BALANCE DUE | **$14,782.50** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **DECLARATION OF MILES STAGLIK IN SUPPORT PRELIMINARY OBJECTION TO REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LLC DBA VESTA [DKT 357]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 23, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**   kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**   tma@lnbyg.com
- **Jerrold L Bregman**   jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**   mdevoll@watttieder.com, zabrams@watttieder.com
- **Karol K Denniston**   karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Oscar Estrada**   oestrada@ttc.lacounty.gov
- **Danielle R Gabai**   dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**   tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**   dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**   jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**   rbk@jmbm.com
- **Jane G Kearl**   jkearl@watttieder.com
- **Jennifer Larkin Kneeland**   jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov
- **John A Moe**   john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Samuel A Newman**   sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**   rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**   sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**   vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**   wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**   dseror@bg.law, ecf@bg.law
- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**   mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**   lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

- **Genevieve G Weiner**   gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

**2. SERVED BY UNITED STATES MAIL**: On **June 23, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Request for Special Notice*
Amy P. Lally, Esq.
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 23, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2022 | Damon Woo | /s/Damon Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                              **F 9013-3.1.PROOF.SERVICE**