DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>    Debtor and Debtor in Possession. | Case No.: 2:21-bk-18205-DS<br><br>Chapter 11 Case<br><br>**DEBTOR'S NOTICE OF SECOND MOTION AND SECOND MOTION TO EXTEND THE EXCLUSIVITY PERIODS FOR THE DEBTOR TO FILE A PLAN AND OBTAIN ACCEPTANCE THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>Hearing:<br>  Date:    July 14, 2022<br>  Time:   11:30 a.m.<br>  Place:   Courtroom 1639<br>              255 E. Temple St.<br>              Los Angeles, CA 90012<br>              **VIA ZOOMGOV ONLY** |

**PLEASE TAKE NOTICE** that a hearing will be held at the above-referenced date, time, and location to consider approval of this motion (the "Second Motion") by Crestlloyd, LLC, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 1121(d), for entry of an order extending the exclusivity periods for the Debtor to file a plan and obtain acceptance thereof for one hundred and twenty (120) days from June 23, 2022 and August 22, 2022, respectively, to October 21, 2022 and December 20, 2022, respectively. This is the Debtor's second request for an extension of these periods. The Court granted the Debtor's first motion (the "First Motion") for an extension of such periods. *See* Dkts. 130 and 280. The Debtor seeks the foregoing extensions without prejudice to its right to seek further extensions of its plan exclusivity periods, in accordance with 11 U.S.C. §1121(d).

**PLEASE TAKE FURTHER NOTICE** that this Second Motion is based upon applicable Local Bankruptcy Rules (the "LBR"), 11 U.S.C. §§ 105(a) and 1121, this Notice of Second Motion and Second Motion, the annexed supporting Memorandum of Points and Authorities and Declaration, the arguments and statements of counsel to be made at the hearing on the Second Motion, and other admissible evidence properly brought before the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(f), any opposition to this Second Motion must (1) be in writing and include all reasons and evidence in support of the opposition and (2) be filed with the Clerk of the United States Bankruptcy Court and served upon the Office of the United States Trustee (the "OUST"), as well as counsel for the Debtor, at the address located in the upper left-hand corner of the first page of this Notice of Second Motion and Second Motion, by no later than fourteen (14) days before the hearing on the Second Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h), the Court may deem the failure of any party to file a timely opposition to this Second Motion to constitute consent to the granting of this Second Motion and the relief requested herein.

///

///

///

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

(1) granting the Second Motion;

(2) extending the exclusivity periods for the Debtor to file a plan and obtain acceptance thereof for one hundred and twenty (120) days from June 23, 2022 and August 22, 2022, respectively, to October 21, 2022 and December 20, 2022, respectively; and

(3) granting such other and further relief as the Court deems just and proper.

Dated: June 23, 2022

CRESTLLOYD, LLC

*/s/ Todd M. Arnold*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
LEVENE, NEALE, BENDER, YOO
 & GOLUBCHIK L.L.P.
Attorneys for Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    GENERAL BACKGROUND.**

On October 26, 2021 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.[1] The Debtor is operating its estate and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108.

**B.    THE DEBTOR'S REAL PROPERTY, THE SALE THEREOF, CLAIMS, AND THE DISTRIBUTION ON CERTAIN SECURED AND OTHER CLAIMS.**

As of the Petition Date, the Debtor's primary asset was residential real property (the "Property") that it developed located at 944 Airole Way, Los Angeles, CA 90077. On March 3, 2022, this Court approved a sale (the "Sale") of the Property. Dkts. 142 and 247. Pursuant to the Sale, after paying commissions to the estate's brokers and auctioneer (the "Sales Agents"), secured tax claims, Hanky Capital, LLC's ("Hankey") secured DIP and receivership loan claims, and closing costs, the estate received $137.97 in consideration (the "Sale Proceeds"). *Id.*

Nile Niami, appealed the Sale order to the extent it approved the payment in over $2.5 million in commissions and fees to the Sales Agents (the "Niami Appeal"). The Niami Appeal is pending, and Niami filed his opening brief, with response and reply briefs due in the coming months.

After the close of the Sale, the Debtor filed a motion to pay $672,876 in secured mechanic's lien claims, which was approved by the Court. Dkts. 208, 319, and 354. The Debtor also filed a motion to pay $103,837,545 to Hankey on in partial satisfaction of its remaining alleged secured claims totaling approximately $122.6 million (the "Hankey Motion"). Dkt. 325. The Court granted the Hankey Motion in part and authorized the Debtor to disburse $82.5 million to Hankey, subject to a reservation of all rights. Dkt. 350. That payment left approximately $54.7 million in Sale Proceeds. Inferno and Yogi opposed the payment of any other amounts to Hankey, and Inferno initiated an adversary proceeding against the Debtor, Hankey, Yogi, and Hilldun regarding the priority, allowance and payment of claims (the "Inferno Adversary").

