ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
DANIELLE R. GABAI (State Bar No. 339242)
*DGabai@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Showroom Interiors, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:21-bk-18205 |
| CRESTLLOYD, LLC, | Chapter 11 |
| Debtor. | **EVIDENTIARY OBJECTIONS TO DECLARATION OF MILES STAGLIK IN SUPPORT OF PRELIMINARY OBJECTION TO REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LLC** |
| | Date: July 21, 2022<br>Time: 11:30 a.m.<br>Crtrm.: 255 E. Temple Street<br>         Los Angeles, CA 90012<br>         [ZoomGov] |

Showroom Interiors, LLC ("Showroom" or "Vesta"), hereby respectfully submits its evidentiary objections to the Declaration of Miles Staglik filed in support of Crestlloyd, LLC's (the "Debtor") "Preliminary" Objection to Vesta's Request For Payment Of Chapter 11 Administrative Expenses (the "Staglik Declaration," docket no. 368) as follows:

/ / /

/ / /

/ / /

/ / /

**EVIDENTIARY OBJECTIONS**

| # | Statement | Objection(s) | |
|---|---|---|---|
| 1. | "Mr. Buckner advised me that the agreement provided for a monthly rental rate for the staged furniture of $57,000 and provided me with a copy of a pre-petition agreement that reflected the forgoing."<br><br>¶ 4, lines 23-25. | Hearsay (Fed. R. Evid. 802). | Sustained _____<br><br>Overruled_____ |
| 2. | "However, based on alleged pre-petition non-payment, Vesta sought to become a 'critical vendor' to be paid substantial additional sums for the outstanding pre-petition obligations."<br><br>¶ 4, lines 25-27. | Irrelevant (Fed. R. Evid. 401, 402); Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703); Hearsay (Fed. R. Evid. 802). | Sustained _____<br><br>Overruled_____ |
| 3. | "I promptly came to the Property and inspected all furnishings and confirmed that, in fact, nothing was missing. I advised Mr. Buckner that I was unwilling to provided him with a false report."<br><br>¶ 6, lines 12-14. | Hearsay (Fed. R. Evid. 802); Irrelevant (Fed. R. Evid. 401, 402); Lack of Foundation (Fed. R. Evid. 602, 701, 801). | Sustained _____<br><br>Overruled_____ |
| 4. | "Thereafter, Mr. Buckner contacted me on several occasions advising me that Vesta is losing money as a result of the Debtor and sought additional amounts. I repeatedly advised him that his demands cannot be met since the Debtor must operate in accordance with bankruptcy laws."<br><br>¶ 7. | Hearsay (Fed. R. Evid. 802); Irrelevant (Fed. R. Evid. 401, 402). | Sustained _____<br><br>Overruled_____ |
| 5. | "Mr. Buckner also advised me on several occasions that, notwithstanding the withdrawal of the police report, numerous items of furnishings were missing and Vesta must be compensated. I repeatedly requested | Hearsay (Fed. R. Evid. 802); Irrelevant (Fed. R. Evid. 401, 402); Lack of Foundation (Fed. R. Evid. 602, 701, 801); Lack of | Sustained _____<br><br>Overruled_____ |

| | | | |
|---|---|---|---|
| | documentation showing the inventory at the time of the staging so that it can be compared to the current status. I was advised that there was no formal inventory prepared at the commencement of the contract and, therefore, we were unable to compare (or have proof of) what may have occurred between the contract commencement and the post-petition period."<br><br>¶ 8. | Personal Knowledge (Fed. R. Evid. 602). | |
| 6. | "Based on Mr. Buckner's request, I conducted a walk-through of the Property together with Mr. Buckner to assist him in reconciling an inventory, pursuant to his request.  Shortly thereafter, Mr. Buckner provided me with a newly created inventory which [] consisted of all items provided to the Debtor….  Among other items [] were numerous rugs [] provided by Vesta….I confirmed that the subject rugs were purchased by the Debtor separate and apart from Vesta and were not, in fact, provided by Vesta. I advised Mr. Buckner of the foregoing."<br><br>¶ 9. | Hearsay (Fed. R. Evid. 802);<br>Irrelevant (Fed. R. Evid. 401, 402). | Sustained \_\_\_\_\_<br><br>Overruled\_\_\_\_\_ |
| 7. | "I received and reviewed reports from Ted Lanes, the pre-petition receiver, that stated there was some water damage to portions of the Property. However, it is unclear, at this time, whether any water damage was caused pre-petition or post-petition."<br><br>¶ 11, lines 14-16. | Hearsay (Fed. R. Evid. 802). | Sustained \_\_\_\_\_<br><br>Overruled\_\_\_\_\_ |

