1  Samuel A. Newman (SBN 217042)
   sam.newman@sidley.com
2  Genevieve G. Weiner (SBN 254272)
   gweiner@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street
4  Los Angeles, CA 90013
   Telephone: 213.896.6000
5  Facsimile: 213.896.6600

6  Amy P. Lally (SBN 198555)
   alally@sidley.com
7  SIDLEY AUSTIN LLP
   1999 Avenue of the Stars
8  17th Floor
   Los Angeles, CA 90067
9  Telephone: 310.595.9500
   Facsimile: 310.595.9501

10

   Attorneys for Party in Interest
11 Richard Saghian, an Individual

12              **UNITED STATES BANKRUPTCY COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                   **LOS ANGELES DIVISION**

15 In re                                  ) Case No. 2:21-bk-18205-DS
                                          )
16 CRESTLLOYD, LLC,                       )
                                          ) Chapter 11
17            Debtor and Debtor-in-Possession. )
                                          ) Assigned to:  The Hon. Deborah J. Saltzman
18                                        )
                                          ) **BUYER'S AND DEBTOR'S NOTICE OF**
19                                        ) **MOTION AND JOINT MOTION (I) TO**
                                          ) **ENFORCE THE SALE ORDER, AND**
20                                        ) **(II) FOR ISSUANCE OF AN ORDER TO**
                                          ) **SHOW CAUSE WHY ANDRE MARIO**
21                                        ) **SMITH SHOULD NOT BE HELD IN**
                                          ) **CONTEMPT OF COURT**
22                                        )
                                          ) Hearing:
23                                        )   Date/Time:  To be determined
                                          )   Place: Courtroom 1639
24                                        )       255 E. Temple St.
                                          )       Los Angeles, CA 90012
25                                        )       **VIA ZOOMGOV ONLY**
                                          )
26 ─────────────────────────────────────  )

27

28

**PLEASE TAKE NOTICE** that, at a time and date to be announced by the Court, a hearing will be held to consider approval of this joint motion (this "Motion") by Crestlloyd, LLC, the chapter 11 debtor and debtor in possession in the above-captioned matter (the "Debtor") and Mr. Richard Saghian ("Mr. Saghian" or the "Buyer", and together with the Debtor, the "Movants"), the purchaser of the real property formerly owned by the Debtor located at 944 Airole Way, Los Angeles, CA 90077 (the "Property"), for (i) entry of an order to show cause why Andre Mario Smith ("Mr. Smith") should not be held in contempt of court; and (ii) after a hearing on this Motion, entry of an order holding Mr. Smith in civil contempt and further enforcing the *Order Granting Debtor's Motion: (1) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests with the Exception of Enumerated Exclusions; (2) Finding That the Buyer Is a Good Faith Purchaser; (3) Authorizing and Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h), and (5) Providing Related Relief* [Dkt. 247] (the "Sale Order").

**PLEASE TAKE FURTHER NOTICE** that, as explained more fully in the annexed Memorandum of Points and Authorities, this Motion is predicated on Mr. Smith's recordation of a fraudulent deed (the "Fraudulent Deed") in blatant violation of the Sale Order.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9020-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), this Notice of Motion and Motion, the annexed supporting Memorandum of Points and Authorities, the Sale Order, all other documents on file in the above-captioned-case, and such further or additional evidence and argument as may be presented before or at the time of hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9020-1(c), the Movants hereby submit a proposed order to show cause (the "Proposed OSC") attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the issuance of the Proposed OSC must be filed and served no later than seven (7) days after the date hereof.  Pursuant to Local

1    Rule 9020-1(d)(1), if a written objection to the issuance of the Proposed OSC is not timely filed and

2    served, the Court may conclude that there is no objection to the issuance of the Proposed OSC.

3        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9020-1(d)(2), no hearing

4    will be held regarding the issuance of the Proposed OSC unless the Court so orders.  If the request for

5    an order to show cause is granted without hearing, the Court will issue and forward to the Movants an

6    order to show cause setting the date and time of the hearing on the Motion.

