United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 21-18205-DS |
| Crestlloyd, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Sep 27, 2022 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol  Definition**

+  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 29, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Crestlloyd, LLC, c/o SierraConstellation Partners LLC, 355 S. Grand Avenue Suite 1450, Los Angeles, CA 90071-3152 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Sep 29, 2022 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 27, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew Goodman | on behalf of Attorney Goodman Law Offices  A Professional Corporation agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com |
| Danielle R Gabai | on behalf of Creditor Showroom Interiors  LLC dba Vesta dgabai@danninggill.com, dgabai@ecf.courtdrive.com |
| Danielle R Gabai | on behalf of Interested Party Courtesy (NEF) dgabai@danninggill.com dgabai@ecf.courtdrive.com |
| David Seror | on behalf of Interested Party Courtesy (NEF) dseror@bg.law ecf@bg.law |
| David B Golubchik | on behalf of Debtor Crestlloyd  LLC dbg@lnbyg.com, stephanie@lnbyb.com |
| David B Golubchik | |

Case 2:21-bk-18205-DS    Doc 424    Filed 09/29/22    Entered 09/29/22 21:18:57    Desc
Imaged Certificate of Notice    Page 2 of 10

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 2 of 3 |
| Date Rcvd: Sep 27, 2022 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Defendant Crestlloyd LLC dbg@lnbyg.com, stephanie@lnbyb.com |
| Genevieve G Weiner | on behalf of Interested Party Richard Saghian gweiner@sidley.com laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com |
| Hamid R Rafatjoo | on behalf of Interested Party Nile Niami hrafatjoo@raineslaw.com bclark@raineslaw.com |
| Howard Steinberg | on behalf of Defendant Hankey Capital LLC, a California limited liability company steinbergh@gtlaw.com, pearsallt@gtlaw.com;lalitdock@gtlaw.com |
| Jane G Kearl | on behalf of Interested Party J&E Texture Inc. jkearl@watttieder.com |
| Jennifer Larkin Kneeland | on behalf of Interested Party J&E Texture Inc. jkneeland@watttieder.com, zabrams@watttieder.com |
| Jerrold L Bregman | on behalf of Interested Party Hilldun Corporation jbregman@bg.law ecf@bg.law |
| Jessica Wellington | on behalf of Interested Party Courtesy (NEF) jwellington@bg.law ecf@bg.law |
| Jessica Wellington | on behalf of Other Professional Theodore Lanes jwellington@bg.law ecf@bg.law |
| John A Moe, II | on behalf of Cross Defendant Joseph Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Trousdale Estate LLC a Nevada Limited Liability Company john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Counter-Claimant Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Creditor Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Nicole Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Defendant Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Jacqueline Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Justine Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| Jonathan Gottlieb | on behalf of Debtor Crestlloyd LLC jdg@lnbyg.com |
| Jonathan Gottlieb | on behalf of Interested Party Courtesy NEF jdg@lnbyg.com |
| Joseph M Rothberg | on behalf of Cross-Claimant Crestlloyd LLC jmr@lnbyg.com |
| Joseph M Rothberg | on behalf of Defendant Crestlloyd LLC jmr@lnbyg.com |
| Karol K Denniston | on behalf of Interested Party Pacific Union International dba Compass karol.denniston@squirepb.com travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com |
| Kyra E Andrassy | on behalf of Creditor Interno Investment Inc. kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com |
| Kyra E Andrassy | on behalf of Plaintiff Inferno Investment Inc. kandrassy@swelawfirm.com, |

