## 2:21-bk-18205-DS Crestlloyd, LLC

## CERTIFICATE OF SERVICE

**FILED JUL 18 2023**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

**Edward Roark Schwagerl**
**525 Main Street**
**P.O. Box 120353**
**Saint Paul, MN 55112**


**Edward Roark Schwagerl**
**P.O. Box 120353**
**Saint Paul, MN 55112**

☐ Service information continued on attached page

Date:   7/18/2023          Signature:   /s/ Mary Bakchellian

                           Deputy Clerk :     Mary Bakchellian

FILED & ENTERED

JUL 18 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

CRESTLLOYD, LLC,

Debtor.

Case No. 2:21-bk-18205-DS

Chapter 11

**ORDER REGARDING PURPORTEDLY CONFIDENTIAL DOCUMENTS SUBMITTED TO THE COURT BY EDWARD ROARK SCHWAGERL**

    The court has recently received four documents from Edward Roark Schwagerl, who has claimed to be an "interested party" in this case. The first is a seven-page document received on or about June 27, 2023 ("the June 27 Document"). The June 27 Document has a handwritten note saying "Courtesy Copy redacted sent to Debtor" and the date June 26, 2023 on the first page of a letter addressed to counsel for debtor Crestlloyd, LLC (the "Debtor"). Following the two-page letter are two heavily redacted pages including tables. The fifth and sixth pages are what appear to be the same letter that is on the first two pages with a handwritten "unredacted pending seal" and a different signature by Mr. Schwagerl. The seventh page appears to be the same as the third page without redactions. The court did not receive an unredacted page that appears to correspond to the fourth page.

1   On or about July 12, 2023, the court received two more documents from Mr. Schwagerl. The first of these documents is a five-page document beginning with a one-page "Certificate of Service" followed by what appears to be a copy of the first four pages of the June 27 Document with a different signature and handwritten marks (the "July 12 Certificate"). The second document (the "July 12 Plan and Motion"), which is 21 pages long, includes as the first six pages a document titled "A High Prerogative Writ of Mandate" and "Settlement Plan." The next two pages are titled "Deposit Slip 1" and "Deposit Slip 2." The ninth page is an IRS Form 8888 completed with what appears to be a social security number, a routing number, and an account number. The tenth page is titled "Notice and Motion for Confirmation of Plan" with a handwritten note "Redacted Clerk's Copy," and the eleventh and twelfth pages are a document titled "Motion for Confirmation of Plan." The "Motion for Confirmation of Plan" indicates that a "Redacted Plan" and "Certificate of Service" are enclosed. The next eight pages appear to the court to be the same as the first eight pages, though they are so heavily redacted as to be unidentifiable and the court can only speculate as to whether they are, in fact, the same. The last page is a "Certificate of Service."

On or about July 13, 2023, the court received a fourth document from Mr. Schwagerl. This twelve-page document appears to be comprised of the same documents as pages 10-21 of the July 12 Plan and Motion, though it was evidently re-signed by Mr. Schwagerl on the first and third pages (the July 13 Plan and Motion).

There are numerous references in these documents to "sealed" documents, "pending seal," and requests to seal documents including:

- June 27 Document, page 1, referring to a "SEALED and redacted Schedule of Disbursements";
- June 27 Document, page 5, bearing a handwritten note "unredacted pending seal";
- July 12 Plan and Motion, pages 1-6, and 13-18 and July 13 Plan and Motion, pages 4-9 with a footer saying "Confidential, Private, Under Seal";

- July 12 Plan and Motion, page 2, where Mr. Schwagerl "orders and commands" "[t]hat the Case be Sealed to protect the trade secret, confidential, private & proprietary intellectual property, methods and modes belonging to Roark….";
- July 12 Plan and Motion, page 10, and July 13 Plan and Motion, page 1, saying that Mr. Schwagerl "files an unredacted copy under seal with the court at Chambers pursuant to rule 9037"; and
- July 12 Plan and Motion, page 11 and July 13 Plan and Motion, page 2, referring to a "redacted version filed with the clerk's office here, and an unredacted version filed under seal with the court at Judge's chamber" as to a "Plan," and also asserting that "the Plan is special, private, proprietary, personal and trade secret therefore this Plan is subject to the above referenced rules of redaction shown here and filed under seal with the court at Chambers accordingly."

However, the court has not ordered any documents submitted by Mr. Schwagerl to be filed under seal, and there is no pending motion for filing under seal.

Mr. Schwagerl previously filed a document (the "In Camera Review Motion," Docket No. 487) referring to "confidential, proprietary, trade secret and personal documents" which Mr. Schwagerl asserted were related to a "Motion for Order of Confirmation of Sale" (Docket No. 133). A hearing was held on the In Camera Review Motion on June 22, 2023. Mr. Schwagerl was present at the hearing on the In Camera Review Motion. In light of the liberal construction and less stringent standards applicable to *pro se* filings, despite the lack of identification of any confidential materials or explanation of why such materials were relevant to a matter before the court, the court interpreted the In Camera Review Motion as a motion for the court to review purportedly confidential materials.

