# 2:21-bk-18205-DS Crestlloyd, LLC

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

**Edward Roark Schwagerl**
**525 Main Street**
**P.O. Box 120353**
**Saint Paul, MN 55112**

**FILED**
**JUL 21 2023**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**Edward Roark Schwagerl**
**P.O. Box 120353**
**Saint Paul, MN 55112**

☐ Service information continued on attached page

Date:  7/21/2023          Signature:  /s/ Mary Bakchellian

                          Deputy Clerk :    Mary Bakchellian

FILED & ENTERED

JUL 21 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

CRESTLLOYD, LLC,

Debtor.

Case No. 2:21-bk-18205-DS

Chapter 11

ORDER REGARDING "SETTLEMENT PLAN," "NOTICE OF AND MOTION FOR CONFIRMATION OF PLAN," AND "MOTION FOR CONFIRMATION OF PLAN"

The court has recently received documents from Edward Roark Schwagerl, who has claimed to be an "interested party" in this case. Among these documents is a document titled "Settlement Plan" (the "Plan," Docket No. 505, pages 1-6[1][2]), a document titled "Notice of and Motion for Confirmation of Plan" (the "Notice," Docket No. 505, page 10), and a document titled "Motion for Confirmation of Plan" (the "Motion," Docket No. 505, pages 11-12)[3].

/ / /

---

[1] Due to the presence of what appears to be personally identifying information within the scope of Fed. R. Bankr. P. 9037, the court has filed page 3 of this document under seal. (The "Seal Order," Docket No. 501). The Seal Order requires Mr. Schwagerl to file a non-sealed version of this page with the personally identifying information redacted.

[2] Docket No. 505, Pages 7, 8, and 9 may also be exhibits or other documents related to the Plan. Like page 3, page 9 has been filed under seal pursuant to the Seal Order.

[3] Substantively identical versions of the Notice and the Motion are also included in a separate document filed by Mr. Schwagerl, Docket No. 506.

-1-

In addition to requests that documents and "the Case" be sealed, which the court has addressed in the Seal Order, the Plan, Notice, and Motion appear to request relief with respect to real property located at 944 Airole Way, Los Angeles, California 90077 (the "Property") formerly owned by debtor Crestlloyd, LLC (the "Debtor") and a "Fund" and/or sums of money (possibly as much as $144 billion, based on "deposit slips" attached to the Plan) as to which Mr. Schwagerl evidently believes the court can exercise control. The Plan also states that a hearing may be held on July 27, 2023 at 11:30 a.m.[4]

The Property was sold by the Debtor pursuant to the March 28, 2022 "Order Granting Debtor's Motion: (1) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests with the Exception of Enumerated Exclusions; (2) Finding That the Buyer Is a Good Faith Purchaser; (3) Authorizing and Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h), and (5) Providing Related Relief" entered on March 28, 2022 (the "Sale Order," Docket No. 247). On April 20, 2022, the Debtor filed a statement of sale (Docket No. 286) stating that the sale of the Property to The One Bel Air, LLC, the approved assignee of Richard Saghian, closed on March 30, 2022. Mr. Schwagerl did not file any timely appeal of the Sale Order. Because the Property was sold by the Debtor pursuant to the Sale Order, the court no longer has jurisdiction over the Property.

There are no funds on deposit with the court relating to this case. While the Debtor holds some proceeds of the sale of the Property, it certainly does not have anything close to the $144 billion referenced in the "deposit slips" attached to the Plan. Moreover, there is no indication in the record that Mr. Schwagerl is a creditor of the Debtor. The Plan does not present accurate facts regarding the Debtor and the bankruptcy estate and does not propose a coherent plan of reorganization for the Debtor. Furthermore, the Plan, the Notice, and the Motion do not comply with the Bankruptcy Code or the Federal Rules of

///

---

[4] The reference to a possible hearing is among the non-confidential matters on the sealed page 3 of the Plan.

Bankruptcy Procedure with respect to plans of reorganization, disclosure statements, and confirmation of plans of reorganization.

Based on its review of the Plan, the Notice, the Motion, and the record in this case, the court will dispense with the Plan, the Notice, and the Motion without a hearing. Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument. L. Bankr. R. 9013-1(j). Even construing Mr. Schwagerl's filings liberally based on his *pro se* status, the court is unable to identify any relief that can be granted. Therefore, to the extent the Plan, the Notice, and the Motion seek any relief, no cause has been shown.

For these reasons,

IT IS HEREBY ORDERED that to the extent the Plan, the Notice, and/or the Motion purport to propose and/or request confirmation of a plan of reorganization for the Debtor, they are denied.

IT IS FURTHER ORDERED that, to the extent Mr. Schwagerl purported to notice a hearing on July 27, 2023 with respect to the Plan, no such hearing will be held.

###

Date: July 21, 2023

Deborah J. Saltzman
United States Bankruptcy Judge