DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JMR@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re,<br><br>CRESTLLOYD, LLC,<br><br>                              Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>                              Defendants. | **DEBTOR'S MOTION TO APPROVE COMPROMISE WITH JUSTINE ENGLANOFF, NICOLE ENGLANOFF, AND JACQUELINE ENGLANOFF**<br><br>[Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9013-1(o)(1)]<br><br>[No Hearing Required] |
| CRESTLLOYD, LLC, a California limited liability company,<br><br>                              Cross-Claimant,<br><br>        v.<br><br>INFERNO INVESTMENT, INC., a Quebec Corporation; NILE NIAMI, an individual; YVONNE NIAMI, an individual, GROUND VIEW LLLP, a Nevada limited liability limited partnership; 1369 LONDONDERRY ESTATE LLC, a California limited liability company; MARBELLA CONSTRUCTION INC., a | |

1

California limited liability company;
N:PHILANTHROPY LLC, a California limited
liability company; YOGI SECURITIES
HOLDINGS, LLC, a Nevada limited liability
company; TROUSDALE ESTATE, LLC, a
Nevada limited liability Company; JOSEPH
ENGLANOFF, an individual; JUSTINE
ENGLANOFF, an individual; NICOLE
ENGLANOFF , an individual; JACQUELINE
ENGLANOFF, an individual; HILLDUN
CORPORATION, a New York corporation.

Cross-Defendants.

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

Crestlloyd, LLC (the "Debtor" or "Plaintiff"), hereby moves (the "Motion") this Bankruptcy Court for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1), approving that certain Settlement Agreement and Mutual Releases (the "Agreement") entered into by and among the Plaintiff and Justine Englanoff ("Justine"), Nicole Englanoff ("Nicole"), and Jacqueline Englanoff ("Jacqueline") (collectively, the "Settling Defendants") with respect to the resolution of the Plaintiff's cross-claims in the adversary proceeding bearing case number 2:22-ap-01125-DS, against Defendants (the "Adversary Proceeding").

The Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Plaintiff, in the exercise of its business judgment, has determined that it is in the best interests of the estate to fully resolve the disputes with Settling Defendants concerning the Plaintiff's cross-claims in the Adversary Proceeding. The Agreement provides for the Settling Defendants to collectively pay $40,000 (the "Settlement Payment") to Plaintiff.

The Agreement is the product of the parties' extensive negotiations, and, ultimately, a consensual resolution. Accordingly, the Plaintiff submits that the compromise is fair and reasonable and should, therefore, be approved by the Court.

This Motion is based upon the Notice of Motion filed concurrently herewith, this Motion, the Memorandum of Points and Authorities and the Declaration of Joseph Rothberg (the "Rothberg

1   Decl.") attached hereto, the entire record in this case, and such further evidence as may be presented

2   to the Court.

3       **WHEREFORE**, the Plaintiff respectfully requests that the Court enter an order:

4     1.      Granting the Motion;

5     2.      Approving the Agreement;

6     3.      Authorizing the Plaintiff and Settling Defendants to take any and all steps necessary

7   to effectuate the Agreement under the terms and conditions set forth in the Agreement; and

8     4.      Granting such other and further relief as the Court deems just and proper.

9

10 Dated:  October 3, 2023

LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.

By:  _/s/      Joseph M. Rothberg_____
    DAVID B. GOLUBCHIK
    TODD M. ARNOLD
    JOSEPH M. ROTHBERG
    Attorneys for Debtor and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      STATEMENT OF FACTS**

    **A.      General Background**

1.      On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[1]

2.      At the time of filing, the Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

3.      On March 28, 2022, the Court approved the sale of the Property for $126 million plus the $11.970 million Rebate from the auctioneer, for a total of $137.97 million. (Dkt No. 247).

4.      On May 27, 2022, the Court entered an order authorizing the Debtor to pay $82,500,000 of the net proceeds from the sale to Hankey Capital "without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid." (Dkt No. 350).

5.      On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hildun Corporation. (Adv. Dkt. No. 1).

6.      On August 10, 2022, Debtor filed its cross-claims against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation.  (Adv. Dkt No. 27).

