EJ 840 757 444 US

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CENTRAL CALIFORNIA

Case No.: 2:21-bk-18205

In re : CRESTLLOYD, LLC, Debtor



FILED
OCT - 3 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:          Deputy Clerk

**NOTICE OF AMENDMENT TO TENDER, AND NOTICE OF MOTION FOR RECONSIDERATION OF MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247, AND MOTION FOR RECONSIDERATION OF MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247, REPLY TO ORDER DOC 521**

in Exclusive Jurisdiction within the meaning of Judge's Order at Case 2:21-bk-18205-DS Doc 247 Filed 03/28/22 Entered 03/28/22 13:58:15, hereinafter "Sale Order"

## Notice

Edward Roark Schwagerl's motion in question "Notice of Special § Good Tender And Motion For Related Relief Under Sale Order March 28, 2022 No 247" hereinafter referred to as "MOTION 520" and entered upon the record at DOC 520 is herein included and made apart in full by reference and the relevant portion thereof is shown here by a true and correct copy labeled **Annex 1**; further, Judge Deborah Saltzman's subsequent Order denying said MOTION 520 dated 9-15-2023 titled "Order Regarding "Notice of Special § Good Tender And Motion For Related Relief Under Sale Order March 28, 2022 No 247" is hereinafter referred to as "ORDER DOC 521" in connection therefrom DOC 521 a true and correct copy of the relevant parts are annexed herewith as **Annex 2**.

## Motion

*WITHOUT WAIVING any right, remedy, or defense*, whereas I, Edward Roark Schwagerl (62cv173317), "Interested Party", *sui juris, pro per*, at all times clothed in prerogative powers, am

competent with intent and purpose as Grantor/Settlor[1] of trust filed, now coming as the beneficiary who exercises his prerogative for the benefit of any legal statute, code or title, in reply to ORDER DOC 521, is at all times without the District of Columbia, without the territorial jurisdiction of the United States, without a military occupied area, without the federated political subdivisions of the State, and at all times clothed in the ancient prerogative & equitable powers of a king, and is an interested party of record, is at all times within the exclusive, in personam, and extraterritorial jurisdiction and independent judiciary the certain hallmarks of which are traits of the exclusive equitable jurisdiction ordained in said Sale Order 3-28-2022 AD (DOC 247 3-28-2022) included and made apart herein in full by reference in the above named bankruptcy action, in good faith, moves this court for reconsideration of above referenced MOTION 520 the relevant portion labeled **ANNEX 2** and does now and at all times amend part of said original "TENDER" Number 7 as follows:

1)

    (a) Original text, to wit: "Tenderor reimburses for Grant Deed (Annex 3) assignor Richard Saghian, as co-surety, his net cash payment totals of record, **$137.97 million**, and additionally surcharges Saghian's co-surety reimbursement to include **$212.03 million** for his services in protection and safeguarding of the premises & title under his care […]."

    (b) Amended text, to wit: "Tenderor reimburses for Grant Deed (Annex 3) assignor Richard Saghian, as co-surety, his net cash payment totals of

---

[1] Unlawful or Illegal purpose: In construing trust, unlawful purpose should not be imputed to settlor. Hawthorne v. Smith, 7 N.E. 2d 139, 273 N.Y. 291. Purposes for which trusts may be created "The intent and purpose of the settlor of the truth is the law of the trust" – Edmonson v. First Nat. Bank of Birmingham, 55 So. 2d 338, 352, 256, Ala. 449 – Ingalls v. Ingalls, 54 So. 2d 296, 301, 256 Ala. 321 – Thurlow v. Berry, 32 So. 2d 526, 532, 249 Ala. 597.

record, **$137.97 million**, <u>to effect reimbursement for total net costs of record in full, and additionally surcharges the total sum certain amount tendered to include **$212.03 million** to be distributed equitably between the Debtor Crestlloyd LLC "DEBTOR" and Richard Saghian "CO-SURETY" at the discretion of Judge Deborah Saltzman, including the election not to change the terms of the original tender, that the balance of equities between the parties including but not limited to DEBTOR's legal basis for "fresh start" within the meaning of Title 11 U.S.C. § 727(a)(1), and, CO-SURETY [...]"</u> *[my amendment underlined]*.

