**FILED & ENTERED**

OCT 11 2023

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**ORDER REGARDING "NOTICE OF AMENDMENT TO TENDER, AND NOTICE OF MOTION FOR RECONSIDERATION OF MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247, AND MOTION FOR RECONSIDERATION OF MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247, REPLY TO ORDER DOC 521"** |

The court has received a document from "interested party" Edward Roark Schwagerl titled "Notice of Amendment to Tender, and Notice of Motion for Reconsideration of Motion for Related Relief Under Sale Order March 28, 2022 No 247, and Motion for Reconsideration of Motion for Related Relief Under Sale Order March 28, 2022 No 247, Reply to Order Doc 521" (the "Filing," Docket No. 527).

The Filing refers to a prior filing by Mr. Schwagerl, the "Notice of Special & Good Tender and Motion for Related Relief Under Sale Order March 28, 2022 No 247" (the "Prior Filing," Docket No. 520) and the court's order denying any relief requested by the Prior Filing (the "September 15 Order," Docket No. 521).

Case 2:21-bk-18205-DS    Doc 528    Filed 10/11/23    Entered 10/11/23 12:23:16    Desc
Main Document    Page 2 of 5

Both the Filing and the Prior Filing refer to the court's order (the "Sale Order," Docket No. 247), which became final more than a year and a half ago, granting the debtor's motion to sell its interest in real property located at 944 Airole Way, Los Angeles, California 90077 free and clear of all interests except certain interests specifically identified in the Sale Order.

In reviewing the Filing and all papers filed by Mr. Schwagerl, the court is mindful that the filings of *pro se* parties should be liberally construed and are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Based on its review of the Filing and the record in this case, the court will dispense with the Filing without a hearing. Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument. L. Bankr. R. 9013-1(j).

Relief Requested by the Filing

The Filing purports to amend the Prior Filing and to seek reconsideration of the September 15 Order. The Filing argues that § 105(a) of the Bankruptcy Code provides a basis for relief requested by the Prior Filing with respect to the Sale Order. The Filing appears to argue that the Prior Filing sought some type of relief for the benefit of the debtor and its estate.

In the September 15 Order, the court stated that, even construing the Prior Filing liberally based on Mr. Schwagerl's *pro se* status, it was unable to identify any basis for amendment of the Sale Order or any other relief that could be granted based on the Prior Filing.

Again, even construing the Filing liberally based on Mr. Schwagerl's *pro se* status, the court finds no basis for reconsideration of the Sale Order or the September 15 Order, amendment of the Sale Order, or any other relief that Mr. Schwagerl may have intended to request by the Filing. Because the Filing refers to "reconsideration" of the Sale Order and also refers to the September 15 Order, in light of Mr. Schwagerl's *pro se* status, the court construes the Filing as a motion for reconsideration of the Sale Order and/or the

September 15 Order. The Filing does not establish a basis for reconsideration of either order.

First, a motion for reconsideration of the Sale Order under Federal Rule of Bankruptcy Procedure ("FRBP") 9023 or 9024, applying Federal Rule of Civil Procedure ("FRCP") 59 or 60, is untimely. FRBP 9023 permits a motion for a new trial or to alter or amend a judgment if filed no later than 14 days after entry of the judgment. Fed. R. Bankr. P. 9023. FRBP 9024 and FRCP 60(b) allow relief from a judgment or order if sought "within a reasonable time," and no more than a year after entry of the order for the reasons stated in FRCP 60(b)(1), (2), or (3). Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(c)(a). The Sale Order was entered on March 28, 2022. Neither the Filing nor the Prior Filing sought relief from the Sale Order within 14 days, within one year, or within a reasonable time after entry of the Sale Order.[1]

Second, the Filing provides no basis for the court to reconsider either the Sale Order or the September 15 Order. No cause for relief under FRBP 9023 or 9024 and FRCP 59 or 60 has been shown because the court is unable to identify any basis for reconsideration, amendment, alteration, or relief from either order, even construing the *pro se* Filing and Prior Filing liberally.

Mr. Schwagerl's reference to 11 U.S.C. § 105(a) with respect to his request for amendment of the Sale Order is unavailing. There is no basis set forth in the Filing or the Prior Filing, whether based on the court's inherent equitable powers or otherwise, upon which the court can or should amend the Sale Order, which became final more than a year and a half ago.

<u>Mr. Schwagerl's Claimed Status as an "Interested Party"</u>

Mr. Schwagerl has repeatedly referred to himself in papers filed in this case as an "interested party" (*e.g.*, Filing, p. 1; Docket No. 160, p. 1; Docket No. 429, p. 1; Docket No. 485, pp. 1, 2; Docket No. 487, pp. 1, 2, 3; Docket No. 503, p. 1; Docket No. 504, p. 1;

---

[1] To the extent the Filing seeks relief under FRBP 9023 and FRCP 59 with respect to the September 15 Order, it would also be untimely, as the Filing was received by the court on October 3, 2023, 18 days after entry of the September 15 Order. However, in light of Mr. Schwagerl's *pro se* status, the court is not denying relief sought in the Filing on this basis.

Docket No. 505, pp. 1, 10, 11, 12; Docket No. 506, pp. 1, 2, 3; Docket No. 520, pp. 1, 5). He has also implicitly asserted that he is a party in interest by requesting relief from the court in this case (*e.g.*, Docket Nos. 133, 283, 429, 487, 506, 520[2]).

Section 1109 of the Bankruptcy Code addresses who has the right to be heard in a bankruptcy case. Specifically, § 1109(b) provides:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). The list in § 1109(b) is not exclusive, and the Bankruptcy Code does not define "party in interest." However, courts have interpreted the term broadly and on an *ad hoc* basis in the interest of encouraging and promoting participation in bankruptcy cases. *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989).

Notwithstanding the broad interpretation, "if a party is not affected by the reorganization process it should not be considered a party in interest." *Id*. Courts have identified relevant factors as: a practical stake in the outcome (*In re Amatex Corp.*, 755 F.2d 1034, 1041-42 (3rd Cir. 1985)); an actual pecuniary interest in the case (*Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703, 706 (8th Cir. 1979)); a pecuniary interest and practical stake (*Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 518 (B.A.P. 9th Cir. 2007)); and impact in any significant way (*In re Johns–Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984)).

Based on the record in this case, including the Filing and the Prior Filing, the court finds no basis to conclude that Mr. Schwagerl is a "party in interest" with a right to be heard in this case.

///

---

[2] This list is not intended to be exhaustive. The nature of Mr. Schwagerl's filings often makes it difficult for the court to discern whether he seeks relief and what relief he seeks. The court has docketed no fewer than 17 documents filed by Mr. Schwagerl in this case despite his lack of apparent connection to the debtor or this case.

For these reasons,

IT IS HEREBY ORDERED that to the extent the Filing requests amendment or reconsideration of the September 15 Order or the Sale Order or any other relief, it is denied.

###

Date: October 11, 2023

Deborah J. Saltzman
United States Bankruptcy Judge