United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 21-18205-DS |
| Crestlloyd, LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 1 of 4 |
| Date Rcvd: Oct 11, 2023 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 13, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Crestlloyd, LLC, c/o SierraConstellation Partners LLC, 355 S. Grand Avenue Suite 1450, Los Angeles, CA 90071-3152 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2023              Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 11, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew Goodman | on behalf of Attorney Goodman Law Offices  A Professional Corporation agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com |
| Danielle R Gabai | on behalf of Creditor Showroom Interiors  LLC dba Vesta dgabai@danninggill.com, dgabai@ecf.courtdrive.com |
| Danielle R Gabai | on behalf of Interested Party Courtesy NEF dgabai@danninggill.com  dgabai@ecf.courtdrive.com |
| David Seror | on behalf of Interested Party Courtesy NEF dseror@bg.law  ecf@bg.law |
| David B Golubchik | on behalf of Defendant Crestlloyd  LLC dbg@lnbyg.com, dbg@lnbyg.com |
| David B Golubchik | |

| District/off: 0973-2 | User: admin | Page 2 of 4 |
|---|---|---|
| Date Rcvd: Oct 11, 2023 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Debtor Crestlloyd LLC dbg@lnbyg.com, dbg@lnbyg.com |
| Genevieve G Weiner | on behalf of Interested Party Richard Saghian gweiner@sidley.com laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com |
| Hamid R Rafatjoo | on behalf of Cross Defendant Nile Niami hrafatjoo@raineslaw.com bclark@raineslaw.com |
| Hamid R Rafatjoo | on behalf of Cross Defendant Marbella Construction Inc. a California Corporation hrafatjoo@raineslaw.com, bclark@raineslaw.com |
| Hamid R Rafatjoo | on behalf of Interested Party Nile Niami hrafatjoo@raineslaw.com bclark@raineslaw.com |
| Hamid R Rafatjoo | on behalf of Cross Defendant 1369 Londonderry Estate LLC a California Limited Liability Company hrafatjoo@raineslaw.com, bclark@raineslaw.com |
| Hamid R Rafatjoo | on behalf of Cross Defendant Ground View LLLP a Nevada Limited Liability Limited Partnership hrafatjoo@raineslaw.com, bclark@raineslaw.com |
| Howard Steinberg | on behalf of Defendant Hankey Capital LLC, a California limited liability company steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
| Jane G Kearl | on behalf of Interested Party J&E Texture Inc. jkearl@watttieder.com |
| Jennifer Larkin Kneeland | on behalf of Interested Party J&E Texture Inc. jkneeland@watttieder.com |
| Jerrold L Bregman | on behalf of Interested Party Hilldun Corporation jbregman@bg.law ecf@bg.law |
| Jessica Wellington | on behalf of Interested Party Courtesy NEF jwellington@bg.law ecf@bg.law |
| Jessica Wellington | on behalf of Other Professional Theodore Lanes jwellington@bg.law ecf@bg.law |
| John A Moe, II | on behalf of Cross Defendant Joseph Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Trousdale Estate LLC a Nevada Limited Liability Company john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Counter-Defendant Crestlloyd LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Counter-Claimant Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Creditor Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Nicole Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Defendant Yogi Securities Holdings LLC john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Jacqueline Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| John A Moe, II | on behalf of Cross Defendant Justine Englanoff john.moe@dentons.com glenda.spratt@dentons.com;derry.kalve@dentons.com |
| Jonathan Gottlieb | on behalf of Interested Party Courtesy NEF jdg@lnbyg.com |
| Jonathan Gottlieb | |

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 3 of 4 |
| Date Rcvd: Oct 11, 2023 | Form ID: pdf042 | Total Noticed: 1 |

on behalf of Debtor Crestlloyd LLC jdg@lnbyg.com

Joseph M Rothberg
    on behalf of Defendant Crestlloyd LLC jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

Joseph M Rothberg
    on behalf of Counter-Defendant Crestlloyd LLC jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

Joseph M Rothberg
    on behalf of Cross-Claimant Crestlloyd LLC jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

Karol K Denniston
    on behalf of Interested Party Pacific Union International dba Compass karol.denniston@squirepb.com travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com

Kyra E Andrassy
    on behalf of Creditor Interno Investment Inc. kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Kyra E Andrassy
    on behalf of Plaintiff Inferno Investment Inc. kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Kyra E Andrassy
    on behalf of Interested Party Inferno Investment Inc. kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lindsey L Smith
    on behalf of Debtor Crestlloyd LLC lls@lnbyb.com, lls@ecf.inforuptcy.com

Marguerite Lee DeVoll
    on behalf of Interested Party J&E Texture Inc. mdevoll@watttieder.com

Max Fabricant
    on behalf of Plaintiff Inferno Investment Inc. mfabricant@lavelysinger.com

