| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>DAVID B. GOLUBCHIK (State Bar No. 185520)<br>JOSEPH M. ROTHBERG (State Bar No. 286363)<br>ROBERT M. CARRASCO (State Bar No. 334642)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, California 90034<br>Telephone:  (310) 229-1234<br>Facsimile:  (310) 229-1244<br>Email: DBG@LNBYG.COM; JMR@LNBYG.COM;<br>RMC@LNBYG.COM<br><br>☐  *Movant(s) appearing without an attorney*<br>☒  *Attorney for Movant(s)* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>CRESTLLOYD, LLC, | CASE NO.: 2:21-bk-18205-DS<br>CHAPTER: 11 |
| | **DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*): 10/03/2023___ Movant(s) filed a motion or application (Motion) entitled: Debtor's Motion to Approve Compromise with Justine Englanoff, Nicole Englanoff, and Jacqueline Englanoff (Dkt. No. 523)

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): 10/03/2023___ Movant(s), served a copy of ☒ the notice of motion or ☐ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than 17__ days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: <u>10/20/2023</u>            <u>/s/ Joseph M. Rothberg</u>
                                  Signature


                                  <u>Joseph M. Rothberg</u>
                                  Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

1 DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
2 JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
3 2818 La Cienega Avenue
Los Angeles, California 90034
4 Telephone: (310) 229-1234
Facsimile: (310) 229-1244
5 Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JMR@LNBYG.COM
6
7 Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

12 | In re, | Case No. 2:21-bk-18205-DS |

13 | CRESTLLOYD, LLC, | Chapter 11 |
                                    Debtor.

14 ———————————————— | Adv. No. 2:22-ap-01125-DS |

15 INFERNO INVESTMENT, INC., a Quebec | **DEBTOR'S MOTION TO APPROVE**
corporation, | **COMPROMISE WITH JUSTINE**
16                          Plaintiff, | **ENGLANOFF, NICOLE ENGLANOFF,**
| **AND JACQUELINE ENGLANOFF**
17       v.
| [Federal Rule of Bankruptcy
18 CRESTLLOYD, LLC, a California limited | Procedure 9019 and Local Bankruptcy
liability company; HANKEY CAPITAL, LLC, | Rule 9013-1(o)(1)]
19 a California limited liability company; YOGI
SECURITIES HOLDINGS, LLC, a Nevada
20 limited liability company; and HILLDUN | [No Hearing Required]
CORPORATION, a New York corporation,
21
                          Defendants.
22 ————————————————
23 CRESTLLOYD, LLC, a California limited
liability company,
24                          Cross-Claimant,
25       v.
26 INFERNO INVESTMENT, INC., a Quebec
Corporation; NILE NIAMI, an individual;
27 YVONNE NIAMI, an individual; GROUND
VIEW LLLP, a Nevada limited liability limited
28 partnership; 1369 LONDONDERRY ESTATE
LLC, a California limited liability company;
MARBELLA CONSTRUCTION INC., a

1

1  California limited liability company;
   N:PHILANTHROPY LLC, a California limited
2  liability company; YOGI SECURITIES
   HOLDINGS, LLC, a Nevada limited liability
3  company; TROUSDALE ESTATE, LLC, a
   Nevada limited liability Company; JOSEPH
4  ENGLANOFF, an individual; JUSTINE
   ENGLANOFF, an individual; NICOLE
5  ENGLANOFF , an individual; JACQUELINE
   ENGLANOFF, an individual; HILLDUN
6  CORPORATION, a New York corporation.

7              Cross-Defendants.

8      **TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES**

9  **BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

10         Crestlloyd, LLC (the "Debtor" or "Plaintiff"), hereby moves (the "Motion") this

11  Bankruptcy Court for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

12  and Local Bankruptcy Rule 9013-1(o)(1), approving that certain Settlement Agreement and Mutual

13  Releases (the "Agreement") entered into by and among the Plaintiff and Justine Englanoff

14  ("Justine"), Nicole Englanoff ("Nicole"), and Jacqueline Englanoff ("Jacqueline") (collectively,

15  the "Settling Defendants") with respect to the resolution of the Plaintiff's cross-claims in the

16  adversary proceeding bearing case number 2:22-ap-01125-DS, against Defendants (the "Adversary

17  Proceeding").

18         The Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

19  on the grounds that the Plaintiff, in the exercise of its business judgment, has determined that it is

20  in the best interests of the estate to fully resolve the disputes with Settling Defendants concerning

21  the Plaintiff's cross-claims in the Adversary Proceeding.  The Agreement provides for the Settling

22  Defendants to collectively pay $40,000 (the "Settlement Payment") to Plaintiff.

23         The Agreement is the product of the parties' extensive negotiations, and, ultimately, a

24  consensual resolution. Accordingly, the Plaintiff submits that the compromise is fair and reasonable

25  and should, therefore, be approved by the Court.

26         This Motion is based upon the Notice of Motion filed concurrently herewith, this Motion,

27  the Memorandum of Points and Authorities and the Declaration of Joseph Rothberg (the "Rothberg

28

                                          2

1   Decl.") attached hereto, the entire record in this case, and such further evidence as may be presented

2   to the Court.

3          **WHEREFORE**, the Plaintiff respectfully requests that the Court enter an order:

4          1.       Granting the Motion;

5          2.       Approving the Agreement;

6          3.       Authorizing the Plaintiff and Settling Defendants to take any and all steps necessary

7   to effectuate the Agreement under the terms and conditions set forth in the Agreement; and

8          4.       Granting such other and further relief as the Court deems just and proper.

9

10  Dated:  October 3, 2023                    LEVENE, NEALE, BENDER, YOO &

11                                             GOLUBCHIK L.L.P.

12

13                                             By:   /s/      *Joseph M. Rothberg*
                                                    DAVID B. GOLUBCHIK
14                                                  TODD M. ARNOLD
                                                    JOSEPH M. ROTHBERG
15                                             Attorneys for Debtor and Debtor in Possession

16

17

18

19

20

21

22

23

24

25

26

27

28

                                               3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF FACTS**

    **A.    General Background**

       1.      On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[1]

       2.      At the time of filing, the Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

       3.      On March 28, 2022, the Court approved the sale of the Property for $126 million plus the $11.970 million Rebate from the auctioneer, for a total of $137.97 million. (Dkt No. 247).

       4.      On May 27, 2022, the Court entered an order authorizing the Debtor to pay $82,500,000 of the net proceeds from the sale to Hankey Capital "without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid." (Dkt No. 350).

       5.      On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hildun Corporation. (Adv. Dkt. No. 1).

       6.      On August 10, 2022, Debtor filed its cross-claims against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation.  (Adv. Dkt No. 27).

       7.      On November 18, 2022, the Settling Defendants filed an answer to the Debtor's cross-claims. (Adv. Dkt No. 105).

    **B.    The Agreement**

       8.      Following lengthy negotiations, the Debtor and Settling Defendants have agreed to settle the disputes by and among them regarding cross-claims 17, 18, 19, and 20 of the Debtors'

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

1 │ cross-claims.[2]

2 │    **C.    The Agreement**

3 │        9.      The settlement negotiations by and among the Debtor and Settling Defendants

4 │ resulted in the Agreement, a true and correct copy of which is attached to the Declaration of Joseph

5 │ Rothberg as **Exhibit "1"** annexed hereto.

6 │        10.     The Agreement provides, <u>inter alia,</u> as follows:

7 │            a.   Upon execution of this Agreement, and approval by the Court, Settling

8 │                 Defendants shall pay $40,000 (the "<u>Settlement Payment</u>") to the Debtor in

9 │                 resolution of the cross-claims asserted against the Settling Defendants in the

10 │                 Debtor's cross-complaint.

11 │            b.   Upon execution of the Agreement, Debtor shall file a motion for approval of

12 │                 good faith settlement pursuant to Fed. R. Bank. Proc. 9019 (the 9019 Motion).

