UNITED STATES BANKRUPTCY COURT
DISTRICT OF CENTRAL CALIFORNIA

Case No.: 2:21-bk-18205



In re : CRESTLLOYD, LLC, debtor

Courtesy Table of Contents
1. I. Notice of Ex Parte Motion for Leave to Deposit to the Credit of the Court per FRCP Rule 67, 28 USC §2041 ................................................................................................1
2. Unincorporated Privat Banker capacity ..........................................................................2
3. II. Ex Parte Motion for Leave to Deposit to the Credit of the Court per FRCP Rule 67, 28 USC §2041 ................................................................................................5
4. III. Notice of Withdrawal Per FRCP 67, 28 USC §2042 ....................................................7
5. IV. Special Request for Seal Sua Sponte .........................................................................9
6. V. Private Banker Letters .............................................................................................11
7. VI. Original Delivery Deposit Slip 1 - Second Restatement .............................................12
8. VII. Original Delivery Negotiable Certificate of Deposit ...................................................12
9. VIII. Original Delivery Deposit Slip 2 ...............................................................................13
10. Certificate of Proof of Service Form 9013-3.1 ..........................................................Last Page

### I. NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR LEAVE TO DEPOSIT PER RULE 67, 28 USC §2041

This serves as actual and constructive notice to all persons, the United States, and to the above named Debtor in this matter the Edward Roark Schwagerl, interested party, ex parte, at all times clothed in ancient prerogative powers, now coming in the capacity of an unincorporated private banker (hereinafter "UPB") at all times relevant moves the court for deposit pursuant to FRCP 67, codified at Title 28 U.S.C. § 2041 and respectfully asks the court to take mandatory judicial notice of in support incorporated herein and made apart by reference in support, to wit:

> "Rule 67 "Deposit into Court" (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or



thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit."

And,

> 28 U.S. Code § 2041 - Deposit of moneys in pending or adjudicated cases. All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

in the matter of deposit of certain private property deposited in the ordinary course of unincorporated private banking by the Edward Roark Schwagerl, trustee for the Edward Roark Schwagerl Living Estate Trust, an unincorporated business trust, hereinafter referred to jointly as "UPB," and now at all times also in his principal capacity as UPB and banking institution defined by the Federal Register as, to wit:

> "Federal Register, Volume 28, Number 132, Tuesday, July 9, 1963, Page 6977. Sec. 515.314 Banking institution. The term "banking institution" shall include **any person** engaged primarily or incidentally in the business of banking, of granting or transferring credits, or of purchasing or selling foreign exchange or procuring purchases and sellers thereof, as principal or agent, or any person holding credits for others as a direct or incidental part of his business, or any broker; and, each principal, agent, home office, branch or correspondent of any person so engaged shall be regarded as a separate "banking institution." [emphasis]

And the term "private banker" is defined by the Federal Reserve Bulletin, to wit:

> Federal Reserve Bulletin 1936-01: Vol 22 Issue 1, Publication date 1936-01. LAW DEPARTMENT. The term "private banker' means an **unincorporated individual engaged in the banking business** or a member of an unincorporated firm engaged in such business." [emphasis]

And includes an executor or administrator.

> "The term "private banker" shall apply to any unincorporated individual engaging in one or more phases of the banking business as that term is generally understood and to any member of an unincorporated firm



engaging in such business. – Pratt's Handbook on the Powers of National Banks"

Further, that Corpus Juris Secundum, further demarcates the difference between a private banker and an incorporated banker, to wit:

> **Private banker and individual banker distinguished**
> Under the New York statutes an "individual banker" is one who, having complied with the statutory requirements, has received from the banking department authority to engage in the business of banking, subject to its inspection and supervision and to the burden imposed. A "private banker" is a person or firm engaged in the business of banking without any special privileges or authority by statute.—Perkins v. Smith, 23 N.E. 21, 116 N.Y. 441—People v. Doty, 80 N.Y. 225.

Further, that the term "deposit" is within the meaning of extensive jurisprudence to be, to wit:

> "Every deposit is a direct trust." – California code, the Lawyers Reports Annotated, Book 1-70 volume 8 CONE V. DUNHAM."

