DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com; jmr@lnbyg.com

Attorneys for Debtor and Debtor in Possession Crestlloyd, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>        Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing<br>  Date:    August 28, 2025<br>  Time:   1:00 p.m.<br>  Place:  Courtroom 1639<br>              255 E. Temple Street<br>              Los Angeles, CA  90012 |

Crestlloyd LLC, the debtor and debtor in possession in the above captioned chapter 11 bankruptcy case (the "Debtor"), hereby moves, pursuant to this motion (the "Motion"),[1] for the entry of an order authorizing the Debtor to disburse **$28,635,972.63** to Hankey Capital, LLC, ("Hankey") for principal and interest claimed by Hankey through June 30, 2025 in the amount of $27,252,752.15 and for Hankey's protective advance in the amount of $1,383,220.48, and for interest accruing up until the disbursement is made in the amount of $8,586.13 per day, all arising under the First Hankey Note (as defined below), and without prejudice to the parties' rights, claims, and defenses.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Debtor was the owner of that certain real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Ariole Property"). The Court approved the Debtor's sale of the Ariole Property [Docket No. 247] and subsequently filed a motion [Docket No. 325] seeking authorization to make a distribution to Hankey for the purpose of paying down Hankey's loan and reducing the accrual of interest claimed thereunder. The Court approved the disbursement motion [Docket No. 350]. However, the rights of all parties were reserved with respect to all of the sale proceeds, including the requirement that Hankey return disbursed sale proceeds if the Court determined that some or all of Hankey's claim was not secured (in whole or part) and/or junior to the claims of the other creditors (Yogi Securities Holdings, LLC ("Yogi"), Inferno Investment, Inc. ("Inferno"), and Hilldun Corporation ("Hilldun")) asserting secured claims against the Ariole Property and the proceeds therefrom.

Hankey's prepetition loans to the Debtor first arose under a promissory note dated October 25, 2018, in the principal amount of $82,500,000. The disbursements made to Hankey in or around May 2022 did not fully satisfy all of the claimed principal outstanding under the first note. As a

---

[1] The purpose of this Motion is to make a disbursement and not make substantive statements about the respective positions of each alleged secured creditor asserting claims against the Ariole Property and the sale proceeds thereof. As a result, the statements about the parties' claims herein are intended to be illustrative and should not be construed as the definitive positions of any party or their respective defenses. It should go without saying but the rights and defenses of all parties are not waived and are preserved.

result, to the extent Hankey's claim is secured and senior, interest and other costs continue to accrue under the first note. The Debtor believes that it makes sense to distribute cash to Hankey, subject to a reservation of rights and a requirement that Hankey return any cash to the extent it does not hold a senior secured claim, because if the funds outstanding on Hankey's first note are distributed to Hankey, this will stop the accrual of Hankey's interest on that note. In turn, this would be helpful to the Debtor and the rest of the creditors in the event that the Court rules that one of the other creditors has a valid and enforceable intervening lien that arose before Hankey's second and third notes.[2]

Prior to filing the Motion, the Debtor and certain alleged secured creditors engaged in informal discussions regarding a further distribution to Hankey (as contemplated by the Motion). Counsel for Inferno represented that it did not stipulate to the distribution mentioned above, but Hankey, Yogi, and Hilldun advised the Debtor that they would consent to the further disbursement to Hankey, subject to all parties' rights being reserved and the requirement that Hankey return the distribution of cash contemplated herein (and under the First Disbursement Motion (as defined below)) to the extent Hankey's adjudicated claim does not entitle it to distributions received.

Pursuant to this Motion, the Debtor seeks authority to pay **$28,635,972.63** to Hankey, plus per diem interest from July 1, 2025, through the date of payment to Hankey in the amount of $8,586.13 per day (the "Second Disbursement"), which figure Debtor understands consist of principal and interest owing through June 30, 2025 in the amount of $27,252,752.15, and the repayment of Hankey's protective advance in the amount of $1,383,220.48. The Second Disbursement is exclusive of any fees and costs incurred by Hankey.

---

[2] Nothing in this motion should be interpreted as an argument for or against the seniority of any liens against the Ariole Property and/or claims against the Debtor, or whether those liens / claims are secured or unsecured. The statements herein are meant only to help explain why the requested distribution would be in the best interest of all parties.

DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC

## II. BACKGROUND FACTS

### A. Crestlloyd's Bankruptcy Filing

On October 26, 2021 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is operating its estate and managing its financial affairs as a debtor in possession pursuant to Sections 1107 and 1108.

### B. Sale of the Ariole Property

On March 28, 2022, this Court approved a sale of the Ariole Property as evidenced by this Court's Sale Order [Docket No. 247] (the "Sale Order"). Pursuant to the Sale Order and the sale of the Ariole Property, the estate received $137.97 million of which $126 million includes the purchase price and the remaining $11.970 million consists of an Auctioneer Rebate (as defined in the Sale Motion and Sale Order).

