BRYAN CAVE LEIGHTON PAISNER LLP
Sharon Z. Weiss (CA State Bar No. 169446)
E-Mail: sharon.weiss@bclplaw.com
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200

STINSON LLP
Jeff G. Huron (CA State Bar No. 136585)
E-Mail: jeff.huron@stinson.com
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 730-7026

Counsel for Inferno Investment, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | Case No. 2:21-bk-18205-DS |
|---|---|
| CRESTLLOYD, LLC, | Chapter 11 |
| Debtor. | **OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC** |
| | Date:   August 28, 2025 |
| | Time:   1:00 p.m. |
| | Place:  Ctrm 1639 |
| |            255 E. Temple St. |
| |            Los Angeles, CA 90012 |

## I.    INTRODUCTION

Debtor seeks authority to disburse an additional $28,635,972.63 to Hankey Capital, LLC ("Hankey") for principal and interest claimed through June 30, 2025, plus daily interest of $8,586.13. *Second Motion for Authority to Disburse Funds to Hankey Capital, LLC* (the "Distribution Motion"), ECF No. 635, Adv. No. 22-01125, at 2. Inferno Investment, Inc. ("Inferno") objects to the Distribution Motion on two grounds: (1) it is a disguised cash collateral motion and therefore procedurally defective; and (2) it fails to provide evidence that Inferno is adequately protected if the funds are released to Hankey. This Opposition addresses only the procedural defects because the Debtor has provided no substantive evidence for Inferno to address. Inferno respectfully reserves its rights to raise additional arguments an objection as appropriate.

The core dispute centers on whether Inferno agreed to subordinate its claim through either a forged subordination agreement or an alleged 2016 Memorandum of Agreement ("MOA") that Defendants incorrectly interpret as an open-ended agreement to subordinate indefinitely to all future debts secured by the Property. However, these substantive disputes cannot excuse the procedural deficiencies in the Distribution Motion that render it fatally flawed.

## II.    STATEMENT OF FACTS

### A.    Inferno's Priority Position

Inferno first began making loans to Debtor Crestlloyd, LLC in 2013, with its early involvement being critical to development of "The One" by financing the acquisition of the land at 944 Airole Way in Bel-Air and construction long before any other party was involved. *Inferno Third Amended Complaint*, ECF No. 289, Adv. No. 22-01125, § 1. Inferno filed Proof of Claim No. 11 for $20,902,106.12. *Inferno Third Amended Complaint*, ECF No. 289, Adv. No. 22-01125, § 10; *Inferno Proof of Claim – Claim 11*.

### B.    The Disputed MOA and Subordination Agreement

On January 1, 2016, Debtor, Hankey and Yogi allege that Inferno and Debtor signed the MOA which provided certain concessions to Debtor where, despite its senior secured position, it agreed to be paid after certain creditors. *Memorandum of Agreement*, ECF No. 173, Ex. 1, Adv. No. 22-01125; *Inferno Third Amended Complaint*, ECF No. 289, Adv. No. 22-01125, §§ 18-20. But the MOA is an agreement between the Debtor and Inferno regarding their respective rights and is not a subordination agreement.

OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO
HANKEY CAPITAL, LLC

Furthermore, neither Hankey nor Yogi is an intended third-party beneficiary of the MOA and it has no effect concerning their lien rights or priorities. *See Inferno Third Amended Complaint, ECF No. 289*, § 20.

Hankey Capital makes an additional argument that Inferno executed a Subordination Agreement in its favor, and therefore, gives Hankey priority. *Inferno Third Amended Complaint*, ECF No. 289, § 24; *Subordination Agreement*, ECF No. 173, Ex. 3, Adv. No. 22-01125. With respect to the Subordination Agreement, Inferno asserts: (1) that Hankey released the promissory note secured by the deed of trust that is subject to the Subordination Agreement by superseding and replacing it with subsequent promissory notes; and (2) that Inferno's principal, Julian Remillard, did not sign the Subordination Agreement. *See Inferno Third Amended Complaint*, ECF No. 289, § 4.

