Richard M. Pachulski (CA Bar No. 90073)
Henry C. Kevane (CA Bar No. 125757)
John W. Lucas (CA Bar No. 271038)
Beth E. Levine (*pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: rpachulski@pszjlaw.com
　　　　hkevane@pszjlaw.com
　　　　jlucas@pszjlaw.com
　　　　blevine@pszjlaw.com

*Attorneys for Yogi Securities Holdings, LLC*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>　　　Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**YOGI SECURITIES' REPLY TO INFERNO'S OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS**<br><br>**[Relates to Docket Nos. 635 and 640]**<br><br>Date:　August 28, 2025<br>Time:　1:00 p.m.<br>Place:　Ctrm 1639<br>　　　　255 E. Temple St.<br>　　　　Los Angeles, CA 90012 |

　　　Yogi Securities Holdings, LLC ("**Yogi**"), by and through its undersigned counsel, hereby files this reply (the "**Reply**") to Inferno Investment, Inc's ("**Inferno**") *Opposition to Debtor's Second Motion for Authority to Disburse Funds to Hankey Capital, LLC* [Docket No. 640] (the "**Opposition**"). In support of the Reply and in support of Crestlloyd's (the "**Debtor**") *Second Motion for Authority to Disburse Funds to Hankey Capital, LLC* [Docket No. 635] (the "**Second Disbursement Motion**"), Yogi respectfully represents as follows:

///

///

///

4926-7018-0449.5 96887.00001

## I.

## **PRELIMINARY STATEMENT**

The Opposition should be overruled because Inferno (a) fails to show that its interest in the sale proceeds is diminishing in value (which is a threshold requirement), (b) fails to describe how the disgorgement provisions in the Court's prior order and the current proposed order do not adequately protect its interest in the cash (especially because the prior order governs cash that is approximately four times the amount of Inferno's claim), and (c) fails to explain why it should be entitled to any different or further adequate protection with respect to this conditional disbursement when it consented to the disbursement of $82,500,000 in proceeds on the terms that are identical to the terms contemplated by the Debtor in the Second Disbursement Motion.

For the reasons set forth herein and at the hearing, the Second Disbursement Motion should be approved and the Opposition overruled.

## II.

## **CASE BACKGROUND**

### A.    **Sale of Property and First Disbursement Motion**

In March 2021, the Debtor sold the real property located at 944 Airole Way, Los Angeles, CA (the "**Property**") for a purchase price of approximately $137,000,000. *See* Sale Order [Docket No. 247].

After the sale, the Debtor filed the *Motion for Authority to Disburse Funds to Hankey Capital, LLC* [Docket No. 325] (the "**First Disbursement Motion**") seeking authorization to make a disbursement to Hankey Capital, LLC ("**Hankey**") for the purpose of paying down Hankey's loan and stopping any accrual of interest. The amount outstanding under the "First Hankey Note" was $82,500,000 at the time the First Disbursement Motion was filed along with interest outstanding in the approximate amount of $21,010,000.

In response to the First Disbursement Motion, Inferno represented that:

> when Inferno informed counsel for Crestlloyd that **it would consent to the payment to Hankey of $82.5 million**, it was expressly conditioned upon the order providing that the payment is without prejudice to the rights of any party to contest Hankey Capital's right to receive that payment, to contest the validity of

> Hankey Capital's claim or the priority of its lien, or to seek and obtain disgorgement of any portion of those funds that a court may determine Hankey Capital should not have received.

Inferno Response to First Disbursement Motion [Docket No. 337] (emphasis added).

In May 2021, the Court approved the First Disbursement Motion authorizing the Debtor to disburse $82,500,000 to Hankey. *See* [Docket No. 350] (the "**First Disbursement Order**"). Notably and in response to Inferno's concern (and frankly all the parties claiming a senior interest in the sale proceeds), the First Disbursement Order provides the following:

> The Payment will be without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid;

First Disbursement Order, Para. 2.

Like the First Disbursement Motion, the Debtor seeks to payoff the outstanding amount under the First Hankey Note ($28,635,972.63, plus interest accruing up until the disbursement is made in the amount of $8,586.13 per day) so that the interest thereunder stops accruing at the rate of 18.25% per annum, which, depending on the number of days in any month, ranges from $248,998 to $266,170 per month.

The proposed order (the "**Proposed Second Disbursement Order**") for the Second Disbursement Motion provides:

> The Payment will be without prejudice to any rights, claims, and defenses by all parties in interest as may be appropriate.
>
> ***
>
> If the Court determines that Hankey's claim is not fully secured or junior (in part or whole) and not entitled to the priority it asserts, Hankey shall return such portion of the proceeds paid to it by this Order and the First Disbursement Order (as defined in the Motion) to the extent such distribution exceeds Hankey's rights and entitlements under its claim.

