DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com; jmr@lnbyg.com

Attorneys for Debtor and Debtor in Possession Crestlloyd, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>        Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**REPLY TO INFERNO INVESTMENT, INC.'S OPPOSITION TO DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Hearing</u><br>  Date:    August 28, 2025<br>  Time:   1:00 p.m.<br>  Place:  Courtroom 1639<br>             255 E. Temple Street<br>             Los Angeles, CA  90012 |

Crestlloyd LLC, the debtor and debtor in possession in the above captioned chapter 11 bankruptcy case ("Crestlloyd" or the "Debtor"), hereby submits the following reply brief to the opposition (the "Opposition") [ECF No. 640] filed by Plaintiff Inferno Investment Inc. ("Inferno") opposition to the Debtor's Second Motion for Authority to Disburse Funds to Hankey Capital LLC (the "Motion") [ECF No. 635], as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Inferno, in its Opposition, tries to recharacterize the Debtor's Motion as a "cash collateral" motion. It is not. It is a Motion to distribute estate property pursuant to 11 U.S.C. § 363(b). By its very terms, the Motion seeks to distribute funds held by the Debtor to Hankey Capital LLC ("Hankey"), which claims to be the senior secured creditor. The purpose of doing so is to eliminate the accrual of further interest to Hankey's First Note. That way, *if* debt owing to Hankey pursuant to the Hankey Second Note or Hankey Third Note is found to be behind one of the other secured creditors (such as Inferno, or Yogi Securities Holdings, LLC ("Yogi"), or Hilldun Corporation ("Hilldun")), then there will be more funds for those available to those other parties.[1]

Inferno's conclusory statement that the Motion was procedurally defective is incorrect. Other than that, Inferno apparently had no other points to make, because Inferno tries to state that there is no adequate protection for Inferno, but provides no evidence in favor of this statement. Contrary to Inferno's statements, there is evidence before the Court that Inferno is adequately protected. The Court previously ordered, *inter alia*, the following concerning the first payment of $82,000,000 to Hankey on May 27, 2022:

> "The Payment will be without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, **including but not limited to the right to claw back any portion of the monies paid**."

*See* ECF No. 350 (the "First Disbursement Order") (emphasis added). At that point in time, Hankey's First Note was accruing interest in the amount of $36,666 **per day.** The interest since

---

[1] This assumes, that either Inferno or Yogi are successful in their adversary proceedings.

then is still significant, as Hankey's First Note continues to accrue interest the amount of $8,586.13 per day, or approximately $248,998 to $266,170 per month.

Debtor is currently earning interest on the funds held, but the bank interest being paid to Debtor pales in comparison to what Hankey's First Note is accruing: Debtor is earning approximately 3% interest on the funds being held, to the tune of about $106,000 per month.[2] (*See* e.g. ECF No. 644, Debtor's Monthly Operating Report for July 2025). This means that Hankey's First Note is earning more than twice as much as what Debtor can earn on those funds per month.

In fact, it remains a mystery why Inferno is objecting at all. Inferno stated the following in its objection to the First Disbursement Order:

> "Because of these issues, when Inferno informed counsel for Crestlloyd that it would consent to the payment to Hankey of $82.5 million, it was expressly conditioned upon the order providing that the payment is without prejudice to the rights of any party to contest Hankey Capital's right to receive that payment, to contest the validity of Hankey Capital's claim or the priority of its lien, or **to seek and obtain disgorgement of any portion of those funds that a court may determine Hankey Capital should not have received**."

(*See* ECF No. 337 at p. 3). As shown above, the Court's First Disbursement Order included that language. The First Disbursement Order continues to adequately protect Inferno's interest, as well as the interest of Yogi and Hilldun, and the remainder of the Estate's creditors. Inferno ignores this in its Opposition.

Equivalent, if not stronger wording concerning a clawback of funds is including in the order relating to the instant Motion. Hankey has not objected. Tellingly, none of the other parties to adversary proceedings objected either. That is because it is extremely apparent from the record before this Court that the rest of the parties have ample protection if the Court allows Debtor to

---

[2] Debtor is of course limited in what it can do with these funds; Debtor that this return in the form of bank interest is the best return Debtor can obtain while (1) ensuring that the funds on hand are not put at risk to market fluctuations while also (2) keeping the funds readily liquid.

distribute funds to Hankey. Hankey, as the Court knows, was already approved as the DIP lender in this bankruptcy. (*See* ECF Nos. 66 and 70). Hankey is a prominent member of the Los Angeles business community,[3] and is subject to this Court's jurisdiction. It is hard to envision what better adequate protection there may be under the circumstances.

