Howard J. Steinberg (SBN CA 89291)
Eric V. Rowen (SBN CA 106234)
Matthew R. Gershman (SBN CA 253031)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700/Facsimile: 310.586.7800

Thomas M. Geher (SBN CA 130588)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California  90067
Telephone: 310.203-8080/Facsimile: 310.203.0567

Attorneys for Hankey Capital, LLC

# UNITED STATE BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 2:21-bk-18205-DS |
| CRESTLLOYD, LLC., | Chapter 11 |
| Debtor. | **REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC** |
| | DATE:     August 28, 2025 |
| | TIME:     1:00 p.m. |
| | DEPT:     Courtroom 1639 |
| | 255 E. Temple Street |
| | Los Angeles, CA  90012 |

*GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121*

## I.    <u>INTRODUCTION</u>

There is no dispute that on October 25, 2018, Hankey Capital, LLC ("Hankey") loaned Crestlloyd, LLC ("Debtor") $82,500,000 (the "First Hankey Note") which was secured by a lien on Debtor's property located at 944 Airole Way in Bel Air, California (the "Property");  that Debtor executed an amended and restated promissory note dated December 10, 2019, in the principal amount of $91 million in favor of Hankey (the "Second Hankey Note"); and that Debtor executed an amended and restated promissory note dated August 20, 2020 in the principal amount of $106 million in favor of Hankey (the "Third Hankey  Note"). On May 27, 2022, over the objection of Inferno Investment, LLC ("Inferno"), the Court granted Debtor's motion for authority to disburse $82,500,000 (the "Distribution") from sales proceeds of the Property to Hankey (the "First Distribution Motion").  The rationale for doing so was that given the interest accrual on the First Hankey Note, even if challenges to priority of the Second Hankey Note and Third Hankey Note were successful, there would be little to no money available for other lien claimants and the estate if challenges to the lien priority of the First Hankey Note were not successful.

The Distribution was applied in accordance with the terms of the First Hankey Note, first to outstanding fees and costs, then to interest, with the remainder to principal.  The Distribution was insufficient to satisfy the First Hankey Note because it only equaled the principal amount that had been advanced, without regard to accrued interest, fees, and protective advances.  The same concerns that prompted Debtor and other parties in interest to support the First Distribution Motion prompted them, recently, to again reach out to Hankey and obtain information about amounts outstanding and unpaid under the First Hankey Note.  Debtor's request, with the support of Yogi Securities Holdings, LLC for authority to pay the remaining outstanding sums under the First Hankey Note, is made in the Second Motion for Authority to Disburse Funds to Hankey Capital, LLC ("Second Disbursement Motion") (Doc. No. 635).  Inferno has once again lodged an opposition to the proposed distribution to Hankey, the Opposition to Debtor's Second Motion for Authority to Disburse Funds to Hankey Capital, LLC ("Opposition")(Doc. No. 640).  Inferno concedes that it ultimately consented to the Distribution because such payment was made subject to a right to claw back the funds and without prejudice to contest Hankey's right to receive the funds.  Opposition, page 2. Those same terms are applicable here.  Despite

REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS
TO HANKEY CAPITAL, LLC

ACTIVE 714121272v2

GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

making no showing to this effect, Inferno now claims that the Second Disbursement Motion should not be granted because its interests are not adequately protected.  This argument is specious and should be denied.

## II.    INFERNO'S OPPOSITION SHOULD BE DENIED

### A.    Inferno Is, at Most, an Undersecured Creditor with No Interest in the Funds Now to be Disbursed

While Inferno claims to be a secured creditor, it has made no showing to this effect.  No evidence is proffered in support of this proposition.  In fact, Inferno holds nothing more than a partnership interest with respect to the right to receive funds from the sale of the Property.  While Inferno makes reference to notes that Crestlloyd signed, it fails to apprise the Court that before these notes were executed, it entered into a partnership agreement with the debtor and advanced funds for the Property in accordance with that agreement.  In a classic example of seeking to elevate form over substance, Debtor and Inferno subsequently "terminated" the partnership agreement and proceeded to then document capital advances as loans.  The "loan" documents retain some of the same terms as were present in the partnership agreement, including a provision that the "loan" was not due on a fixed term but rather only payable when the Property was sold, a telltale sign that the advance was never a loan.  In addition, $7 million of principal in Inferno's "note" was forgiven for no apparent consideration.  There are few, if any, documents that have been produced in discovery on these issues.  While the Court will rule upon this issue in the pending adversary proceeding, Inferno's failure to be transparent about its dealings and relationship with Debtor is troubling.

