BRYAN CAVE LEIGHTON PAISNER LLP
Sharon Z. Weiss (CA State Bar No. 169446)
E-Mail: sharon.weiss@bclplaw.com
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200

STINSON LLP
Jeff G. Huron (CA State Bar No. 136585)
E-Mail: jeff.huron@stinson.com
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 730-7026

Counsel for Inferno Investment, Inc.

**FILED & ENTERED**

**SEP 24 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>　　　　　Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**STIPULATED PROTECTIVE ORDER** |

This Stipulated Protective Order (the "Protective Order" or "Order") is entered into by and among Hankey Capital, LLC ("Hankey") and Evirum Inc. d.b.a. Inferno Investment, Inc. ("Inferno" and collectively, the "Parties").

The Parties, by their undersigned counsel, hereby stipulate to the following provisions:

## DEFINITIONS

1. "Bankruptcy Case" means the above-captioned bankruptcy case.

2. "Confidential Information" means information that is designated as Confidential or Highly Confidential in accordance with this Protective Order.

3. "Court" means the United States Bankruptcy Court for the Central District of California.

4. "Designating Party" means a Party or non-Party that designates information or items in disclosures, productions, or in responses to discovery as Confidential or Highly Confidential information.

5. "ESI" is an abbreviation of "electronically stored information" and shall have the same meaning and scope as in Federal Rule of Civil Procedure 34(a)(1)(A).

6. "Outside Counsel of Record" is an external attorney or law firm officially designated by the court as a party's legal representative, who is authorized to receive and handle confidential information disclosed during litigation under the Protective Order's terms.

7. "Permitting Inspection" in response to a request for production under Federal Rule of Civil Procedure 34 has the same meaning as otherwise set forth in Federal Rule of Civil Procedure 34, without regard to whether the materials are made available in hard copy or made accessible online in a digital copy.

8. "Privileged Material" means any Document, ESI, or related information that is protected from disclosure by a privilege or other immunity from discovery, including without limitation the attorney-client or the work product privilege (as those terms are defined by Federal Rule of Evidence 502(g)), the joint defense or common interest privilege, or any other statutory privilege or protection.

9. "Producing Party" means a party or non-party that produces Confidential Information in connection with the Bankruptcy Case.

10. "Receiving Party" means a person who receives Confidential Information directly or indirectly from a Producing Party.

**SCOPE**

11. All documents, ESI, items, and other information produced in the course of discovery in connection with the Bankruptcy Case, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively, "Documents"), shall be subject to this Protective Order. The protections conferred by this Protective Order shall also cover copies, extracts, or excerpts from Documents produced in this litigation, the substance thereof, as well as any testimony that reveals Confidential Information or Privileged Material.

**DESIGNATING AND CHALLENGING DESIGNATIONS**

12. Documents may be designated "CONFIDENTIAL" if, at the time they are disclosed or produced in discovery, the Producing Party has a good-faith belief that information in the Documents is not in the public domain, or if in the public domain, not properly in the public domain, and such information is (a) confidential research, development, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); or (b) personal financial or other private information that would be properly redacted from any public court filing pursuant to Fed. R. Civ. P. 5.2; or (c) information protected by the provisions of the Privacy Act, 5 U.S.C. 552a.

13. Documents may be designated "HIGHLY CONFIDENTIAL" if they contain extremely sensitive Confidential Information, disclosure of which to another would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information includes, but is not limited to, the private health and medical information of individuals and information protected by the Privacy Act, 5 U.S.C. 552a, or highly sensitive financial or trade secret information.

14.	Documents may be designated as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the Document and on all copies in a manner that will not interfere with the legibility of the Document. To the extent a Document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the Document is not practicable, the producing party may designate the Document as confidential by cover letter or slip sheet, or by affixing a label to the production media containing the Document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the Documents are produced or disclosed. For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15.	Any copies that are made of any Documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of Documents that do not contain substantial portions or images of the text of Documents designated as Confidential or Highly Confidential and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

16.	A Party shall not be obligated to challenge the propriety of a designation information as Confidential or Highly Confidential at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party disagrees with the designation of any information as confidential, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting Party may object in writing to the Party who designated the

document or information as confidential. The designating party shall respond to such objection in writing within five (5) business days (the "Objection Deadline"). If the objecting Party still disputes the designation, the objecting Party shall move the Court, within seven (7) days after the later of (a) the date the objecting Party disputed the designation or (b) the Objection Deadline, for an order vacating the confidential status of the disputed information. The disputed information shall remain Confidential or Highly Confidential Information unless and until the Court orders otherwise. Objections shall be heard by the Court in advance of any hearing or trial.

