DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com; jmr@lnbyg.com

Attorneys for Debtor and Debtor in Possession
Crestlloyd LLC

FILED & ENTERED

SEP 26 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>    Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S SECOND MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC**<br><br>Hearing<br>  Date:   September 16, 2025<br>  Time:  1:00 p.m.<br>  Place:  Courtroom 1639<br>            255 E. Temple Street<br>            Los Angeles, CA  90012 |

A hearing was held at the above date, time, and place on the *Debtor's Second Motion for Authority to Disburse Funds to Hankey Capital, LLC* (the "Motion") [Docket No. 635] filed by debtor Crestlloyd LLC (the "Debtor"). Appearances were set forth on the record. Based on the Motion and all documents and evidence in support of the Motion, and the arguments of counsel at the hearing, and for the reasons stated on the record,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Debtor is authorized to pay to Hankey Capital, LLC ("Hankey") the sum of **$28,635,972.63** representing (a) remaining principal due on the note from Debtor to Hankey dated

1

October 25, 2018, in the principal amount of $82,500,000 (the "First Hankey Note"); (b) per diem interest which accrued through and including June 30, 2025 on the First Hankey Note; and (c) protective advances for insurance and property taxes.

2. The Debtor is authorized to pay Hankey an additional $8,586.13 per day, from July 1, 2025, up until and through the date of payment to Hankey, which, together with the $28,635,972.63 specified above shall be referred to herein as "Payment." The Payment shall be applied by Hankey to pay off all principal and interest due and payable pursuant to the First Hankey Note. Nothing contained herein shall in any way limit the right of Hankey to seek reimbursement as a first priority secured claim all fees and costs incurred by Hankey in enforcing and/or opposing any challenges to the First Hankey Note, including but not limited to challenges as to amount, enforceability, or the priority of its lien rights.

3. Within five (5) business days after making the Payment to Hankey, the Debtor shall file with the Court a notice regarding the payment made to Hankey that shall specify the date of payment and the amount paid so that such payment is a matter of public record.

4. If the Court enters an order or judgment (the "Return Order") that determines Hankey's claim against the Debtor's estate is not fully secured or is junior (in whole or in part) to other secured indebtedness and/or not entitled to the priority or amounts Hankey asserts, Hankey shall return to the Debtor such portion of the Payment and the amount authorized under the "First Disbursement Order" [Docket No. 350] (together, the "Return Amount") within thirty (30) days after entry of the Return Order to the extent such distributions exceed Hankey's rights and entitlements. Notwithstanding the foregoing, nothing in this Order prevents Hankey from seeking a stay of the Return Order and posting a bond and the rights of all parties in interest are preserved to oppose any such request.

5. The Payment will be made without prejudice to any rights, claims, defenses, or objections by all parties in interest, including but not limited to the challenges to the validity, priority, amount, enforceability, or secured status of Hankey's claim, and shall not constitute any admission or waiver by any party regarding such matters.

///

6. This Order does not constitute any ruling, determination, or adjudication by the Court regarding validity, priority, lien status, enforceability, or amount of any claims asserted by Hankey or any other party in interest. All such matters remain subject to future determination by the Court.

###

Date: September 26, 2025

Deborah J. Saltzman
United States Bankruptcy Judge