---

[1] Unless otherwise stated, all Section references herein are to title 11 of the United States Code, §§ 101, et seq.

As noted in the Hankey Motion, in addition to Hankey's remaining alleged secured claim in the approximate amount of $40.1 million, there are other secured creditors (*e.g.*, Inferno, Yogi, and Hilldun) asserting alleged secured claims in the approximate amount of $50.2 million, for a total of approximately $90.3 million in remaining alleged secured claims. Thus, there are not sufficient Sale Proceeds to pay the remaining secured claims (assuming they were allowed in their entirety). With that said, the Debtor is in the process of analyzing potential litigation and other claims it may pursue to supplement the Sale Proceeds.

In addition to the foregoing, Vesta filed an administrative claim in the amount of $320,283 (the "Vesta Admin. Claim"). Dkt. 357. The Debtor objected to the Vesta Admin. Claim, which is set for hearing on July 21, 2022.

C.   **THE DEBTOR'S COMPLIANCE WITH THE REQUIREMENTS OF THE BANKRUPTCY CODE, THE BANKRUPTCY RULES, AND GUIDELINES OF THE OUST, AND PRIOR REQUESTS TO EXTEND THE EXCLUSIVITY PERIODS UNDER 11 U.S.C. § 1121(d).**

The Debtor believes that it is in compliance with all material requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines of the OUST because, among other things, (1) the Debtor timely filed its 7-Day Package with the OUST, (2) the Debtor timely filed its Schedules and Statement of Financial Affairs, (3) the Debtor attended its Initial Debtor Interview and Section 341(a) Meeting of Creditors, which were concluded, (4) the Debtor filed its Monthly Operating Reports and paid all related OUST quarterly fees, and (5) the Debtor timely filed its Chapter 11 Status Report.

## II.

## DISCUSSION

A.   **THE COURT HAS AUTHORITY TO EXTEND THE DEBTOR'S EXCLUSIVITY PERIODS FOR FILING A PLAN AND OBTAINING ACCEPTANCE THEREOF.**

Pursuant to Sections 1121(b) and (c), a Chapter 11 debtor has the exclusive right to file a plan of reorganization for a period of 120 days following the filing of the petition and an additional 60 days thereafter to obtain acceptances to any plan so filed. 11 U.S.C. §§ 1121(b) and (c). Section

1121(d) allows the Court to extend or reduce these time periods "for cause." Section 1121(d) provides, in pertinent part, as follows:

> (d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d)(1) & (2).

The decision of whether to grant a request to extend or shorten the exclusivity periods lies within the sound discretion of the bankruptcy judge. *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989). The "cause" standard referred to in Section 1121 has been referred to as a general standard that allows the bankruptcy court "maximum flexibility to suit various types of reorganization proceedings." *In re Public Service Company of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988). It is common for courts to grant more than one extension of the exclusive periods to file and gain acceptance of chapter 11 plans. *See, e.g., Gaines v. Perkins (In re Perkins)*, 71 B.R. 294 (W.D. Tenn. 1987) (affirming bankruptcy court's approval of multiple extensions); *In re Express One Int'l, Inc.*, 194 B.R. 98 (Bankr. E.D. Tex. 1996) (granting multiple extensions); *In re Pine Run Trust, Inc.*, 67 B.R. 432 (Bankr. E.D. Pa. 1986) (granting second exclusivity); *see also Williamette Water Front, Ltd. v. Victoria Station, Inc. (In re Victoria Station, Inc.)*, 88 B.R. 231 (9th Cir. BAP 1988) (in allowing multiple extensions of time to assume or reject unexpired nonresidential leases pursuant to section 365(d)(4), the BAP noted that the allowance of such multiple extensions is supported by, among other things, other courts' allowance of multiple extensions of exclusivity periods)(citations omitted), *aff'd*, 875 F. 2d 1380 (9th Cir. 1989).

6

Among the factors to be considered in finding "cause" to extend the exclusivity periods are: (1) the size and complexity of the case (*Grand Traverse Devel. Co. Ltd. Partnership*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992)); (2) whether a debtor is attempting in good faith to formulate a viable plan and the degree of progress that has been achieved by the debtor in the Chapter 11 process (*In re Jasick*, 727 F.2d 1379 (5th Cir. 1984), *reh'g denied*, 731 F.2d 888 (5th Cir.)); and (3) a debtor's satisfaction of its post-petition obligations as they come due (*In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987)). While the foregoing are some of the most common factors, a court has discretion to consider others. *See, e.g., Express One*, 194 B.R. at 100. For example, the diligence of management and proper administration of the case is a factor that weighs in favor of an extension of the plan exclusivity periods. *See In re United Press International*, 60 B.R. 265 (Bankr. D.D.C. 1986); *In re Trainer's, Inc.*, 17 B.R. 246, 247 (Bankr. E.D. Pa. 1982). The Debtor believes that an analysis of these factors to this case supports an extension of the exclusivity periods.