| | | | |
|---|---|---|---|
| 8. | "Around March 2022, I learned from Tony Camarena, the project manager of the Property, that the staging contract provided to me by Mr. Buckner was not the applicable contract. Rather, I learned that Vesta and the Debtor entered into a staging agreement which provided for rent payments of approximately $13,500 per month (with the balance accruing and to be paid upon the sale of the house), which means that Mr. Bucker was not honest with me as to the operative agreement."<br><br>¶ 12, lines 17-23. | Hearsay (Fed. R. Evid. 802);<br>Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703). | Sustained _____<br><br>Overruled_____ |
| 9. | "While I received a copy of that agreement from Tony Camarena, I separately requested a copy of the document from Vesta, but was not provided with a copy from Vesta."<br><br>¶ 12, lines 24-26 | Best Evidence Rule / Document Speaks for Itself (Fed. R. Evid. 1002). | Sustained _____<br><br>Overruled_____ |
| 10. | "I was also on a call with Debtor's counsel (David Golubchik), Mr. Buckner and Vesta's counsel wherein Mr. Golubchik requested a copy of that agreement, but Mr. Golubchik was not provided with a copy."<br><br>¶ 12, lines 26-28. | Hearsay (Fed. R. Evid. 802). | Sustained _____<br><br>Overruled_____ |
| 11. | "I have no evidence that the furnishings listing therein were the furnishings provided to the Debtor."<br><br>¶ 13, lines 6-7. | Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703). | Sustained _____<br><br>Overruled_____ |
| 12. | "In addition, none of the contracts contain a schedule of inventory allegedly provided to the Debtor, but only references locations where staging is to be provided."<br><br>¶ 13, lines 7-8. | Irrelevant (Fed. R. Evid. 401, 402);<br>Best Evidence Rule / Document Speaks for Itself (Fed. R. Evid. 1002). | Sustained _____<br><br>Overruled_____ |

1688102.1  27045                                              4

| | | | |
|---|---|---|---|
| 13. | "This newly created document is troubling and additional investigation is necessary to ascertain its credibility."<br><br>¶ 13, lines 8-10. | Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703). | Sustained _____<br><br>Overruled_____ |
| 14. | "In fact, over the course of the case I received several versions of inventory at the property.<br><br>¶ 13, lines 10-11. | Irrelevant (Fed. R. Evid. 401, 402);<br>Best Evidence Rule / Document Speaks for Itself (Fed. R. Evid. 1002). | Sustained _____<br><br>Overruled_____ |
| 15. | "However, based on past conduct, included repeated misstatements and misrepresentations, as outlined before, it appears that the schedule of furnishings provided was not accurate."<br><br>¶ 13, lines 11-14 | Lack of Foundation (Fed. R. Evid. 602, 701, 801);<br>Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703). | Sustained _____<br><br>Overruled_____ |
| 16. | "I disagree with such a position for, at least, the following reasons…"<br><br>¶ 14, lines 16-22. | Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703). | Sustained _____<br><br>Overruled_____ |
| 17. | "In connection with the transfer of documents and information from the former Receiver, Theodore Lanes, to the Debtor, I learned from that Vesta asserted missing and/or damaged furniture under his tenure and requested a police report be filed by Mr. Lanes, which Mr. Lanes refused as there was no inventory provided to Mr. Lanes."<br><br>¶ 15, lines 23-26. | Irrelevant (Fed. R. Evid. 401, 402);<br>Hearsay (Fed. R. Evid. 802). | Sustained _____<br><br>Overruled_____ |
| 18. | "In fact, based on my review of the records and receipt of information transferred from Mr. Lanes to the Debtor, I understand that Mr. Lanes and his team were the first to perform such an inventory."<br><br>¶ 15, lines 26-28. | Hearsay (Fed. R. Evid. 802). | Sustained _____<br><br>Overruled_____ |

1688102.1  27045                                        5

| | | | |
|---|---|---|---|
| 19. | "Based on the foregoing, I dispute, and disagree with, Vesta's position as to its alleged administrative claim and its alleged "inventory" of furnishings provided. Moreover, I previously advised Mr. Buckner that the "valuations" of furnishings he previously provided were not realistic or actual values based on my investigation of the same."<br><br>¶ 16, lines 3-7. | Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703); Hearsay (Fed. R. Evid. 802). | Sustained _____<br><br>Overruled_____ |
| 20. | "At a minimum, I believe that discovery is necessary to sort through the issues to determine the veracity of the facts. In addition, I believe that the Debtor holds substantial claims against Vesta and Mr. Buckner related to, among other things, improper billing and misrepresentation."<br><br>¶ 16, lines 7-10. | Irrelevant (Fed. R. Evid. 401, 402); Improper Opinion/Legal Conclusion (Fed. R. Evid. 701, 702, 703) | Sustained _____<br><br>Overruled_____ |

DATED: July 14, 2022      DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:      */s/ Danielle R. Gabai*
         DANIELLE R. GABAI
         Attorneys for Showroom Interiors, LLC

1688102.1  27045                                6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **EVIDENTIARY OBJECTIONS TO DECLARATION OF MILES STAGLIK IN SUPPORT OF PRELIMINARY OBJECTION TO REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LLC**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 14, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 14, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Crestlloyd, LLC**
c/o SierraConstellation Partners LLC
355 S. Grand Avenue Suite 1450
Los Angeles, CA 90071

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 14, 2022 | Vivian Servin | /s/ Vivian Servin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Kyra E Andrassy**   kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**   tma@lnbyg.com
- **Jerrold L Bregman**   jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**   mdevoll@watttieder.com, zabrams@watttieder.com
- **Karol K Denniston**   karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Oscar Estrada**   oestrada@ttc.lacounty.gov
- **Danielle R Gabai**   dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**   tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**   dbg@lnbyg.com, stephanie@lnbyb.com
- **Andrew Goodman**   agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Jonathan Gottlieb**   jdg@lnbyg.com
- **James Andrew Hinds**   jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**   rbk@jmbm.com
- **Jane G Kearl**   jkearl@watttieder.com
- **Jennifer Larkin Kneeland**   jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov
- **John A Moe**   john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Samuel A Newman**   sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**   rodea@shulmanbastian.com, lgauthier@shulmanbastian.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                            **F 9013-3.1.PROOF.SERVICE**

- **Sharon Oh-Kubisch**   sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**   victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com
- **William Schumacher**   wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**   dseror@bg.law, ecf@bg.law
- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**   mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**   lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;lalitdock@gtlaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**   gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**