7

8    / / /

9    / / /

10    / / /

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      **WHEREFORE,** Mr. Saghian and the Debtor jointly request that this Court:

2      (i)     enter an order to show cause substantially in the form of the Proposed OSC;

3      (ii)    after a hearing on this Motion, enter an order (the "<u>Enforcement Order</u>") (a) holding

4      Mr. Smith in contempt of court for violating the Sale Order and finding him liable for

5      monetary damages, (b) authorizing the Los Angeles County Recorder's Office to

6      expunge the Fraudulent Deed from the property records and cooperate with any other

7      actions that are necessary to give full force and effect to the Sale Order, and

8      (c) authorizing Mr. Saghian to file a notice in the Los Angeles County Recorder's

9      Office that the Enforcement Order extinguishes the effect of the Fraudulent Deed; and

10    (iii)   grant such other and further relief as this Court deems just and proper.

Dated: August 12, 2022                 Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/Genevieve G. Weiner*
    Samuel A. Newman
    Amy P. Lally
    Genevieve G. Weiner

    Attorneys for Richard Saghian, an
    individual

LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.

By:_____
    David B. Golubchik
    Todd M. Arnold

    Attorneys for the Debtor and Debtor in
    Possession

3

1    **WHEREFORE,** Mr. Saghian and the Debtor jointly request that this Court:

2    (i)    enter an order to show cause substantially in the form of the Proposed OSC;

3    (ii)    after a hearing on this Motion, enter an order (the "Enforcement Order") (a) holding

4         Mr. Smith in contempt of court for violating the Sale Order and finding him liable for

5         monetary damages, (b) authorizing the Los Angeles County Recorder's Office to

6         expunge the Fraudulent Deed from the property records and cooperate with any other

7         actions that are necessary to give full force and effect to the Sale Order, and

8         (c) authorizing Mr. Saghian to file a notice in the Los Angeles County Recorder's

9         Office that the Enforcement Order extinguishes the effect of the Fraudulent Deed; and

10   (iii)    grant such other and further relief as this Court deems just and proper.

11

Dated: August 12, 2022                              Respectfully submitted,

12
                                                    SIDLEY AUSTIN LLP
13

14                                                  By: _____
                                                        Samuel A. Newman
15                                                      Amy P. Lally
                                                        Genevieve G. Weiner
16
                                                    Attorneys for Richard Saghian, an
17                                                  individual

18                                                  LEVENE, NEALE, BENDER, YOO &
                                                    GOLUBCHIK L.L.P.
19

20                                                  By: _____
                                                        David B. Golubchik
21                                                      Todd M. Arnold

22                                                  Attorneys for the Debtor and Debtor in
                                                    Possession
23

24

25

26

27

28

3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.  **INTRODUCTION**

3

Crestlloyd, LLC, the debtor and debtor in possession in the above-captioned matter (the

4

"Debtor"), jointly with Mr. Richard Saghian ("Mr. Saghian" or the "Buyer" and together with the

5

Debtor, the "Movants"), the purchaser of the real property formerly owned by the Debtor located at

6

944 Airole Way, Los Angeles, CA 90077 (the "Property"), hereby submits this joint motion pursuant

7

to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for (i) entry of an order

8

to show cause why Andre Mario Smith ("Mr. Smith") should not be held in contempt of court; and

9

(ii) after a hearing on this Motion, entry of an order (the "Enforcement Order") holding Mr. Smith in

10

civil contempt and further enforcing the *Order Granting Debtor's Motion: (1) Approving the Sale of*

11

*the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests with the Exception of*

12

*Enumerated Exclusions; (2) Finding That the Buyer Is a Good Faith Purchaser; (3) Authorizing and*

13

*Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the Fourteen-Day Stay*

14

*Period Set Forth in Bankruptcy Rule 6004(h), and (5) Providing Related Relief* [Dkt. 247] (the "Sale

15

Order").