Case 2:21-bk-18205-DS    Doc 424    Filed 09/29/22    Entered 09/29/22 21:18:57    Desc
Imaged Certificate of Notice    Page 3 of 10

| District/off: 0973-2 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Sep 27, 2022 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| | lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com |
| Kyra E Andrassy | |
| | on behalf of Interested Party Inferno Investment Inc. kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com |
| Lindsey L Smith | |
| | on behalf of Debtor Crestlloyd LLC lls@lnbyb.com, lls@ecf.inforuptcy.com |
| Marguerite Lee DeVoll | |
| | on behalf of Interested Party J&E Texture Inc. mdevoll@watttieder.com, zabrams@watttieder.com |
| Michael S Kogan | |
| | on behalf of Interested Party Courtesy (NEF) mkogan@koganlawfirm.com |
| Noreen A Madoyan | |
| | on behalf of U.S. Trustee United States Trustee (LA) Noreen.Madoyan@usdoj.gov |
| Oscar Estrada | |
| | on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR oestrada@ttc.lacounty.gov |
| Paul Sorrell | |
| | on behalf of Counter-Defendant Inferno Investment Inc. psorrell@lavelysinger.com |
| Paul Sorrell | |
| | on behalf of Plaintiff Inferno Investment Inc. psorrell@lavelysinger.com |
| Robert B Kaplan | |
| | on behalf of Interested Party Courtesy (NEF) rbk@jmbm.com rbk@ecf.courtdrive.com |
| Ronald N Richards | |
| | on behalf of Interested Party Courtesy (NEF) ron@ronaldrichards.com 7206828420@filings.docketbird.com |
| Ryan Coy | |
| | on behalf of Defendant Hilldun Corporation rcoy@bg.law ecf@bg.law |
| Ryan D O'Dea | |
| | on behalf of Interested Party Courtesy (NEF) rodea@shulmanbastian.com lgauthier@shulmanbastian.com |
| Ryan D O'Dea | |
| | on behalf of Creditor American Truck and Tool Rental rodea@shulmanbastian.com lgauthier@shulmanbastian.com |
| Samuel A Newman | |
| | on behalf of Interested Party Richard Saghian sam.newman@sidley.com samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com |
| Sharon Oh-Kubisch | |
| | on behalf of Interested Party Courtesy (NEF) sokubisch@swelawfirm.com gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com |
| Thomas M Geher | |
| | on behalf of Interested Party Courtesy NEF tmg@jmbm.com bt@jmbm.com;tmg@ecf.courtdrive.com |
| Thomas M Geher | |
| | on behalf of Interested Party Courtesy (NEF) tmg@jmbm.com bt@jmbm.com;tmg@ecf.courtdrive.com |
| Todd M Arnold | |
| | on behalf of Debtor Crestlloyd LLC tma@lnbyg.com |
| Todd M Arnold | |
| | on behalf of Interested Party Courtesy NEF tma@lnbyg.com |
| United States Trustee (LA) | |
| | ustpregion16.la.ecf@usdoj.gov |
| Victor A Sahn | |
| | on behalf of Interested Party Courtesy (NEF) victor.sahn@gmlaw.com vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com |
| William Schumacher | |
| | on behalf of Creditor Yogi Securities Holdings LLC wschumac@milbank.com, autodocketecf@milbank.com |
| Zev Shechtman | |
| | on behalf of Interested Party Courtesy (NEF) zshechtman@DanningGill.com danninggill@gmail.com;zshechtman@ecf.inforuptcy.com |
| Zev Shechtman | |
| | on behalf of Creditor Showroom Interiors LLC dba Vesta zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com |

TOTAL: 54

**FILED & ENTERED**

**SEP 27 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**ORDER DENYING JOINT MOTION (I) TO ENFORCE THE SALE ORDER, AND (II) FOR ISSUANCE OF AN ORDER TO SHOW CAUSE WHY ANDRE MARIO SMITH SHOULD NOT BE HELD IN CONTEMPT OF COURT** |

On August 12, 2022, a "Joint Motion (i) to Enforce the Sale Order, and (ii) for Issuance of an Order to Show Cause Why Andre Mario Smith Should not be Held in Contempt of Court" (the "Motion for OSC," Docket No. 395) was filed by Richard Saghian and debtor Crestlloyd, LLC (the "Debtor," and, together with Mr. Saghian, the "Movants").