At the hearing on the In Camera Review Motion, the court explained to Mr. Schwagerl that no cause had been shown for *in camera* review of any materials, in particular because the court had not been presented with any information based upon

which it could conclude that any materials Mr. Schwagerl sought to present were, in fact, confidential or determine what injury might be suffered by disclosure. Again liberally construing the In Camera Review Motion as a *pro se* filing, the court explained at the hearing that it alternatively considered the motion as seeking leave to file under seal. However, the In Camera Review Motion also failed, among other things, to overcome the strong presumption in favor of public access to court filings. At the hearing, the court explained the applicable standard and rules in detail. The court acknowledged that new documents from Mr. Schwagerl might be forthcoming, but noted that it had no information about such documents which would support a request for *in camera* review or for filing under seal. The court entered an order denying the In Camera Review Motion on June 22, 2023 (Docket No. 494).

The court has reviewed the June 27 Document, the July 12 Certificate, the July 12 Plan and Motion, and the July 13 Plan and Motion, as with previous filings by Mr. Schwagerl, in light of the liberal construction and less stringent standards to be applied to filings by a *pro se* party. Despite the complete failure by Mr. Schwagerl to comply with rules applicable to a motion to file under seal, out of an abundance of caution and in light of the numerous references to documents being sealed and/or filed or served on parties in redacted form, the court will address whether it appears from the record and these documents that any of these documents should be filed under seal.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, (1978). The courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th

-4-

Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and Co. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamanaka*, 447 F.3d at 1179). The fact that dissemination of materials "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamanaka*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). As § 107 of the Bankruptcy Code states, court filings are public records. 11 U.S.C. § 107(a). The case law interpreting requests to seal court filings is clear that a court must not restrict public access to a filing without a specific showing that specific information should be excluded from the public record.

The only content of the documents purportedly providing a basis for protection of information therein is on a page titled "Notice of and Motion for Confirmation of Plan" (July 12 Plan and Motion, p. 10 and July 13 Plan and Motion, p. 1). That document states that Mr. Schwagerl "files his confirmation of plan redacted with the court, and files an unredacted copy under seal with the court at Chambers pursuant to rule 9037," and includes what seems to be some kind of summary of Rule 9037 of the Federal Rules of Bankruptcy Procedure ("Rule 9037").

Rule 9037 sets forth certain privacy protections for the following specific categories of personally identifying information ("PII"): (1) an individual's social security number; (2) an individual's taxpayer identification number; (3) an individual's birth date; (4) the name of an individual, other than the debtor, known to be and identified as a minor; and (5) a financial account number. Fed. R. Bankr. P. 9037(a). Rule 9037 provides that such PII

///

must be redacted from filings, subject to certain exceptions and pursuant to further procedures set forth in the rule.

Based on the court's review, only two pages among the four documents recently received and claimed to be confidential or "sealed" include what appears to be PII within the scope of Rule 9037. An IRS Form 8888 is included as page 9 of the July 12 Plan and Motion. It contains what appear to be a social security number and a financial account number. Additionally, paragraph 12 of the "Settlement Plan" on page 3 of the July 12 Plan and Motion includes the same financial account number. While Rule 9037(a) directs a party to redact PII from filings pursuant to the terms of the rule, the court has not found, among the pages of these documents with redactions, anything that appears to be a redacted form the IRS Form 8888. And the page the court suspects may be a redacted version of page 3 of the July 12 Plan and Motion (page 15 of that document) has *all* of the content redacted, not just a portion of the account number as required by Rule 9037(a).

In order to protect what appears to be Mr. Schwagerl's personally identifying information on these two pages, the court will consider the submission of these two pages as unredacted filings under seal pursuant to Rule 9037(c). Mr. Schwagerl will not be excused, however, from the requirement of Rule 9037(a) that he file versions of those two pages with *only* portions of the social security number and the financial account number redacted so that no more than the last four digits of each is visible.

With respect to the remainder of the June 27 Document, the July 12 Certificate, the July 12 Plan and Motion, and the July 13 Plan and Motion, the court sees no basis to exclude these documents from the public record. Mr. Schwagerl has not filed a motion to file under seal, has not identified purportedly confidential information in the documents, and has not explained why any purportedly confidential information in the documents is relevant to a matter before the court. He certainly has not satisfied the stringent standard applicable to restrict public access to court records. In its own review of the documents, the court has not found information that compels the court to seal the documents.

/ / /

For these reasons,

IT IS HEREBY ORDERED that the court will file the June 27 Document, the July 12 Certificate, and the July 13 Plan and Motion on the court's public docket in their entirety.

IT IS FURTHER ORDERED that the court will file all but pages 3 and 15 of the July 12 Plan and Motion on the court's public docket.

IT IS FURTHER ORDERED that pages 3 and 15 of the July 12 Plan and Motion will be filed under seal.

IT IS FURTHER ORDERED that, within 14 days of entry of this order, Mr. Schwagerl must submit to the court for filing on the public docket versions of pages 3 and 15 of the July 12 Plan and Motion with redaction of only the information protected under FRBP 9037(a).

IT IS FURTHER ORDERED that, to the extent any of the June 27 Document, the July 12 Certificate, the July 12 Plan and Motion, and the July 13 Plan and Motion include a motion with respect to a proposed plan of reorganization, they will be addressed by a separate order.

###

Date: July 18, 2023

Deborah J. Saltzman
United States Bankruptcy Judge