7.      On November 18, 2022, the Settling Defendants filed an answer to the Debtor's cross-claims. (Adv. Dkt No. 105).

    **B.      The Agreement**

8.      Following lengthy negotiations, the Debtor and Settling Defendants have agreed to settle the disputes by and among them regarding cross-claims 17, 18, 19, and 20 of the Debtors'

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

1   cross-claims.[2]

2       **C.      The Agreement**

3       9.      The settlement negotiations by and among the Debtor and Settling Defendants

4   resulted in the Agreement, a true and correct copy of which is attached to the Declaration of Joseph

5   Rothberg as **Exhibit "1"** annexed hereto.

6       10.      The Agreement provides, inter alia, as follows:

7           a.  Upon execution of this Agreement, and approval by the Court, Settling

8               Defendants shall pay $40,000 (the "Settlement Payment") to the Debtor in

9               resolution of the cross-claims asserted against the Settling Defendants in the

10              Debtor's cross-complaint.

11          b.  Upon execution of the Agreement, Debtor shall file a motion for approval of

12              good faith settlement pursuant to Fed. R. Bank. Proc. 9019 (the 9019 Motion).

13              The parties shall attach as exhibits to the 9019 Motion copies of a (i) stipulation

14              to dismiss the Crestlloyd Cross-Claims with prejudice as to Settling Defendants

15              only.

16      11.      Ultimately, the Agreement resolves cross-claims 17, 18, 19, and 20 of the Debtor's

17  cross-complaint. Accordingly, the Debtor submits that the compromise is fair and reasonable and

18  should, therefore, be approved by the Court.

19  **II.      THE COMPROMISE SHOULD BE APPROVED**

20      **A.      The Creditors Have Received Sufficient Notice of the Settlement Agreement**

21      Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-

22  1(o)(1) authorize the Court to approve a settlement agreement following notice and an opportunity

23  for a hearing.

24      In the case at bar, notice of this Motion, which summarizes the relief sought by the Debtor,

25  was served upon all parties in the adversary proceeding, all creditors of the bankruptcy estate, the

26

27  ───────────────
    [2] The cross-claims allege that the Settling Defendants received fraudulent transfers totaling $63,000
    in August 2017 from the sale proceeds of Crestlloyd's Hillcrest Property. (*See* Cross-Complaint,
28  Adv. Dkt. 27 at p. 39-43).

Office of the United States Trustee, as well as any parties who have requested special notice. Thus, the Motion may be determined upon notice of opportunity to request a hearing under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1).

**B.    The Bankruptcy Rules Allow the Court to Approve Compromises of Controversies**

Rule 9019(a) states that "the court may approve a compromise or settlement." Fed. R. Bankr. Pro. 9019(a). The decision of whether a compromise should be accepted or rejected lies within the sound discretion of the Court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D.R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); *Knowles v. Putterbaugh (In re Hallet*, 33 B.R. 564, 565 (Bankr. D.Me. 1983). For the reasons set forth below, the Court should approve the proposed Agreement.

**C.    Case Law Supports Approval of the Proposed Settlement**

It is well established that, as a matter of public policy, settlements are favored over continued litigation. *See e.g., In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986); *In re Blair,* 538 F.2d 849, 851 (9th Cir. 1976); *In re Heissenger Resources, Ltd.,* 67 B.R. 378, 382 (C.D. Ill. 1986).  A bankruptcy court should approve the compromise and settlement if it was negotiated in good faith, is fair and equitable, reasonable, and in the best interests of the debtor's estate.  *See, e.g.*, *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Gibson*, BAP No. CC–11–1028–MkKiD, Bk. No. RS 10–21907–DS, 2011 WL 4502044, *4 (9th Cir. B.A.P. Aug. 3, 2011); *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) ("[T]his court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable") (citation omitted); *In re Guy F. Atkinson Co. of Cal.*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate.  The trustee and debtor in possession, as fiduciaries on behalf of the creditors of the estate, have the obligation and are in the best position to negotiate settlements that will best serve the interests of all creditors").

In the Ninth Circuit, the Bankruptcy Court must examine the following factors: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the interest of creditors with deference to their reasonable opinions. *A & C Props.*, 784 F.2d at 1381 (citation omitted).

A court, in reviewing the proposed settlement, "is not to decide the numerous questions of law and fact but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Construction Inc.*, 669 F.2d. 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). Compromises that satisfy the "reasonableness standard" should be approved.

Based upon the standard established by *A & C Properties*, 764 F.2d at 1381, the Debtor respectfully submits that Court may conclude that the terms of the Agreement are fair, reasonable and that the settlement should be approved.

### 1.    Probability of Success in Litigation

In the event that the Agreement is not approved, the Debtor would be required to prosecute its cross-claims against the Settling Defendants. While the Debtor believes that it would prevail in litigation, the Debtor would incur substantial administrative fees and costs in prosecuting the litigation. In response to the Debtor's cross-claims for avoidance and recovery of fraudulent transfers received by the Settling Defendants, the Settling Defendants have asserted that the transfers received were consideration for a wrongful garnishment of funds held in the Settling Defendants' joint bank accounts with their father, Joseph Englanoff (the principal of another defendant in this adversary, Yogi Securities Holdings LLC). Regardless of the Debtor's level of confidence in prevailing on its cross-claims, the reality is that all litigation is uncertain and the increased administrative fees and costs would likely impact the ultimate distribution to estate creditors. In an effort to avoid those issues, the Debtor entered into the Agreement.