(2) that ORDER DOC 521 states on page 2 (4-6), to wit: "...court is unable to identify any basis for amendment of the Sale order or any other relief. Therefore, to the extent the Filing seeks amendment of the Sale Order or any other relief, no cause has been shown" and in replication movant satisfies the "basis " and "cause" by the following:

(a) the basis for Judge Deborah Saltzman to amend this **Sale Order** (Doc 247 Filed 03/28/22 Entered 03/28/22 13:58:15) can be found in the Bankruptcy Code, specifically in Title 11 U.S.C. § 105(a) to wit:

(i) "The court may issue **any** order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or

       implement court orders or rules, or to prevent an abuse of process."

       **[emphasis added]**

   (ii) Movant states that these provisions grant the bankruptcy court not only the affirmative authority to approve sales of assets but also by implication the power to modify or amend the terms of a sale order if it is necessary or in the best interest of the bankruptcy estate in particular for making whole co-surety Richard Saghian, assignor, and the alleged title holder THE ONE BEL AIR, LLC, a Delaware Limited Liability Company and imputes a fresh start within the meaning of Title 11 U.S.C. § 727(a)(1) to Crestlloyd, LLC. Further, 11 U.S.C. § 105(a) implicates that his court may rely on their inherent equitable powers to modify sale orders in certain situations like in this situation where exercise of this inherent equitable authority seeks to protect the bankrupt estate (see Law v. Siegel, 571 U.S. 414 (2014).

(b) further, the basis and cause of amending the tender above **Section 1-b** brings the Debtor closer to a "fresh start" inherent within the meaning of generally all bankruptcies and specifically Title 11 U.S.C. § 727(a) to wit: "The court shall grant the debtor a discharge […]".

(c) lastly, the letters of credits upon which the tendered "vouchers" defined at 12 U.S.C. § 391 are drawn are in their nature Letters of Credit, and, it is well-established that a letter of credit and its proceeds are not property of the debtor's estate within the meaning of 11 U.S.C. § 541, nor included in § 363(a), and therefore, the automatic stay provisions of Section 362 do not

apply to it, and generally, sureties to draw upon letters of credit after the debtor files for bankruptcy.

(3) Based on the foregoing this Movant satisfies the said basis and cause cited as missing in ORDER DOC 521 which formed the basis for its denial for motion to amend in MOTION 520, and therefore this "Motion For Reconsideration Of Motion For Related Relief Under Sale Order March 28, 2022 No 247, And Motion For Reconsideration Of Motion For Related Relief Under Sale Order March 28, 2022 No 247, Reply To Order Doc 521" should be granted, in effect, granting motion for amendment of Sale Order No. 247 according to MOTION 520 as amended by this motion herein.

Respectfully Tendered,

*/signature/*

Edward Roark Schwagerl, Interested Party. Movant.
Edward Roark Schwagerl (62cv173317)
d/b/a Edward Roark Schwagerl, Mn Stat. 333, S.o.S. File #855878600029.
Authorized Representative for Edward R. Schwagerl. Attorney In Fact.
Trustee, Edward Roark Schwagerl Living Estate Trust, Mn File #171013.
In Care of: P.O. BOX 120353, Saint Paul, Minnesota, 55112.
Tel. +1 (612) 424-9660; Email: private9660@docs.simplywise.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CENTRAL CALIFORNIA

Case No.: 2:21-bk-18205

In re : CRESTLLOYD, LLC, debtor

## CERTIFICATE OF SERVICE

Without waiving any right, remedy or defense, I, the below-named Interested Party, Edward Roark Schwagerl, certify that on October _2_ 2023, I placed a true and correction copy of this "Motion for Reconsideration" in a sealed envelope and deposited it with an official United States Postal Clerk, personally, for mailing no later than October _2_ 2023, and delivery for next business day that is not a court-observed holiday, in the United States mail, first class, priority express mail, postage prepaid, and addressed as follows:

**The One Bel Air LLC**
**1880 Century Park East**
**1600**
**Los Angeles, CA 90087**

EJ 840 757 461 US

Signature: /s/<u>Edward Roark Schwagerl, Interested Party. Date: October _2_ 2023.</u>
Edward Roark Schwagerl (62cv173317)
Authorized Representative for Edward R. Schwagerl.
Attorney In Fact
In Care of: #120353, RR C770 – 78, Saint Paul, Minnesota, zip exempt.
Tel. +1 (612) 424-9660
Email: private9660@docs.simplywise.com

EI 231 410 607 US

**FILED**
SEP - 8 2023
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                  Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CENTRAL CALIFORNIA

Case No.: 2:21-bk-18205

In re : CRESTLLOYD, LLC, Debtor

**NOTICE OF SPECIAL & GOOD TENDER AND MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247**
in Exclusive Jurisdiction within the meaning of Judge's Order at Case 2:21-bk-18205-DS Doc 247 Filed 03/28/22 Entered 03/28/22 13:58:15, hereinafter "Sale Order"

## Motion

*WITHOUT WAIVING any right, remedy, or defense,* whereas I, Edward Roark Schwagerl (62cv173317), "Interested Party", *sui juris, pro per,* at all times clothed in prerogative powers, am competent with intent and purpose as Grantor/Settlor[1] of trust filed, now coming as the beneficiary in the above named bankruptcy action in good faith at moves this court for amendment of above referenced said Sale Order on the grounds of this good "Tender" dated 9-1-2023, whether accepted in whole or in part, modified or amended form, delivered herewith and for in chambers hearing the times set at the discretion of the court.