Max Fabricant
    on behalf of Interested Party Courtesy NEF mfabricant@lavelysinger.com

Michael S Kogan
    on behalf of Interested Party Courtesy NEF mkogan@koganlawfirm.com

Noreen A Madoyan
    on behalf of U.S. Trustee United States Trustee (LA) Noreen.Madoyan@usdoj.gov

Oscar Estrada
    on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR oestrada@ttc.lacounty.gov

Robert B Kaplan
    on behalf of Interested Party Courtesy NEF rbk@jmbm.com rbk@ecf.courtdrive.com

Ronald N Richards
    on behalf of Interested Party Courtesy NEF ron@ronaldrichards.com 7206828420@filings.docketbird.com

Ryan Coy
    on behalf of Defendant Hilldun Corporation rcoy@bg.law ecf@bg.law

Ryan Coy
    on behalf of Cross Defendant Hilldun Corporation a New York Corporation rcoy@bg.law, ecf@bg.law

Ryan D O'Dea
    on behalf of Creditor American Truck and Tool Rental rodea@shulmanbastian.com lgauthier@shulmanbastian.com

Ryan D O'Dea
    on behalf of Interested Party Courtesy NEF rodea@shulmanbastian.com lgauthier@shulmanbastian.com

Samuel A Newman
    on behalf of Interested Party Richard Saghian sam.newman@sidley.com samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com

Sharon Oh-Kubisch
    on behalf of Interested Party Courtesy NEF sokubisch@swelawfirm.com gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Thomas M Geher
    on behalf of Interested Party Courtesy NEF tmg@jmbm.com bt@jmbm.com;tmg@ecf.courtdrive.com

Todd M Arnold
    on behalf of Debtor Crestlloyd LLC tma@lnbyg.com

Todd M Arnold
    on behalf of Interested Party Courtesy NEF tma@lnbyg.com

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 4 of 4 |
| Date Rcvd: Oct 11, 2023 | Form ID: pdf042 | Total Noticed: 1 |

United States Trustee (LA)
    ustpregion16.la.ecf@usdoj.gov

Victor A Sahn
    on behalf of Interested Party Courtesy NEF victor.sahn@gmlaw.com
    vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com

William Schumacher
    on behalf of Creditor Yogi Securities Holdings  LLC wschumacher@winthrop.com, autodocketecf@milbank.com

Zev Shechtman
    on behalf of Interested Party Courtesy NEF zs@DanningGill.com  danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman
    on behalf of Creditor Showroom Interiors  LLC dba Vesta zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

TOTAL: 60

**FILED & ENTERED**

OCT 11 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:21-bk-18205-DS |
| CRESTLLOYD, LLC, | Chapter 11 |
| Debtor. | **ORDER REGARDING "NOTICE OF AMENDMENT TO TENDER, AND NOTICE OF MOTION FOR RECONSIDERATION OF MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247, AND MOTION FOR RECONSIDERATION OF MOTION FOR RELATED RELIEF UNDER SALE ORDER MARCH 28, 2022 NO 247, REPLY TO ORDER DOC 521"** |

The court has received a document from "interested party" Edward Roark Schwagerl titled "Notice of Amendment to Tender, and Notice of Motion for Reconsideration of Motion for Related Relief Under Sale Order March 28, 2022 No 247, and Motion for Reconsideration of Motion for Related Relief Under Sale Order March 28, 2022 No 247, Reply to Order Doc 521" (the "Filing," Docket No. 527).

The Filing refers to a prior filing by Mr. Schwagerl, the "Notice of Special & Good Tender and Motion for Related Relief Under Sale Order March 28, 2022 No 247" (the "Prior Filing," Docket No. 520) and the court's order denying any relief requested by the Prior Filing (the "September 15 Order," Docket No. 521).

-1-

Both the Filing and the Prior Filing refer to the court's order (the "Sale Order," Docket No. 247), which became final more than a year and a half ago, granting the debtor's motion to sell its interest in real property located at 944 Airole Way, Los Angeles, California 90077 free and clear of all interests except certain interests specifically identified in the Sale Order.

In reviewing the Filing and all papers filed by Mr. Schwagerl, the court is mindful that the filings of *pro se* parties should be liberally construed and are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Based on its review of the Filing and the record in this case, the court will dispense with the Filing without a hearing. Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument. L. Bankr. R. 9013-1(j).

Relief Requested by the Filing

The Filing purports to amend the Prior Filing and to seek reconsideration of the September 15 Order. The Filing argues that § 105(a) of the Bankruptcy Code provides a basis for relief requested by the Prior Filing with respect to the Sale Order. The Filing appears to argue that the Prior Filing sought some type of relief for the benefit of the debtor and its estate.

In the September 15 Order, the court stated that, even construing the Prior Filing liberally based on Mr. Schwagerl's *pro se* status, it was unable to identify any basis for amendment of the Sale Order or any other relief that could be granted based on the Prior Filing.