13 │                 The parties shall attach as exhibits to the 9019 Motion copies of a (i) stipulation

14 │                 to dismiss the Crestlloyd Cross-Claims with prejudice as to Settling Defendants

15 │                 only.

16 │        11.     Ultimately, the Agreement resolves cross-claims 17, 18, 19, and 20 of the Debtor's

17 │ cross-complaint. Accordingly, the Debtor submits that the compromise is fair and reasonable and

18 │ should, therefore, be approved by the Court.

19 │ **II.    THE COMPROMISE SHOULD BE APPROVED**

20 │    **A.    The Creditors Have Received Sufficient Notice of the Settlement Agreement**

21 │        Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-

22 │ 1(o)(1) authorize the Court to approve a settlement agreement following notice and an opportunity

23 │ for a hearing.

24 │        In the case at bar, notice of this Motion, which summarizes the relief sought by the Debtor,

25 │ was served upon all parties in the adversary proceeding, all creditors of the bankruptcy estate, the

26 │

27 │ [2] The cross-claims allege that the Settling Defendants received fraudulent transfers totaling $63,000
   │ in August 2017 from the sale proceeds of Crestlloyd's Hillcrest Property. (*See* Cross-Complaint,
28 │ Adv. Dkt. 27 at p. 39-43).

Office of the United States Trustee, as well as any parties who have requested special notice. Thus, the Motion may be determined upon notice of opportunity to request a hearing under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1).

**B.    The Bankruptcy Rules Allow the Court to Approve Compromises of Controversies**

Rule 9019(a) states that "the court may approve a compromise or settlement." Fed. R. Bankr. Pro. 9019(a). The decision of whether a compromise should be accepted or rejected lies within the sound discretion of the Court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D.R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); *Knowles v. Putterbaugh (In re Hallet*, 33 B.R. 564, 565 (Bankr. D.Me. 1983). For the reasons set forth below, the Court should approve the proposed Agreement.

**C.    Case Law Supports Approval of the Proposed Settlement**

It is well established that, as a matter of public policy, settlements are favored over continued litigation. *See e.g., In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986); *In re Blair,* 538 F.2d 849, 851 (9th Cir. 1976); *In re Heissenger Resources, Ltd.,* 67 B.R. 378, 382 (C.D. Ill. 1986). A bankruptcy court should approve the compromise and settlement if it was negotiated in good faith, is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Gibson*, BAP No. CC–11–1028–MkKiD, Bk. No. RS 10–21907–DS, 2011 WL 4502044, *4 (9th Cir. B.A.P. Aug. 3, 2011); *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) ("[T]his court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable") (citation omitted); *In re Guy F. Atkinson Co. of Cal.*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate. The trustee and debtor in possession, as fiduciaries on behalf of the creditors of the estate, have the obligation and are in the best position to negotiate settlements that will best serve the interests of all creditors").

In the Ninth Circuit, the Bankruptcy Court must examine the following factors: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the interest of creditors with deference to their reasonable opinions. *A & C Props.*, 784 F.2d at 1381 (citation omitted).

A court, in reviewing the proposed settlement, "is not to decide the numerous questions of law and fact but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Construction Inc.*, 669 F.2d. 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). Compromises that satisfy the "reasonableness standard" should be approved.

Based upon the standard established by *A & C Properties*, 764 F.2d at 1381, the Debtor respectfully submits that Court may conclude that the terms of the Agreement are fair, reasonable and that the settlement should be approved.

### 1.    Probability of Success in Litigation

In the event that the Agreement is not approved, the Debtor would be required to prosecute its cross-claims against the Settling Defendants. While the Debtor believes that it would prevail in litigation, the Debtor would incur substantial administrative fees and costs in prosecuting the litigation. In response to the Debtor's cross-claims for avoidance and recovery of fraudulent transfers received by the Settling Defendants, the Settling Defendants have asserted that the transfers received were consideration for a wrongful garnishment of funds held in the Settling Defendants' joint bank accounts with their father, Joseph Englanoff (the principal of another defendant in this adversary, Yogi Securities Holdings LLC).  Regardless of the Debtor's level of confidence in prevailing on its cross-claims, the reality is that all litigation is uncertain and the increased administrative fees and costs would likely impact the ultimate distribution to estate creditors.  In an effort to avoid those issues, the Debtor entered into the Agreement.

/ / /

7

## 2.    Difficulties in Collection

Difficulties in collection is a significant issue.  Absent the Agreement, the Debtor would be required to litigate with Settling Defendants.  The Debtor understands that some of the Settling Defendants may not reside in the State of California, which could present further collection difficulties.  The Agreement avoids the risk, substantial expense and delay associated with those legal issues. Therefore, this element supports approval of the Agreement.

## 3.    Complexity of Issues

There are disputes between the Settling Defendants and the Debtor regarding the alleged fraudulent transfers which would require costly litigation to resolve. Without the Agreement, the Debtor would be required to prosecute its cross-claims against the Settling Defendants at the expense of the estate. The legal issues involved are complex as the adversary proceeding involves multiple defendants and cross-claims asserted among them. The nature of the disputes would require that the parties engage in a significant amount of diligence/discovery related to these disputes, all of which would increase the amount of administrative expenses incurred by the estate and correspondingly reduce the recovery to estate creditors.  What's more, the Agreement only resolves four of the Debtor's twenty-five cross-claims; thus, the Agreement resolves one piece of the puzzle before the Court.

## 4.    The Best Interests of Creditors

The Debtor believes that the interests of the Debtor's creditors are best served by the approval of the Agreement.  While the Debtor believes that it may prevail in litigation with the Settling Defendants, litigation by its nature is risky and uncertain and it is possible that the Court may reach a result that is less favorable to the Debtor than the terms of the Agreement.  In the meantime, the continuation of litigation would result in a potentially substantial increase in the amount of administrative expenses incurred by the Debtor, which would result in the reduction in recovery to holders of allowed claims.

On the other hand, the Agreement will resolve the disputes between the Debtor and Defendants, and prevent any future litigation by and among the parties (and eliminate the

administrative costs and delay associated therewith).

The interests of the Debtor and the Debtor's creditors are best served by the approval of the Agreement and the certainty that such approval will bring to the Debtor's creditors. Continued litigation (even if successful) will only serve to decrease the recovery to the Debtor's creditors.

Based on all of the foregoing, the Debtor respectfully submits that the Agreement reflects the sound exercise of the Debtor's business judgment and should be approved by the Court.

**III.    CONCLUSION**

Based on the foregoing, the Plaintiff respectfully requests that the Court enter an order:

1.    Granting the Motion;

2.    Approving the Agreement;

3.    Authorizing the Plaintiff and Settling Defendants to take any and all steps necessary to effectuate the Agreement under the terms and conditions set forth in the Agreement; and

4.    Granting such other and further relief as the Court deems just and proper.


Dated:  October 3, 2023                    LEVENE, NEALE, BENDER, YOO &

                                           GOLUBCHIK L.L.P.


                                           By:   /s/      Joseph M. Rothberg
                                                DAVID B. GOLUBCHIK
                                                TODD M. ARNOLD
                                                JOSEPH M. ROTHBERG
                                                Attorneys for Debtor and Debtor in Possession

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOSEPH M. ROTHBERG

I, Joseph M. Rothberg, do hereby declare and state as follows:

1.    I am an attorney licensed to practice law in this jurisdiction and before this Court.  I am a partner of Levene, Neale, Bender, Yoo, & Golubchik L.L.P., counsel of record for the Debtor, Crestlloyd LLC ("Debtor" or "Crestlloyd"), in this matter.  I have been assigned to and working on this particular adversary proceeding since its inception.  As such, I am familiar with the dispute, and the adversary proceeding in general.