UPB, Depositor, moves this honorable court ex parte for leave of the court to deposit UPB's $144b depositary Treasury fund to the credit of the court's registry within the meaning of Rule 67 for the purposes of withdrawal.

Further, notice of UPB's official banking seals that are prima facie affixed to deposit slip original entry records and certificates of deposits and administrative motions herewith in purple eradicable ink, to wit: [*actual seals*]




Affixed to all official UPB the deposit slips within the meaning of, to wit:

> "Deposit Slip. A slip upon which the details of a deposit are listed and which accompanies the deposit when handed to the receiving teller. The deposit slip is an original entry record. It is the posting medium through which the amount of the relative deposit is credited to the depositor's account in the bank's ledger. It should be made out by the depositor in each instance; if incorrect, the depositor should be required to submit a correct one to take its place. It is negotiable. If a deposit is made without the passbook, a duplicate deposit slip so stamped may be made out at the same time for the convenience of the depositor.
>    A deposit slip "is an original entry in the eyes of the law and an important document. It is the bank's record of what the depositor offers for deposit. . . . They often become exceedingly valuable for reference in case differences and misunderstandings occur as to credit dealings with depositors" (W. H. Kniffin, The Practical Work of a Bank). Deposit slips should be retained by the bank at least until the next statement is reconciled. Some banks keep them longer, and still others, indefinitely." Encyclopedia of Banking & Finance, Glenn G. Munn, 9th Edition. 1993."

> Further: "The deposit slip is prima facie evidence that the bank received the sum stated on the receipt (9 N.Y. Jur 2d, Banks, § 233)."

*e.r.s.*

Main Document    Page 5 of 14

## II.  Ex Parte Motion for Leave to Deposit to the Credit of the Court per FRCP Rule 67, 28 USC §2041

a) Movant Edward Roark Schwagerl, Interested Party, unincorporated private banker, motions this honorable court for leave to deposit into the court's registry nonreservable account, under the normal course of banking, from a Treasury depositary nonreservable account, the sum certain amount in united states dollars one hundred forty-four billion [U.S.$-144,000,000,000.00 ] to the credit of the court for the benefit of Edward Roark Schwagerl, the clerk of court acting as Movant's fiduciary administrator throughout the duration of the exhaustion of said Fund, the court as the UPB's intermediary correspondent receiving bank for collection; and, in support, respectfully states the following in support:

b) That on or about March 27, 2023, 12:36 pm, tracking number RE637836190US, Depositor delivered to the Court, Teller, a non-reservable deposit, sum certain amount of seventy-two billion (US$-72,000,000.00) united states dollars depositary to the credit of Edward Roark Schwagerl.

c) That on or about April 5, 2023, 12:53 pm, tracking number EJ926144823US, Depositor delivered to the Court, Teller, a non-reservable deposit, sum certain amount of seventy-two billion (US$-72,000,000,000.00) united states dollars depositary to the credit of Edward Roark Schwagerl ("July 18 ORDER" Doc. 501, page 2, Line 7).

d) That on or about August 10, 2023, 1:48 pm, tracking number EI231410567US, Depositor delivered to the Court, Teller, as fiduciary appointee, "Deposit Slip 1" for the above deposits, for specific performance, notice of withdrawal of the above sum certain amount

*Q.R.S*

of one hundred forty-four billion (US$-144,000,000,000.00) united states dollars depositary, hereinafter the "Fund," (Doc. 519).

e) That said Deposit Slip 1 is referenced by the Court at Doc 501, page 2, line 7, and Doc 510, page 2, lines 20-22.

f) Than an original sealed Certificate of Deposit instrument is sealed herewith made payable to Edward Roark Schwagerl, or, the court, for this purpose, prima facie showing the transfer of said depositary fund from the credit of Edward Roark Schwagerl $-144 billion to the credit of the court, acting as movant's correspondent receiving bank for collection, in care of Judge Deborah J Saltzman at chambers.