### C. Hankey's Claim

The Debtor executed a certain *Promissory Note*, dated October 25, 2018, in the principal amount of $82,500,000 (the "First Hankey Note") in favor of Hankey. The Debtor executed a certain *Amended and Restated Promissory Note*, dated December 10, 2019, in the principal amount of $91,000,000 (the "Second Hankey Note") in favor of Hankey. The Debtor executed a certain *Amended and Restated Promissory Note*, dated August 20, 2020, in the principal amount of $106,000,000 (the "Third Hankey Note") in favor of Hankey.

### D. The First Motion to Disburse Funds

The Debtor filed the *Motion for Authority to Disburse Funds to Hankey Capital, LLC* [Docket No. 325] (the "First Motion to Disburse Funds") seeking authority to disburse a substantial portion of the sale proceeds arising from the Sale Order. On May 27, 2022, the Court entered an order [Docket No. 350] (the "First Disbursement Order") approving the First Motion to Disburse Funds. By the terms of the First Disbursement Order, the Debtor paid Hankey $82,500,000.00 on account of Hankey's alleged secured claim against the Debtor.

The First Disbursement Order expressly provided that:

> The Payment will be without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid;

See First Disbursement Order, Para. 2.

### E.  The Paydown of the Hankey Loan

Pursuant to the First Disbursement Order, on or about May 28, 2022, the Debtor paid Hankey $82,500,000, of which $842,591.77 was applied by Hankey as reimbursement of foreclosure costs and legal fees. Thereafter, on August 3, 2022, Hankey was paid $4,750,000, of which, $165,568.07 was applied by Hankey to its legal fees. The August 2022 payment did not come from the Debtor, but apparently came from the sale of another property (not owned by the Debtor) which served as collateral for a third-party's personal guaranty of Hankey's loan to the Debtor. The total payments Hankey received post-petition are $87,250,000.00, of which $1,008,159.84 has been applied by Hankey as reimbursement of foreclosure costs and legal fees.

The claimed interest under the First Hankey Note continues to accrue in the approximate amount of $248,998 to $266,170 per month, which fluctuates upon the number of days per month.

### F.  The Remaining Sale Proceeds

After the 2022 paydown of the First Hankey Note, the Debtor continues to hold approximately $42,489,134 in sale proceeds.

### G.  The Disputed Secured Liens

Inferno, Hankey, and Yogi each asserted a first priority secured lien against the Ariole Property and now the proceeds therefrom. Yogi, for example, has alleged that even if Hankey's lien is determined to be valid, enforceable, and having priority, that only the claims arising under the First Hankey Note are senior to Yogi and/or Inferno's claims. Yogi alleges that Hankey's claims arising under the Second Hankey Note and Third Hankey Note are junior because they were permissive loans (not obligatory) that arose after Yogi's claim was perfected. As a result, it is important for the estate and any other party that has a lien that allegedly arose before the Second

Hankey Note and Third Hankey Note to stop the accrual of interest arising under the First Hankey Note, in case the remaining Sale Proceeds must be used to satisfy those alleged intervening liens and claims.

### H.   Consent to Make Second Distribution to Hankey

Yogi's counsel engaged with the Debtor's counsel, Hankey, Inferno, and Hilldun regarding a second distribution to Hankey to reduce the First Hankey Note, subject to the same reservations and claw back rights under the First Disbursement Order. All of the parties except Inferno represented that they agreed conceptually, subject to documentation and liquidating the amount claimed outstanding under the First Hankey Note.

Based on the Debtor's review of the loan documents and the facts in this case, the Debtor believes that the payment of claimed outstanding principal and interest arising under the First Hankey Note is appropriate and will save the estate the continued accrual of substantial additional interest.

Therefore, the Debtor seeks authority to pay Hankey **$28,635,972.63**.  While there are disputes as to the priority of the parties' liens (and to the extent they exist), the Debtor nevertheless believes it makes sense to pay down the First Hankey Note provided that the rights and defenses of all parties in interest are reserved to contest the validity, priority, and enforceability of all liens and Hankey is required to return its distribution if the Court determines that some or all of its claim is not secured and/or not entitled to the priority Hankey asserts.

## III.   DISCUSSION

Section 363(b)(1) allows a debtor in possession, after a motion and hearing, to use estate property outside of the ordinary course of business. 11 U.S.C. § 363(b). More notably, the provision codifies the principles of bankruptcy law by granting representatives of the estate flexible and broad authority to maximize the value of the estate. *In re Claar Cellars, LLC*, No. 20-00044-WLH11, 2020 WL 1238924 at *3 (Bankr. E.D. Wash. 2020). However, section 363(b)(1) is not a tool to obviate prohibitions found elsewhere in the Bankruptcy Code. Id. at *4; *See also Czyzewski v. Jevic Holding Corporation*, 137 S. Ct. 973, 978 (2017) (denying debtor's structured dismissal where debtor sought to deviate from the basic priority rules that apply under the Bankruptcy Code without

the consent of the affected parties). Instead, bankruptcy courts review actions taken pursuant to Section 363(b)(1) under the business judgment standard. *Id.* Under this deferential standard, bankruptcy courts will generally approve actions by the debtor in possession provided that the debtor in possession's decisions to take such action is reasonable as it pertains to the specific needs of the case. *Id.* at *5.