### C.    Subsequent Lenders and Cross-Collateralization Issues

Beginning in 2017, Yogi made loans to Debtor, and on October 25, 2018, Hankey Capital entered into a Construction Loan Agreement to loan Debtor $82.5 million, which states that the loan was to be secured by a first priority lien against the Property. *Construction Loan Agreement*, ECF No. 173, Ex. 2, Adv. No. 22-01125. Hilldun's security was cross collateral for money that did not go to the Property, and Debtor concealed from Inferno that it intended to obtain loan funds from various lenders and use the proceeds for Niami's other properties or personal purposes. *See Inferno Third Amended Complaint*, ECF No. 289, § 96.

### D.    Current State of Distributions

By order entered on May 27, 2022, the Court authorized Debtor to pay $82,500,000 to Hankey Capital "without prejudice to any and all parties' rights," and the First Disbursement Order expressly provided that "The Payment will be without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid." *Interim Order on Motion for Authority to Disburse Funds to Hankey Capital*, LLC, ECF No. 350.  Inferno consented to this payment subject to reservation of rights, specifically conditioned upon the order providing that the payment is without prejudice to contest Hankey Capital's right to receive that payment, how the money should be applied, and to seek disgorgement. *See generally Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to Disburse Funds to Hankey Capital,*

OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC

*LLC*, ECF No. 337; *Supplemental Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to Disburse Funds to Hankey Capital, LLC*, ECF No. 361.

After the 2022 paydown of the First Hankey Note, the Debtor continues to hold approximately $42,489,134 in sale proceeds. *Second Motion for Authority to Disburse Funds to Hankey Capital, LLC*, ECF No. 635, at 5.

## III.    ARGUMENT

### A.    The Motion Should Be Denied Because It Is Actually a Cash Collateral Motion And Procedurally Defective

In *In re Pro. Tech. Sec. Servs., Inc.,* the Ninth Circuit B.A.P. held that sale proceeds qualified as cash collateral because "cash collateral by definition includes cash, cash equivalents, and proceeds," and "proceeds include whatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral". *In re Pro. Tech. Sec. Servs., Inc.*, No. 3:22-BK-30062-HLB, 2023 WL 4680042, at *5-8 (B.A.P. 9th Cir. July 21, 2023), *appeal dismissed*, No. 23-60042, 2024 WL 3916112 (9th Cir. Jan. 5, 2024).

While the Distribution Motion makes a passing reference to 11 U.S.C. § 363(b), there is no mention of Section 363(c) regarding the use of cash collateral. *See generally Second Motion for Authority to Disburse Funds to Hankey Capital, LLC*, ECF No. 635. Section 363(b) is limited by other subsections, including the debtor's use of cash collateral. *In re Claar Cellars LLC*, No. 20-00044-WLH11, 2020 WL 1238924, at *3 (Bankr. E.D. Wash. Mar. 13, 2020).  Under the Bankruptcy Code, use of cash collateral requires either secured creditor consent or court authorization with adequate protection, and "a debtor-in-possession may use cash collateral only if the creditors consent or the court grants authorization conditioned as necessary to provide adequate protection of the creditor's interest in the collateral". 11 U.S.C. § 363(c)(2).

The fact that Inferno's security interest is disputed is of no consequence. Courts have consistently held that even disputed security interests are entitled to adequate protection. In *In re Claar Cellars LLC*, No. 20-00044-WLH11, 2020 WL 1238924, at *7 (Bankr. E.D. Wash. Mar. 13, 2020), Judge Holt specifically permitted adequate protection payments even where a creditor's secured status was disputed. He reasoned, the creditor was "entitled to adequate protection of that interest under Bankruptcy Code

OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC

section 363(e)" because it possessed "at least some interest" in the debtor's property, and rejected the argument that "an adversary proceeding must be completed to determine the extent of [the creditor's] lien before [the debtor] can make any periodic payments," noting that courts "often authorize payments to secured creditors despite potentially viable challenges to the validity, priority, or extent of the underlying lien." *Id.* (collecting cases); *see also In re Residential Cap., LLC*, 501 B.R. 549, 589 (Bankr. S.D.N.Y. 2013) ("A secured creditor is entitled to adequate protection of its interest in the value of its collateral and can obtain adequate protection either after a contested cash collateral hearing, or, as is more often the case, by a consensual cash collateral order.")