Proposed Second Disbursement Order, Paras. 3 and 4.

If the Court grants the Second Disbursement Motion and Hankey is paid on August 31, 2025, Hankey will receive approximately $28,902,142.70. When combined with the cash paid to

1 Hankey under the First Disbursement Order, Hankey will have received approximately
2 $111,402,143.00.

3 **B.     Inferno's Proof of Claim**

4     As of January 2022, Inferno's proof of claim 11-1 (the "**Inferno POC**") reflects that it is
5 owed approximately $21,000,000 and the Inferno POC accrues interest at a rate of 8% per annum.

## III.

## INFERNO'S INTEREST IN THE CASH IS ADEQUATELY PROTECTED BY DISGORGEMENT PROVISIONS IN THE DISBURSEMENT ORDERS

**A.     The Purpose of Adequate Protection**

    Adequate protection is available to protect secured creditors from the diminution of collateral during the pendency of the bankruptcy case. *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 377 (1988); *In re Weinstein*, 227 B.R. 284, 296 (9th Cir. 1998) (affirming the principle that adequate protection is intended to guard against diminution of collateral).

    The claim of an oversecured creditor will generally increase over time as the unpaid interest accrues under section 506(b) of the Bankruptcy Code. If the value of the property is constant, any equity cushion will decrease as the amount of the claim increases. Nevertheless, adequate protection is not intended to protect the creditor's right to continue to accrue interest. It is the decline in the value of the collateral against which protection is provided, not the perpetuation of the ratio of collateral to debt. *Orix Credit Alliance, Inc. v. Delta Resources, Inc.* (*In re Delta Resources, Inc.*), 54 F.3d 722, 730 (11th Cir. 1995).

**B.     The Sale Proceeds Are Not Diminishing in Value**

    Section 361 of the Bankruptcy Code, which Inferno fails to cite, specifies three **nonexclusive** methods of providing adequate protection. They are (a) periodic cash payments to offset any decrease in the value of the creditor's interest; (b) additional or replacement liens on debtor's property; and (c) such other relief resulting in the "indubitable equivalent" of the creditor's interest. Thus, the Bankruptcy Code provides the Court with "the discretion and flexibility to design adequate protection remedies." *In re Helionetics, Inc.*, 70 B.R. 433, 437 (Bankr. C.D. Cal. 1987).

As described above, if the Court approves the Second Disbursement Motion, Hankey will have received approximately $111,500,000. If the Court determines that Hankey's entire claim is junior to Inferno's or wholly unsecured, the First Disbursement Order and the Proposed Second Disbursement Order require Hankey to disgorge every dollar that it received from the Debtor to the extent other claims are senior and Hankey's claim is disallowed.

The payment of cash to Hankey does not equate to permitting a debtor to use cash for its operations (where there might be a risk business revenues will not be sufficient to maintain the amount of cash being used) or permitting a debtor to continue to use real property or some other type of collateral that is subject to real diminution as a result of various market fluctuations. The disgorgement provisions in the First Disbursement Order and the Proposed Second Disbursement Order are designed to preserve the value of the cash paid to Hankey so that if Inferno's claim is senior it will be paid in full. There is no need to condition the payment to Hankey upon periodic payments to Inferno, replacement liens, or some other form of relief because the Court mandated requirement that Hankey return the cash is all the adequate protection necessary. If Inferno's claim is valid, senior, and allowed then it will be paid in full or to the extent its claim is allowed.

Notably, Inferno is not concerned that Hankey will not in fact return the funds if the Court determines that its claim is not senior. Yogi presumes that Inferno does not raise this issue because Hankey is owned and controlled by Don Hankey, who is a billionaire that made his fortune by offering auto loans to buyers who have less than average credit. More recently, Mr. Hankey provided a $175,000,000 million bond in favor of President Trump regarding the civil fraud judgment against the current President of the United States.[1]

Yogi is not concerned about Hankey's financial wherewithal and ability and willingness to disgorge all or some of the approximate $111,500,000 subject to the First Disbursement Order and the Proposed Second Disbursement Order. More importantly, Inferno knows this and ignores the fact that there are not any meaningful concerns regarding the disgorgement of cash from Hankey given that Hankey runs a vast business empire in the United States, owns property in California

---

[1] https://www.nytimes.com/2024/04/04/nyregion/don-hankey-car-loan-billionaire.html.

and around the United States, and Hankey is subject to this Court's jurisdiction if there is ever a problem regarding the disgorgement of cash.

C. **The First Disbursement Order Provides the Necessary Adequate Protection**

Inferno acknowledges that it consented to the First Disbursement Motion because the First Disbursement Order provided the necessary safeguards requiring Hankey to disgorge the disbursement to the extent its claim is determined to be junior or disallowed. *See* Opposition, 2:25-28. The Proposed Second Disbursement Order contains identical safeguards and also incorporates the cash previously disbursed to Hankey pursuant to the First Disbursement Order.