Accordingly, Debtor respectfully posits that (1) under either the "business judgment standard" for motions brought under 11 USC §363(b), or (2) under the "adequate protection" standard under 11 USC §361, the Motion makes logical sense, and should be granted.

## II. THE COURT SHOULD GRANT THE MOTION

### A. It Matters Not Whether The Motion Is For Disbursement Of Estate Property Or For Cash Collateral Because The Motion Is The Best Course Of Action To Preserve Property OF the Estate For All Prospective Debtors

Call it what you want to call it, the Motion's purpose is to distribute cash to Hankey because of the interest accruing on Hankey's First Note, and the damage that could do to other creditors of the Debtor.

Debtor maintains it is clear that the instant Motion is allowed pursuant to 11 U.S.C. § 363(b)(1), because it is a disbursement that will maximize value to the estate. (*Czyzewski v. Jevic Holding Corporation*, 137 S. Ct. 973, 978 (2017) (applying the business judgment standard). There is not much Debtor can do with the funds it is holding that would allow Debtor to (a) earn a greater return than what interest is accruing under Hankey's First Note (at the rate of approximately 8%); while also (b) satisfying all creditors of the Debtor at the same time. In other words, the Debtor could not practically hope to achieve a greater turn than the approximate 3 – 4% that Debtor is earning by holding its funds in a savings account at a chartered bank. Paying down Hankey's First Note, and eliminating the accrual of interest, is the only practical way that Debtor can hope to maximize estate value.

---

[3] There are multiple news articles about Hankey's principal, Don Hankey's real estate development loans in the Los Angeles area; the LA Times has described him as a "Los Angeles multimillionaire" who has helped bankroll significant developments in the Los Angles area. See e.g. https://www.latimes.com/business/la-fi-circa-dtla-apartments-20181005-story.html

At present, Hankey's First Note earns interest, at minimum, of approximately $248,000 per month. At best, Debtor can earn interest of approximately $106,000 per month. (*See* ECF No. 644). Assuming that Hankey is found to be in first position (but that the *entire* debt due to Hankey is not found to be in first position), then that represents a loss to the other creditors in the amount of approximately $142,000 per month, **or $1,704,000 per year.**[4]

This figure is significant. Debtor respectfully posits that the Motion should therefore be granted because it is in accordance with the best business judgment that the Debtor can make.

But, even assuming *arguendo* that Inferno were correct and the Motion is one for use of cash collateral, it matters not, because Inferno, Yogi, and Hilldun are all more than adequately protected, as explained in detail below.

### B. Inferno Remains Adequately Protected

To provide "adequate protection," under 11 USC §361, a debtor in possession may give the creditor any of the following (a) a cash payment or periodic cash payments; (b) an additional or replacement lien; or (c) other relief that will result in the creditor receiving the "indubitable equivalent" of the creditor's interest in the property.

Adequate protection may be provided by giving the lienholder any other relief that will enable the lienholder to realize the "indubitable equivalent" of its interest. (11 USC § 361; *see In re Sheehan*, 38 B.R. 859, 864 (D.S.D.1984) *see also In re Murel Holding Corp.* 75 F2d 941, 942 (2nd Cir. 1935)).

This is exactly what was provided the first time to all of the potentially secured creditors, and what is being provided now. The Court's prior order already noted that the funds disbursed are subject to a possible claw back. [*See* ECF 350]. That First Disbursement Order approved the Debtor's payment of Hankey in the amount of $82,500,000.00. The First Disbursement Order had

---

[4] Unless the parties to Inferno's adversary proceedings are able to resolve their disputes, there is a real threat of further loss. The dispositive motion cut off is over 13 months from now and there is no trial date yet set. Assuming the dispute continues for another 18 months or more, that would mean an **erosion of value of over $2,556,000.**

specific language in it to address Inferno's objection.[5] This figure dwarfs the amount Inferno claims it is owed: $9,982,737.09 unsecured, plus interest, per Inferno's Proof of Claim No. 10, and $20,902,106.12 secured, plus interest, per Inferno's Proof of Claim No. 11. That approximately $30,000,000 in debt allegedly owed to Inferno is less than half of the first disbursement made to Hankey, (in the amount of $82,500,000). The question thus is, what changed between the First Disbursement Order and now? Debtor respectfully posits that nothing has materially changed, and Inferno remains adequately protected.