In its Opposition, Inferno concedes that there is a subordination agreement in favor of Hankey with respect to Inferno's alleged lien rights.  Opposition, page 2.  Thus, there is no dispute that Inferno's alleged lien rights are junior to Hankey's interests based upon filings of record.  While Inferno claims the subordination agreement was forged, unauthorized and unenforceable, this notion is incredible because Inferno, years ago, asked for and was sent a copy of the signed subordination agreement; Inferno, years ago, subsequently received a number of emails referencing the subordination agreement; and Inferno acknowledged on several occasions, including in two pleadings filed in this Court, that it held a lien position junior and subordinate to Hankey.  Only after the sale of the Property yielded insufficient funds

REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC

ACTIVE 714121272v2

GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

to pay all secured creditors did Inferno first contend that the subordination agreement was a forgery. While this issue will not be decided in the context of the pending motion, there is no basis for the Court to now conclude that Hankey's lien is junior to the alleged lien held by Inferno.

In its Opposition, Inferno also concedes that it signed a Memorandum of Understanding where it explicitly agreed to be paid after all other lenders were paid. Opposition, page 2. No evidence is proffered by Inferno to rebut the enforceability of that agreement. While this issue will likewise now not be resolved, suffice to say that there are significant issues whether Inferno is even a creditor, let alone whether it has lien rights in the funds now sought to be distributed.

**B.     Inferno Is Not Entitled to Adequate Protection**

While Inferno claims there is an insufficient evidentiary basis to grant the Second Disbursement Motion, the Opposition should be overruled because Inferno has made no showing that it is entitled to adequate protection. Pursuant to Bankruptcy Code section 363(p)(2), in order to be entitled to relief, the alleged secured creditor must establish the "validity, priority, and extent" of its lien. This is a threshold issue that must be established before Debtor is required to provide any evidence that the alleged secured creditor's interest is adequately protected. Inferno has provided no evidence to this effect and has not met its statutory requirement to obtain adequate protection. As explained in *Official Comm. of Unsecured Creditors v. UMB Bank, N.A. (In re Residential Capital, LLC)*, 501 B.R. 549, 590 (Bankr. S.D. N.Y. 2013), a case cited by Inferno:

> The burden of proving valuation falls on different parties at different times. In establishing its claim, a secured creditor generally bears the burden under section 506(a) of proving the amount and extent of its lien. *In re Sneijder*, 407 B.R. 46, 55 (Bankr. S.D. N.Y. 2009); see also *In re Heritage Highgate, Inc.*, 679 F.3d 132, 140 (3d Cir. 2012) (holding that "the ultimate burden of persuasion is upon the creditor to demonstrate by a preponderance of the evidence both the extent of its lien and the value of the collateral securing its claim") (quoting *In re Robertson*, 135 B.R. 350, 352 (Bankr. E.D. Ark. 1992)). Once the amount and extent of the secured claim has been set, the burden shifts to a debtor seeking to use, sell, lease, or otherwise encumber the lender's collateral under sections 363 or 364 of the Code to prove that the secured creditor's interest will be adequately protected.

GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

ACTIVE 714121272v2

While Inferno says that this case stands for the proposition that the holder of a disputed secured claim is entitled to adequate protection of its interest (Opposition, page 4), there is no such holding in that case. Inferno further miscites case law by stating that *In re Claar Cellars LLC*, 2020 WL 1238924 (Bankr. E.D. Wash. Mar. 13, 2020), says that the holder of a disputed security interest is entitled to adequate protection. In *Claar*, the facts are the opposite of what is presently before the Court. In that case, unlike Inferno, the objecting party was the holder of an undisputed secured claim. That undisputed secured creditor objected to payments proposed to be made to the holder of a disputed secured claim. The court in *Claar* found that the objecting secured creditor's interests were adequately protected and allowed a payment to be made to the holder of a disputed secured claim since doing so would stop the accrual of post-petition interest. While the holder of a disputed secured claim received a payment on its claim, this does not mean that any party who claims a security interest must have its alleged interests adequately protected as a condition of a secured creditor receiving funds. This is particularly so where the alleged objecting secured creditor proffers no evidence in support of its position.