## DEPOSITIONS

17. Unless stated otherwise on the record at the time the deposition testimony is taken as set forth in this Paragraph, all deposition testimony taken within the scope of this Order shall be treated as Highly Confidential Information for a period of 10 days after the deposition. If an exhibit was previously produced during discovery, such exhibit shall have the designation as it exists at the time the exhibit is introduced or referenced during the deposition. Otherwise, such exhibits shall also be treated as Highly Confidential for a period of 10 days after the deposition. No later than the 10th day after the party is deposed, a party may serve a Notice of Designation to all Parties of record and the court reporter for the deposition in question as to specific pages and lines of the transcript and exhibits that are designated as Confidential or Highly Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Protective Order. After the receipt of any errata, the party which noticed the deposition shall request the court reporter to provide a revised final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential in the lower left-hand corner of each designated page.

## USE OF CONFIDENTIAL INFORMATION

18. Unless otherwise agreed to by the Designating Party or ordered by the court, a Receiving Party may use Confidential or Highly Confidential material solely for the purpose of the Bankruptcy Case. Such material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

19. Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the Receiving Party's Outside Counsel of Record and their employees to whom disclosure is reasonably necessary for the Bankruptcy Case;

    (b)    the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

    (c)    Experts, consultants, and their employees to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters and their staff, professional trial consultants, and professional vendors, to whom disclosure is reasonably necessary for this Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)    actual or potential witnesses in the Bankruptcy Case to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

    (g)    the author or recipient of a Document containing the information or a custodian or other person.

    (h)    mediators and/or other third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, to whom disclosure is reasonably necessary for this and Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

20. Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

    (a)    the Receiving Party's Outside Counsel of Record and their employees to whom disclosure is reasonably necessary for the Adversary Proceeding or the Bankruptcy Case;

  (b) in-house counsel of the Receiving Party to whom disclosure is reasonably necessary for the Bankruptcy Case;

  (c) Experts, consultants, and their employees to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters and their staff, professional jury or trial consultants, and professional vendors, to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f) actual or potential witnesses in the Bankruptcy Case to whom disclosure is reasonably necessary for the Bankruptcy Case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

  (g) the author or recipient of a Document containing the information or a custodian or other person.

21. Nothing in this Protective Order shall be construed to limit the use of any Document(s) in the Bankruptcy Case provided that the Parties take reasonably necessary precautions in advance to avoid the public disclosure of material designated as Confidential and Highly Confidential. A Party that intends to present, or that anticipates that another party may present, such information at a hearing, shall bring that issue to the Court's and Parties' attention as soon as practicable. The Court may thereafter make such orders as are necessary to govern the use of such Documents at hearings.

### **RULE 502(D) PROVISIONS**

22. Pursuant to Federal Rule of Evidence 502(d), the disclosure or production to a Receiving Party of any Documents, communications, or information shall not, for the purposes of this proceeding or any other proceeding, constitute a waiver of the attorney-client privilege or work-product protection, applicable to: (a) those Documents, communications, or information; or (b) any other Documents, communications, or information with a related subject matter. Permitting

7
STIPULATED PROTECTIVE ORDER

Inspection of communications and other Documents that may contain Privileged Material does not constitute waiver of any privilege.

23. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents, communications, or information under this order.

24. The Producing Party shall be permitted to request from any Receiving Party the return or destruction of Documents, communications, or information produced under this order on the basis that such Documents, communications, or information are Privileged Material. If the Producing Party makes such a request to a Receiving Party for the return or destruction of Privileged Material, the Receiving Party shall, within five business days, return or destroy all copies of the Privileged Material, and provide a certification of counsel that all such information has been returned or destroyed. Nothing in this order shall change any obligation of a Producing Party to preserve Documents.

25. Nothing in this Protective Order shall prevent the Receiving Party from challenging the privilege or protection asserted by the Producing Party and moving for an order compelling production of the Privileged Material. Any such motion shall be filed under seal and shall not assert as a ground for entering such an order the production of Privileged Material pursuant to this order.

26. A Producing Party may not rely on its own disclosure or production of privileged or work product materials under this order as a basis to seek disqualification of a Receiving Party or its counsel.

## **MISCELLANEOUS PROVISIONS**

27. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In

addition, the Receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the receiving party has in its possession, custody or control Confidential Information received from the Producing Party.

28. After final disposition of the Bankruptcy Case, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

29. This Protective Order shall survive the termination of this action. This Court shall retain jurisdiction over all persons subject to this Protective Order to interpret or enforce the provisions of this Protective Order.

###

Date: September 24, 2025

Deborah J. Saltzman
United States Bankruptcy Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], acknowledge that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for Central District on California on _____ in bankruptcy case number 2:21-bk-18205-DS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____