**B.     GOOD CAUSE EXISTS TO GRANT THE DEBTOR'S REQUEST TO EXTEND THE EXCLUSIVITY PERIODS FOR THE DEBTOR TO FILE A PLAN AND OBTAIN ACCEPTANCE THEREOF.**

   1.     **Size and Complexity of Case.**

Given the still material amount of Sale Proceeds in excess of $50 million, potential litigation claims, the approximately $90.3 million in remaining alleged secured claims, and the multi-millions in administrative and unsecured claims asserted against the Debtor, the Debtor's case is large and complex. Further, the Debtor will still has substantial work to do to review, reconcile, and, where appropriate, object to certain claims and to analyze potential litigation claims and, where appropriate, initiate litigation claims, including those arising under Chapter 5 of the Bankruptcy Code.

   2.     **Efforts to Formulate and Confirm a Viable Plan.**

The Debtor intends to formulate a liquidating plan that will enable it to exit its chapter 11 case. The Debtor needs more time to reconcile and object to claims, analyze and assert litigation claims, and to further, and potentially, resolve the Niami Appeal, Inferno Adversary, and Vesta Admin. Claim, all of which collectively and individually will assist the Debtor in formulating a plan.

Based on the foregoing, proposing a plan and preparing a disclosure statement at this time would be premature and inefficient since the Debtor's ultimate reorganization structure will be

substantially dependent upon the outcome of some or all of the foregoing matters. If the Debtor can reduce variables relating to such matters, the Debtor will be able to provide creditors with a more accurate disclosure statement, plan, and understanding of what they will receive on their claims.

### 3. Post-petition obligations.

The Debtor is current on its obligations that have become due and owing post-petition and, including for its OUST quarterly fees.

### 4. Diligence of Management and Proper Administration of the Case.

As discussed above, the Debtor has properly administered its chapter 11 case in that the Debtor has complied with all of the material requirements of the Bankruptcy Code, the Bankruptcy Rules, and the OUST. Under these circumstances, an extension of the exclusivity periods for filing and obtaining confirmation of a plan can be granted with the confidence that the Debtor is in full compliance with the requirements that are a condition to the Debtor maintaining its exclusive right to file a plan and gain acceptance thereof.

### 5. Prior requests to extend exclusivity periods.

This is the Debtor's second request for an extension of exclusivity periods. The Court granted the Debtor's First Motion for an extension of such periods. *See* Dkts. 130 and 280. The Debtor seeks the extensions without prejudice to its right to seek further extensions of its plan exclusivity periods, in accordance with 11 U.S.C. §1121(d). The Debtor's request herein is being made in good faith and not for the purpose of pressuring creditors into acceding to certain plan terms. Rather, the extensions of exclusivity periods will prevent the Debtor from having to prematurely file a chapter 11 plan, minimize costs of administration, and help maximize the assets available for distributions to all creditors pursuant to a plan. The Debtor is not aware of any creditor whose claim or interest would be adversely affected or impaired by the granting of the relief requested herein. Based on all of the foregoing, the Debtor submits that good cause exists for granting the relief requested in the Second Motion.

# III.

# **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

(1)  granting the Second Motion;

(2)  extending the exclusivity periods for the Debtor to file a plan and obtain acceptance thereof for one hundred and twenty (120) days from June 23, 2022 and August 22, 2022, respectively, to October 21, 2022 and December 20, 2022, respectively; and

(3)  granting such other and further relief as the Court deems just and proper.

Dated: June 23, 2022                                       CRESTLLOYD, LLC

                                                                          */s/ Todd M. Arnold*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
LEVENE, NEALE, BENDER, YOO
   & GOLUBCHIK L.L.P.
Attorneys for Debtor and Debtor in Possession

## DECLARATION OF TODD M. ARNOLD

I, LAWRENCE R. PERKINS, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I am a partner of Levene, Neale, Bender, Yoo & Golubchik L.L.P., counsel to the Debtor herein.

3. I make this Declaration in support of the Second Motion to which this Declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meaning as in the Motion.

4. On October 26, 2021 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.[2] The Debtor is operating its estate and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108.