16

The Sale Order, entered on March 28, 2022, approved the sale of the Property to Mr. Saghian

17

free and clear of any and all interests pursuant to section 363(f) of the Bankruptcy Code, with the

18

exception of certain items (the "Excepted Items") set forth in the preliminary report attached thereto

19

as Exhibit 1 (the "Preliminary Title Report").  Pursuant to the Court's authorization, Mr. Saghian and

20

the Debtor closed the sale transaction and a grant deed  (the "Saghian Deed") conveying the Property

21

to The One Bel Air LLC, an entity wholly owned by Saghian, was recorded by the Los Angeles County

22

Recorder's Office on March 30, 2022.  The  Saghian Deed is attached to the *Declaration of Genevieve*

23

*G. Weiner in Support of Buyer's and Debtor's Joint Motion (I) To Enforce the Sale Order, and (II)*

24

*For Issuance of an Order to Show Cause Why Andre Mario Smith Should Not Be Held in Contempt of*

25

*Court* (the "Weiner Declaration"), filed contemporaneously herewith, as **Exhibit A**.  As contemplated

26

by the Sale Order, Mr. Saghian, by way of his ownership of The One Bel Air LLC, is now the owner

27

of the Property.

28

1    However, unbeknownst to the Debtor and Mr. Saghian, on May 24, 2022, Mr. Andre Mario

2    Smith recorded a quitclaim deed signed on February 1, 2022 that purports to transfer the Property from

3    "Crestlloyd, LLC (db) a Limited Liability Corporation" to Mr. Smith (the "Fraudulent Deed").

4    Mr. Smith purports to sign on behalf of both the transferor and the transferee.  The Fraudulent Deed

5    is attached to the Weiner Declaration as **Exhibit B**.  Mr. Smith signed the Fraudulent Deed as the

6    "duly authorized representative" of the transferor of the Property.

7    Mr. Saghian's counsel became aware of the Fraudulent Deed only on July 22, 2022 when

8    Chicago Title forwarded a copy of the Fraudulent Deed.  *See* Weiner Declaration, ¶ 5.

9    In order to remove the cloud on Mr. Saghian's title to the Property, and to ensure that no

10    resulting claims or damages accrue to the Debtor's estate, the Movants jointly request that this Court

11    (i) enter an order to show cause substantially in the form of the Proposed OSC; (ii) after a hearing on

12    this Motion, enter an Enforcement Order (a) holding Mr. Smith in contempt of court for violating the

13    Sale Order and finding him liable for monetary damages, (b) authorizing the Los Angeles County

14    Recorder's Office to expunge the Fraudulent Deed from the property records and cooperate with any

15    other actions that are necessary to give full force and effect to the Sale Order, and (c) authorizing Mr.

16    Saghian to file a notice in the Los Angeles County Recorder's Office that the Enforcement Order

17    extinguishes the effect of the Fraudulent Deed; and (iii) grant such other and further relief as the Court

18    deems just and proper.

19    ## II.    ARGUMENT

20    Paragraph 5 of the Sale Order provides that the sale of the Property to Mr. Saghian "will be

21    free and clear of any and all interests pursuant to § 363(f)," with the exception of certain Excepted

22    Items listed on the Preliminary Title Report.  *See* Docket No. 247 at 3.  The Fraudulent Deed is not

23    one of the Excepted Items.  As such, any interest that Mr. Smith may have held prior to the entry of

24    the Sale Order—which Mr. Saghian and Debtor strenuously maintain was none—would have been

25    extinguished upon the closing of the sale of the Property to Mr. Saghian.  Notably, Mr. Smith appeared

26    via Zoom in the proceedings and the Sale Order was entered over his objection and notwithstanding

27    Mr. Smith's numerous filings with the Court, including a document filed on February 16, 2022 that

28

2

contained an unrecorded copy of the Fraudulent Deed, *see* Docket No. 128.[1]  Considering that this Court was made aware of Mr. Smith's alleged interest in the Property and nonetheless entered the Sale Order, it is clear that the Sale Order authorized the sale of the Property to Mr. Saghian free and clear of such alleged interest.