On August 15, 2022, the court received a response to the Motion for OSC from Andre Mario Smith (the "First Objection," not on the court's docket), along with a motion seeking to file exhibits to that response under seal (the "Motion to Seal," Docket No. 402). On August 26, 2022, the court entered an order (the "Motion to Seal Order," Docket No. 404) denying the Motion to Seal because, among other things, the Motion to Seal did not comply with the court's requirements (identified in the Motion to Seal Order) and did not establish that the exhibits, either partially or in their entirety, included confidential information meeting the strict requirements for filing under seal. Pursuant to the Motion to

1  Seal Order, the court gave Mr. Smith an extended deadline to respond to the Motion for

2  OSC pursuant to Local Bankruptcy Rule ("LBR") 9020-1.

3       On September 1, 2022, the court received another response by Mr. Smith to the

4  Motion for OSC, a document titled "Special Interested Party, Andre Mario Smith, by and

5  through its duly authorized representative Notice of Objection/Demurrer;

6  Objection/Demurrer to alleged Buyer and Debtor Without Possession Motion and Joint

7  Motion (I) To Enforce the Sale Order, and (II) For Issuance of an Order to Show Cause

8  Why Andre Mario Smith Should not be Held in Contempt of Court; Andre Mario Smith

9  Declaration and; Order" (the "Objection," not yet on the court's docket).  According to a

10  proof of service submitted with the Objection, the Objection was served on both Mr.

11  Saghian and the Debtor through their respective counsel.

12       On September 19, 2022, Mr. Saghian filed a supplement to the Motion for OSC

13  requesting that the court set a hearing on notice such that relief could be granted prior to

14  October 4, 2022 only as to a portion of the relief requested in the Motion for OSC (the

15  "Saghian Supplemental Filing," Docket No. 411).

16       Having reviewed the filings referenced above and the record in this case, the court

17  will resolve the pending matters without oral argument. Under LBR 9013-1(j), the court, in

18  its discretion, may dispense with oral argument.

19       <u>Mr. Smith's Request to File Exhibits Under Seal</u>

20       The Objection attaches and lists "papers/documents/exhibits" (the "Exhibits") which

21  Mr. Smith describes as "highly Private, highly Confidential Matters of Private Equity and-or

22  otherwise highly Classified," and as to which Mr. Smith states "[t]hese documents may be

23  SEALED."

24       As the court is mindful of the liberal construction and less stringent standards to be

25  applied to filings by a *pro se* party, the Motion to Seal Order directed Mr. Smith to the rules

26  and instructions for seeking an order authorizing filing under seal and offered Mr. Smith

27  another opportunity to file an opposition to the Motion for OSC either without purportedly

28  / / /

confidential information or with a properly made motion to seal such purportedly confidential information.

Unfortunately, despite the court's clear instructions, Mr. Smith attached as the Exhibits the same documents that were attached to the First Objection and were the subject of the Motion to Seal, arguing that they are "highly Private, highly Confidential Matters of private equity and-or otherwise highly Classified" and "may be SEALED," but he makes no effort to comply with the requirements for seeking an order authorizing a filing under seal.  As set forth in the Motion to Seal Order as well as in an order entered earlier this year in connection with another motion to file under seal by Mr. Smith (Docket No. 135), court filings are public records pursuant to 11 U.S.C. § 107, and the case law interpreting requests to seal court filings – much of which was cited by Mr. Smith in the Motion to Seal – is clear that a court must not restrict public access to a filing without a specific showing that specific information should be excluded from the public record.

Most, if not all, of the documents included in the Exhibits – including a UCC financing statement, and forms and notices purportedly submitted to government agencies – appear on their face to be of a non-confidential nature and/or not materials for which there is a compelling need to disturb the strong presumption in favor of public access to court records.  In fact, some of the documents among the Exhibits are already on the court's docket.

Notwithstanding Mr. Smith's failure to comply with the Motion to Seal Order and failure to show compelling reasons to restrict all contents of the Exhibits from the public record, the court has noticed that some of the Exhibits include information that may be subject to privacy protection pursuant to Rule 9037 of the Federal Rules of Bankruptcy Procedure ("FRBP"), including what appears to be a social security number and a complete birthdate.