/ / /

2.      Difficulties in Collection

Difficulties in collection is a significant issue.  Absent the Agreement, the Debtor would be required to litigate with Settling Defendants.  The Debtor understands that some of the Settling Defendants may not reside in the State of California, which could present further collection difficulties.  The Agreement avoids the risk, substantial expense and delay associated with those legal issues. Therefore, this element supports approval of the Agreement.

3.      Complexity of Issues

There are disputes between the Settling Defendants and the Debtor regarding the alleged fraudulent transfers which would require costly litigation to resolve. Without the Agreement, the Debtor would be required to prosecute its cross-claims against the Settling Defendants at the expense of the estate. The legal issues involved are complex as the adversary proceeding involves multiple defendants and cross-claims asserted among them. The nature of the disputes would require that the parties engage in a significant amount of diligence/discovery related to these disputes, all of which would increase the amount of administrative expenses incurred by the estate and correspondingly reduce the recovery to estate creditors.  What's more, the Agreement only resolves four of the Debtor's twenty-five cross-claims; thus, the Agreement resolves one piece of the puzzle before the Court.

4.      The Best Interests of Creditors

The Debtor believes that the interests of the Debtor's creditors are best served by the approval of the Agreement.  While the Debtor believes that it may prevail in litigation with the Settling Defendants, litigation by its nature is risky and uncertain and it is possible that the Court may reach a result that is less favorable to the Debtor than the terms of the Agreement.  In the meantime, the continuation of litigation would result in a potentially substantial increase in the amount of administrative expenses incurred by the Debtor, which would result in the reduction in recovery to holders of allowed claims.

On the other hand, the Agreement will resolve the disputes between the Debtor and Defendants, and prevent any future litigation by and among the parties (and eliminate the

1  administrative costs and delay associated therewith).

2  The interests of the Debtor and the Debtor's creditors are best served by the approval of the

3  Agreement and the certainty that such approval will bring to the Debtor's creditors.  Continued

4  litigation (even if successful) will only serve to decrease the recovery to the Debtor's creditors.

5  Based on all of the foregoing, the Debtor respectfully submits that the Agreement reflects

6  the sound exercise of the Debtor's business judgment and should be approved by the Court.

7  **III.**    **CONCLUSION**

8  Based on the foregoing, the Plaintiff respectfully requests that the Court enter an order:

9  1.    Granting the Motion;

10  2.    Approving the Agreement;

11  3.    Authorizing the Plaintiff and Settling Defendants to take any and all steps necessary

12  to effectuate the Agreement under the terms and conditions set forth in the

13  Agreement; and

14  4.    Granting such other and further relief as the Court deems just and proper.

15

16  Dated:  October 3, 2023                LEVENE, NEALE, BENDER, YOO &

17                                         GOLUBCHIK L.L.P.

18                                         By:  _/s/_      _Joseph M. Rothberg_____

19                                              DAVID B. GOLUBCHIK
                                                TODD M. ARNOLD

20                                              JOSEPH M. ROTHBERG
                                                Attorneys for Debtor and Debtor in Possession

21

22

23

24

25

26

27

28

## DECLARATION OF JOSEPH M. ROTHBERG

I, Joseph M. Rothberg, do hereby declare and state as follows:

1.    I am an attorney licensed to practice law in this jurisdiction and before this Court. I am a partner of Levene, Neale, Bender, Yoo, & Golubchik L.L.P., counsel of record for the Debtor, Crestlloyd LLC ("Debtor" or "Crestlloyd"), in this matter. I have been assigned to and working on this particular adversary proceeding since its inception. As such, I am familiar with the dispute, and the adversary proceeding in general.

2.    I make the following declaration in support of Debtor's Motion to Approve Compromise with Justine Englanoff, Nicole Englanoff, and Jacqueline Englanoff (the "Settling Defendants") (the motion being referred to herein as the "9019 Motion"). All facts stated herein are within my personal knowledge, and if called as a witness, I could and would competently testify to all facts herein.

3.    On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[3]

4.    I am informed and believe  that at the time of the filing of the instant Bankruptcy, Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

5.    On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hildun Corporation. (Adv. Dkt. No. 1).

6.    On August 10, 2022, Debtor filed its cross-complaint against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation. (Adv. Dkt No. 27).

---

[3] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

7.      On November 18, 2022, the Settling Defendants filed an answer to the Debtor's cross-complaint.  (Adv. Dkt No. 105).