Edward Roark Schwagerl, Tenderor, is at all times without the District of Columbia, without the territorial jurisdiction of the United States, without a military occupied area, without the federated political subdivisions of the State, and at all times clothed in the ancient prerogative & equitable powers of a king who's mailing address and banker's signature card is filed and

---

[1] Unlawful or illegal purpose: In construing trust, unlawful purpose should not be imputed to settlor. Hawthorne v. Smith, 7 N.E. 2d 139, 273 N.Y. 291. Purposes for which trusts may be created "The intent and purpose of the settlor of the truth is the law of the trust" – Edmonson v. First Nat. Bank of Birmingham, 55 So. 2d 338, 352, 256, Ala. 449 – Ingalls v. Ingalls, 54 So. 2d 296, 301, 256 Ala. 321 – Thurlow v. Berry, 32 So. 2d 526, 532, 249 Ala. 597.

E.R.S.

Edward Roark Schwagerl 9-1-2023 Tender    Page 1 of 5

acknowledged within the BNC SYSTEM, and is an interested party of record, grantor/depositor/bailor of nonreservable depositary funds[2] defined by the Judge "The Fund" defined July 21 Order, an original exemplified copy in full and accepted labeled **Annex 2** is annexed herewith, comes now at all times within the exclusive, in personam, and extraterritorial jurisdiction and independent judiciary, the certain hallmarks of the exclusive equitable jurisdiction ordained in said Sale Order 3-28-2022 AD, an original exemplified copy in full and accepted labeled **Annex 1** is annexed herewith, July 18 & July 21 orders and does now tenders within the meaning and Law of Tender as follows:

1. Tender is lodged upon the face of the record and constitutes actual and constructive notice to all men and parties domestic and extraterritorial, interested and non-interested;

2. Tender is by surety/subrogee/remainderman with inherent powers of substitution of undefined "Buyer" in said Sale Order and reassignment of collateral securities and remainderman interests held by tenant and/or joint-tenants in common including but limited to substitution of Buyer in said Sale Order and substitution of Buyer in "Purchase Agreement" referenced therein, but any conflicts arising therefrom this Tender controls under the rules of its exclusive jurisdiction.

3. Tender monetary specie, **Annex 4**, is remitted in the form of substituted private issue SF-1193 Treasury Vouchers, the drawee is Chief Financial Officer - Clerk of Court, Kathleen J. Campbell, fiduciary assignee, Occupant of the Office of Certifying Officer of the Federal Program Agency, U.S. Bankruptcy Court Clerk for C5000 Treasury Voucher per 12

---

[2] A Treatise on the Law of Tender, and Bringing Money Into Court By Alva Roscoe Hunt, Book page 506 "...by the general deposit, he loans the money to the depositary, and the credit of the depositary becomes substituted for the money."

Edward Roark Schwagerl 9-1-2023 Tender    Page 2 of 5    E,R,S,

U.S.C. 391, Treasury Financial Manual, Volume II, Part 4, Chapter 5000, et seq., applied for at the Clerk of Court Kathleen Benjamin, Suite 940, Roybal Building 255 East Temple Street Los Angeles California.

4. Tenderor substituted by operation of subrogation and stands in the shoes of the Buyer, reimburses, and that this Sale Order is amended accordingly as "Amended Order."

5. This affixed Gold Coin ten dollars face value, gold eagle 1/8th Oz 99% pure gold, deposited into the court's registry for the merging of title, affixed herewith emanates from prerogative *jure regio*, court of *curia regis*, an equitable estate tender for the legal estate THE ONE, curing ancient implied trusts, inchoate or imperfect title, nominal title, "impressed upon the conscience of previous sovereigns,"* i.e., Spanish Crown, King George III, territorial congress, political subdivisions of the State of California, the District of Columbia, or any other foreign sovereign residual interests and relies upon the *Supreme Court of the United States *Bryan v Kennett* 1803 October Term.