Again, even construing the Filing liberally based on Mr. Schwagerl's *pro se* status, the court finds no basis for reconsideration of the Sale Order or the September 15 Order, amendment of the Sale Order, or any other relief that Mr. Schwagerl may have intended to request by the Filing. Because the Filing refers to "reconsideration" of the Sale Order and also refers to the September 15 Order, in light of Mr. Schwagerl's *pro se* status, the court construes the Filing as a motion for reconsideration of the Sale Order and/or the

September 15 Order. The Filing does not establish a basis for reconsideration of either order.

First, a motion for reconsideration of the Sale Order under Federal Rule of Bankruptcy Procedure ("FRBP") 9023 or 9024, applying Federal Rule of Civil Procedure ("FRCP") 59 or 60, is untimely. FRBP 9023 permits a motion for a new trial or to alter or amend a judgment if filed no later than 14 days after entry of the judgment. Fed. R. Bankr. P. 9023. FRBP 9024 and FRCP 60(b) allow relief from a judgment or order if sought "within a reasonable time," and no more than a year after entry of the order for the reasons stated in FRCP 60(b)(1), (2), or (3). Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(c)(a). The Sale Order was entered on March 28, 2022. Neither the Filing nor the Prior Filing sought relief from the Sale Order within 14 days, within one year, or within a reasonable time after entry of the Sale Order.[1]

Second, the Filing provides no basis for the court to reconsider either the Sale Order or the September 15 Order. No cause for relief under FRBP 9023 or 9024 and FRCP 59 or 60 has been shown because the court is unable to identify any basis for reconsideration, amendment, alteration, or relief from either order, even construing the *pro se* Filing and Prior Filing liberally.

Mr. Schwagerl's reference to 11 U.S.C. § 105(a) with respect to his request for amendment of the Sale Order is unavailing. There is no basis set forth in the Filing or the Prior Filing, whether based on the court's inherent equitable powers or otherwise, upon which the court can or should amend the Sale Order, which became final more than a year and a half ago.

<u>Mr. Schwagerl's Claimed Status as an "Interested Party"</u>

Mr. Schwagerl has repeatedly referred to himself in papers filed in this case as an "interested party" (*e.g.*, Filing, p. 1; Docket No. 160, p. 1; Docket No. 429, p. 1; Docket No. 485, pp. 1, 2; Docket No. 487, pp. 1, 2, 3; Docket No. 503, p. 1; Docket No. 504, p. 1;

---

[1] To the extent the Filing seeks relief under FRBP 9023 and FRCP 59 with respect to the September 15 Order, it would also be untimely, as the Filing was received by the court on October 3, 2023, 18 days after entry of the September 15 Order. However, in light of Mr. Schwagerl's *pro se* status, the court is not denying relief sought in the Filing on this basis.

Docket No. 505, pp. 1, 10, 11, 12; Docket No. 506, pp. 1, 2, 3; Docket No. 520, pp. 1, 5). He has also implicitly asserted that he is a party in interest by requesting relief from the court in this case (*e.g.*, Docket Nos. 133, 283, 429, 487, 506, 520[2]).

Section 1109 of the Bankruptcy Code addresses who has the right to be heard in a bankruptcy case. Specifically, § 1109(b) provides:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). The list in § 1109(b) is not exclusive, and the Bankruptcy Code does not define "party in interest." However, courts have interpreted the term broadly and on an *ad hoc* basis in the interest of encouraging and promoting participation in bankruptcy cases. *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989).

Notwithstanding the broad interpretation, "if a party is not affected by the reorganization process it should not be considered a party in interest." *Id*. Courts have identified relevant factors as: a practical stake in the outcome (*In re Amatex Corp.*, 755 F.2d 1034, 1041-42 (3rd Cir. 1985)); an actual pecuniary interest in the case (*Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703, 706 (8th Cir. 1979)); a pecuniary interest and practical stake (*Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 518 (B.A.P. 9th Cir. 2007)); and impact in any significant way (*In re Johns–Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984)).

Based on the record in this case, including the Filing and the Prior Filing, the court finds no basis to conclude that Mr. Schwagerl is a "party in interest" with a right to be heard in this case.

///

---

[2] This list is not intended to be exhaustive. The nature of Mr. Schwagerl's filings often makes it difficult for the court to discern whether he seeks relief and what relief he seeks. The court has docketed no fewer than 17 documents filed by Mr. Schwagerl in this case despite his lack of apparent connection to the debtor or this case.

-4-

For these reasons,

IT IS HEREBY ORDERED that to the extent the Filing requests amendment or reconsideration of the September 15 Order or the Sale Order or any other relief, it is denied.

###

Date: October 11, 2023

Deborah J. Saltzman
United States Bankruptcy Judge