2.    I make the following declaration in support of Debtor's Motion to Approve Compromise with Justine Englanoff, Nicole Englanoff, and Jacqueline Englanoff (the "Settling Defendants") (the motion being referred to herein as the "9019 Motion").  All facts stated herein are within my personal knowledge, and if called as a witness, I could and would competently testify to all facts herein.

3.    On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[3]

4.    I am informed and believe  that at the time of the filing of the instant Bankruptcy, Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

5.    On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hildun Corporation. (Adv. Dkt. No. 1).

6.    On August 10, 2022, Debtor filed its cross-complaint against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation. (Adv. Dkt No. 27).

---

[3] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

7.    On November 18, 2022, the Settling Defendants filed an answer to the Debtor's cross-complaint.  (Adv. Dkt No. 105).

8.    Following lengthy negotiations, with counsel for the Settling Defendants, John Moe, our respective clients were able to agree and settle the disputes by and among them regarding cross-claims 17, 18, 19, and 20 of the Debtors' cross-complaint.[4]

9.    The settlement negotiations by and among the Debtor and Settling Defendants resulted in the Agreement, a true and correct copy of which is attached as **Exhibit "1"** attached hereto.

10.   The Agreement provides, <u>inter alia,</u> as follows:

   a. Upon execution of this Agreement, and approval by the Court, Settling Defendants shall pay $40,000 (the "<u>Settlement Payment</u>") to the Debtor in resolution of the cross-claims asserted against the Defendants in the Debtor's cross-complaint.

   b. Upon execution of the Agreement, Debtor shall file a motion for approval of good faith settlement pursuant to Fed. R. Bank. Proc. 9019 (the 9019 Motion). The parties shall attach as exhibits to the 9019 Motion copies of a (i) stipulation to dismiss the Crestlloyd Cross-Claims with prejudice as to Settling Defendants only.

11.   Ultimately, the Agreement resolves cross-claims 17, 18, 19, and 20 of the Debtor's cross-complaint.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.  Executed this 3rd day of October, 2023, in Woodland Hills, California.

By: _____
           Joseph M. Rothberg

---

[4] The cross-claims allege that Justine, Nicole, and Jacqueline received fraudulent transfers totaling $63,000 in August 2017 from the sale proceeds of Crestlloyd's Hillcrest Property. *See* Cross-Complaint, Adv. Dkt. 27 at p. 39-43.

**Exhibit 1**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (hereinafter referred to as the "<u>Settlement Agreement</u>") is entered into and effective as of the Effective Date set forth herein by and between Crestlloyd, LLC ("<u>Crestlloyd</u>" or "<u>Plaintiff</u>"), and Defendants Justine Englanoff, Nicole Englanoff, and Jacqueline Englanoff (collectively, the "<u>Defendants</u>"). Crestlloyd and the Defendants shall be collectively referred to as the "<u>Parties</u>" and, individually, as a "<u>Party</u>").

### R E C I T A L S

WHEREAS, on or about December 12, 2012, Crestlloyd acquired its interest in the real property located at 1175 N. Hilcrest Road, Beverly Hills, CA 90210 (the "<u>Hillcrest Property</u>");

WHEREAS, on or about August 9, 2017, Crestlloyd executed a promissory note in favor of Yogi Securities Holdings, LLC ("<u>Yogi</u>") for $1,800,000 (the "<u>August 9, 2017 Yogi Note</u>") which was later amended on April 13, 2018 (the "<u>April 13, 2018 Amendment</u>");

WHEREAS, Crestlloyd has alleged that the "Property" referenced as security in the August 9, 2017 Yogi Note was the Hillcrest Property;

WHEREAS, Crestlloyd has alleged that the loan referenced in the August 9, 2017 Yogi Note closed on or about August 17, 2017;

WHEREAS, Crestlloyd has alleged that, according to the Borrower's Final Closing Statement, when the August 9, 2017 Yogi Note on the Hillcrest Property closed, there were three disbursements made to the Defendants, in the amount of $21,000 each: to Justine Englanoff; to Nicole Englanoff; and to Jacqueline Englanoff (a total of $63,000);

WHEREAS, Crestlloyd has alleged that there was no legitimate business purpose to providing the Defendants with $21,000 each from the sale of the Hillcrest Property;

WHEREAS, the Defendants have denied the allegations set forth above and as set forth in Crestlloyd's Cross-Complaint;

WHEREAS, the Defendants assert that the $63,000 disbursed to the Defendants on or about August 17, 2017 represented repayment of sums owed following an alleged wrongful attachment of a judgment precipitated by the actions of Nile Niami ("Niami"), principal of Crestlloyd, which resulted in a judgment against Joseph Englanoff and Gilat Englanoff and the alleged wrongful garnishment of funds held in the Defendants' joint bank accounts with their father, all of which was settled pursuant to a written indemnification from Niami and Niami's repayment of the garnished funds with proceeds from the sale of Crestlloyd's Hillcrest Property;

Settlement Agreement & Mutual Release

WHEREAS, on October 26, 2021, Crestlloyd declared bankruptcy under Chapter 11 of the United States Bankruptcy Code, which was assigned case number 2:21-bk-18205-DS and is pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case");

WHEREAS, on June 9, 2022, Inferno Investment, Inc. filed an adversary complaint against, *inter* alia, Crestlloyd and Yogi, which was assigned case no. 2:22-ap-01125-DS and is pending in the United States Bankruptcy Court for the Central District of California (the "Adversary Proceeding");

WHEREAS, on August 10, 2023, Crestlloyd filed cross-claims in the Adversary Proceeding against several parties, including but not limited to Yogi and the Defendants (Adv. ECF No. 27) (the "Crestlloyd Cross-Claims");

WHEREAS, the subject of Crestlloyd's Cross-Claims against Defendants, specifically, concerns the alleged $63,000 in transfers made to the Defendants by Crestlloyd on or about August 17, 2017;

WHEREAS Defendants generally and specifically deny the allegations above and those contained in Crestlloyd's Cross-Claims against them; and

WHEREAS, based on the foregoing, and extensive settlement discussions, the Parties have agreed to settle Crestlloyd's action against Defendants which was brought through Crestlloyd's Cross-Claims, and any and all disputes among them pursuant to the terms of this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is agreed as follows:

## S E T T L E M E N T

## 1.   INTENT OF THE PARTIES

By entering into this Settlement Agreement, it is the intent of the Parties to compromise and settle any and all claims between Crestlloyd and the Defendants, and those of their past, present, and future principals, brokers, agents, officers, directors, shareholders, employees, employers, partners, successors, assignees, heirs, devisees, and attorneys, relating to or arising from the alleged $63,000 distributed to Defendants out of the Hillcrest Property closing and the allegations and causes of action related thereto in the Crestlloyd Cross-Claims (collectively, the "Pending Matters"), and to release the same from any and all liability for damages and/or injuries arising in connection with the Pending Matters and all other matters expressly or impliedly raised herein.

## 2.    <u>RELEASE AND DISCHARGE</u>

a.    Crestlloyd hereby releases and discharges the Defendants, and each of them, and their respective predecessors and successors in interest, heirs, and assigns, and their respective past, present, and future principals, brokers, agents, officers, directors, shareholders, members, managers, employees, employers, partners, assignees, heirs, devisees, and attorneys from any and all past, present, or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract, or other legal or equitable theories of recovery which Crestlloyd has against any of the Defendants, individually and collectively, or which may later accrue to, or be acquired by Crestlloyd, in any way arising from or related to the Pending Matters.

b.    Defendants, individually and collectively, hereby release and discharge Crestlloyd and its predecessors and successors in interest, heirs, and assigns, and its past, present, and future principals, brokers, agents, officers, directors, shareholders, members, managers, employees, employers, partners, assignees, heirs, devisees, and attorneys from any and all past, present, or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract, or other legal or equitable theories of recovery which the Defendants, or any of them, have against Crestlloyd or which may later accrue to, or be acquired by the Defendants, or any of them in any way arising from or related to the Pending Matters.