g) The Order for Leave to Deposit is a condition precedent for the motion for withdrawal following herein. Included herewith are Private Banker Letters, Section V, including the disbursement schedule to both Richard Saghian ($500m) and the discretionary fund balance of remaining bona fide creditors of record (about $65m). In order to withdraw funds for disbursement to Saghian and remaining creditors per FRCP Rule 67 28 USC 2042 an order for Leave of Deposit is first required as a condition precedent, and without the order for leave to deposit no withdrawal for disbursement to neither Saghian nor the remaining creditors of record can be motioned for.

h) Accordingly, the motion for withdrawal is below: A disbursement schedule ("Disbursement Schedule") is included in this Private Banker Letters showing the disbursements reimbursed to Richard Saghian for the reconveyance THE ONE via the court and for disbursement at the discretion of the court to bona fide creditors of record who remain without relief, see "Banking Letters."

Movant requests that

    a. the court administer the re-conveyance of the THE ONE in coordination with and with the cooperation of Richard Saghian, et al., my newly appointed correspondent and advisory counsel Michael Stoller, Stoller Law Group, listed below.

    b. that the additional amount of $100 million, totaling $600 million, pending the below Motion for Withdrawal of the deposited $144 billion fund administered at the court's discretion for settling still outstanding bona fide creditors of record at the time of this filing.

    c. that Rule 67 motion for withdrawal is Movant's re-application for approval of the C5000 TFM program found at 12 U.S.C. 391, Treasury Financial Manual, Volume II, Part 4, Chapter 5000. et seq, upon the approval of the below motion for withdrawal.

i) Movant urges the court to order the deposit to the court and enters into evidence prima facie instruments in support included herewith in Section VI, VII, VIII.

## III. NOTICE OF MOTION FOR WITHDRAWAL AND MOTION FOR WITHDRAWAL FRCP RULE 67, 28 USC § 2042

j) This is actual and constructive notice to all persons of record, that Edward Roark Schwagerl, unincorporated banker, moves the court for withdrawal under the same Rule 67 – 28 USC §2042 - in the form of Treasury C5000 Vouchers administered by the court; it is requested that the voucher amount be annotated for the amount of $50 million maximum each voucher, business banking days only per year until the fund is past to legacy according to testamentary "Transfer of Death" provisions of record (see "Letter of Wishes" Doc 221). Upon the condition precedent of the above motion for leave for deposit, UPB motions for withdrawal to be a re-application or record, but first application per Rule 67, to Treasury Chapter 5000 credit vouchers found at "C5000 Treasury Voucher per 12 U.S.C. 391, Treasury Financial Manual, Volume II, Part 4, Chapter 5000,



et seq. and presents to the court the first 12 vouchers for a total of $600 million ($50m each) for disbursement described in "Private Banker Letters" in Section V herein.

k) This is movants second application, a re-application for C5000, but, it is his first application according to per Rule 67 the first application for C5000 is filed at Docket 519, to wit:

> "08/16/2023 519 Docket Text "Notice of Withdrawal. Notice of Fiduciary Assignment. C5000 Treasury Voucher Application. Filed by Interested Party Edward Roark Schwagerl" herein incorporated by reference.

l) Movant requests that the total withdrawal sum certain amount of $144 billion be administered through the said C5000 vouchers, that an order granting a withdrawal is tantamount to an approval of the C5000 Voucher Program annotated amounts at $50 million each until the exhaustion of the fund or testamentary provisions.

m) Summary. UPB moves the court to order both deposit and withdrawal of his depositary funds of $144 billion, and enters into evidence his *prima facie* evidence in support of said motions his original UPB bank instruments in Section VI, VII, and VIII titled "DEPOSIT SLIP 1," "NEGOTIABLE CERTIFICATE OF DEPOSIT,: and "DEPOSIT SLIP 2" duly sealed originals now delivered during the ordinary course of banking for Deposit to the credit of the court in care of, the court as teller, in care of Judge Deborah J Saltzman at chambers, U.S. Bankruptcy Court, Suite 1634, 255 E. Temple Street, Los Angeles, California, for the benefit of Edward Roark Schwagerl, the sum certain amount of $-144 billion for Deposit Slip 2 the court acting as UPB's correspondent receiving bank for collection.