Sections 503, 506, and 507 of the Bankruptcy Code set forth a basic system of priority, which ordinarily determines the order in which assets of the estate will be distributed: secured creditors are highest on the priority list, for they must receive the proceeds of the collateral that secured their claims up to payment in full with interest, fees, and expenses, administrative creditors come next, then priority unsecured creditors, such as those who hold certain claims for taxes or wages, then come general unsecured creditors, and finally equity holders. 11 U.S.C. §§ 503, 506, and 507; *see also Czyzewski*, 137 S. Ct. at 979 (citing 11 U.S.C. §§ 507, 725, 726). However, "Bankruptcy Courts look to state law to determine lien priority" where competing liens on the same property exist. Quoting *In re McIntyre*, No. 02:08-12110-BR, 2010 WL 11530873, at *4 (C.D. Cal. Apr. 27, 2010), aff'd, 470 F. App'x 694 (9th Cir. 2012) (citing *In re Van De Kamp's Dutch Bakeries*, 908 F.2d 517, 519 (9th Cir. 1990) (bankruptcy court must refer to state law to determine priority of competing liens)).

Here, Inferno, Hankey, Yogi, and Hilldun all allege themselves to be secured creditors whose claims are purportedly secured by the Airole Property. Accordingly, the validity and priority of the parties' liens will ultimately be determined by California law. By allowing the Debtor to pay Hankey, the Debtor will be able to maximize the value of its bankruptcy estate while at the same time preserving value for creditors that might be junior to the First Hankey Note but senior to the Second Hankey Note and the Third Hankey Note. Accordingly, once Hankey is paid all amounts owing with respect to the First Hankey Note, except for fees and costs, interest on such note will cease to accrue and the remaining proceeds will be made available to the holder of claims having priority as determined by the Court.

## IV.   CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

(1) granting the Motion;

(2) authorizing the Debtor to pay Hankey **$28,635,972.63,** plus interest accruing up until the disbursement is made in the amount of $8,586.13 per day;

(3) requiring Hankey to return any distribution to the extent the Court determines that its claim is not secured or junior to other claims having priority; and

(4) affording such further and other relief as is warranted under the circumstances.

Dated: July 29, 2025        LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By:   */s/ Todd M. Arnold*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
JOSEPH M. ROTHBERG

Attorneys for Debtor and Debtor in Possession
Crestlloyd LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Second Motion For Authority To Disburse Funds To Hankey Capital, LLC; Memorandum Of Points And Authorities** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 29, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Todd M Arnold**    tma@lnbyg.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Ryan Coy**    ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com;ryan.coy@ecf.courtdrive.com
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com
- **Karol K Denniston**    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Max Fabricant**    mfabricant@lavelysinger.com
- **Danielle R Gabai**    dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik**    dbg@lnbyg.com, dbg@lnbyg.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Jonathan Gottlieb**    jdg@lnbyg.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Jeffrey Huron**    jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
- **Robert B Kaplan**    rbk@jmbm.com, rbk@ecf.courtdrive.com
- **Jane G Kearl**    jkearl@watttieder.com, lharake@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **John A Moe**    john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **Nicholas David Moss**    nmoss@molinolawfirm.com
- **Samuel A Newman**    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com;avernon@shulmanbastian.com
- **Sharon Oh-Kubisch**    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com,jfisher@raineslaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Joseph M Rothberg**   jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Victor A Sahn**   victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com, Karen.Files@gmlaw.com
- **William Schumacher**   wschumacher@winthrop.com, autodocketecf@milbank.com
- **David Seror**   dseror@bg.law, ecf@bg.law
- **Zev Shechtman**   Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Lindsey L Smith**   lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Daniel Wall**   dwall@wallinrussell.com
- **Genevieve G Weiner**   gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jessica Wellington**   jwellington@bg.law, ecf@bg.law

**2.  SERVED BY UNITED STATES MAIL**: On **July 29, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 29, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 29, 2025 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                **F 9013-3.1.PROOF.SERVICE**

In re Crestlloyd, LLC
RSN
File No. 9562

*Request for Special Notice*
Samuel A. Newman, Esq.
Genevieve G. Weiner, Esq.
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

*Request for Special Notice*
Amy P. Lally, Esq.
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

*Request for Special Notice*
Andre Mario Smith
7938 Broadway #1263
Lemon Grove, CA 91946

*Request for Special Notice*
Richard M. Pachulski
Jogn W. Lucas
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067