## B. Debtor Failed To Demonstrate that Inferno Is Adequately Protected

The debtor in possession bears the burden on the issue of adequate protection. 11 U.S.C.A. § 363; *In re Ctr. Wholesale, Inc.*, 788 F.2d 541, 544 (9th Cir. 1986). Adequate protection may be provided by periodic cash payments, additional or replacement liens, or other relief resulting in the "indubitable equivalent" of the secured creditor's interest, and what constitutes adequate protection is to be decided flexibly on a case-by-case basis. *In re Sonora Desert Dairy, L.L.C.*, No. AZ-13-1471-KIDJU, 2015 WL 65301, at *11 (B.A.P. 9th Cir. Jan. 5, 2015) (internal citations omitted).

In the Distribution Motion, there is no evidence at all about adequate protection. Debtor simply states that it is in its business judgment. *See Second Motion for Authority to Disburse Funds to Hankey Capital, LLC*, ECF No. 635, at 6-7. Specifically, the Distribution Motion merely states that "the Debtor believes that the payment of claimed outstanding principal and interest arising under the First Hankey Note is appropriate and will save the estate the continued accrual of substantial additional interest" and that "the Debtor nevertheless believes it makes sense to pay down the First Hankey Note" without any analysis of adequate protection for other secured creditors. *Id.* at 6.

Nor does the Distribution Motion address that it will lose approximately $850,000 per year in interest (at approximately 2.09%) that the money is currently earning in the DIP account. See ECF No. 634-4, p. 1). While the Distribution Motion notes that "claimed interest under the First Hankey Note continues to accrue in the approximate amount of $248,998 to $266,170 per month", it fails to note that the claw back rights do not require Hankey to return the money with any interest or analyze whether stopping this interest accrual justifies the risk to other secured creditors or the loss of investment income

4

on the funds if Hankey is required to return the funds. *See Second Motion for Authority to Disburse Funds to Hankey Capital, LLC*, ECF No. 635, at 5.

### C. The Distribution Motion Lacks Essential Procedural Requirements

The Distribution Motion fails to comply with basic procedural requirements for cash collateral motions:

1.    No Adequate Protection Analysis: Despite acknowledging that "counsel for Inferno represented that it did not stipulate to the distribution" and that "all of the parties except Inferno represented that they agreed conceptually", the Distribution Motion contains no analysis of what adequate protection should be provided to Inferno. *See Second Motion for Authority to Disburse Funds to Hankey Capital, LLC*, ECF No. 635, at 3, 6.

2.    Insufficient Business Judgment Analysis: While courts review actions under Section 363(b)(1) under the business judgment standard, requiring that "the debtor in possession's decisions to take such action is reasonable as it pertains to the specific needs of the case", the Distribution Motion provides only conclusory statements without supporting analysis. *See Second Motion for Authority to Disburse Funds to Hankey Capital, LLC*, ECF No. 635, at 7.

3.    No Financial Projections or Analysis: The Distribution Motion fails to provide any financial analysis comparing the costs and benefits of the proposed distribution, including the opportunity cost of removing funds from interest-bearing accounts.

///

///

///

///

///

///

///

///

///

///

5

1

## IV.    CONCLUSION

2

There is no formal request for cash collateral and even if the court treats the Distribution Motion

3

as a motion for cash collateral, the Distribution Motion falls woefully short. The Distribution Motion is

4

procedurally defective because it seeks to use cash collateral without complying with Section 363(c)

5

requirements, fails to address adequate protection for other secured creditors, and lacks the evidentiary

6

foundation necessary for the Court to exercise its business judgment review.