Inferno is in no worse position now than it was when the First Disbursement Order was entered. In fact, the First Disbursement Order governs $82,500,000 in cash, which is approximately four times the total amount of Inferno's claim. Assuming for the sake of argument that Hankey was not required to return the approximate $29,900,000 disbursement contemplated by the Second Disbursement Motion, there is still more than sufficient cash governed by the First Disbursement Order to pay Inferno's claim several times over to the extent its claim is allowed and found to be senior to Hankey's claim. Thus, the First Disbursement Order (which Inferno consented to and is final and not subject to a stay or appeal) already provides Inferno with adequate protection without considering the terms under which any further disbursements are made to Hankey by the Second Disbursement Motion.

Pursuant to section 361(3) of the Bankruptcy Code, the Court has already fashioned the appropriate remedy and protection in favor of Inferno (and the other secured creditors). Inferno is not entitled to anything more than what is already contained in the First Disbursement Order and contemplated by the Proposed Second Disbursement Order.

D. **The Conditional Disbursement is Supported by the Debtor's Business Judgment**

As a debtor in possession, the Debtor's discretion regarding the preservation of estate assets is subject to the restrictions and other limitations under the Bankruptcy Code. For example, in *Columbia Gas Systems*, the Third Circuit held that "the interaction of subsections [345] (a) and (b) requires investment of the estate's funds to obtain the best return possible from the available

options **taking safety into account**." *U.S. Trustee v. Columbia Gas Systems, Inc.* (*In re Columbia Gas Systems, Inc.*), 33 F.3d 294, 302 (3rd Cir. 1994) (emphasis added).

This means the Debtor's investment of cash is subject to the limitations under section 345 of the Bankruptcy Code. Absent court authorization to the contrary, section 345 of the Bankruptcy Code is designed to prevent a Debtor from making risky investments that could result in the loss of cash that would otherwise be used to pay creditors. Consequently, it is Yogi's understanding from the Debtor that it is earning approximately 3% per annum from the sale proceeds.

In contrast, the outstanding principal amount under the First Hankey Note (more than $17,000,000) accrues interest at a rate of 18.25% per annum. If the Debtor is permitted to pay down the First Hankey Note, the estate will avoid approximately $270,000 in the further accrual of interest in the month of September alone. If the Debtor retains the sale proceeds it will earn a mere 3% interest, which will yield $74,750 in interest for the month of September. Plus, Hankey's claim will accrue interest over the course of an entire year that will dwarf the amount of interest the Debtor earns at a meager 3% per annum.

In the end, the Debtor is faced with a decision. Either retain $29,900,000 and lose approximately $200,000 **per month** in the further accrual of interest or pay $29,900,000 and preserve the remaining cash to the extent that other junior creditors are entitled to be paid from the excess sale proceeds. If Hankey is not entitled to retain the distributions the cash will be returned to the estate and used to pay creditors whose claims are senior and allowed.

///
///
///
///
///
///
///
///
///

# IV.

# **CONCLUSION**

The Second Disbursement Motion should be granted because it stops the accrual of interest that is devouring the finite amount of remaining sale proceeds available to pay other junior creditors and it also adequately secures Inferno's and Yogi's interest in the sale proceeds at the same time.

Dated: August 25, 2025                    PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ John W. Lucas*
       John W. Lucas

*Attorneys for Yogi Securities Holdings, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **One Sansome Street, Suite 3430, San Francisco, CA 94104**

A true and correct copy of the foregoing document entitled (*specify*)**:** ***YOGI SECURITIES' REPLY TO INFERNO'S OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS*** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 25, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 25, 2025 | Oliver Carpio | /s/ Oliver Carpio |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   Case 2:21-bk-18205-DS

- Kyra E Andrassy    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Ryan Coy    ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com;ryan.coy@ecf.courtdrive.com
- Marguerite Lee DeVoll    mdevoll@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Max Fabricant    mfabricant@lavelysinger.com
- Danielle R Gabai    dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Jonathan Gottlieb    jdg@lnbyg.com
- Steven T Gubner    ecf@bg.law, ecf@bg.law
- Jeffrey Huron    jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
- Robert B Kaplan    rbk@jmbm.com, rbk@ecf.courtdrive.com
- Jane G Kearl    jkearl@watttieder.com, lharake@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Marc A Lieberman    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- Nicholas David Moss    nmoss@molinolawfirm.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com;avernon@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com,csantiago@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Joseph M Rothberg    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- Victor A Sahn    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- William Schumacher    wschumacher@winthrop.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

- Daniel Wall    dwall@wallinrussell.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

4926-7018-0449.5 96887.00001

11