By allowing the Debtor to pay off Hankey's First Note, the Debtor will be able to maximize the value of its bankruptcy estate while at the same time preserving value for creditors that might be junior to the First Hankey Note but senior to the Second Hankey Note and the Third Hankey Note. All of the Creditors remain adequately protected given the language in the First Disbursement Order, the language in the Proposed Order relating to this Motion, and the facts and circumstances relating to Hankey's ability to return those funds if necessary. Once Hankey is paid all amounts owing with respect to the First Hankey Note, except for fees and costs, interest on such note will cease to accrue and the remaining proceeds will be made available to the holder of claims having priority as determined by the Court. This, in and of itself, is the best protection all the creditors could hope for.

## III. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court grant the Motion and enter an order:

(1) authorizing the Debtor to pay Hankey **$28,635,972.63,** plus interest accruing up until the disbursement is made in the amount of $8,586.13 per day;

(2) requiring Hankey to return any distribution to the extent the Court determines that its claim is not secured or junior to other claims having priority; and

---

[5] Notably, at that time, Inferno did not object to the form of the Motion as being one for "cash collateral" as opposed to a disbursement. (*Se*e ECF No. 337). Again, Debtor believes this is a distinction without meaning in this context.

(3)  affording such further and other relief as is warranted under the circumstances.

Dated: August 25, 2025            LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: /s/ Joseph M. Rothberg
    DAVID B. GOLUBCHIK
    TODD M. ARNOLD
    JOSEPH M. ROTHBERG

Attorneys for Debtor and Debtor in Possession
Crestlloyd LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Reply To Inferno Investment, Inc.'S Opposition To Debtor's Second Motion For Authority To Disburse Funds To Hankey Capital, Llc; Memorandum Of Points And Authorities** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 25, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy     kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- Todd M Arnold     tma@lnbyg.com
- Jerrold L Bregman     jbregman@bg.law, ecf@bg.law
- Ryan Coy     ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com;ryan.coy@ecf.courtdrive.com
- Marguerite Lee DeVoll     mdevoll@watttieder.com
- Karol K Denniston     karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada     oestrada@ttc.lacounty.gov
- Max Fabricant     mfabricant@lavelysinger.com
- Danielle R Gabai     dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- Thomas M Geher     tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik     dbg@lnbyg.com, dbg@lnbyg.com
- Andrew Goodman     agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Jonathan Gottlieb     jdg@lnbyg.com
- Steven T Gubner     ecf@bg.law, ecf@bg.law
- Jeffrey Huron     jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
- Robert B Kaplan     rbk@jmbm.com, rbk@ecf.courtdrive.com
- Jane G Kearl     jkearl@watttieder.com, lharake@watttieder.com
- Jennifer Larkin Kneeland     jkneeland@watttieder.com
- Michael S Kogan     mkogan@koganlawfirm.com
- Marc A Lieberman     marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- John W Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Noreen A Madoyan     Noreen.Madoyan@usdoj.gov
- John A Moe     john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- Nicholas David Moss     nmoss@molinolawfirm.com
- Samuel A Newman     sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea     rodea@shulmanbastian.com, lgauthier@shulmanbastian.com;avernon@shulmanbastian.com
- Sharon Oh-Kubisch     sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     **F 9013-3.1.PROOF.SERVICE**

- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com,csantiago@raineslaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Joseph M Rothberg**    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Victor A Sahn**    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com, Karen.Files@gmlaw.com
- **William Schumacher**    wschumacher@winthrop.com, autodocketecf@milbank.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Daniel Wall**    dwall@wallinrussell.com
- **Genevieve G Weiner**    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

**2. SERVED BY UNITED STATES MAIL**: On **August 25, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 25, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 25, 2025 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                        **F 9013-3.1.PROOF.SERVICE**

In re Crestlloyd, LLC
RSN
File No. 9562

| | | |
|---|---|---|
| *Request for Special Notice*<br>Samuel A. Newman, Esq.<br>Genevieve G. Weiner, Esq.<br>Sidley Austin LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA 90013 | *Request for Special Notice*<br>Amy P. Lally, Esq.<br>Sidley Austin LLP<br>1999 Avenue of the Stars, 17th Floor<br>Los Angeles, CA 90067 | *Request for Special Notice*<br>Andre Mario Smith<br>7938 Broadway #1263<br>Lemon Grove, CA 91946 |
| *Request for Special Notice*<br>Richard M. Pachulski<br>Jogn W. Lucas<br>Pachulski Stang Ziehl & Jones, LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067 | | |