Even if Inferno offered evidence to satisfy the Court that it held a bona fide secured claim, which it clearly has not, it has made no showing that it is entitled to adequate protection with respect to the funds to be distributed to Hankey in the Second Disbursement Motion. As the Supreme Court recognized in *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 372 108 S.Ct. 626, 631, 98 L. Ed. 2d 740 (1988):

> The phrase "value of such creditor's interest" in § 506(a) means "the value of the collateral." H.R.Rep. No. 95-595, pp. 181, 356 (1977); see also S.Rep. No. 95-989, p. 68 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5854, 6141, 6312. We think the phrase "value of such entity's interest" in § 361(1) and (2), when applied to secured creditors, means the same.

Given that Inferno would be "out of the money" with respect to its alleged lien rights in the Property's proceeds and has failed to demonstrate a lien on the funds, there is no interest that it holds that is entitled to adequate protection. *In re Dairy Mart Convenience Stores, Inc.,* 351 F.3d 86, 90, 51 Collier Bankr. Cas. 2d (MB) 223 (2d Cir. 2003) ("The adequate protection provision of 11 U.S.C. § 361 protects only secured creditors.").

GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS
TO HANKEY CAPITAL, LLC
ACTIVE 714121272v2

Inferno has also failed to show a diminution in the value of its collateral.  As noted in the *Claar* decision, upon which Inferno relies:

> An undersecured creditor's "interest in property" entitled to adequate protection is the value of its collateral. Inwood Forest, 484 U.S. at 372 ("The phrase 'value of such creditor's interest' in § 506(a) means 'the value of the collateral.' We think the phrase 'value of such entity's interest' in § 361(1) and (2), when applied to secured creditors, means the same."). "Adequate protection payments are intended to compensate the creditor for a decline in the value of the collateral." 3 Collier on Bankruptcy ¶ 361.03[2][a] (15th ed. rev.2008). People's, having failed to provide any evidence that the Collateral is decreasing in value, has not made the requisite "initial showing of cause" and is therefore entitled neither to relief from stay under § 362(d)(1) nor to adequate protection payments under § 361.

*In re Claar Cellars LLC*, 2020 WL 1238924, at *4 (Bankr. E.D. Wash. Mar. 13, 2020).

Here, the agreement of Hankey to repay funds in the event of an adverse ruling in the adversary proceeding adequately protects whatever interests, if any, that inferno may have, just as it did when the Court granted the First Disbursement Motion.  Further, the agreement on Hankey's part to return the $82,500,000 it previously received, which is an amount 3-4 times in excess of Inferno's alleged claim, likewise provides more than ample adequate protection.

## C.    If Deemed Necessary by the Court, Hankey Will Provide Additional Adequate Protection with Respect to the Funds to be Disbursed

In an effort to avoid a needless waste of time for the Court and parties in interest, as well as incursion of fees, subject to Inferno signing a confidentiality agreement, Hankey offered to provide Inferno with financial information to demonstrate that Hankey has ample resources to repay the funds that it is to receive if the Second Disbursement Motion is granted.  Hankey further offered the guarantee of this obligation by Don Hankey ("Mr. Hankey"), Hankey's principal, if Hankey failed to reimburse this amount.  The financial resources of Hankey and Mr. Hankey are enormous and there is no risk of nonpayment. A guarantee provides adequate protection. *In re Eureka Southern RR, Inc.,* 72 B.R. 813, 820 (Bankr. N.D. Cal. 1987) ("it is clear that a third party guarantee can be a form of adequate protection.");

REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS
TO HANKEY CAPITAL, LLC

ACTIVE 714121272v2

GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

*Lombardo's Ravioli Kitchen, Inc.*, 2009 WL 585814, at *5 (Bankr. D. Conn. Feb. 20, 2009)(guarantee provides adequate protection); *In re Swedeland Development Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) ("Among the ways a debtor may demonstrate the existence of adequate protection is by supplying the pre-petition lender with a new third-party guaranty or with substitute collateral."). In light of this proposal, Inferno's continued assertion of its Opposition cannot be justified. If the Court deems such a guarantee necessary, in the interest of avoiding additional delays and expense for all concerned, it is requested that the Second Disbursement Motion now be conditionally granted with Inferno afforded the right to object to the sufficiency of Mr. Hankey's guarantee and, within seven days of being provided this information with a right to further hearing if Inferno so requests.