5. As of the Petition Date, the Debtor's primary asset was residential real property (the "Property") that it developed located at 944 Airole Way, Los Angeles, CA 90077. On March 3, 2022, this Court approved a sale (the "Sale") of the Property. Dkts. 142 and 247. Pursuant to the Sale, after paying commissions to the estate's brokers and auctioneer (the "Sales Agents"), secured tax claims, Hanky Capital, LLC's ("Hankey") secured DIP and receivership loan claims, and closing costs, the estate received $137.97 in consideration (the "Sale Proceeds"). *Id.*

6. Nile Niami, appealed the Sale order to the extent it approved the payment in over $2.5 million in commissions and fees to the Sales Agents (the "Niami Appeal"). The Niami Appeal is pending, and Niami filed his opening brief, with response and reply briefs due in the coming months.

7. After the close of the Sale, the Debtor filed a motion to pay $672,876 in secured mechanic's lien claims, which was approved by the Court. Dkts. 208, 319, and 354. The Debtor also filed a motion to pay $103,837,545 to Hankey on in partial satisfaction of its remaining alleged secured claims totaling approximately $122.6 million (the "Hankey Motion"). Dkt. 325. The Court

---

[2] Unless otherwise stated, all Section references herein are to title 11 of the United States Code, §§ 101, et seq.

granted the Hankey Motion in part and authorized the Debtor to disburse $82.5 million to Hankey, subject to a reservation of all rights. Dkt. 350. That payment left approximately $54.7 million in Sale Proceeds. Inferno and Yogi opposed the payment of any other amounts to Hankey, and Inferno initiated an adversary proceeding against the Debtor, Hankey, Yogi, and Hilldun regarding the priority, allowance and payment of claims (the "Inferno Adversary").

8.    As noted in the Hankey Motion, in addition to Hankey's remaining alleged secured claim in the approximate amount of $40.1 million, there are other secured creditors (*e.g.*, Inferno, Yogi, and Hilldun) asserting alleged secured claims in the approximate amount of $50.2 million, for a total of approximately $90.3 million in remaining alleged secured claims. Thus, there are not sufficient Sale Proceeds to pay the remaining secured claims (assuming they were allowed in their entirety). With that said, the Debtor is in the process of analyzing potential litigation and other claims it may pursue to supplement the Sale Proceeds.

9.    In addition to the foregoing, Vesta filed an administrative claim in the amount of $320,283 (the "Vesta Admin. Claim"). Dkt. 357. The Debtor objected to the Vesta Admin. Claim, which is set for hearing on July 21, 2022.

10.    I believe that the Debtor is in compliance with all material requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines of the OUST because, among other things, (1) the Debtor timely filed its 7-Day Package with the OUST, (2) the Debtor timely filed its Schedules and Statement of Financial Affairs, (3) the Debtor attended its Initial Debtor Interview and Section 341(a) Meeting of Creditors, which were concluded, (4) the Debtor filed its Monthly Operating Reports and paid all related OUST quarterly fees, and (5) the Debtor timely filed its Chapter 11 Status Report.

11.    I am informed and believe that the Debtor intends to formulate a liquidating plan that will enable it to exit its chapter 11 case. The Debtor needs more time to reconcile and object to claims, analyze and assert litigation claims, and to further, and potentially, resolve the Niami Appeal, Inferno Adversary, and Vesta Admin. Claim, all of which collectively and individually will assist the Debtor in formulating a plan.

12.  This is the Debtor's second request for an extension of exclusivity periods. The Court granted the Debtor's First Motion for an extension of such periods.  *See* Dkts. 130 and 280.  The Debtor's request herein is being made in good faith and not for the purpose of pressuring creditors into acceding to certain plan terms.  Rather, the extensions of exclusivity periods will prevent the Debtor from having to prematurely file a chapter 11 plan, minimize costs of administration, and help maximize the assets available for distributions to all creditors pursuant to a plan.  I am not aware of any creditor whose claim or interest would be adversely affected or impaired by the granting of the relief requested herein.  Based on all of the foregoing, I submit that good cause exists for granting the relief requested in the Second Motion.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 23rd day of June 2022, at Los Angeles, California.

*/s/ Todd M. Arnold*
TODD M. ARNOLD

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **DEBTOR'S NOTICE OF SECOND MOTION AND SECOND MOTION TO EXTEND THE EXCLUSIVITY PERIODS FOR THE DEBTOR TO FILE A PLAN AND OBTAIN ACCEPTANCE THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 23, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com, zabrams@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Danielle R Gabai    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, zabrams@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

- **Genevieve G Weiner**   gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

**2. SERVED BY UNITED STATES MAIL**: On **June 23, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Request for Special Notice*
Amy P. Lally, Esq.
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 23, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2022 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**