Further, Mr. Smith's act of recording the Fraudulent Deed on May 24, 2022—well after the entry of the Sale Order and consummation of the contemplated sale transaction to Mr. Saghian—is a blatant violation of the Sale Order and an attack on the integrity of the judicial process.  Paragraph 12 of the Sale Order provides that "all persons . . . are hereby enjoined from taking any action against the Buyer or the Property . . . to recover any interest or enforce any claims or causes of action or on account of any liabilities of the Debtor."  *See* Docket No. 247 at 4.  While the Movants dispute that Mr. Smith had any legitimate claim in the first place—the sham nature of the Fraudulent Deed is apparent on its face—there is *no* dispute that Mr. Smith was enjoined from taking action to enforce his purported interest in the Property by seeking recordation of the Fraudulent Deed.[2]  Mr. Smith's recordation of the Fraudulent Deed directly violates the Sale Order and is an affront to this Court's authority.

As a consequence of Mr. Smith's flagrant violation of the Sale Order—not to mention outright fraud—there is a cloud on Mr. Saghian's title to the Property.  *See* Weiner Declaration, ¶ 6.  This result is not simply an inconvenience for Mr. Saghian but is a hindrance to Mr. Saghian's efforts to engage

---

[1] This Court denied Mr. Smith's requests for an "emergency protective order/seal" relating to Mr. Smith's February 16 pleading.  *See* Docket Nos. 132, 135, 154, and 167.  Mr. Smith continued to participate in the bankruptcy case, however.  Mr. Smith made various filings, including a pleading asserting that the Property is his "autochthonous indigenous lands" protected by "U.S. Statutes, U.S. Constitution, U.S. Constitution Annotated, Fourteenth Amendment – Rights Guaranteed; Privileges and Immunities of Citizenship, Due Process, and Equal Protection, Due Process of Law."  *See* Docket No. 159 at 1.  He also filed a document on March 8, 2022 purporting to *accept* an offer to purchase the property for $999,999,999, *see* Docket No. 158 (informing Mr. Nile Niami that "Mr. Niami, your prayers have been answered, by-through myself! You owe no one, with respect to the One, anything as I have subrogated on your/Crestlloyd/LLC behalf [sic], and ordered the full settlement and closure of your bankruptcy case. Praise God, Nile."), and he filed a notice on March 10, 2022 that he purportedly submitted a $500,000,000 overbid, *see* Docket No. 179.  Mr. Smith also participated via Zoom in this Court's March 18, 2022 and March 21, 2022 hearings related to the sale of the Property to Mr. Saghian (the "Sale Hearings").  The fraudulent nature of Mr. Smith's filings and representations to the Court is readily apparent.  In fact, such filings and representations may constitute criminal bankruptcy fraud under title 18 of the United States Code.  *See* 18 U.S.C. §§ 152, 157.

[2] Mr. Smith's violation of the Sale Order was not for lack of notice:  Mr. Smith was an active participant in the bankruptcy proceeding as described herein and was present at the Sale Hearings, during which this Court announced the approval of the sale to Mr. Saghian.

in transactions related to the Property and therefore an interference in Mr. Saghian's property rights. *See id.*

### 1.    *Mr. Smith's Conduct Merits Sanctions and Compensatory Damages.*

"Section 105(a) 'allows a court to remedy a violation of a specific order.'" *In re GGW Brands, LLC*, CV14-6108-FMO, at *75 (Bankr. C.D. Cal. Aug. 4, 2014) (quoting *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003)).[3]   In addition, "bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court." *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996). The standard for finding a party in civil contempt is "well settled" in the Ninth Circuit: "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).  Generally, a violation is found where a party fails "to take all reasonable steps within the party's power to comply. The contempt need not be willful; however, a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotations and citations omitted).

There is no question that Mr. Smith violated the Sale Order when he sought recordation of the Fraudulent Deed despite being enjoined from taking action to enforce his purported interest in the Property.  Mr. Smith's violation of the Sale Order was not simply a "failure to take reasonable steps to comply"—rather, he *affirmatively* sought to have a Fraudulent Deed recorded even after this Court announced at a hearing *at which Mr. Smith was present* that the Property would be sold to Mr. Saghian. As such, Mr. Smith's conduct represents a willful violation of a clear and definite order by this Court.