Pursuant to FRBP 9037(g), if the identifying information in the Exhibits belongs to Mr. Smith, he may have waived protection by filing it without redaction and not under seal (pursuant to a motion as directed by the Motion to Seal Order).  However, again keeping in

mind the liberal construction and less stringent standards to be applied to filings by a *pro se* party, the court will file the Objection without the Exhibits, and file the Exhibits under seal pursuant to FRBP 9037(c). Mr. Smith will be ordered to file redacted versions of the Exhibits without personal identifying information listed in FRBP 9037(a).

<u>The Motion for OSC</u>

The Motion for OSC is based on the "Order Granting Debtor's Motion: (1) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests with the Exception of Enumerated Exclusions; (2) Finding That the Buyer Is a Good Faith Purchaser; (3) Authorizing and Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h), and (5) Providing Related Relief" entered on March 28, 2022 (the "Sale Order," Docket No. 247). The Sale Order approved a sale of real property previously owned by the Debtor, located at 944 Airole Way, Los Angeles, California 90077 (the "Property") to Mr. Saghian. According to the Motion for OSC, following entry of the Sale Order, Mr. Saghian recorded a grant deed from the Debtor to The One Bel Air LLC, an entity wholly owned by Mr. Saghian, on March 30, 2022 (Declaration of Genevieve Weiner ("Weiner Decl."), Docket No. 396, Exhibit A). The Movants therefore assert that "Mr. Saghian, by way of his ownership of The One Bel Air LLC, is now the owner of the Property." (Motion 1:25-27).

The Movants assert that, on May 24, 2022 (after the Sale Order was entered), Mr. Smith recorded a quitclaim deed signed on February 1, 2022[1] (before the Sale Order was entered). A copy of the recorded quitclaim deed is attached to a declaration filed in support of the Motion for OSC (Weiner Decl., Exhibit B). The Movants also direct the court to an "unrecorded copy" of the "Fraudulent Deed" as attached to a document filed by Mr. Smith on February 16, 2022 (Motion, 2:25-3:1, referring to Docket No. 128).[2] Both

---

[1] The court notes that the quitclaim deed states that it was "Executed as of the 1 day of February, 2022," but attaches a notary public's "California All-Purpose Acknowledgement" dated February 14, 2022 and indicating that the Quitclaim Deed was dated February 14, 2022.

[2] The Movants use the defined term "Fraudulent Deed" in apparent reference to both or either the version of the quitclaim deed attached to Docket No. 128 and the version recorded on May 24, 2022 and filed in support of the Motion for OSC. They are not identical, however. The recorded quitclaim deed has a handwritten revision (evidently after execution and notarization) to paragraph 4(A) on page 4, changing a

-4-

versions of the quitclaim deed purport to transfer the Property from the Debtor to "andre-mario:smith," and were executed purportedly on behalf of the Debtor by Mr. Smith as "Duly Authorized Representative." For purposes of this order, "Quitclaim Deed" refers to the unrecorded version filed by Mr. Smith in Docket No. 128 or any version thereof purportedly transferring an interest in the Property from the Debtor, through Mr. Smith as "Duly Authorized Representative" to Mr. Smith as may have existed as of the date of the Sale Order.

The Movants ask the court to issue an order to show cause and, eventually, to enter an order: (1) holding Mr. Smith in contempt of court for violating the Sale Order and ordering monetary damages; (2) authorizing the Los Angeles County Recorder's Office (the "Recorder") to expunge the recorded quitclaim deed and to "cooperate with any other actions that are necessary to give full force and effect to the Sale Order;" and (3) authorizing Mr. Saghian to file a notice with the Recorder saying that the court's order "extinguishes the effect of the Fraudulent Deed." By the Saghian Supplemental Filing, Mr. Saghian requests relief before October 4, 2022 as to all relief other than the contempt finding and related damages.