8.      Following lengthy negotiations, with counsel for the Settling Defendants, John Moe, our respective clients were able to agree and settle the disputes by and among them regarding cross-claims 17, 18, 19, and 20 of the Debtors' cross-complaint.[4]

9.      The settlement negotiations by and among the Debtor and Settling Defendants resulted in the Agreement, a true and correct copy of which is attached as **Exhibit "1"** attached hereto.

10.     The Agreement provides, <u>inter alia,</u> as follows:

    a.  Upon execution of this Agreement, and approval by the Court, Settling Defendants shall pay $40,000 (the "<u>Settlement Payment</u>") to the Debtor in resolution of the cross-claims asserted against the Defendants in the Debtor's cross-complaint.

    b.  Upon execution of the Agreement, Debtor shall file a motion for approval of good faith settlement pursuant to Fed. R. Bank. Proc. 9019 (the 9019 Motion). The parties shall attach as exhibits to the 9019 Motion copies of a (i) stipulation to dismiss the Crestlloyd Cross-Claims with prejudice as to Settling Defendants only.

11.     Ultimately, the Agreement resolves cross-claims 17, 18, 19, and 20 of the Debtor's cross-complaint.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.  Executed this 3rd day of October, 2023, in Woodland Hills, California.

By: _____
                 Joseph M. Rothberg

---

[4] The cross-claims allege that Justine, Nicole, and Jacqueline received fraudulent transfers totaling $63,000 in August 2017 from the sale proceeds of Crestlloyd's Hillcrest Property. *See* Cross-Complaint, Adv. Dkt. 27 at p. 39-43.

**Exhibit 1**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (hereinafter referred to as the "Settlement Agreement") is entered into and effective as of the Effective Date set forth herein by and between Crestlloyd, LLC ("Crestlloyd" or "Plaintiff"), and Defendants Justine Englanoff, Nicole Englanoff, and Jacqueline Englanoff (collectively, the "Defendants"). Crestlloyd and the Defendants shall be collectively referred to as the "Parties" and, individually, as a "Party").

### R E C I T A L S

WHEREAS, on or about December 12, 2012, Crestlloyd acquired its interest in the real property located at 1175 N. Hilcrest Road, Beverly Hills, CA 90210 (the "Hillcrest Property");

WHEREAS, on or about August 9, 2017, Crestlloyd executed a promissory note in favor of Yogi Securities Holdings, LLC ("Yogi") for $1,800,000 (the "August 9, 2017 Yogi Note") which was later amended on April 13, 2018 (the "April 13, 2018 Amendment");

WHEREAS, Crestlloyd has alleged that the "Property" referenced as security in the August 9, 2017 Yogi Note was the Hillcrest Property;

WHEREAS, Crestlloyd has alleged that the loan referenced in the August 9, 2017 Yogi Note closed on or about August 17, 2017;

WHEREAS, Crestlloyd has alleged that, according to the Borrower's Final Closing Statement, when the August 9, 2017 Yogi Note on the Hillcrest Property closed, there were three disbursements made to the Defendants, in the amount of $21,000 each: to Justine Englanoff; to Nicole Englanoff; and to Jacqueline Englanoff (a total of $63,000);

WHEREAS, Crestlloyd has alleged that there was no legitimate business purpose to providing the Defendants with $21,000 each from the sale of the Hillcrest Property;

WHEREAS, the Defendants have denied the allegations set forth above and as set forth in Crestlloyd's Cross-Complaint;

WHEREAS, the Defendants assert that the $63,000 disbursed to the Defendants on or about August 17, 2017 represented repayment of sums owed following an alleged wrongful attachment of a judgment precipitated by the actions of Nile Niami ("Niami"), principal of Crestlloyd, which resulted in a judgment against Joseph Englanoff and Gilat Englanoff and the alleged wrongful garnishment of funds held in the Defendants' joint bank accounts with their father, all of which was settled pursuant to a written indemnification from Niami and Niami's repayment of the garnished funds with proceeds from the sale of Crestlloyd's Hillcrest Property;

WHEREAS, on October 26, 2021, Crestlloyd declared bankruptcy under Chapter 11 of the United States Bankruptcy Code, which was assigned case number 2:21-bk-18205-DS and is pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case");

WHEREAS, on June 9, 2022, Inferno Investment, Inc. filed an adversary complaint against, *inter* alia, Crestlloyd and Yogi, which was assigned case no. 2:22-ap-01125-DS and is pending in the United States Bankruptcy Court for the Central District of California (the "Adversary Proceeding");

WHEREAS, on August 10, 2023, Crestlloyd filed cross-claims in the Adversary Proceeding against several parties, including but not limited to Yogi and the Defendants (Adv. ECF No. 27) (the "Crestlloyd Cross-Claims");