6. Tenderor accepts certified copy of deed in **Annex 3**, accepts exemplified copies of orders in **Annex 1** and **Annex 3**, with silver coin and dollar coins (Bouvier: "Property in lawful coin of the United States will pass by a transfer of possession…"), lawful money of the United States, Stamp Duty Transfer Tax Revenue Stamp Ten Dollars "canceled stamp" paid annexed herewith in their original exemplified and certified form, for nominal title, **Annex 3**.

7. Tenderor reimburses for Grant Deed (Annex 3) assignor Richard Saghian, as co-surety, his net cash payment totals of record, **$137.97 million**, and additionally surcharges Saghian's co-surety reimbursement to include **$212.03 million** for his services in protection and safeguarding of the premises & title under his care: **THE NET CONTEMPLATED SUM**

**CERTAIN AMOUNT TENDERED TO SUBSTITUTED BUYER RICHARD SAGHIAN, ASSIGNOR IS $U.S. 350,000,000.00 and 00/100's** (three hundred fifty million dollars and zero cents), the tendered specie of which included herewith **Annex 4** [redacted according to rule FRBP 9037(a)].

8. Tender further includes, and is amends the filing associated with Doc 133 "Motion for Confirmation of Sale" including prepaid retracement by the Department of Interior, regarded as done applicable to Grant Deed No. 5 "OTHER RELIEF" as done, to be seized of the estate without the political subdivisions of the State of California by operation of law, and relates prior in time to said Sale Order.

9. Caveat Emptor. Tenderor be permitted free access for maximum of 3 days, with two weeks notice, or more upon request if necessary for final inspection and to be availed of any kind of material or substantive questions or concerns to be noted, if necessary in preparation for taking up control and possession of the premises: '*qui ignorare non debuit quod jus alienum emit*. "Let the purchaser beware: he who buys what is another's is bound to know what he is buying." Gibson 1907.

10. The monthly bills tendered in May 2023 included herein by refence, done per 31 CFR §328.5-6 are enforced in favor of Tenderor.

11. And any other general relief within the meaning of Judge's Sale Order appropriate under the circumstances.

12. Tender is in good faith and the nature of the law of tender necessitates the good faith cooperation between the Court, the Drawee, the Tenderee and Tenderor, and it expires on October 31, 2023 at Midnight PST. If no action by the Tenderee or Court are taken by that time it is requested that all materials be returned to P.O Box 120353, St Paul, Mn 55112.

Respectfully Tendered,

Edward Roark Schwagerl, Third Party. Movant.
Edward Roark Schwagerl (62cv173317).
Authorized Representative for Edward R. Schwagerl, Attorney In Fact.
In Care of: #120353, RR C770 – 78, Saint Paul, Minnesota, zip exempt.
Tel. +1 (612) 424-9660; Email: private9660@docs.simplywise.com



Annex 2
2 pages

| FILED & ENTERED |
| --- |
| SEP 15 2023 |
| CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning  DEPUTY CLERK |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

In re:

CRESTLLOYD, LLC,

Debtor.

Case No. 2:21-bk-18205-DS

Chapter 11

**ORDER REGARDING "NOTICE OF SPECIAL & GOOD TENDER AND MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247"**

The court has recently received documents from Edward Roark Schwagerl, who has claimed to be an "interested party" in this case. The first page of the package received by the court is titled "Notice of Special & Good Tender and Motion for Related Relief Under Sale Order March 28, 2022 No 247" (the "Filing," Docket No. 520). Among other things, the Filing states that it seeks "amendment of above referenced said Sale Order on the grounds of this good 'Tender' ...." The "Sale Order" referred to appears to be the "Order Granting Debtor's Motion: (1) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests with the Exception of Enumerated Exclusions; (2) Finding That the Buyer Is a Good Faith Purchaser; (3) Authorizing and Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h), and (5) Providing Related Relief" entered on March 28, 2022 (the "Sale Order," Docket No. 247).

1     The court will dispense with the Filing without a hearing. Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument. L. Bankr. R. 9013-1(j). Even construing the Filing liberally based on Mr. Schwagerl's *pro se* status, the court is unable to identify any basis for amendment of the Sale order or any other relief. Therefore, to the extent the Filing seeks amendment of the Sale Order or any other relief, no cause has been shown.

    For these reasons,

    IT IS HEREBY ORDERED that to the extent the Filing requests amendment of the Sale Order or any other relief, it is denied.

###

Date: September 15, 2023

Deborah J. Saltzman
United States Bankruptcy Judge

-2-