## 3.    <u>CONSIDERATION</u>

As consideration for this Settlement Agreement, the Parties agree as follows:

a.    Upon execution of this Settlement Agreement, Crestlloyd shall file a motion for approval of good faith settlement pursuant to Fed. R. Bank. Proc. 9019 (the "<u>9019 Motion</u>"). The Parties shall attach as exhibits to the 9019 Motion copies of a (i) stipulation to dismiss the Crestlloyd Cross-Claims with prejudice as to Defendants only.

b.    Immediately upon entry of an order approving the 9019 Motion, and no later than five (5) business days after Crestlloyd has provided wire or other payment instructions, Defendants shall, or cause their counsel to, transfer the sum of forty-thousand dollars ($40,000) (the "<u>Settlement Payment</u>") to Crestlloyd pursuant to wire or other payment instructions to be provided by Crestlloyd's counsel to Defendants within five (5) business days of entry of an order approving the 9019 Motion.

c.    The Parties to this Settlement Agreement shall bear their own costs, attorney's fees and all other monies incurred or paid in connection with the negotiating and preparing the Settlement Agreement.

Settlement Agreement & Mutual Release

4.    **RELEASE OF UNKNOWN CLAIMS**

a.    This Settlement Agreement is intended to be a full general and mutual release and to constitute a full and final accord and satisfaction, extending to all claims of any nature that are being released herein that may exist between the Parties to this Settlement Agreement, including, without limitation, claims for injuries, damages or losses to their person and their property, real and personal, tangible and intangible, whether known or unknown, suspected or anticipated, unsuspected or unanticipated, arising out of the Pending Matters. For the avoidance of doubt, the releases herein shall have no effect as to claims between Crestlloyd and any other parties to the Adversary Proceeding or Crestlloyd's Bankruptcy Case.

b.    The Parties to this Settlement Agreement certify that they have read, understand and expressly waive the following provisions of California Civil Code Section 1542 as to the releases contained herein:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

c.    The Parties to this Settlement Agreement understand and acknowledge that the significance and consequence of this waiver of California Civil Code Section 1542 is that even if one of them should eventually suffer additional damages or losses from their prior interactions, or should there exist other undisclosed obligations or liabilities existing between them, including their assignees, they will not be able to make any claim for those damages, losses or obligations that arise or relate to the Pending Matters. Furthermore, the Parties to this Settlement Agreement acknowledge that they intend these consequences even as to claims for damages, losses or obligations that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision, either singularly or collectively, to execute this release, regardless of the cause of their lack of knowledge. The Parties' waiver of California Civil Code Section 1542 solely extends to the releases set forth herein.

5.    **NO ADMISSION OF LIABILITY.**

This Settlement Agreement is the compromise of disputed claims and fully and finally settles all claims between the Parties stemming from any and all dealings, contracts or transactions between the Parties, from the beginning of time that arise or relate to the Pending Matters, and to buy peace and to prevent any further involvement and dispute. Nothing contained in this Settlement Agreement, including, without limitation, the payment of the Settlement Payment or the waiver of any rights hereunder, shall be interpreted or construed to be an admission on the part of, or to the prejudice of, the Parties

hereto. Except for the obligations created by this Settlement Agreement, the Parties hereto expressly deny any and all liability associated with or related, whether directly or indirectly, to the Pending Matters.

### 6.    NO ASSIGNMENT

The Parties to this Settlement Agreement represent and warrant that they have not heretofore assigned, transferred or hypothecated or purported to have assigned, transferred or hypothecated, or will in the future assign, transfer or hypothecate to anyone any debt, judgment, claim, liability, demand, action, cause of action, or any interest therein, based upon or arising out of or pertaining to or concerning or connected with any matter, facts, events, circumstances or things released herein.

### 7.    NO INDUCEMENT

The Parties to this Settlement Agreement declare and represent that no promises, inducements or other agreements not expressly contained herein have been made and that this release contains the entire agreement between the Parties and the terms of this Settlement Agreement are contractual and not recitals only.

### 8.    AUTHORITY OF SIGNATORIES

The Parties to this Settlement Agreement represent, warrant and covenant that they possess the necessary capacity and authority to sign and enter into this Settlement Agreement, and do so voluntarily.

### 9.    BINDING EFFECT

The provisions of this Settlement Agreement will be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest and assigns of the respective Parties hereto.

### 10.    FURHTER DOCUMENTS

The Parties to this Settlement Agreement agree to execute and deliver such other additional documents as may be required to effectuate each of the terms of this Settlement Agreement.

### 11.    ADVICE OF ATTORNEY

The Parties to this Settlement Agreement acknowledge, represent and warrant that, in executing this Settlement Agreement, they have relied upon legal advice from their retained attorney, the terms of this Settlement Agreement have been read, and its consequences (including, but not limited to, risks, complications and costs) have been completely explained to them by that attorney, adequate time has been given for them to consult with their attorney, to ask any questions concerning this Settlement Agreement, to receive responses to those questions, and to contemplate the attorney's advice concerning

this Settlement Agreement, and the Parties fully understand the terms of this Settlement Agreement. The Parties to this Settlement Agreement acknowledge, represent and warrant that, in executing this Settlement Agreement, they have not relied on any inducements, promises or representations made by any other Party to this Settlement Agreement or any person or entity representing or serving another Party, except for those expressly stated in this Settlement Agreement.

## 12.   NO ORAL MODIFICATION

This document sets forth the entire agreement between the Parties and may not be altered, amended or modified in any respect except by written instrument, duly executed by analog signature by the Party to be charged. Any earlier understandings, oral agreements or writings are expressly superseded hereby and are of no further force or effect.

## 13.   ENFORCEABLE SETTLEMENT AGREEMENT

The Parties have entered into this Settlement Agreement with the specific understanding that it is enforceable by the United States Bankruptcy Court for the Central District of California. In the event any Party fails to perform the conditions or terms required herein, the Parties hereby request that the United States Bankruptcy Court for the Central District of Californiaretain jurisdiction to enforce the terms of this Settlement Agreement, pursuant to Code of Civil Procedure Section 664.6 or other applicable statute or law. The Parties to this Settlement Agreement hereby waive any rights they may otherwise have to appeal any decision by the United States Bankruptcy Court for the Central District of California in deciding any issue relating to the enforcement of this Settlement Agreement under Code of Civil Procedure Section 664.6 including any awards of attorneys' fees or costs.

## 14.   ENFORCEMENT OF THE SETTLEMENT AGREEMENT

If any Party to this Settlement Agreement becomes involved in a dispute or controversy, including, but not limited to, arbitration or litigation, arising out of this Settlement Agreement, or the performance of it, then the prevailing Party in such dispute or controversy, or in a separate suit, shall be entitled to their reasonable costs and expenses incurred in connection with such dispute or controversy, including expert witness fees and attorneys' fees, which costs and expenses shall be deemed to have accrued on the commencement of such dispute or controversy, shall include consultation expenses and fees, and shall be paid whether or not such dispute or controversy is prosecuted to judgment.

## 15.   CONSTRUCTION

As used in this Settlement Agreement, the masculine, feminine or neuter gender, the singular or plural numbers and the conjunctive or disjunctive shall each be deemed to include the other whenever the context so indicates. This Settlement Agreement shall be construed in accordance with its fair meaning, the captions being for the convenience of

the Parties only and not intended to describe or define the provisions in the portions of the Settlement Agreement to which they pertain. The terms of this Settlement Agreement have been freely negotiated by the Parties, and this Settlement Agreement shall not be construed against the drafter, as these drafting services have been performed as a courtesy to the other Parties to this Settlement Agreement. In the event that any provision of this Settlement Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect.