*E.S.S.*

## IV  SPECIAL REQUEST FOR SEAL SUA SPONTE

n) Movant respectfully specially requests and urges the court seal this case *sua sponte* on the following grounds that the demarcation between an individual banker and an unincorporated banker "UPB"—Movant—is well defined under the doctrine of *parens patriae* "guardian and ward" in that the UPB is always his own guardian and his bank papers 'are not' open for public inspection, that the UPB's bank papers are his private property; to support this position with the following, to wit:

1. Nevada Supreme Court, EX PARTE RICKEY 31 NEV. 82:
    "A deposit received by an incorporated bank is the property of the
    corporation. If in this case it appeared from the indictment that Rickey
    was a private banker, conducting the bank in question, then, as a matter of
    law the receipt of a deposit by the receiving teller of his bank would be a
    receipt by himself, because he would be the principal and the teller the
    agent, and the deposit when received would be his private property.
    [emphasis].
    Such is not the case of an incorporated bank. The corporation is an
    artificial person a distinct legal entity. (Edwards v Carson W Co 21 Nev
    479.) The deposits received into such bank became the property of the
    corporation. (Smith's Cash Store v First Nat Bank 149 Cal 32 84 Pac 663 5
    LRA 870.)

Order by Your Honor's Order 07/21/2023 DOC 511 pages 4-5, included here by reference, to wit:

> "The case law interpreting requests to seal court filings is clear that a court
> must not restrict public access to a filing without a specific showing that
> specific information should be excluded from the public record." Movant
> believes that this unincorporated private banker's papers specifically show
> the court that the presumption of the public's right to inspect is rebutted,
> and this special request is for seal *sua sponte* is arising from the public's
> denied request to inspect this private banker's papers.

Forbes 1919-07-26: Vol 4 Iss 10, Publication date 1919-07-26, to wit:

> "When the private banker makes a decision, it stands; he can say yes or no without having to make his statements subject to the approval of third parties."

For this record, this UPB says "No" to all public inspection of his private banking records due to its proprietary private ancient prerogative nature, unincorporated exclusively within the Union, without the territory, without the district, without the State, without the military occupied area, without the state's political subdivisions, without the Emergency of Article II dated March 9, 1933, and without Congress or the District of Columbia, nor the State of California, as a statutory guardian over any of UPB's private banking affairs.

Wherefore, the foregoing, UPB strongly urges the court to seal *sua sponte* and enters this *prima facie* originals for the ordinary course of banking, in support:

## V.
### Private Banker Letters
See attached herewith "Private Banker's Letters."

## VI.
### Deposit Slip 1 – Second Restatement – In Duplicate
### Original Entry Record dated March 29, 2024.
See attached herewith "Deposit Slip 1."

## VII.
### Negotiable Certificate of Deposit
See attached herewith "Negotiable Certificate of Deposit."

## VIII.
### Deposit Slip 2

Respectfully submitted:    [signature] 3.29.24

[UPB official seal]

DEPOSIT SLIP 1 - SECOND J STATEMENT- IN DUPLICATE
Edward Roark Schwagerl Living Estate Trust, Ttee
Depositor: Edward Roark Schwagerl, unincorporated private banker
U.S. POST OFFICE BOX 120353, ST PAUL, MINESOTA. Postal Code 55112.
Tel. 310-598-7331, ERSLET@outlook.com

Deposit # DS2024-29-03-01

Date: March 29, 2024.

DEPOSITARY
THIS DEPOSIT SLIP RESTATES DEPOSIT SLIP 1 DATED 2-22-24 [DOC 02/26/2024 564]
TELLER: U.S. BANKTRUPTCY COURT C/O SUITE 1634 CHAMBERS OF JUDGE DEBORAH J SALZTMAN
DEPOSITEE: UNITED STATES TREASURY OR ITS FEDERAL RESERVE agent
DEPOSIT ACCOUNT: TREASURY'S NOTE ACCOUNT OR NONRESERVABLE FEDERAL RESERVE ACCOUNT
STATED DATE OF TOTAL DEPOSIT: APRIL 5 – 2023