7

For the foregoing reasons, Inferno respectfully requests that this Court deny the Distribution

8

Motion and grant such other and further relief as the Court deems just and proper.

9

Dated:  August 19, 2025                    Bryan Cave Leighton Paisner LLP

10

11

By: */s/ Sharon Z. Weiss*
                                                            Sharon Z. Weiss
                                                            Attorney for Inferno Investment, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO
HANKEY CAPITAL, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

A true and correct copy of the foregoing document(s) entitled: **OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 19, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **PLEASE SEE ATTACHED LIST**

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*), I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 19, 2025 | Raul Morales | /s/ Raul Morales |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy**
  kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Todd M Arnold**
  tma@lnbyg.com
- **Jerrold L Bregman**
  jbregman@bg.law, ecf@bg.law
- **Ryan Coy**
  ryan.coy@saul.com, hannah.richmond@saul.com; Shelly.Guise@saul.com;
  LitigationDocketing@saul.com; ryan.coy@ecf.courtdrive.com
- **Marguerite Lee DeVoll**
  mdevoll@watttieder.com
- **Karol K Denniston**
  karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-
  denniston-9025@ecf.pacerpro.com
- **Oscar Estrada**
  oestrada@ttc.lacounty.gov
- **Max Fabricant**
  mfabricant@lavelysinger.com
- **Danielle R Gabai**
  dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- **Thomas M Geher**
  tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik**
  dbg@lnbyg.com, dbg@lnbyg.com
- **Andrew Goodman**
  agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Jonathan Gottlieb**
  jdg@lnbyg.com
- **Steven T Gubner**
  ecf@bg.law, ecf@bg.law
- **Jeffrey Huron**
  jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
- **Robert B Kaplan**
  rbk@jmbm.com, rbk@ecf.courtdrive.com
- **Jane G Kearl**
  jkearl@watttieder.com, lharake@watttieder.com
- **Jennifer Larkin Kneeland**
  jkneeland@watttieder.com
- **Michael S Kogan**
  mkogan@koganlawfirm.com
- **Marc A Lieberman**
  marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- **John W Lucas**
  jlucas@pszjlaw.com, ocarpio@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                F 9013-3.1.PROOF.SERVICE

- **Noreen A Madoyan**
  Noreen.Madoyan@usdoj.gov

- **John A Moe**
  john.moe@dentons.com, kathryn.howard@dentons.com; derry.kalve@dentons.com;
  DOCKET.GENERAL.LIT.LOS@dentons.com

- **Nicholas David Moss**
  nmoss@molinolawfirm.com

- **Samuel A Newman**
  sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com

- **Ryan D O'Dea**
  rodea@shulmanbastian.com, lgauthier@shulmanbastian.com;avernon@shulmanbastian.com

- **Sharon Oh-Kubisch**
  sokubisch@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

- **Hamid R Rafatjoo**
  hrafatjoo@raineslaw.com, bclark@raineslaw.com,jfisher@raineslaw.com

- **Ronald N Richards**
  ron@ronaldrichards.com, 7206828420@filings.docketbird.com

- **Joseph M Rothberg**
  jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

- **Victor A Sahn**
  victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com;
  patricia.dillamar@gmlaw.com, Karen.Files@gmlaw.com

- **William Schumacher**
  wschumacher@winthrop.com, autodocketecf@milbank.com

- **David Seror**
  dseror@bg.law, ecf@bg.law

- **Zev Shechtman**
  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com; hannah.richmond@saul.com;
  LitigationDocketing@saul.com

- **Lindsey L Smith**
  lls@lnbyb.com, lls@ecf.inforuptcy.com

- **Howard Steinberg**
  steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-
  6096@ecf.pacerpro.com

- **United States Trustee (LA)**
  ustpregion16.la.ecf@usdoj.gov

- **Daniel Wall**
  dwall@wallinrussell.com

- **Genevieve G Weiner**
  gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;
  psantos@sidley.com

- **Jessica Wellington**
  jwellington@bg.law, ecf@bg.law

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**