### D. Inferno Has Admitted that there Is Ample Business Justification for the Second Disbursement Motion

Without citation to any authority or justification for its argument, Inferno devotes one sentence to arguing that there is insufficient business justification for the Second Disbursement Motion. Opposition, page 5. Inferno ignores its own acknowledgement in its Opposition that interest accrual on the unpaid monies owing to Hankey on the First Hankey Note exceed $250,000 per month, which far exceeds the $70,000 monthly interest being earned by Debtor on the funds to be distributed. Opposition, page 4. The granting of the Second Disbursement Motion will result in millions of dollars of savings during the time in which the adversary proceeding is being adjudicated, which savings inures to the benefit of all junior lienholders.

## III. **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Opposition be overruled and that the Second Distribution Motion to granted.

DATED: August 25, 2025                    GREENBERG TRAURIG, LLP

                                         /s/ Howard J. Steinberg
                        By _____
                           Howard J. Steinberg
                           Attorneys for Hankey Capital, LLC

GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Greenberg Traurig LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled (*specify*): **REPLY BRIEF IN SUPPORT OF SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 25, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   8/25/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/25/2025 | Terrine Pearsall | /s/ Terrine Pearsall |
|-----------|------------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<u>SERVICE LIST</u>
In re Crestlloyd, LLC
Case No. 2:21-bk-18205-DS

**1.    To be Served by the Court Via Notice of Electronic Filing (NEF):**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com; csantiago@raineslaw.com
- **Todd M Arnold**    tma@lnbyg.com
- **Jerrold L Bregman**    jbregman@bg.law, ecf@bg.law
- **Ryan Coy**    ryan.coy@saul.com, hannah.richmond@saul.com; Shelly.Guise@saul.com;LitigationDocketing@saul.com;ryan.coy@ecf.courtdrive.com
- **Marguerite Lee DeVoll**    mdevoll@watttieder.com
- **Karol K Denniston**    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com; sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Max Fabricant**    mfabricant@lavelysinger.com
- **Danielle R Gabai**    dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com; aantonio@ecjlaw.com;dperez@ecjlaw.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **David B Golubchik**    dbg@lnbyg.com, dbg@lnbyg.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify. bestcase.com
- **Jonathan Gottlieb**    jdg@lnbyg.com
- **Steven T Gubner**    ecf@bg.law, ecf@bg.law
- **Jeffrey Huron**    jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com; DocketLA@dykema.com
- **Robert B Kaplan**    rbk@jmbm.com, rbk@ecf.courtdrive.com
- **Jane G Kearl**    jkearl@watttieder.com, lharake@watttieder.com
- **Jennifer Larkin Kneeland**    jkneeland@watttieder.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **John A Moe**    john.moe@dentons.com, kathryn.howard@dentons.com; derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **Nicholas David Moss**    nmoss@molinolawfirm.com
- **Samuel A Newman**    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com; laefilingnotice@sidley.com

1

- **Ryan D O'Dea**    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com; avernon@shulmanbastian.com
- **Sharon Oh-Kubisch**    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com, csantiago@raineslaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Joseph M Rothberg**    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Victor A Sahn**    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com; pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- **William Schumacher**    wschumacher@winthrop.com, autodocketecf@milbank.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Zev Shechtman**    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com; hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Daniel Wall**    dwall@wallinrussell.com
- **Genevieve G Weiner**    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com;psantos@sidley.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law


**2.**   Served by United States Mail:

**Yvonne Niami**
**1132 E. 12th Street**
**Los Angeles, CA 90021**


**N. Philanthropy LLC**
**Attn: Yvonne Niami**
**1132 E. 12th Street**
**Los Angeles, CA 90021**

2