### 2.    *This Court Should Grant Further Relief to Enforce the Sale Order.*

Beyond holding Mr. Smith in civil contempt for violating the Sale Order, Mr. Saghian and the Debtor also respectfully request that this Court (a) authorize the Los Angeles County Recorder's

---

[3] This Motion is properly brought as a contested matter in the main bankruptcy case rather than in an adversary proceeding pursuant to Bankruptcy Rules 9014 and 9020, and Local Rule 9020-1.  *See also Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1190 (9th Cir. 2011) ("contempt proceedings brought by the trustee or a party in interest are contested matters that must be brought by motion in the bankruptcy case under Bankruptcy Rule 9014").

Office to expunge the Fraudulent Deed from the property records and cooperate with any other actions that are necessary to give full force and effect to the Sale Order, (b) authorize Mr. Saghian to file a notice in the Los Angeles County Recorder's Office that the Enforcement Order extinguishes the effect of the Fraudulent Deed, and (c) grant such other and further relief as the Court deems just and proper.

Such relief is well within this Court's power. "A bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders including those providing for discharge and injunction and, therefore, should not abstain from doing so." *In re Texaco Inc.*, 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995); *see also In re Continental Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999) ("[i]t is axiomatic that a court possesses the inherent authority to enforce its own orders"). Pursuant to paragraph 15 of the Sale Order, this Court

> retains exclusive jurisdiction to interpret, implement and ***enforce*** the terms and provisions of this order and the Purchase Agreement, and to decide any disputes concerning this order and the Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Purchase Agreement and this order.

Docket No. 247 at 5 (emphasis supplied). Moreover, pursuant to section 105(a) of the Bankruptcy Code, this Court "may issue any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code.[4] After two days of hearings and hundreds of pages of briefing, this Court determined that the standards of section 363(f) were met and that the Property could be sold free and clear to Mr. Saghian (other than the Excepted Items). Mr. Smith's recording of the Fraudulent Deed is a direct attack on the Sale Order and the Court's powers under section 363. Granting the requested relief will ensure that the title conveyed to Mr. Saghian upon the consummation of the sale transaction was, in fact, free and clear of all interests other than the Excepted Items and will protect the integrity of this Court. It is especially appropriate that this Court, and not any other court,

---

[4] It is not required for the Debtor and Mr. Saghian to initiate an adversary proceeding in order to obtain the requested relief. *See, e.g., In re Kalikow*, 602 F.3d 82, 93 (2d Cir. 2010) (holding that enforcement of a pre-existing injunction "permits the resolution of the motion as a contested matter rather than through an adversary proceeding"); *In re WorldCorp, Inc.*, 252 B.R. 890, 895 (Bankr. D. Del. 2000) ("[A]n adversary proceeding is not necessary where the relief sought is the enforcement of an order previously obtained."). *See also San Diego County Credit Union v. Obmann (In re Obmann)*, 2011 Bankr. LEXIS 5298, at *14 (B.A.P. 9th Cir. Dec. 9, 2011) (holding that bankruptcy courts may issue an injunction *sua sponte* under section 105(a) so long as it provides notice and conforms to the objectives of the Bankruptcy Code).

1   enforces the Sale Order because Mr. Smith has been an active participant in the bankruptcy

2   proceedings.

3                                    **III.    CONCLUSION**

4          For the foregoing reasons, Mr. Saghian and the Debtor jointly request that this Court (i) enter

5   an order to show cause substantially in the form of the Proposed OSC; (ii) after a hearing on this

6   Motion, enter an Enforcement Order (a) holding Mr. Smith in contempt of court for violating the Sale

7   Order and finding him liable for monetary damages, (b) authorizing the Los Angeles County

8   Recorder's Office to expunge the Fraudulent Deed from the property records and cooperate with any

9   other actions that are necessary to give full force and effect to the Sale Order, and (c) authorizing Mr.

10  Saghian to file a notice in the Los Angeles County Recorder's Office that the Enforcement Order

11  extinguishes the effect of the Fraudulent Deed; and (iii) grant such other and further relief as the Court

12  deems just and proper.