The Movants argue that the Quitclaim Deed was extinguished pursuant to § 363(f) because the Sale Order provided that the sale of the Property was free and clear of interests, and that Mr. Smith violated the Sale Order's injunction against actions to recover interests or enforce claims on account of liabilities of the Debtor. While arguing that the Quitclaim Deed was an interest extinguished by the Sale Order and its recording was a "flagrant violation of the Sale Order," the Movants also argue that the Quitclaim Deed was a sham, and that Mr. Smith did not have "any legitimate claim in the first place." (Motion, 3:10-1). The Movants further argue that the recording of the Quitclaim Deed is an

///

---

reference to a property on North Wilton Place to refer to the address of the Property. The recorded version also has slightly different pagination, including having Exhibit A after the notary form, which also only in the recorded version includes a handwritten reference to an Exhibit B, and attaches that exhibit, a form titled "Restrictive Covenant Modification," dated May 12, 2022. Based on the handwritten alterations and the new, later-dated exhibit, it is evident that the recorded quitclaim deed is not the exact same document filed with the court prior to entry of the Sale Order.

inconvenience to Mr. Saghian and "interference in Mr. Saghian's property rights." (Motion, 3:16-4:1).

The court finds that the Quitclaim Deed was not an interest in the Property as of entry of the sale order. To the extent the Quitclaim Deed attempted, as it appears to on its face, to transfer an interest in the Property to Mr. Smith, it was void as a violation of the automatic stay provisions of § 362, which stay acts including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Quitclaim Deed, on its face, represents an act to obtain possession of or to exercise control over what was then property of the Debtor's estate. "[A]ctions taken in violation of the automatic stay are void" and of no effect. *Gruntz v. Cnty. of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir. 2000); *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992).[3] Because Mr. Smith held no interest in the Property based on the void Quitclaim Deed as of entry of the Sale Order, there was no interest to be extinguished by the Sale Order pursuant to § 363(f), even assuming that all interests, whether or not identified in the sale motion, were extinguished. The Sale Order did not address the void Quitclaim Deed either explicitly or, as discussed above, implicitly in the relief granted under § 363(f), so the court cannot conclude that the recording of the void Quitclaim Deed (or a revised version thereof) on May 24, 2022 was a violation of the Sale Order.[4]

///

---

[3] Of course, even if it were not void as a violation of the automatic stay, there are multiple other reasons the Quitclaim Deed may not have effected a transfer of the Property. While the Quitclaim Deed states that Mr. Smith signed for the Debtor as a "Duly Authorized Representative," Mr. Smith was not authorized by the Debtor to transfer the Property to himself. Mr. Smith was never identified as or recognized by the Debtor as its representative in any capacity. The Debtor referred to Mr. Smith as one of at least two "parties unrelated to the Debtor's bankruptcy case … attempting to stop the Court-ordered auction or, worse, transfer the property out of the estate to a third party for no consideration and without a court order." (Docket No. 134, 2:4-8). The Debtor also noted the existence of the Quitclaim Deed as an "action[] … taken to transfer the [P]roperty," and that such a transfer would be "void ab initio absent an order of the Court." (Docket No. 134, 2:14-21). Moreover, a transfer by the Debtor of the Property by the Quitclaim Deed without a court order after notice and a hearing would violate § 363(b).

[4] Other than as set forth herein, the court makes no findings or conclusions regarding whether the recording of the Quitclaim Deed after the sale of the Property was in any way prohibited or actionable under applicable law.

1    For these reasons,

2    IT IS HEREBY ORDERED that the court will file the Objection without the Exhibits
3 on the court's public docket.

4    IT IS FURTHER ORDERED that the court will file the Exhibits to the Objection
5 under seal until further court order.

6    IT IS FURTHER ORDERED that, within 14 days of entry of this order, Mr. Smith
7 must file redacted versions of the Exhibits not including any information protected under
8 FRBP 9037(a).

9    IT IS FURTHER ORDERED that the Motion for OSC is denied.

10                                        ###

Date: September 27, 2022

Deborah J. Saltzman
United States Bankruptcy Judge

-7-