WHEREAS, the subject of Crestlloyd's Cross-Claims against Defendants, specifically, concerns the alleged $63,000 in transfers made to the Defendants by Crestlloyd on or about August 17, 2017;

WHEREAS Defendants generally and specifically deny the allegations above and those contained in Crestlloyd's Cross-Claims against them; and

WHEREAS, based on the foregoing, and extensive settlement discussions, the Parties have agreed to settle Crestlloyd's action against Defendants which was brought through Crestlloyd's Cross-Claims, and any and all disputes among them pursuant to the terms of this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is agreed as follows:

## S E T T L E M E N T

## 1.    **INTENT OF THE PARTIES**

By entering into this Settlement Agreement, it is the intent of the Parties to compromise and settle any and all claims between Crestlloyd and the Defendants, and those of their past, present, and future principals, brokers, agents, officers, directors, shareholders, employees, employers, partners, successors, assignees, heirs, devisees, and attorneys, relating to or arising from the alleged $63,000 distributed to Defendants out of the Hillcrest Property closing and the allegations and causes of action related thereto in the Crestlloyd Cross-Claims (collectively, the "Pending Matters"), and to release the same from any and all liability for damages and/or injuries arising in connection with the Pending Matters and all other matters expressly or impliedly raised herein.

Settlement Agreement & Mutual Release

## 2.    **RELEASE AND DISCHARGE**

a.      Crestlloyd hereby releases and discharges the Defendants, and each of them, and their respective predecessors and successors in interest, heirs, and assigns, and their respective past, present, and future principals, brokers, agents, officers, directors, shareholders, members, managers, employees, employers, partners, assignees, heirs, devisees, and attorneys from any and all past, present, or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract, or other legal or equitable theories of recovery which Crestlloyd has against any of the Defendants, individually and collectively, or which may later accrue to, or be acquired by Crestlloyd, in any way arising from or related to the Pending Matters.

b.      Defendants, individually and collectively, hereby release and discharge Crestlloyd and its predecessors and successors in interest, heirs, and assigns, and its past, present, and future principals, brokers, agents, officers, directors, shareholders, members, managers, employees, employers, partners, assignees, heirs, devisees, and attorneys from any and all past, present, or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract, or other legal or equitable theories of recovery which the Defendants, or any of them, have against Crestlloyd or which may later accrue to, or be acquired by the Defendants, or any of them in any way arising from or related to the Pending Matters.

## 3.    **CONSIDERATION**

As consideration for this Settlement Agreement, the Parties agree as follows:

a.      Upon execution of this Settlement Agreement, Crestlloyd shall file a motion for approval of good faith settlement pursuant to Fed. R. Bank. Proc. 9019 (the "9019 Motion"). The Parties shall attach as exhibits to the 9019 Motion copies of a (i) stipulation to dismiss the Crestlloyd Cross-Claims with prejudice as to Defendants only.

b.      Immediately upon entry of an order approving the 9019 Motion, and no later than five (5) business days after Crestlloyd has provided wire or other payment instructions, Defendants shall, or cause their counsel to, transfer the sum of forty-thousand dollars ($40,000) (the "Settlement Payment") to Crestlloyd pursuant to wire or other payment instructions to be provided by Crestlloyd's counsel to Defendants within five (5) business days of entry of an order approving the 9019 Motion.

c.      The Parties to this Settlement Agreement shall bear their own costs, attorney's fees and all other monies incurred or paid in connection with the negotiating and preparing the Settlement Agreement.

4.    **RELEASE OF UNKNOWN CLAIMS**

a.    This Settlement Agreement is intended to be a full general and mutual release and to constitute a full and final accord and satisfaction, extending to all claims of any nature that are being released herein that may exist between the Parties to this Settlement Agreement, including, without limitation, claims for injuries, damages or losses to their person and their property, real and personal, tangible and intangible, whether known or unknown, suspected or anticipated, unsuspected or unanticipated, arising out of the Pending Matters. For the avoidance of doubt, the releases herein shall have no effect as to claims between Crestlloyd and any other parties to the Adversary Proceeding or Crestlloyd's Bankruptcy Case.

b.    The Parties to this Settlement Agreement certify that they have read, understand and expressly waive the following provisions of California Civil Code Section 1542 as to the releases contained herein:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

c.    The Parties to this Settlement Agreement understand and acknowledge that the significance and consequence of this waiver of California Civil Code Section 1542 is that even if one of them should eventually suffer additional damages or losses from their prior interactions, or should there exist other undisclosed obligations or liabilities existing between them, including their assignees, they will not be able to make any claim for those damages, losses or obligations that arise or relate to the Pending Matters. Furthermore, the Parties to this Settlement Agreement acknowledge that they intend these consequences even as to claims for damages, losses or obligations that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision, either singularly or collectively, to execute this release, regardless of the cause of their lack of knowledge. The Parties' waiver of California Civil Code Section 1542 solely extends to the releases set forth herein.