16.    **CROSS-REFERENCES**

Any cross-references in this Settlement Agreement, unless specifically directed to another agreement or document, refer to provisions within this Settlement Agreement and shall not be considered to be references to the overall transaction or to any other agreement or document.

17.    **CALIFORNIA LAW**

Under this Settlement Agreement, any and all rights and duties set forth in it, including matters of construction, validity and performance, shall be interpreted, enforced and governed by the laws of the State of California, applicable to written instruments entered into solely in the State of California.

18.    **SEVERABILITY**

If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

19.    **EXECUTION IN COUNTERPARTS**

This Settlement Agreement may be executed in counterparts which, taken together, shall be deemed one document. Electronically transmitted copies of analog signatures shall be deemed original signatures and shall have the same force and effect as an original signature.

20.    **EFFECTIVE DATE OF AGREEMENT**

This Settlement Agreement shall take effect immediately upon execution by the last signatory hereto.

**[SIGNATURES ON FOLLOWING PAGE]**

Settlement Agreement & Mutual Release

       THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**CRESTLLOYD LLC**

Signed: _____

By: Lawrence R. Perkins

Its: Manager

Dated: September 22 2023


**JUSTINE ENGLANOGFF**

Signed: _____

Dated: September     , 2023


**NICOLE ENGLANOFF**

Signed: _____

Dated: September 18, 2023


**JACQUELINE ENGLANOFF**

Signed: _____

Dated: September __, 2023

Settlement Agreement & Mutual Release

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**CRESTLLOYD LLC**

Signed:_____

By:_____

Its:_____

Dated: September ___, 2023

**JUSTINE ENGLANOGFF**

Signed:_____

Dated: September ___, 2023

**NICOLE ENGLANOFF**

Signed:_____

Dated: September ___, 2023

**JACQUELINE ENGLANOFF**

Signed:_____

Dated: September ___, 2023

Settlement Agreement & Mutual Release

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ
THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY
UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS
CONTAINED HEREIN.

**CRESTLLOYD LLC**                          **JUSTINE ENGLANOGFF**

Signed:_____               Signed:_____

By:_____

Its:_____                        Dated: September __, 2023

Dated: September __, 2023


**NICOLE ENGLANOFF**                   **JACQUELINE ENGLANOFF**

Signed:_____               Signed:_____

Dated: September __, 2023              Dated: September 12, 2023

大成 **DENTONS**

**John A. Moe II**

john.moe@dentons.com
D  +1 213-892-4905

Dentons US LLP
Suite 2500
601 South Figueroa Street
Los Angeles, California 90017-5704
United States

dentons.com

September 12, 2023

50047490.73

**VIA E-MAIL TO JMR@LNBYG.COM**

Joseph M. Rothberg
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

Re:   *In re Crestlloyd, LLC*
      <u>Settlement Agreement</u>

Dear Joe:

This letter confirms that following approval of a proposed Settlement Agreement between Crestlloyd, LLC, and the Englanoff children, that, if information comes to you that: (1) one or more of the three children were involved in transactions with Nile Niami, Crestlloyd, LLC, or any other Nile Niami related entity; and/or, (2) one or more of the children have information on their father's business activities related to the pending Adversary Proceeding, then, at your request, we will make the children available to you for deposition, in person or by Zoom, without the necessity of a subpoena. As I noted during our recent call, I have no idea where the children live, so deposing them could require us to travel to where they live or for us to make arrangements for their travel here, in order for you to take a deposition in person.

Cordially,

John A. Moe, II
Attorneys for Yogi Securities, LLC

**ACKNOWLEDGED and AGREED TO:**

**DATE:** 09/12/23  **SIGNATURES:** _____
                                    Justine Englanoff

_____      _____
                              Nicole Englanoff

_____      _____
                              Jacqueline Englanoff

Zaanouni Law Firm & Associates ▸ LuatViet ▸ Fernanda Lopes & Associados ▸ Guevara & Gutierrez ▸ Paz Horowitz Abogados ▸ Sirote ▸ Adepetun Caxton-Martins Agbor & Segun ▸ Davis Brown ▸ East African Law Chambers ▸ For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

124953411\V-1



John A. Moe II

john.moe@dentons.com
D   +1 213.892.4905

Dentons US LLP
Suite 2500
601 South Figueroa Street
Los Angeles, California 90017-5704
United States

dentons.com

September 12, 2023                                                    50047490.73

**Via E-Mail to JMR@LNBYG.COM**

Joseph M. Rothberg
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

Re:    *In re Crestlloyd, LLC*
       Settlement Agreement

Dear Joe:

This letter confirms that following approval of a proposed Settlement Agreement between Crestlloyd, LLC, and the Englanoff children, that, if information comes to you that: (1) one or more of the three children were involved in transactions with Nile Niami, Crestlloyd, LLC, or any other Nile Niami related entity; and/or, (2) one or more of the children have information on their father's business activities related to the pending Adversary Proceeding, then, at your request, we will make the children available to you for deposition, in person or by Zoom, without the necessity of a subpoena. As I noted during our recent call, I have no idea where the children live, so deposing them could require us to travel to where they live or for us to make arrangements for their travel here, in order for you to take a deposition in person.

Cordially,

John A. Moe, II
Attorneys for Yogi Securities, LLC

**ACKNOWLEDGED and AGREED TO:**

| DATE: | SIGNATURES: |
|-------|-------------|
| 9/18/23 | Justine Englanoff |
|         | Nicole Englanoff |
|         | Jacqueline Englanoff |

Zaanouni Law Firm & Associates ▶ LuatViet ▶ Fernanda Lopes & Associados ▶ Guevara & Gutierrez ▶ Paz Horowitz Abogados ▶ Sirote ▶ Adepetun Caxton-Martins Agbor & Segun ▶ Davis Brown ▶ East African Law Chambers ▶ For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

124953411\V-1



John A. Moe II

john.moe@dentons.com
D  +1 213-892-4905

Dentons US LLP
Suite 2500
601 South Figueroa Street
Los Angeles, California 90017-5704
United States

dentons.com

September 12, 2023

50047490.73

VIA E-MAIL TO JMR@LNBYG.COM

Joseph M. Rothberg
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034

Re:  *In re Crestlloyd, LLC*
     Settlement Agreement

Dear Joe:

This letter confirms that following approval of a proposed Settlement Agreement between Crestlloyd, LLC, and the Englanoff children, that, if information comes to you that: (1) one or more of the three children were involved in transactions with Nile Niami, Crestlloyd, LLC, or any other Nile Niami related entity; and/or, (2) one or more of the children have information on their father's business activities related to the pending Adversary Proceeding, then, at your request, we will make the children available to you for deposition, in person or by Zoom, without the necessity of a subpoena. As I noted during our recent call, I have no idea where the children live, so deposing them could require us to travel to where they live or for us to make arrangements for their travel here, in order for you to take a deposition in person.