Depositary Items:
1. March 27, 2023, 12:36 pm, tracking number RE637836190US............................ U.S.$ -72,000,000,000.00
2. April 5, 2023, 12:53 pm, tracking number EJ926144823US................................ U.S.$-72,000,000,000.00
TOTAL DEPOSITARY.............................................................................................U.S.$-144,000,000,000.00

[Unincorporated Private Banker Seal]

---

EI231410730 US

Date: March 29, 2024
No. CD2024-29-03-01

**Edward Roark Schwagerl**
**Unincorporated Private Banker**
**USPO BOX 120353, ST PAUL, MN. POSTAL CODE 55112**

**NEGOTIABLE CERTIFICATE OF DEPOSIT**

This certifies that there has been deposited with the United States Treasury non-reservable note account depositary the sum of U.S.$-144,000,000,000.00 (One hundred forty-four billion) payable to "Edward Roark Schwagerl, or, the clerk of court for the United States Bankruptcy Court Central District of California FBO Edward Roark Schwagerl, in care of Judge Deborah J Saltzman at chambers, in reference to Case No.: 2:21-bk-18205."

**3** days after date hereof together with interest at the rate of **0** per cent per annum.

The amount of the deposit and the interest thereon will be repaid upon presentation of a sealed original duplicate copy of this Certificate, to the court as the Correspondent Receiving Collecting Bank along with Judge's Order, certified or original copy, to Clerk at the granting of Motion for Leave to Deposit to the Credit of the Court per Rule 67 dated March 29, 2024 in Case Number 2:21-bk-18205 Crestlloyd, LLC.

- Delivery: Tracer USPS Tracking Number EI 231 410 730 US, on or about April 3, 2024.
- Depositor-Promisee: Edward Roark Schwagerl, unincorporated private banker.
- Depositee-Promisor: United States Treasury/Federal Reserve agent c/o of Judge Deborah J. Saltzman at chambers, United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Courthouse, 255 E. Temple Street, Suite 1634, Los Angeles, CA 90012, in reference to Case No.: 2:21-bk-18205.
- Depositary Fund Location: DEPOSIT SLIP 1 – SECOND RESTATEMENT 3-29-2024. Deposit # DS2024-29-03-01.
- Without recourse, for collection, to the court as fiduciary intermediary correspondent receiving bank.

_____ [maker]

[Unincorporated Private Banker Seal]

5c  5c
5c  5c

## DEPOSIT SLIP 2 - SECOND RESTATEMENT- IN DUPLICATE
### Edward Roark Schwagerl Living Estate Trust, Ttee
**Depositor: Edward Roark Schwagerl, unincorporated private banker**
U.S. POST OFFICE BOX 120353, ST PAUL, MINNESOTA. Postal Code 55112.
Tel. 310-598-7331, ERSLET@outlook.com

Deposit # DS2024-4-04-02

Date: April 4, 2024.

## DEPOSIT SLIP 2
## DEPOSITORY

- TELLER: U.S. BANKTRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, EDWARD R. ROYBAL FEDERAL COURTHOUSE, C/O SUITE 1634 CHAMBERS OF JUDGE DEBORAH J SALZTMAN, 255 E. TEMPLE STREET, LOS ANGELES, CA 90012.

- DEPOSITEE: Correspondent Receiving Bank for Collection, Fiduciary Appointee, Clerk of Court, c/o chambers in care of Judge Deborah J Saltzman, Suite 1634, 255 E. Temple Street, Los Angeles, California, in reference to Case No.: 2:21-bk-18205.

- STATED DATE OF DEPOSIT: April 4, 2024, pending 72 hours ordinary course of banking, and pending Motion for Leave of Deposit and Withdrawal, C5000 Voucher application.

**Depository Items:**

Delivery Tracer USPS Tracking Number EI 231 410 730 US delivery on or about April 3, 2024. Negotiable Certificate of Deposit made payable to Edward Roark Schwagerl, or, Clerk of Court, identification CD2024-29-03-01, for deposit only to fiduciary clerk of court, correspondent receiving bank, for collection, in care of Judge Deborah J. Saltzman, at chambers, in reference to Case No.: 2:21-bk-18205.

TOTAL DEPOSITORY..................................................................U.S.$144,000,000,000.00

*[Unincorporated Private Banker Seal]*



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

c/o United States Post Office Box 120353, St Paul, Minnesota. Postal Code 55112.