13

14

15  Dated: August 12, 2022                              Respectfully submitted,

16                                                      SIDLEY AUSTIN LLP

17                                                      By: */s/Genevieve G. Weiner*
                                                            Samuel A. Newman
18                                                          Amy P. Lally
                                                            Genevieve G. Weiner
19
20                                                          Attorneys for Richard Saghian, an
                                                            Interested Party
21
22                                                      LEVENE, NEALE, BENDER, YOO &
                                                        GOLUBCHIK L.L.P.
23
24                                                      By:_____
                                                            David B. Golubchik
25                                                          Todd M. Arnold
26                                                          Attorneys Debtor and Debtor in
                                                            Possession
27

28

                                                    6

1  enforces the Sale Order because Mr. Smith has been an active participant in the bankruptcy

2  proceedings.

3  <center>III.    **CONCLUSION**</center>

4      For the foregoing reasons, Mr. Saghian and the Debtor jointly request that this Court (i) enter

5  an order to show cause substantially in the form of the Proposed OSC; (ii) after a hearing on this

6  Motion, enter an Enforcement Order (a) holding Mr. Smith in contempt of court for violating the Sale

7  Order and finding him liable for monetary damages, (b) authorizing the Los Angeles County

8  Recorder's Office to expunge the Fraudulent Deed from the property records and cooperate with any

9  other actions that are necessary to give full force and effect to the Sale Order, and (c) authorizing Mr.

10  Saghian to file a notice in the Los Angeles County Recorder's Office that the Enforcement Order

11  extinguishes the effect of the Fraudulent Deed; and (iii) grant such other and further relief as the Court

12  deems just and proper.

13

14

15  Dated: August 12, 2022

    Respectfully submitted,

16      SIDLEY AUSTIN LLP

17      By:_____

18        Samuel A. Newman
      Amy P. Lally

19        Genevieve G. Weiner

20        Attorneys for Richard Saghian, an
      Interested Party

21

22      LEVENE, NEALE, BENDER, YOO &
    GOLUBCHIK L.L.P.

23

24      By:_____

25        David B. Golubchik
      Todd M. Arnold

26        Attorneys Debtor and Debtor in
      Possession

27

28

## Exhibit A

Samuel A. Newman (SBN 217042)
sam.newman@sidley.com
Genevieve G. Weiner (SBN 254272)
gweiner@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: 213.896.6000
Facsimile: 213.896.6600

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Facsimile: 310.595.9501

Attorneys for Party in Interest
Richard Saghian, an Individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:21-bk-18205-DS |
| | ) |
| CRESTLLOYD, LLC, | ) Chapter 11 |
| | ) |
| Debtor and Debtor-in-Possession. | ) Assigned to:  The Hon. Deborah J. Saltzman |
| | ) |
| | ) **[PROPOSED] ORDER TO SHOW CAUSE** |
| | ) **WHY MARIO ANDRE SMITH SHOULD** |
| | ) **NOT BE HELD IN CONTEMPT OF** |
| | ) **COURT** |
| | ) |
| | ) Hearing: |
| | )     Date: _____ |
| | )     Time: _____ |
| | )     Place: Courtroom 1639 |
| | )         255 E. Temple St. |
| | )         Los Angeles, CA 90012 |
| | )         **VIA ZOOMGOV ONLY** |
| | ) |
| | ) |

1    On August 12, 2022, Crestlloyd, LLC, the chapter 11 debtor and debtor in possession in the

2    above-captioned matter (the "Debtor") and Mr. Richard Saghian ("Mr. Saghian" or the "Buyer", and

3    collectively with the Debtor, the "Movants"), the purchaser of the real property formerly owned by

4    the Debtor located at 944 Airole Way, Los Angeles, CA 90077 (the "Property"), filed the *Buyer's and*

5    *Debtor's Notice of Motion and Joint Motion (I) to Enforce the Sale Order, and (II) for Issuance of an*

6    *Order to Show Cause Why Andre Mario Smith Should Not Be Held in Contempt of Court* (the

7    "Motion").

8    The Motion alleges that Mr. Andre Mario Smith ("Mr. Smith") has recorded a fraudulent

9    quitclaim deed purporting to transfer the Property to himself in direct violation of the *Order Granting*

10    *Debtor's Motion: (1) Approving the Sale of the Property Free and Clear of All Liens, Claims,*

11    *Encumbrances, and Interests with the Exception of Enumerated Exclusions; (2) Finding That the*

12    *Buyer Is a Good Faith Purchaser; (3) Authorizing and Approving the Payment of Certain Claims from*

13    *Sale Proceeds; (4) Waiving the Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h), and*

14    *(5) Providing Related Relief* [Dkt. 247] (the "Sale Order").  Pursuant to Rule 9020-1(c)(2)(B) of the

15    Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California

16    (the "Local Rules"), Mr. Smith is hereby notified that such conduct may be grounds for sanctions.