5.    **NO ADMISSION OF LIABILITY.**

This Settlement Agreement is the compromise of disputed claims and fully and finally settles all claims between the Parties stemming from any and all dealings, contracts or transactions between the Parties, from the beginning of time that arise or relate to the Pending Matters, and to buy peace and to prevent any further involvement and dispute. Nothing contained in this Settlement Agreement, including, without limitation, the payment of the Settlement Payment or the waiver of any rights hereunder, shall be interpreted or construed to be an admission on the part of, or to the prejudice of, the Parties

hereto. Except for the obligations created by this Settlement Agreement, the Parties hereto expressly deny any and all liability associated with or related, whether directly or indirectly, to the Pending Matters.

**6.    NO ASSIGNMENT**

The Parties to this Settlement Agreement represent and warrant that they have not heretofore assigned, transferred or hypothecated or purported to have assigned, transferred or hypothecated, or will in the future assign, transfer or hypothecate to anyone any debt, judgment, claim, liability, demand, action, cause of action, or any interest therein, based upon or arising out of or pertaining to or concerning or connected with any matter, facts, events, circumstances or things released herein.

**7.    NO INDUCEMENT**

The Parties to this Settlement Agreement declare and represent that no promises, inducements or other agreements not expressly contained herein have been made and that this release contains the entire agreement between the Parties and the terms of this Settlement Agreement are contractual and not recitals only.

**8.    AUTHORITY OF SIGNATORIES**

The Parties to this Settlement Agreement represent, warrant and covenant that they possess the necessary capacity and authority to sign and enter into this Settlement Agreement, and do so voluntarily.

**9.    BINDING EFFECT**

The provisions of this Settlement Agreement will be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest and assigns of the respective Parties hereto.

**10.    FURHTER DOCUMENTS**

The Parties to this Settlement Agreement agree to execute and deliver such other additional documents as may be required to effectuate each of the terms of this Settlement Agreement.

**11.    ADVICE OF ATTORNEY**

The Parties to this Settlement Agreement acknowledge, represent and warrant that, in executing this Settlement Agreement, they have relied upon legal advice from their retained attorney, the terms of this Settlement Agreement have been read, and its consequences (including, but not limited to, risks, complications and costs) have been completely explained to them by that attorney, adequate time has been given for them to consult with their attorney, to ask any questions concerning this Settlement Agreement, to receive responses to those questions, and to contemplate the attorney's advice concerning

Settlement Agreement & Mutual Release

this Settlement Agreement, and the Parties fully understand the terms of this Settlement Agreement. The Parties to this Settlement Agreement acknowledge, represent and warrant that, in executing this Settlement Agreement, they have not relied on any inducements, promises or representations made by any other Party to this Settlement Agreement or any person or entity representing or serving another Party, except for those expressly stated in this Settlement Agreement.

## 12.    NO ORAL MODIFICATION

This document sets forth the entire agreement between the Parties and may not be altered, amended or modified in any respect except by written instrument, duly executed by analog signature by the Party to be charged. Any earlier understandings, oral agreements or writings are expressly superseded hereby and are of no further force or effect.

## 13.    ENFORCEABLE SETTLEMENT AGREEMENT

The Parties have entered into this Settlement Agreement with the specific understanding that it is enforceable by the United States Bankruptcy Court for the Central District of California. In the event any Party fails to perform the conditions or terms required herein, the Parties hereby request that the United States Bankruptcy Court for the Central District of Californiaretain jurisdiction to enforce the terms of this Settlement Agreement, pursuant to Code of Civil Procedure Section 664.6 or other applicable statute or law. The Parties to this Settlement Agreement hereby waive any rights they may otherwise have to appeal any decision by the United States Bankruptcy Court for the Central District of California in deciding any issue relating to the enforcement of this Settlement Agreement under Code of Civil Procedure Section 664.6 including any awards of attorneys' fees or costs.

## 14.    ENFORCEMENT OF THE SETTLEMENT AGREEMENT

If any Party to this Settlement Agreement becomes involved in a dispute or controversy, including, but not limited to, arbitration or litigation, arising out of this Settlement Agreement, or the performance of it, then the prevailing Party in such dispute or controversy, or in a separate suit, shall be entitled to their reasonable costs and expenses incurred in connection with such dispute or controversy, including expert witness fees and attorneys' fees, which costs and expenses shall be deemed to have accrued on the commencement of such dispute or controversy, shall include consultation expenses and fees, and shall be paid whether or not such dispute or controversy is prosecuted to judgment.