Cordially,

John A. Moe, II
Attorneys for Yogi Securities, LLC

ACKNOWLEDGED and AGREED TO:

DATE:                  SIGNATURES:
                       _____
                       Justine Englanoff

                       _____
                       Nicole Englanoff
9/12/2023
                       _____
                       Jacqueline Englanoff

Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

124953411\V-1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Debtor's Motion To Approve Compromise With Justine Englanoff, Nicole Englanoff, And Jacqueline Englanoff** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**    tma@lnbyg.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Ryan Coy**    rcoy@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com
- **Karol K Denniston**    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Max Fabricant**    mfabricant@lavelysinger.com
- **Danielle R Gabai**    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik**    dbg@lnbyg.com, dbg@lnbyg.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Jonathan Gottlieb**    jdg@lnbyg.com
- **Robert B Kaplan**    rbk@jmbm.com, rbk@ecf.courtdrive.com
- **Jane G Kearl**    jkearl@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **John A Moe**    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Samuel A Newman**    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Joseph M Rothberg**    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Victor A Sahn**    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com, Karen.Files@gmlaw.com
- **William Schumacher**    wschumacher@winthrop.com, autodocketecf@milbank.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com**
- **Jessica Wellington    jwellington@bg.law, ecf@bg.law**

**2.  SERVED BY UNITED STATES MAIL**: On **October 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 3, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 3, 2023 | Rebecka Merritt | /s/ Rebecka Merritt |
|-----------------|-----------------|---------------------|
| *Date*          | *Type Name*     | *Signature*         |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

1   DAVID B. GOLUBCHIK (State Bar No. 185520)
    TODD M. ARNOLD (State Bar No. 221868)
2   JOSEPH M. ROTHBERG (State Bar No. 286363)
    LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
3   2818 La Cienega Avenue
    Los Angeles, California 90034
4   Telephone:  (310) 229-1234
    Facsimile:  (310) 229-1244
5   Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JMR@LNBYG.COM
6
7   Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12  In re,                                      Case No. 2:21-bk-18205-DS

13  CRESTLLOYD, LLC,                            Chapter 11
                            Debtor.
14                                              Adv. No. 2:22-ap-01125-DS

15  INFERNO INVESTMENT, INC., a Quebec          **NOTICE OF MOTION OF DEBTOR TO**
    corporation,                                **APPROVE COMPROMISE OF**
16                                              **CONTROVERSY WITH JUSTINE**
                            Plaintiff,          **ENGLANOFF, NICOLE ENGLANOFF,**
17          v.                                  **AND JACQUELINE ENGLANOFF**

18  CRESTLLOYD, LLC, a California limited
    liability company; HANKEY CAPITAL, LLC,     [Federal Rule of Bankruptcy
19  a California limited liability company; YOGI  Procedure 9019 and Local Bankruptcy
    SECURITIES HOLDINGS, LLC, a Nevada              Rule 9013-1(o)(1)]
20  limited liability company; and HILLDUN
    CORPORATION, a New York corporation,
21                                              [No Hearing Required]
                            Defendants.
22
    CRESTLLOYD, LLC, a California limited
23  liability company,
                            Cross-Claimant,
24          v.

25  INFERNO INVESTMENT, INC., a Quebec
    Corporation; NILE NIAMI, an individual;
26  YVONNE NIAMI, an individual, GROUND
    VIEW LLLP, a Nevada limited liability limited
27  partnership; 1369 LONDONDERRY ESTATE
    LLC, a California limited liability company;
28  MARBELLA CONSTRUCTION INC., a

                              1

California limited liability company;
N:PHILANTHROPY LLC, a California limited
liability company; YOGI SECURITIES
HOLDINGS, LLC, a Nevada limited liability
company; TROUSDALE ESTATE, LLC, a
Nevada limited liability Company; JOSEPH
ENGLANOFF, an individual; JUSTINE
ENGLANOFF, an individual; NICOLE
ENGLANOFF , an individual; JACQUELINE
ENGLANOFF, an individual; HILLDUN
CORPORATION, a New York corporation.

Cross-Defendants.

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Crestlloyd, LLC (the "Debtor" or "Plaintiff"), hereby moves (the "Motion") this Bankruptcy Court for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1), approving that certain Settlement Agreement and Mutual Releases (the "Agreement") entered into by and among the Plaintiff and Justine Englanoff ("Justine"), Nicole Englanoff ("Nicole"), and Jacqueline Englanoff ("Jacqueline") (collectively, the "Settling Defendants") with respect to the resolution of the Plaintiff's cross-claims in the adversary proceeding bearing case number 2:22-ap-01125-DS, against Defendants (the "Adversary Proceeding").

The Agreement relates to the following factual background:

On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[1]

At the time of filing, the Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property"). On March 28, 2022, the Court approved the sale of the Property for $126 million plus the $11.970 million Rebate from the auctioneer, for a total of $137.97 million. (Dkt No. 247). On May 27, 2022, the Court entered an order authorizing the Debtor to pay $82,500,000 of the net proceeds from the sale to Hankey Capital

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

1  "without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate,

2  including but not limited to the right to claw back any portion of the monies paid." (Dkt No. 350).

3          On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against

4  the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hildun Corporation. Adv.

5  (Dkt. No. 1).

6          On August 10, 2022, the Debtor filed cross-claims against Inferno Investment, Inc.; Nile

7  Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction

8  Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph

9  Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation. (Adv. Dkt No. 27).

10          On November 18, 2022, the Settling Defendants filed an answer to the Debtor's cross-

11  claims.   (Adv. Dkt No. 105). Following lengthy negotiations, the Debtor and the Settling

12  Defendants have agreed to settle the disputes by and among them regarding cross-claims nos. 17,

13  18, 19, and 20 of the Debtors' cross-complaint.[2]

14          Under the terms of the Agreement, the Settling Defendants shall pay $40,000 to the Debtor

15  in resolution of the cross-claims asserted against the Settling Defendants in the Debtor's cross-

16  complaint.

17          Because the Agreement resolves the Debtor's cross-claims (that total $63,000) for $40,000

18  without the delay and expense of protracted and uncertain litigation, the Debtor submits that the

19  compromise is fair and reasonable and should be approved by the Court.

20          **PLEASE TAKE FURTHER NOTICE** that this Motion is made pursuant to Rule 9019 of

21  the Federal Rules of Bankruptcy Procedure on the grounds that the Debtor, in the exercise of its

22  business judgment, has determined that it is in the best interests of the estate to fully resolve the

23  disputes with Settling Defendants concerning the Debtor's cross-claims. The Agreement is the

24  product of the parties' extensive negotiations, and, ultimately, a consensual resolution.

25

26

27  [2] The cross-claims allege that Justine, Nicole, and Jacqueline received fraudulent transfers totaling
    $63,000 in August 2017 from the sale proceeds of Crestlloyd's Hillcrest Property. *See* Cross-
28  Complaint, (Adv. Dkt. 27 at p. 39-43).

3

Accordingly, the Debtor submits that the compromise is fair and reasonable and should, therefore, be approved by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion filed concurrently herewith, this Motion, the Memorandum of Points and Authorities and the Declaration of Joseph Rothberg attached hereto, the entire record in this case, and such further evidence as may be made.

**PLEASE TAKE FURTHER NOTICE** that should you wish to obtain a copy of the Motion and the papers filed in support thereof, you may do so by contacting counsel for the Debtor whose name and contact information appears on the top left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(o)(1) any response and request for a hearing must be filed with the Court and served on the Debtor and its counsel and the Office of the United States Trustee within fourteen (14) days after the date of service of this Notice, plus three (3) additional days if you were served by mail or pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) or (F).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h) failure to timely file and serve a response may be deemed by the Court as consent to the granting of the Motion.

///
///
///

4

1      **WHEREFORE**, the Plaintiff respectfully requests that the Court enter an order:

2     1.    Granting the Motion;

3     2.    Approving the Agreement;

4     3.    Authorizing the Plaintiff and Settling Defendants to take any and all steps necessary

5 to effectuate the Agreement under the terms and conditions set forth in the Agreement; and

6     4.    Granting such other and further relief as the Court deems just and proper.