A true and correct copy of the foregoing document entitled (*specify*):

**"NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR LEAVE TO DEPOSIT PER RULE 67, 28 USC §2041"**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 4, 2024** I do not have a Pacer Account so I copied the below list from a previously filed similar Form from this case who's testimony I rely to have checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com; ☐ Todd M M Arnold Arnold tma@lnbyg.com tma@lnbyg.com ☐ Jerrold L Bregman jbregman@bg.law, jbregman@bg.law, ecf@bg.law ☐ Ryan Coy rcoy@bg.law, ecf@bg.law ecf@bg.law ☐ Marguerite Lee DeVoll mdevoll@watttieder.com mdevoll@watttieder.com ☐ Karol K Dennison karol.denniston@squirepb.com, karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston9025@ecf.pacerpro.com 9025@ecf.pacerpro.com ☐ Oscar Estrada Estrada oestrada@ttc.lacounty.gov oestrada@ttc.lacounty.gov ☐ Max Fabricant mfabricant@lavelysinger.com mfabricant@lavelysinger.com ☐ Danielle R Gabai dgabai@danninggill.com, dgabai@danninggill.com, dgabai@ecf.courtdrive.com ☐ Thomas M Geher tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com ☐ David B Golubchik, dbg@lnbyg.com ☐ Andrew Goodman agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com ☐ Jonathan Gottlieb jdg@lnbyg.com ☐ Robert B Kaplan rbk@jmbm.com, rbk@ecf.courtdrive.com rbk@jmbm.com, rbk@ecf.courtdrive.com ☐ Jane G C Kearl Karl jkearl@watttieder.com ☐ Jennifer Larkin Kneeland jkneeland@watttieder.com ☐ Michael S Kogan mkogan@koganlawfirm.com ☐ Noreen A Madoyan Noreen.Madoyan@usdoj.gov ☐ John A Moe john.moe@dentons.com, A Moe john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com ☐ Samuel A A Newman Newman sam.newman@sidley.com, samuel-newmansamuel-newman2492@ecf.pacerpro.com; laefilingnotice@sidley.com, 2492@ecf.pacerpro.com; laefilingnotice@sidley.com ☐ Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com ☐ Sharon Oh-Kubisch sokubisch@swelawfirm.com, Oh-Kubisch sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com gcruz@swelawfirm.com;1garrett@swelawfirm.com; jchung@swelawfirm.com ☐ Hamid R Rafatjoo hrafatjoo@raineslaw.com, bclark@raineslaw.com hrafatjoo@raineslaw.com, bclark@raineslaw.com ☐ Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com ron@ronaldrichards.com, 7206828420@filings.docketbird.com ☐ Joseph M Rothberg jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com ☐ Victor A San victor.sahn@gmlaw.com, victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com; patricia.dillamar@gmlaw.com, vsahn@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com; patricia.dillamar@gmlaw.com, Karen.Files@gmlaw.com ☐ William Schumacher wschumacher@winthrop.com, wschumacher@winthrop.com, autodocketecf@milbank.com ☐ David Seror dseror@bg.law, ecf@bg.law ☐ Zev Shechtman zs@DanningGill.com, Shechtman zs@DanningGill.com, danninggill@gmail.com; zshechtman@ecf.inforuptcy.com ☐ Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com, lls@ecf.inforuptcy.com ☐ Howard Steinberg, steinbergh@gtlaw.com, pearsallt@gtlaw.com; howard-steinbergsteinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg6096@ecf.pacerpro.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **April 2, 2024** I served the following via express mail persons and/or entities at the last known addresses in this

---

EI231410730US

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

14 of 15

June 2012

**F 9013-3.1.PROOF.SERVICE**

bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, priority mail express, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012
USPS Priority Mail Express: EI 231 410 730 US

☐ Service Information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* **April 2, 2024** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States, 28 USC 1746(1), that the foregoing is true and correct to the best of my belief and knowledge.

| April 2, 2024 | | /s/ E.R.Schwagerl |
|---|---|---|
| Date | Printed Name | Signature |