17    Upon consideration of the Motion and all papers and evidence submitted in support thereof,

18    and for good cause shown,

19    **IT IS HEREBY ORDERED THAT:**

20    1.    Mr. Smith shall appear before this Court at a hearing at _____ [a./p.]m. on_____,

21    2022 at the above-referenced location (the "Hearing") to show cause, if any, why the

22    Court should not enter an order adjudging Mr. Smith to be in civil contempt of court

23    for his violation of the Sale Order.

24    2.    On or before _____, 2022, Mr. Smith shall file and serve a written explanation, if

25    there is an explanation, why he should not be held in contempt of court for the alleged

26    violations of the Sale Order.  At the Hearing, the Court may treat as true any

27    uncontroverted facts established by declaration and limit testimony to controverted

28    facts only.

3.  Mr. Smith's written explanation shall address the allegation in the Motion that Mr. Smith recorded a quitclaim deed in violation of the Sale Order, and, specifically the injunction contained therein barring "all persons . . . from taking any action against the Buyer or the Property . . . to recover any interest or enforce any claims or causes of action or on account of any liabilities of the Debtor."  *See* Sale Order, ¶ 12.

4.  If Mr. Smith files such written explanation, the Movants may file an optional response on or before _____, 2022.  The Movants may submit supplemental evidence of the damages caused by Mr. Smith's alleged violation of the Sale Order in their optional response or at the Hearing.

5.  The Movants shall serve copies of this Order on Mr. Smith no later than _____, 2022 in the manner specified in the *Order Granting Application and Setting Hearing on Shortened Notice*.

# # #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Sidley Austin LLP, 555 West Fifth Street, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled (*specify*): **BUYER'S AND DEBTOR'S NOTICE OF MOTION AND JOINT MOTION (I) TO ENFORCE THE SALE ORDER, AND (II) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY ANDRE MARIO SMITH SHOULD NOT BE HELD IN CONTEMPT OF COURT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 12, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On August 12, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Andre Mario Smith
7938 Broadway No. 1263, Lemon Grove, CA 91946

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 12, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Andre Mario Smith
7938 Broadway No. 1263, Lemon Grove, CA 91946
Email: andmarioith@yahoo.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 12, 2022 | Pamela Santos | /s/Pamela Santos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## SERVICE LIST
### (Via NEF)

● Kyra E Andrassy kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
● Todd M Arnold tma@lnbyg.com
● Jerrold L Bregman jbregman@bg.law, ecf@bg.law
● Marguerite Lee DeVoll mdevoll@watttieder.com
● Thomas M Geher tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
● David B Golubchik dbg@lnbyg.com, stephanie@lnbyb.com
● James Andrew Hinds jhinds@hindslawgroup.com; mduran@hindslawgroup.com,
mduran@hindslawgroup.com
● Robert B Kaplan rbk@jmbm.com
● Jane G Kearl jkearl@watttieder.com
● Jennifer Larkin Kneeland jkneeland@watttieder.com
● Michael S Kogan mkogan@koganlawfirm.com
● Noreen A Madoyan Noreen.Madoyan@usdoj.gov
● Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
● Sharon Oh-Kubisch sokubisch@swelawfirm.com,
gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
● Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com
● Victor A Sahn vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com; pdillamar@ecf.inforuptcy.com;
vsahn@ecf.inforuptcy.com; cblair@sulmeyerlaw.com; cblair@ecf.inforuptcy.com
● William Schumacher wschumac@milbank.com, autodocketecf@milbank.com
● David Seror dseror@bg.law, ecf@bg.law
● Zev Shechtman zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
● Mark Shinderman mshinderman@milbank.com, dmuhrez@milbank.com; dlbatie@milbank.com
● Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
● United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
● Jessica Wellington jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**