## 15.    CONSTRUCTION

As used in this Settlement Agreement, the masculine, feminine or neuter gender, the singular or plural numbers and the conjunctive or disjunctive shall each be deemed to include the other whenever the context so indicates. This Settlement Agreement shall be construed in accordance with its fair meaning, the captions being for the convenience of

Settlement Agreement & Mutual Release

the Parties only and not intended to describe or define the provisions in the portions of the Settlement Agreement to which they pertain. The terms of this Settlement Agreement have been freely negotiated by the Parties, and this Settlement Agreement shall not be construed against the drafter, as these drafting services have been performed as a courtesy to the other Parties to this Settlement Agreement. In the event that any provision of this Settlement Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect.

## 16.    CROSS-REFERENCES

Any cross-references in this Settlement Agreement, unless specifically directed to another agreement or document, refer to provisions within this Settlement Agreement and shall not be considered to be references to the overall transaction or to any other agreement or document.

## 17.    CALIFORNIA LAW

Under this Settlement Agreement, any and all rights and duties set forth in it, including matters of construction, validity and performance, shall be interpreted, enforced and governed by the laws of the State of California, applicable to written instruments entered into solely in the State of California.

## 18.    SEVERABILITY

If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

## 19.    EXECUTION IN COUNTERPARTS

This Settlement Agreement may be executed in counterparts which, taken together, shall be deemed one document. Electronically transmitted copies of analog signatures shall be deemed original signatures and shall have the same force and effect as an original signature.

## 20.    EFFECTIVE DATE OF AGREEMENT

This Settlement Agreement shall take effect immediately upon execution by the last signatory hereto.

**[SIGNATURES ON FOLLOWING PAGE]**

Settlement Agreement & Mutual Release

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**CRESTLLOYD LLC**

Signed: _____

By: Lawrence R. Perkins

Its: Manager

Dated: September 22 2023

**JUSTINE ENGLANOGFF**

Signed: _____

Dated: September    , 2023

**NICOLE ENGLANOFF**

Signed: _____

Dated: September 18, 2023

**JACQUELINE ENGLANOFF**

Signed: _____

Dated: September __, 2023

Settlement Agreement & Mutual Release

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**CRESTLLOYD LLC**

Signed:_____

By:_____

Its:_____

Dated: September __, 2023

**JUSTINE ENGLANOGFF**

Signed:_____

Dated: September __, 2023

**NICOLE ENGLANOFF**

Signed:_____

Dated: September __, 2023

**JACQUELINE ENGLANOFF**

Signed:_____

Dated: September __, 2023

Settlement Agreement & Mutual Release

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**CRESTLLOYD LLC**

Signed:_____

By:_____

Its:_____

Dated:  September __, 2023

**JUSTINE ENGLANOGFF**

Signed:_____

Dated:  September __, 2023

**NICOLE ENGLANOFF**

Signed:_____

Dated:  September __, 2023

**JACQUELINE ENGLANOFF**

Signed:_____

Dated:  September 12, 2023

大成 **DENTONS**

**John A. Moe II**

john.moe@dentons.com
D  +1 213-892-4905

Dentons US LLP
Suite 2500
601 South Figueroa Street
Los Angeles, California 90017-5704
United States

dentons.com

September 12, 2023

50047490.73

**VIA E-MAIL TO JMR@LNBYG.COM**

Joseph M. Rothberg
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

Re:    *In re Crestlloyd, LLC*
       <u>Settlement Agreement</u>

Dear Joe:

This letter confirms that following approval of a proposed Settlement Agreement between Crestlloyd, LLC, and the Englanoff children, that, if information comes to you that: (1) one or more of the three children were involved in transactions with Nile Niami, Crestlloyd, LLC, or any other Nile Niami related entity; and/or, (2) one or more of the children have information on their father's business activities related to the pending Adversary Proceeding, then, at your request, we will make the children available to you for deposition, in person or by Zoom, without the necessity of a subpoena. As I noted during our recent call, I have no idea where the children live, so deposing them could require us to travel to where they live or for us to make arrangements for their travel here, in order for you to take a deposition in person.