7

8 Dated:  October 3, 2023          LEVENE, NEALE, BENDER, YOO &

9                       GOLUBCHIK L.L.P.

10                   By: _/s/_    _Joseph M. Rothberg_

11                     DAVID B. GOLUBCHIK
                       TODD M. ARNOLD

12                     JOSEPH M. ROTHBERG
                 Attorneys for Debtor and Debtor in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Notice Of Motion Of Debtor To Approve Compromise Of Controversy With Justine Englanoff, Nicole Englanoff, And Jacqueline Englanoff** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**    tma@lnbyg.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Ryan Coy**    rcoy@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com
- **Karol K Denniston**    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Max Fabricant**    mfabricant@lavelysinger.com
- **Danielle R Gabai**    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik**    dbg@lnbyg.com, dbg@lnbyg.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Jonathan Gottlieb**    jdg@lnbyg.com
- **Robert B Kaplan**    rbk@jmbm.com, rbk@ecf.courtdrive.com
- **Jane G Kearl**    jkearl@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **John A Moe**    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Samuel A Newman**    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Joseph M Rothberg**    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Victor A Sahn**    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com, Karen.Files@gmlaw.com
- **William Schumacher**    wschumacher@winthrop.com, autodocketecf@milbank.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com**
- **Jessica Wellington    jwellington@bg.law, ecf@bg.law**

**2.  SERVED BY UNITED STATES MAIL**: On **October 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☒ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 3, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 3, 2023 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:21-bk-18205-DS
Central District of California
Los Angeles
Tue Oct  3 09:38:34 PDT 2023

Westcliff, LLC
c/o SierraConstellation Partners LLC
355 S. Grand Avenue Suite 1450
Los Angeles, CA 90071-3152

Goodman Law Offices, A Professional Corporat
30700 Russell Ranch Rd
Ste 250
Westlake Village, CA 91362-9507

Interno Investment, Inc.
4-95 Kandaher,
Mont Tremblant
Quebec Canada

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Levene, Neale, Bender, Yoo & Golubchik LLP
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Alvandi Law Group, P.C.
Gil Alvandi
2955 Main St. Suite 110
Irvine, CA 92614-2527

American Truck & Tool Rentals Inc.
Tom Murray, CEO and President
88 W. Victoria St.
Long Beach, CA 90805-2157

Amy P. Lally, Esq.
Sidley Austin LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067-4622

BMC West LLC
3250 N. San Fernando Rd.
Los Angeles, CA 90065-1415

BMC West LLC
David Filtman, CEO
4800 Falls of Neuse Rd., Ste. 400
Raleigh, NC 27609-8142

Biabani & Associates, Inc.
1600 Sawtelle Bl #104
Los Angeles, CA 90025-3197

Bradford Sheet Metal
4164 Sopp Road
Mojave, CA 93501-7196

Branden Williams
257 N. Cannon Dr., 2nd Fl.
Beverly Hills, CA 90210-4361

Brunswick Corp.
26125 N. Riverwoods Blvd.
Ste 500
Lake Forest, IL 60045-4811

Brutzkus Gubner
David Seror
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367-4911

Buchalter, APC
Jeffrey S. Wruble
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-1730

C.G.S. Custom Glass Specialists
4536 Ish Drive
Simi Valley, CA 93063-7666

CAD Stone Works Inc.
4533 Van Nuys Bl. #201
Sherman Oaks, CA 91403-2950

Calgrove Rentals Inc.
21627 Roscoe Bl.
Canoga Park, CA 91304-4159

Calgrove Rentals Inc.
Guadalupe Gomez, President
456 Glenoaks Blvd.
San Fernando, CA 91340-1833

Caprenos Inc.
Cindee Wood  Authorized Agent
4345 Murphy Canyon Road #200
San Diego, CA 92123-4362

Carcassone Fine Homes, LLC
c/o Hamid R. Rafatjoo
1800 Avenue of the Stars, 12th Fl.
Los Angeles, CA 90067-4201

Centurion Air, LLC
13932 Arrow Creek Road
Draper, UT 84020-9295

City of Los Angeles
Mike Feuer, City Attorney
City Hall East, Suite 800
Los Angeles, CA 90012

Clerk of the Governing Board,
Mount. Rec. & Cons. Auth.
5750 Ramirez Canyon
Malibu, CA 90265-4474

Compass
Aaron Kirman
9378 Wilshire Blvd. #200
Beverly Hills, CA 90212-3167

Conejo Recreation and Park District
403 W. Hillcrest Drive
Thousand Oaks, CA 91360-4223

County of Los Angeles
Local Fire Prevention Measure
4745 Mangels Blvd.
Fairfield, CA 94534-4175

County of Los Angeles
MRCA-Brush Fire Clear g Dist #1
200 North Main Street, 16th Fl
Los Angeles, CA 90012-4110

County of Los Angeles
Wildlife Corridor and Protection
4745 Mangels Blvd.
Fairfield, CA 94534-4175

Creative Art Partners
6542 Hayes Dr.
Los Angeles, CA 90048-5320

Crest Real Estate
11150 Olympic Bl. #700
Los Angeles, CA 90064-1825

Daniel Wiesel, Esq.
Wolf, Rifkin, Shapiro, et al.
11400 W. Olympic Blvd., 9th Fl.
Los Angeles, CA 90064-1582

Davidson Accountancy Corp.
William N. Davidson, CPA
14011 Ventura Blvd., Ste. 302
Sherman Oaks, CA 91423-5226

Dennis Palma
146 Beach Way
Monterey, CA 93940-3436

Department of Water and Power,
City of Los Angeles
Attn:  Bankruptcy
P. O. Box 51111
Los Angeles, CA  90051-5700

Draken Private Security
Jaime Salanga
633 West 5th St.
Los Angeles, CA 90071-2005

Draken Security
8225 Encino Ave
Northridge, CA 91325-4313

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
Bankruptcy Section, MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Frontier Communications Corporation
401 Merritt 7
Norwalk, CT 06851-1069

Hankey Capital, LLC
Attn: Eugene M. Leydiker
4751 Wilshire Blvd. #110
Los Angeles, CA 90010-3838

Hilldun Corporation
Jeffrey D. Kapelman, CEO
225 West 35th St.
New York, NY 10001-1910

Hilldun Corporation
c/o Brutzkus Gubner
Attn: Jerrold L Bregman
5445 DTC Parkway Ste 825
Denver CO 80111-3190

Hilton & Hyland Real Estate
257 North Ca on Drive
Beverly Hills, CA 90210-4361

Inferno Investment Inc.
Julien Remillard, President
4-95 Kandahar, Mont Tremblant
Quebec J8E 1E2 Canada

Inferno Investment, Inc.
c/o Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626-7234

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Italian Luxury Design
4 NE 39 St.
Miami, FL 33137-3630

Italian Luxury Group, LLC
c/o Gregory J. Morrow, Esq.
10401 Wilshire Boulevard, Suite 1102
Los Angeles, CA 90024-4609

J&E Texture, Inc.
Francisco Gonzalez, CEO
181 Exeter Way
Corona, CA 92882-8502

JMBM LLP
Neil C. Erickson
1900 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-4301

JMS Air Conditioning
and Appliance Services, Inc.
7640 Burnet Ave.
Van Nuys, CA 91405-1005

JOHN A. BELCHER
150 E. COLORADO BLVD., SUITE 215
PASADENA, CA 91105-3758

Jabs Pools and Spas, LLC
8055 Matilija Ave.
Panorma City, CA 91402-6126

Jesus Agudelo
aka Jesus Columbia
944 Airole Way
Los Angeles, CA 90077-2602

Jose Napoleon Garcia
1525 N. Detroit St., #5
Los Angeles, CA 90046-3233

KN Coating
201 E. Tamarack Ave
Inglewood, CA 90301-2714

Kazam O Associates Construction
11901 Santa Monica Blvd #800
Los Angeles, CA 90025-2767

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
21366 Placerita Canyon Rd.
Newhall, CA 91321-1846

Kennco Plumbing, Inc.
Robert L. Kennedy, Jr., CEO
26575 Ruether Ave.
Santa Clarita, CA 91350-2622

LA DWP
P.O. Box. 30808
Los Angeles, CA 90030-0808

Lanes Management Services
Theodore Lanes
655 Deep Valley Drive 125-P
Palos Verdes Peninsula, CA 90274-3615