Cordially,

John A. Moe, II
Attorneys for Yogi Securities, LLC

**ACKNOWLEDGED and AGREED TO:**

**DATE:** 09/12/23    **SIGNATURES:** _____
                     Justine Englanoff

_____    _____
                        Nicole Englanoff

_____    _____
                        Jacqueline Englanoff

Zaanouni Law Firm & Associates ▶ LuatViet ▶ Fernanda Lopes & Associados ▶ Guevara & Gutierrez ▶ Paz Horowitz Abogados ▶ Sirote ▶ Adepetun Caxton-Martins Agbor & Segun ▶ Davis Brown ▶ East African Law Chambers ▶ For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

124953411\V-1



John A. Moe II

john.moe@dentons.com
D  +1 213 892 4905

Dentons US LLP
Suite 2500
601 South Figueroa Street
Los Angeles, California 90017-5704
United States

dentons.com

September 12, 2023

50047490.73

**Via E-Mail to JMR@LNBYG.COM**

Joseph M. Rothberg
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

Re:    *In re Crestlloyd, LLC*
       Settlement Agreement

Dear Joe:

This letter confirms that following approval of a proposed Settlement Agreement between Crestlloyd, LLC, and the Englanoff children, that, if information comes to you that: (1) one or more of the three children were involved in transactions with Nile Niami, Crestlloyd, LLC, or any other Nile Niami related entity; and/or, (2) one or more of the children have information on their father's business activities related to the pending Adversary Proceeding, then, at your request, we will make the children available to you for deposition, in person or by Zoom, without the necessity of a subpoena. As I noted during our recent call, I have no idea where the children live, so deposing them could require us to travel to where they live or for us to make arrangements for their travel here, in order for you to take a deposition in person.

Cordially,

John A. Moe, II
Attorneys for Yogi Securities, LLC

**ACKNOWLEDGED and AGREED TO:**

| DATE: | SIGNATURES: |
|---|---|
| 9/18/23 | Justine Englanoff |
|  | Nicole Englanoff |
|  | Jacqueline Englanoff |

Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

124953411\V-1

 **DENTONS**

John A. Moe II

john.moe@dentons.com
D +1 213-892-4905

Dentons US LLP
Suite 2500
601 South Figueroa Street
Los Angeles, California 90017-5704
United States

dentons.com

50047490.73

September 12, 2023

**Via E-Mail to JMR@LNBYG.COM**

Joseph M. Rothberg
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

Re:     *In re Crestlloyd, LLC*
        Settlement Agreement

Dear Joe:

This letter confirms that following approval of a proposed Settlement Agreement between Crestlloyd, LLC, and the Englanoff children, that, if information comes to you that: (1) one or more of the three children were involved in transactions with Nile Niami, Crestlloyd, LLC, or any other Nile Niami related entity; and/or, (2) one or more of the children have information on their father's business activities related to the pending Adversary Proceeding, then, at your request, we will make the children available to you for deposition, in person or by Zoom, without the necessity of a subpoena. As I noted during our recent call, I have no idea where the children live, so deposing them could require us to travel to where they live or for us to make arrangements for their travel here, in order for you to take a deposition in person.

Cordially,

John A. Moe, II
Attorneys for Yogi Securities, LLC

**ACKNOWLEDGED and AGREED TO:**

**Date:**                **Signatures:**

                         Justine Englanoff

                         Nicole Englanoff
9/12/2023
                         Jacqueline Englanoff

Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

124953411\V-1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Debtor's Motion To Approve Compromise With Justine Englanoff, Nicole Englanoff, And Jacqueline Englanoff** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy** kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold** tma@lnbyg.com
- **Jerrold L Bregman** jbregman@bg.law, ecf@bg.law
- **Ryan Coy** rcoy@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll** mdevoll@watttieder.com
- **Karol K Denniston** karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Oscar Estrada** oestrada@ttc.lacounty.gov
- **Max Fabricant** mfabricant@lavelysinger.com
- **Danielle R Gabai** dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher** tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **Andrew Goodman** agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Jonathan Gottlieb** jdg@lnbyg.com
- **Robert B Kaplan** rbk@jmbm.com, rbk@ecf.courtdrive.com
- **Jane G Kearl** jkearl@watttieder.com
- **Jennifer Larkin Kneeland** jkneeland@watttieder.com
- **Michael S Kogan** mkogan@koganlawfirm.com
- **Noreen A Madoyan** Noreen.Madoyan@usdoj.gov
- **John A Moe** john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Samuel A Newman** sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea** rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch** sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo** hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards** ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Victor A Sahn** victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com, Karen.Files@gmlaw.com
- **William Schumacher** wschumacher@winthrop.com, autodocketecf@milbank.com
- **David Seror** dseror@bg.law, ecf@bg.law
- **Zev Shechtman** zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Lindsey L Smith** lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com**
- **Jessica Wellington    jwellington@bg.law, ecf@bg.law**

**2.  SERVED BY UNITED STATES MAIL**: On **October 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 3, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 3, 2023 | Rebecka Merritt | */s/ Rebecka Merritt* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**