Made by TSI, Inc.
1840 Jefferson Ave., Apt 303
Miami Beach, FL 33139-2461

Made by TSI, Inc.
888 Biscayne Blvd #209
Miami, FL 33132-1588

Martin Aguirre
112 1/2 North 20th St.
Montebello, CA 90640-4041

Martin Aguirre
c/o Nathan D. McMurry
8050 N. Palm Ave. Ste. 300
Fresno, CA 93711-5510

Michael Pyle LLC dba Centurion LV
13932 Arrow Creek Rd
Draper, UT 84020-9295

Midland Contractors, Inc.
Po Box 8312
Van Nuys, CA 91409-8312

Mike Fields Bronzes LLC
2715 E 36th Ave Apt 6203
Spokane, WA 99223-4593

Moises Lopez
141 S. Ave. 55 Apt. 40
Los Angeles, CA 90042-4635

Nile Niami
c/o Hamid R. Rafatjoo
1800 Avenue of the Stars, 12th Fl.
Los Angeles, CA 90067-4201

Parker Resnik
Structural Engineering
1927 Pontius Ave
Los Angeles, CA 90025-5611

Parquet by Dian
Dima Efros, CEO
16601 S. Main Street
Gardena, CA 90248-2722

Plus Development Group
743 Seward St.
Los Angeles, CA 90038-3566

Powertek Electric Inc.
Mike Moshrefi, CEO
28364 S. Western Ave. # 414
Rancho Palos Verdes, CA 90275-1434

Powertek Electric, Inc.
Hart Kienle Pentecost
4 Hutton Centre Drive, Suite 900
Santa Ana, CA 92707
Santa Ana, CA 92707-8713

Pro-Pest, Inc.
P.O. Box 3868
Valley Village, CA 91617-3868

Public Insurance Agency Inc.
10941 W. Pico Bl.
Los Angeles, CA 90064-2117

Public Occurrences, LLC
15821 Ventura Blvd. #265
Encino, CA 91436-2941

Rolls Scaffold, Inc.
Michael Rolls, CEO
11351 County Dr. Ste B
Ventura, CA 93004-3559

SHULMAN BASTIAN FRIEDMAN & BUI LLP
Ryan D. O'Dea
100 Spectrum Center Drive, Ste. 600
Irvine, CA 92618-4969

Samuel A. Newman, Esq.
Genevieve G. Weiner, Esq.
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-3000

Santos Gerardina Garcia
509 Union Drive Apt. #206
Los Angeles, CA 90017-1526

Showroom Interiors LLC
8905 Rex Road
Pico Rivera, CA 90660-3799

SierraConstellation Partners LLC
355 S. Grand Avenue, Suite 1450
Los Angeles, CA 90071-3152

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

The Beverly Hills Estates, Inc.
Branden Williams
8878 Sunset Blvd., West
West Hollywood, CA 90069-2108

The Vertex Companies, Inc.
12100 Wilshire Blvd 8th floor
Los Angeles, CA 90025-7120

The Vertex Companies, Inc.
147 W. 35th St., 19th Fl.
Long Island City, NY 11101

The Vertex Companies, Inc.
400 Libbey Parkway
Weymouth MA 02189-3134

Toni Maier-On Location Inc.
8033 West Sunset Blvd. #569
Los Angeles, CA 90046-2401

United Specialty Insurance Co.
1900 L Don Dodson Drive
Bedford, TX 76021-5990

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Universal Television, LLC
100 Universal City Plaza
Universal City, CA 91608-1002

Vesta  aka Showroom Interiors, LLC
8905 Rex Road
Pico Rivera, CA 90660-3799

Vista Sotheby's Int'l. Realty
Chris Adlam
16 Malaga Cove Plaza
Palos Verdes Peninsula, CA 90274-1306

West Coast Gates
339 Isis Ave.
Inglewood, CA 90301-2007

West Valley Green Landscaping, Inc.
14761 Tupper St.
Panorama City, CA 91402-1222

Westcoast Gate & Entry Systems, LLC
339 Isis Ave
Inglewood CA 90301-2007

Westside Estate Agency
Kurt Rappaport
210 North Canon Dr.
Beverly Hills, CA 90210-5302

YOGI Securities Holdings, LLC
Steve Oshins, Auth. Agent
1645 Village Center Cir., Ste. 170
Las Vegas, NV 89134-6371

Yaly Martinez Arrazola
11804 Kiowa Avenue
Apt 4
Los Angeles, CA 90049-6024

Yvonne Niami
301 Copa de Oro Road
Los Angeles, CA 90077-3822

Andre Mario Smith
7938 Broadway #1263
Lemon Grove, CA 91946-7052

David B Golubchik
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Jonathan Gottlieb
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Lindsey L Smith
Levene, Neale, Bender, Yoo & Golubchik
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Nile Niami
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars
12th Floor
Los Angeles, CA 90067-4201

Todd M Arnold
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
PO BOX 54110
LOS ANGELES, CA 90054-0110

(d)Los Angeles County Tax Collector
225 N. Hill Street # 1
Los Angeles, CA 90012

(d)Los Angeles County Treasurer and Tax Colle
Attn: Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0110

State Board of Equalization
Acct. Analysis & Control MIC 29
POB 942879
Sacramento, CA 94279

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)American Truck and Tool Rental        (u)Concierge Auctions, LLC              (u)Courtesy NEF

(u)Hilldun Corporation                   (u)Inferno Investment, Inc.            (u)Italian Luxury Group, LLC and Italian Luxu

(u)J&E Texture, Inc.                      (u)Pacific Union International dba Compass   (u)Showroom Interiors, LLC dba Vesta

(u)The Beverly Hills Estate and Compass  (u)Yogi Securities Holdings, LLC       (u)Simone Giovanni Cenedese
                                                                                Murano s.a.s
                                                                                Calle Bertolini, 6, Murano, Venezia

(u)Edward Roark Schwagerl                (u)Richard Saghian                     (u)Theodore Lanes

(u)Yvonne Niami                          End of Label Matrix
                                         Mailable recipients    112
                                         Bypassed recipients     16
                                         Total                  128

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **Declaration That No Party Requested A Hearing On Motion LBR 9013-1(o)(3)** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 20, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:** On **October 20, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 20, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 20, 2023 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**NEF SERVICE LIST:**

- Kyra E Andrassy     kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold     tma@lnbyg.com
- Jerrold L Bregman     jbregman@bg.law, ecf@bg.law
- Ryan Coy     rcoy@bg.law, ecf@bg.law
- Marguerite Lee DeVoll     mdevoll@watttieder.com
- Karol K Denniston     karol.denniston@squirepb.com,
  travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada     oestrada@ttc.lacounty.gov
- Max Fabricant     mfabricant@lavelysinger.com
- Danielle R Gabai     dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher     tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik     dbg@lnbyg.com, dbg@lnbyg.com
- Andrew Goodman     agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Jonathan Gottlieb     jdg@lnbyg.com
- Robert B Kaplan     rbk@jmbm.com, rbk@ecf.courtdrive.com
- Jane G Kearl     jkearl@watttieder.com
- Jennifer Larkin Kneeland     jkneeland@watttieder.com
- Michael S Kogan     mkogan@koganlawfirm.com
- Noreen A Madoyan     Noreen.Madoyan@usdoj.gov
- John A Moe     john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Samuel A Newman     sam.newman@sidley.com, samuel-newman-
  2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea     rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch     sokubisch@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Ronald N Richards     ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Joseph M Rothberg     jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- Victor A Sahn     victor.sahn@gmlaw.com,
  vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmla
  w.com
- William Schumacher     wschumacher@winthrop.com, autodocketecf@milbank.com
- David Seror     dseror@bg.law, ecf@bg.law
- Zev Shechtman     zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Lindsey L Smith     lls@lnbyg.com, lls@ecf.inforuptcy.com
- Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner     gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-
  0813@ecf.pacerpro.com;psantos@sidley.com
- Jessica Wellington     jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                        **F 9013-3.1.PROOF.SERVICE**