DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JMR@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re,<br><br>CRESTLLOYD, LLC,<br><br>                              Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br><br>                              Plaintiff,<br><br>          v.<br><br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br><br>                              Defendants. | **DEBTOR'S MOTION TO APPROVE COMPROMISE WITH HILLDUN CORPORATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF JOSEPH M. ROTHBERG IN SUPPORT THEREOF**<br><br>[Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9013-1(o)(1)]<br><br>[No Hearing Required] |
| CRESTLLOYD, LLC, a California limited liability company,<br><br>                              Cross-Claimant,<br><br>          v.<br><br>INFERNO INVESTMENT, INC., a Quebec Corporation; NILE NIAMI, an individual; YVONNE NIAMI, an individual, GROUND VIEW LLLP, a Nevada limited liability limited partnership; 1369 LONDONDERRY ESTATE LLC, a California limited liability company; MARBELLA CONSTRUCTION INC., a | |

4935-6274-4195.2 96887.00001                              1

1  California limited liability company;
N:PHILANTHROPY LLC, a California limited
2  liability company; YOGI SECURITIES
HOLDINGS, LLC, a Nevada limited liability
3  company; TROUSDALE ESTATE, LLC, a
Nevada limited liability Company; JOSEPH
4  ENGLANOFF, an individual; JUSTINE
ENGLANOFF, an individual; NICOLE
5  ENGLANOFF , an individual; JACQUELINE
ENGLANOFF, an individual; HILLDUN
6  CORPORATION, a New York corporation.

7                    Cross-Defendants.

8     **TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES**

9  **BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

10        Crestlloyd, LLC (the "Debtor" or "Plaintiff"), hereby moves (the "Motion") this

11  Bankruptcy Court for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

12  and Local Bankruptcy Rule 9013-1(o)(1), approving that certain Settlement Agreement and Mutual

13  Releases (the "Agreement") entered into by and among the Plaintiff and Hilldun Corporation

14  ("Hilldun" or "Defendant") with respect to the resolution of the Plaintiff's cross-claims in the

15  adversary proceeding bearing case number 2:22-ap-01125-DS, against Hilldun (the "Adversary

16  Proceeding").

17        The Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure

18  on the grounds that the Plaintiff, in the exercise of its business judgment, has determined that it is

19  in the best interests of the estate to fully resolve the disputes with Defendant Hilldun concerning

20  the Debtor's cross-claims in the Adversary Proceeding as to Hilldun.  The Agreement provides for

21  the allowance of a general unsecured claim in the amount of $1,000,000 in favor of Hilldun in

22  exchange of Hilldun releasing any and all other claims against the Crestlloyd bankruptcy estate,

23  including any and all claims allegedly secured to the real property commonly referred to as "The

24  One", located at 944 Airole Way, Los Angeles, CA 90077 (the "Ariole Property").

25        The Agreement is the product of the parties' extensive negotiations, and, ultimately, a

26  consensual resolution. Accordingly, the Plaintiff submits that the compromise is fair and reasonable

27  and should, therefore, be approved by the Court.

28

1    This Motion is based upon the Notice of Motion filed concurrently herewith, this Motion,

2  the Memorandum of Points and Authorities and the Declaration of Joseph M. Rothberg (the

3  "Rothberg Declaration") attached hereto, the entire record in this case, and such further evidence

4  as may be presented to the Court.

5

6    **WHEREFORE**, the Plaintiff respectfully requests that the Court enter an order:

7    1.    Granting the Motion;

8    2.    Approving the Agreement;

9    3.    Authorizing the Debtor and Defendant Hilldun to take any and all steps necessary

10  to effectuate the Agreement under the terms and conditions set forth in the Agreement; and

11    4.    Granting such other and further relief as the Court deems just and proper.

12

13  Dated:  January 16, 2025                    LEVENE, NEALE, BENDER,
                                                  YOO & GOLUBCHIK L.L.P.
14

15

16                                              By:   _/s/ Joseph M. Rothberg_____
                                                  DAVID B. GOLUBCHIK
17                                                TODD M. ARNOLD
                                                  JOSEPH M. ROTHBERG
18                                                Attorneys for Debtor and Debtor in Possession

19

20

21

22

23

24

25

26

27

28

4935-6274-4195.2 96887.00001                    3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    General Background**

1.    On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[1]

2.    The Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Ariole Property").

3.    On March 28, 2022, the Court approved the sale of the Ariole Property for $126 million plus the $11.970 million rebate (the "Rebate") from the auctioneer, for a total of $137.97 million. Dkt No. 247.

4.    On May 27, 2022, the Court entered an order authorizing the Debtor to pay $82,500,000 of the net proceeds from the sale to Hankey Capital "without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid." Dkt No. 350.

5.    On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hilldun Corporation. Adv. Dkt. No. 1.  Inferno subsequently amended its adversary complaint and its operative third amended complaint is filed at Adv. Dkt. No. 289.  Inferno's specific claims as to Hilldun concern its 5th, 6th, and 8th claims for relief where Inferno seeks declaratory relief that its lien on the Property is not subordinated to other lienholders (including Hilldun) and that Inferno is the senior lienholder on the Property.

6.    On August 10, 2022, the Debtor filed its cross-complaint against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation.  Adv. Dkt No. 27.

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

7.    On November 27, 2024, Yogi Securities filed its Third Amended Counterclaim and Crosslloyd against Crestlloyd, LLC, Inferno Investment, Inc. and Hankey Capital, LLC. Adv. Dkt. No. 288. It appears that Yogi Securities 20th claim for relief affects Hilldun as Yogi Securities seeks declaratory relief that DIP Loan Proceeds and Rebate held by Crestlloyd are encumbered by all lienholders including Yogi Securities and Hilldun.

**B.    Dispute as to Hilldun**

8.    On or about April 13, 2017, N: Philanthropy, managed by Yvonne Niami, entered into a factoring agreement in favor of Hilldun (the "2017 Factoring Agreement").

9.    On or about February 11, 2020, Crestlloyd executed and delivered a $5,000,000 guaranty in favor of Hilldun (the "Hilldun Guaranty"), to guaranty debts incurred by N:Philanthropy: namely the 2017 Factoring Agreement.  In connection with the Hilldun Guaranty, Crestlloyd executed a deed of trust, dated February 11, 2020, purporting to grant Hilldun a security interest in the Ariole Property.

10.    On December 23, 2021, Hilldun filed proof of claim no. 9 (the "Hilldun Claim") in the Debtor's bankruptcy case, based upon the Hilldun Guaranty and asserting a claim in the amount of $5,000,000 and asserting that the Hilldun Claim is secured by the deed of trust on the Ariole Property.

11.    Crestlloyd's cross-claims as to Hilldun assert claims for avoidance and recovery of constructive fraudulent transfers under 11 U.S.C. §§ 548 and 550 and California Civil Code §§ 3439 et seq. as to the Hilldun Guaranty, and for disallowance of the Hilldun Claim under 11 U.S.C. § 502(b)(1) and (d). Crestlloyd alleges that there was no legitimate business reason for Crestlloyd to provide the Hilldun Guaranty to Hilldun and that Crestlloyd did not receive reasonably equivalent value in exchange for that transfer or obligation.

12.    On December 2, 2025 the Hilldun filed an answer to the Debtor's cross-complaint generally denying the allegations. Adv. Dkt No. 118.

13.    Following lengthy negotiations, the Parties have agreed to settle the disputes by and among them regarding Crestlloyd's cross-claims as to Hilldun which consist of: 22nd, 23rd, 24th,

1    and 25th claims of the Debtor's cross-complaint.[2]

2          **C.**     **The Settlement Agreement Between Debtor and Hilldun**

3          14.    The settlement negotiations by and among the Debtor and defendant Hilldun

4    resulted in the Agreement, a true and correct copy of which is attached to the Rothberg Declaration

5    as **Exhibit "1"** annexed hereto.  Below is a summary of the salient terms of the Agreement.  To the

6    extent the following summary conflicts with the Agreement, the terms of the Agreement control.

7          15.    The Agreement provides, *inter alia*, as follows:

8              a.    Upon entry of an order approving the 9019 Motion, Hilldun shall hold an

9                   allowed general unsecured claim in the amount of $1,000,000 (the "Allowed

10                  Hilldun Claim") without any further order by the Bankruptcy Court.  Hilldun

11                  waives and releases any and all liens and security interests in the Property.

12                  Upon entry of the order approving the 9019 Motion, Hilldun further agrees

13                  to amend the Hilldun Claim to reflect the Settlement Agreement and to

14                  amend its claim so that it reflects a general unsecured claim in the amount

15                  of $1,000,000.  Upon entry of an order approving the 9019 Motion,

16                  Crestlloyd will prepare a stipulation with Hilldun to dismiss Crestlloyd's

17                  cross-claims against Hilldun with prejudice.

18         16.    Ultimately, the Agreement resolves the 22nd, 23rd, 24th, and 25th cross-claims of

19   the Debtor's cross-complaint. Accordingly, the Debtor submits that the compromise is fair and

20   reasonable and should, therefore, be approved by the Court.

21         17.    The Agreement also paves the way for Inferno and Yogi Securities to dismiss their

22   claims against Hilldun as the Agreement contemplates that Hilldun will hold a general unsecured

23   claim, only.  The crux of Inferno and Yogi Securities' claims is that they are senior lienholders on

24   the Ariole Property in relation to Hilldun and that Hilldun has a junior lien against the DIP Loan

25   Proceeds and the Rebate.

26         18.    Counsel for Debtor has inquired as to whether Yogi Securities and Inferno will

27

28   _____
[2]. *See* Cross-Complaint, Adv. Dkt. 27 at p. 44-48.

voluntarily dismiss their actions against Hilldun given the settlement agreement. On January 14, 2026, counsel for Yogi Securities stated that they would in fact dismiss Hilldun as a party upon entry of an Order approving this Motion. As of the date of the filing of this Motion, counsel for Inferno has not indicated whether or not it will in fact dismiss Hilldun, but Inferno has not stated any reasons why it would not.

## II.

## LEGAL ARGUMENT

## THE COMPROMISE SHOULD BE APPROVED

### A.    The Creditors Have Received Sufficient Notice of the Settlement Agreement

Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1) authorize the Court to approve a settlement agreement following notice and an opportunity for a hearing.

In the case at bar, notice of this Motion, which summarizes the relief sought by the Debtor, was served upon all parties in the adversary proceeding, all creditors of the bankruptcy estate, the Office of the United States Trustee, as well as any parties who have requested special notice. Thus, the Motion may be determined upon notice of opportunity to request a hearing under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1).

### B.    The Bankruptcy Rules Allow the Court to Approve Compromises of Controversies

Rule 9019(a) states that "the court may approve a compromise or settlement." Fed. R. Bankr. Pro. 9019(a). The decision of whether a compromise should be accepted or rejected lies within the sound discretion of the Court. *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363, 365 (Bankr. D.R.I. 1986); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); *Knowles v. Putterbaugh (In re Hallet*, 33 B.R. 564, 565 (Bankr. D.Me. 1983). For the reasons set forth below, the Court should approve the proposed Agreement.

/ / /

/ / /

### C.    Case Law Supports Approval of the Proposed Agreement

It is well established that, as a matter of public policy, settlements are favored over continued litigation. *See e.g., In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986); *In re Blair,* 538 F.2d 849, 851 (9th Cir. 1976); *In re Heissenger Resources, Ltd.,* 67 B.R. 378, 382 (C.D. Ill. 1986). A bankruptcy court should approve the compromise and settlement if it was negotiated in good faith, is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Gibson*, BAP No. CC–11–1028–MkKiD, Bk. No. RS 10–21907–DS, 2011 WL 4502044, *4 (9th Cir. B.A.P. Aug. 3, 2011); *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) ("[T]his court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable") (citation omitted); *In re Guy F. Atkinson Co. of Cal.*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate. The trustee and debtor in possession, as fiduciaries on behalf of the creditors of the estate, have the obligation and are in the best position to negotiate settlements that will best serve the interests of all creditors").

In the Ninth Circuit, the Bankruptcy Court must examine the following factors: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the interest of creditors with deference to their reasonable opinions. *A & C Props.*, 784 F.2d at 1381 (citation omitted).

A court, in reviewing the proposed settlement, "is not to decide the numerous questions of law and fact but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2nd Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Construction Inc.*, 669 F.2d. 1325, 1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849 (9th Cir. 1976). Compromises that satisfy the "reasonableness standard" should be approved.

Based upon the standard established by *A & C Properties*, 764 F.2d at 1381, the Debtor respectfully submits that Court may conclude that the terms of the Agreement are fair, reasonable and that the settlement should be approved.

### a.    Probability of Success in Litigation

In the event that the Agreement is not approved, the Debtor would be required to prosecute its cross-claims against the Defendant. While the Debtor believes that it would prevail in litigation, the Debtor would incur substantial administrative fees and costs in prosecuting the litigation.

As detailed in its cross-claims, the Debtor asserts that it did not receive reasonably equivalent value in exchange for entering into the Hilldun Guaranty, that the Debtor was insolvent or within the zone of insolvency when the Hilldun Guaranty was made and therefore that the Hilldun Guaranty is avoidable. Hilldun has filed an answer denying these allegations. Continued litigation on this dispute would require protracted discovery efforts and increased administrative fees. In an effort to avoid those issues, the Debtor entered into the Agreement.

### b.    Difficulties in Collection

This factor is not relevant and not at issue.

### c.    Complexity of Issues

There are disputes between the Defendant and the Debtor regarding the Hilldun Guaranty which would require costly litigation to resolve. Without the Agreement, the Debtor would be required to prosecute its cross-claims against Hilldun at the expense of the estate. The legal issues involved are complex as the adversary proceeding involves multiple defendants and cross-claims asserted among them. The Agreement will ultimately dismiss Hilldun from the adversary proceeding as to Crestlloyd's cross-claims. The Agreement resolves four of the Debtor's cross-claims and dismisses Hilldun as a defendant. Thus, the number of parties involved decreases and the universe of issues narrows before the Court.

The Agreement also paves the way for Inferno and Yogi Securities to dismiss their claims against Hilldun as the Agreement contemplates that Hilldun will hold a general unsecured claim, only. The crux of Inferno and Yogi Securities' claims is that they are senior lienholders on the Ariole Property in relation to Hilldun and that Hilldun had a junior lien against the DIP Loan

Proceeds and Rebate.  Because Hilldun is waiving any right to a secured claim, it is anticipated that Inferno and Yogi will dismiss Hilldun from the adversary proceeding or Hilldun will seek to have itself dismissed.

### d.    Best Interests of Creditors

The Debtor believes that the interests of the Debtor's creditors are best served by the approval of the Agreement.  The Agreement converts Hilldun's Claim from a $5,000,000 secured claim into a $1,000,000 general unsecured claim.  This releases the Ariole Property from a potential additional lien and potentially increases distributions available to unsecured creditors.  It also will significantly reduce the remaining issues to be determined in the Adversary Proceeding and potentially even remove an entire party from that litigation, which will inure to the benefit of all. In contrast, continuation of litigation would result in a potentially substantial increase in the amount of administrative expenses incurred by the Debtor, which would result in the reduction in recovery to holders of allowed claims.

The interests of the Debtor and the Debtor's creditors are best served by the approval of the Agreement and the certainty that such approval will bring to the Debtor's creditors, as well as decrease estate resources spent on litigating yet another aspect of the Adversary Proceeding.

Based on all of the foregoing, the Debtor respectfully submits that the Agreement reflects the sound exercise of the Debtor's business judgment and should be approved by the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# III.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that the Court enter an order:

1.  Granting the Motion;

2.  Approving the Agreement;

3.  Authorizing the Debtor and Hilldun to take any and all steps necessary to effectuate the Agreement under the terms and conditions set forth in the Agreement; and

4.  Granting such other and further relief as the Court deems just and proper.

Dated:  January 16, 2026                    LEVENE, NEALE, BENDER,
                                            YOO & GOLUBCHIK L.L.P.


                                            By:   /s/ Joseph M. Rothberg
                                            DAVID B. GOLUBCHIK
                                            TODD M. ARNOLD
                                            JOSEPH M. ROTHBERG
                                            Attorneys for Debtor and Debtor in Possession

# DECLARATION OF JOSEPH M. ROTHBERG

I, JOSEPH M. ROTHBERG, hereby declare as follows:

1.      I am over 18 years of age.   Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.  I am licensed to practice law in California and New York, and before this Court.  I am a partner of the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P, counsel to the Debtor.

2.      I make this Declaration in support of the Motion to which this Declaration is attached.

3.      On October 26, 2021 (the "<u>Petition Date</u>"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>").[3]

4.      The Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "<u>Property</u>").

5.      On March 28, 2022, the Court approved the sale of the Ariole Property for $126 million plus the $11.970 million Rebate from the auctioneer, for a total of $137.97 million. Dkt No. 247.

6.      On May 27, 2022, the Court entered an order authorizing the Debtor to pay $82,500,000 of the net proceeds from the sale to Hankey Capital "without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid." Dkt No. 350.

7.      On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hilldun Corporation. Adv. Dkt. No. 1.

8.      On August 10, 2022, Debtor filed its cross-complaint against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella

---

[3] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

Construction Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation. Adv. Dkt No. 27.

9.    On November 27, 2024, Yogi Securities filed its Third Amended Counterclaim and Crossclaim against Crestlloyd, LLC, Inferno Investment, Inc. and Hankey Capital, LLC. Adv. Dkt. No. 288. It appears that Yogi Securities 20th claim for relief affects Hilldun as Yogi Securities seeks declaratory relief that DIP Loan Proceeds held by Crestlloyd are encumbered by all lienholders including Yogi Securities and Hilldun.

10.    On or about April 13, 2017, N: Philanthropy, managed by Yvonne Niami, entered into a factoring agreement in favor of Hilldun (the "2017 Factoring Agreement").

11.    On or about February 11, 2020, Crestlloyd executed and delivered a $5,000,00 guaranty in favor of Hilldun (the "Hilldun Guaranty"), to guaranty debts incurred by N:Philanthropy: namely the 2017 Factoring Agreement.  In connection with the Hilldun Guaranty, Crestlloyd executed a deed of trust, dated February 11, 2020, purporting to grant Hilldun a security interest in the Property.

12.    On December 23, 2021, Hilldun filed proof of claim no. 9 (the "Hilldun Claim") in the Debtor's bankruptcy case, based upon the Hilldun Guaranty and asserting a claim in the amount of $5,000,000 and asserting that the Hilldun Claim is secured by the deed of trust on the Property.

13.    Crestlloyd's cross-claims as to Hilldun assert claims for avoidance and recovery of constructive fraudulent transfers under 11 U.S.C. §§ 548 and 550 and California Civil Code §§ 3439 et seq. as to the Hilldun Guaranty, and for disallowance of the Hilldun Claim under 11 U.S.C. § 502(b)(1) and (d). Crestlloyd alleges that there was no legitimate business reason for Crestlloyd to provide the Hilldun Guaranty to Hilldun and that Crestlloyd did not receive reasonably equivalent value in exchange for that transfer or obligation.

14.    On December 2, 2025 the Defendant filed an answer to the Debtor's cross-complaint generally denying the allegations. Adv. Dkt No. 118.

15.    Following lengthy negotiations, the Parties have agreed to settle the disputes by and among them regarding Crestlloyd's cross-claims as to Hilldun which consist of: 22nd, 23rd, 24th,

4935-6274-4195.2 96887.00001                    13

1 | and 25th of the Debtor's cross-complaint.[4]

2 |      16.    The settlement negotiations by and among the Debtor and Defendant resulted in the

3 | Agreement, a true and correct copy of which is attached as **Exhibit "1"** hereto.

4 |      17.    The Agreement provides, *inter alia*, as follows:

5 |     Upon entry of an order approving the 9019 Motion, Hilldun shall hold an

6 |     allowed general unsecured claim in the amount of $1,000,000 (the

7 |     "Allowed Hilldun Claim") without any further order by the Bankruptcy

8 |     Court. Hilldun waives and releases any and all liens and security interests

9 |     in the Property. Upon entry of the order approving the 9019 Motion,

10 |     Hilldun further agrees to amend the Hilldun Claim to reflect the Settlement

11 |     Agreement and to amend its claim so that it reflects a general unsecured

12 |     claim in the amount of $1,000,000.  Upon entry of an order approving the

13 |     9019 Motion, Crestlloyd will prepare a stipulation with Hilldun to dismiss

14 |     Crestlloyd's cross-claims against Hilldun with prejudice

15 |      18.    Ultimately, the Agreement resolves cross-claims 22, 23, 24, and 25 of the Debtor's

16 | cross-complaint. Accordingly, the Debtor submits that the compromise is fair and reasonable and

17 | should, therefore, be approved by the Court.

18 |      19.    The Agreement also paves the way for Inferno and Yogi Securities to dismiss their

19 | claims against Hilldun as the Agreement contemplates that Hilldun will hold a general unsecured

20 | claim, only.  The crux of Inferno and Yogi Securities' claims is that they are senior lienholders on

21 | the Ariole Property in relation to Hilldun and that Hilldun held a junior lien against the DIP Loan

22 | Proceeds and Rebate.

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 |

28 | [4]. *See* Cross-Complaint, Adv. Dkt. 27 at p. 44-48.

20.    As of the filing of this declaration, Yogi Securities has confirmed that it would dismiss Hilldun upon the entry of an order approving this Motion.  Counsel for Inferno has not yet stated either way whether it would dismiss Hilldun or not, but also has not provided any reason why it would not do so.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.  Executed on this 16th day of January, 2026 at Los Angeles County, California.

_____
JOSEPH M. ROTHBERG

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (hereinafter referred to as the "Settlement Agreement") is entered into and effective as of the Effective Date (defined below) set forth herein by and between Crestlloyd, LLC ("Crestlloyd," "Debtor" or "Plaintiff"), and Defendant Hilldun Corporation ("Hilldun" or "Defendant") with respect to the pending adversary proceeding titled *Inferno Investment, Inc. v. Crestlloyd, LLC, et al.* the related cross-actions, Adv. Case No. 2:22-ap-01125-DS, within the Debtor's bankruptcy case, Case No. 2:21-bk-18205-DS ("Bankruptcy Case"), in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "Bankruptcy Court"). Crestlloyd and Defendant shall be collectively referred to as the "Parties" and, individually, as a "Party").

### R E C I T A L S

WHEREAS, on October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[1]  At the time of filing, the Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

WHEREAS, on or about April 13, 2017, N: Philanthropy, managed by Yvonne Niami, entered into a factoring agreement in favor of Hilldun (the "2017 Factoring Agreement").

WHEREAS, on or about February 11, 2020, Crestlloyd executed and delivered a $5,000,00 guaranty in favor of Hilldun (the "Hilldun Guaranty"), to guaranty debts incurred by N:Philanthropy: namely the 2017 Factoring Agreement. In connection with the Hilldun Guaranty, Crestlloyd executed a deed of trust, dated February 11, 2020, purporting to grant Hilldun a security interest in the Property.  Hilldun maintains that it holds a valid security interest in the Property, which Crestlloyd denies.

WHEREAS, on December 23, 2021, Hilldun filed proof of claim no. 9 (the "Hilldun Claim") in the Debtor's Bankruptcy Case, based upon the Hilldun Guaranty and asserting a claim in the amount of $5,000,000 and asserting that the claim is secured by the deed of trust on the Property.

WHEREAS, on June 9, 2022, Inferno Investment, Inc. commenced an adversary proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hilldun Corporation. Adv. Case No. 2:22-ap-01125-DS (the "Adversary Proceeding").

WHEREAS, on August 10, 2022, Debtor filed its cross-claims ("Crestlloyd's Cross-Claims") against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction Inc.; N:Philanthropy

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

Settlement Agreement & Mutual Release
Crestlloyd LLC | Hilldun Corporation

LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation.  (Adv. Dkt No. 27).

WHEREAS, based on Crestlloyd's Cross-Claims as to Hilldun[2], Crestlloyd has asserted claims for avoidance and recovery of constructive fraudulent transfers under 11 U.S.C. §§ 548 and 550 and California Civil Code §§ 3439 et seq. as to the Hilldun Guaranty, and for disallowance of the Hilldun Claim under 11 U.S.C. § 502(b)(1) and (d). Crestlloyd alleges that there was no legitimate business reason for Crestlloyd to provide the Hilldun Guaranty to Hilldun and that Crestlloyd did not receive reasonably equivalent value in exchange for that transfer or obligation.

WHEREAS, on December 2, 2022, Hilldun filed its answer to Debtor's Cross-Claims denying the Debtor's allegations and disputing the Debtor's claims.  (Adv. Dkt. No. 118).

WHEREAS, based on the foregoing, and extensive settlement discussions, without the admission of any wrongdoing, fault, or liability, the Parties have agreed to settle Crestlloyd's action against Hilldun which was brought through Crestlloyd's Cross-Claims, and any and all disputes among them pursuant to the terms of this Settlement Agreement by allowing Hilldun a $1,000,000 general unsecured claim in the Debtor's Bankruptcy Case, and with Hilldun releasing any and all other claims against the Crestlloyd bankruptcy estate in return.

WHEREAS, in good faith, the Parties believe that this settlement will create conditions which will either cause all of the other parties to the Adversary Proceeding, to dismiss Hilldun from the Adversary Proceeding, or at minimum, provide Hilldun with cause to have the Adversary Proceedings against Hilldun, which concerns Hilldun's status as a secured creditor in Crestlloyd's Bankruptcy Case, dismissed.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is agreed as follows:

**S E T T L E M E N T**

1.      **INCORPORATION OF RECEITALS**

The Recitals to this Agreement, set forth above are incorporated into and shall constitute a material part of this Agreement.

---

[2] Numbered as cross-claims 22-25 in Defendant Crestlloyd's Cross-Complaint at Adv. Dkt. No. 27.

Settlement Agreement & Mutual Release
Crestlloyd LLC | Hilldun Corporation

## 2.    **INTENT OF THE PARTIES**

By entering into this Settlement Agreement, it is the intent of the Parties to compromise and settle any and all claims between Crestlloyd and Hilldun, and those of their past, present, and future principals, brokers, agents, officers, directors, shareholders, employees, employers, partners, successors, assignees, heirs, devisees, and attorneys, relating to or arising from Adversary Proceeding or Crestlloyd's Bankruptcy Case (other than the Allowed Hilldun Claim, defined below), and to release the same from any and all liability for damages and/or injuries arising in connection with the Adversary Proceeding or Crestlloyd's Bankruptcy Case and all other matters expressly or impliedly raised herein.

## 3.    **CONSIDERATION**

As consideration for this Settlement Agreement, the Parties agree as follows:

a.    Upon execution of this Settlement Agreement, Crestlloyd shall file a motion for approval of good faith settlement pursuant to Fed. R. Bank. Proc. 9019 (the "9019 Motion").

b.    Upon entry of an order approving the 9019 Motion, Hilldun shall hold an allowed general unsecured claim in the amount of $1,000,000 (the "Allowed Hilldun Claim") without any further order by the Bankruptcy Court. The Allowed Hilldun Claim shall be treated pro rata with all other allowed general unsecured claims.  Hilldun waives and releases any and all liens and security interests in the Property. Upon entry of the order approving the 9019 Motion, Hilldun further agrees to amend the Hilldun Claim to reflect the Settlement Agreement and to amend its claim so that it reflects a general unsecured claim in the amount of $1,000,000.

c.    Upon entry of an order approving the 9019 Motion, Crestlloyd will prepare a stipulation with Hilldun to dismiss the Crestlloyd Cross-Claims against Hilldun with prejudice.

d.    The Parties to this Settlement Agreement shall bear their own costs, attorney's fees and all other monies incurred or paid in connection with negotiating and preparing the Settlement Agreement.

## 4.    **RELEASE AND DISCHARGE**

a.    Except for the obligations contained herein and those relating to the Allowed Hilldun Claim, Crestlloyd hereby releases and discharges Hilldun and its respective predecessors and successors in interest, heirs, and assigns, and its respective past, present, and future principals, brokers, agents, officers, directors, shareholders, members, managers, employees, employers, partners, assignees, heirs, devisees, and attorneys from any and all past, present, or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract, or other legal or equitable theories of recovery which

Settlement Agreement & Mutual Release
Crestlloyd LLC | Hilldun Corporation

Crestlloyd has against Hilldun, or which may later accrue to, or be acquired by Crestlloyd, in any way arising from or related to Crestlloyd's Cross-Claims, the Adversary Proceeding, or the Bankruptcy Case.

b.       Except for the obligations contained herein and those relating to the Allowed Hilldun Claim,  Hilldun hereby releases and discharges Crestlloyd and its predecessors and successors in interest, heirs, and assigns, and its past, present, and future principals, brokers, agents, officers, directors, shareholders, members, managers, employees, employers, partners, assignees, heirs, devisees, and attorneys from any and all past, present, or future claims, demands, obligations or causes of action for compensatory or punitive damages, costs, losses, expenses and compensation, whether based on tort, contract, or other legal or equitable theories of recovery which Hilldun, has against Crestlloyd or which may later accrue to, or be acquired by Hilldun in any way arising from or related to Crestlloyd's Cross-Claims, the Adversary Proceeding, or the Bankruptcy Case.

## 5.    <u>RELEASE OF UNKNOWN CLAIMS</u>

a.       This Settlement Agreement is intended to be a full general and mutual release and to constitute a full and final accord and satisfaction, extending to all claims of any nature that are being released herein that may exist between the Parties to this Settlement Agreement, including, without limitation, claims for injuries, damages or losses to their person and their property, real and personal, tangible and intangible, whether known or unknown, suspected or anticipated, unsuspected or unanticipated, arising out of the Adversary Proceeding, Crestlloyd's Cross-Claims, or Crestlloyd's Bankruptcy Case. For the avoidance of doubt, the releases herein shall have no effect as to claims between Crestlloyd and any other parties to the Adversary Proceeding or Crestlloyd's Bankruptcy Case.

b.       The Parties to this Settlement Agreement certify that they have read, understand and expressly waive the following provisions of California Civil Code Section 1542 as to the releases contained herein:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

c.       The Parties to this Settlement Agreement understand and acknowledge that the significance and consequence of this waiver of California Civil Code Section 1542 is that even if one of them should eventually suffer additional damages or losses from their prior interactions, or should there exist other undisclosed obligations or liabilities existing

Settlement Agreement & Mutual Release
Crestlloyd LLC | Hilldun Corporation

between them, including their assignees, they will not be able to make any claim for those damages, losses or obligations that arise or relate to the Adversary Proceeding, Crestlloyd's Cross-Claims, or Crestlloyd's Bankruptcy Case. Furthermore, the Parties to this Settlement Agreement acknowledge that they intend these consequences even as to claims for damages, losses or obligations that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision, either singularly or collectively, to execute this release, regardless of the cause of their lack of knowledge. The Parties' waiver of California Civil Code Section 1542 solely extends to the releases set forth herein.

## 6.    NO ADMISSION OF LIABILITY.

This Settlement Agreement is the compromise of disputed claims and fully and finally settles all claims between the Parties stemming from any and all dealings, contracts or transactions between the Parties, from the beginning of time that arise or relate to the Adversary Proceeding, Crestlloyd's Cross-Claims, or Crestlloyd's Bankruptcy Case, and to buy peace and to prevent any further involvement and dispute. Nothing contained in this Settlement Agreement shall be interpreted or construed to be an admission on the part of, or to the prejudice of, the Parties hereto or an admission of the truth by any party of the allegations set forth in the pleadings filed in the Adversary Proceeding or in correspondence between counsel for the Parties. Except for the obligations created by this Settlement Agreement, the Parties hereto expressly deny any and all liability associated with or related, whether directly or indirectly, to the Adversary Proceeding, Crestlloyd's Cross-Claims, or Crestlloyd's Bankruptcy Case.

## 7.    NO ASSIGNMENT

The Parties to this Settlement Agreement represent and warrant that they have not heretofore assigned, transferred or hypothecated or purported to have assigned, transferred or hypothecated, or will in the future assign, transfer or hypothecate to anyone any debt, judgment, claim, liability, demand, action, cause of action, or any interest therein, based upon or arising out of or pertaining to or concerning or connected with any matter, facts, events, circumstances or things released herein.

## 8.    NO INDUCEMENT

The Parties to this Settlement Agreement declare and represent that no promises, inducements or other agreements not expressly contained herein have been made and that this release contains the entire agreement between the Parties and the terms of this Settlement Agreement are contractual and not recitals only.

## 9.    AUTHORITY OF SIGNATORIES

The Parties to this Settlement Agreement represent, warrant and covenant that they possess the necessary capacity and authority to sign and enter into this Settlement Agreement, and do so voluntarily.

## 10.    **BINDING EFFECT**

The provisions of this Settlement Agreement will be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors in interest and assigns of the respective Parties hereto.

## 11.    **FURHTER DOCUMENTS**

The Parties to this Settlement Agreement agree to execute and deliver such other additional documents as may be required to effectuate each of the terms of this Settlement Agreement.

## 12.    **ADVICE OF ATTORNEY**

The Parties to this Settlement Agreement acknowledge, represent and warrant that, in executing this Settlement Agreement, they have relied upon legal advice from their retained attorney, the terms of this Settlement Agreement have been read, and its consequences (including, but not limited to, risks, complications and costs) have been completely explained to them by that attorney, adequate time has been given for them to consult with their attorney, to ask any questions concerning this Settlement Agreement, to receive responses to those questions, and to contemplate the attorney's advice concerning this Settlement Agreement, and the Parties fully understand the terms of this Settlement Agreement. The Parties to this Settlement Agreement acknowledge, represent and warrant that, in executing this Settlement Agreement, they have not relied on any inducements, promises or representations made by any other Party to this Settlement Agreement or any person or entity representing or serving another Party, except for those expressly stated in this Settlement Agreement.

## 13.    **NO ORAL MODIFICATION**

This document sets forth the entire agreement between the Parties and may not be altered, amended or modified in any respect except by written instrument, duly executed by analog signature by the Party to be charged. Any earlier understandings, oral agreements or writings are expressly superseded hereby and are of no further force or effect.

## 14.    **ENFORCEABLE SETTLEMENT AGREEMENT**

The Parties have entered into this Settlement Agreement with the specific understanding that it is enforceable by the United States Bankruptcy Court for the Central District of California. In the event any Party fails to perform the conditions or terms required herein, the Parties hereby request that the United States Bankruptcy Court for the Central District of California retain jurisdiction to enforce the terms of this Settlement Agreement, pursuant to California Code of Civil Procedure Section 664.6 or other applicable statute or law. The Parties to this Settlement Agreement hereby waive any rights they may otherwise have to appeal any decision by the United States Bankruptcy Court for

Docusign Envelope ID: 6F2784C7-A3C5-4F6D-849D-3EC89D41F7CA

Settlement Agreement & Mutual Release
Crestlloyd LLC | Hilldun Corporation

the Central District of California in deciding any issue relating to the enforcement of this Settlement Agreement under Code of Civil Procedure Section 664.6 including any awards of attorneys' fees or costs.

## 15.    ENFORCEMENT OF THE SETTLEMENT AGREEMENT

If any Party to this Settlement Agreement becomes involved in a dispute or controversy, including, but not limited to, arbitration or litigation, arising out of this Settlement Agreement, or the performance of it, then the prevailing Party in such dispute or controversy, or in a separate suit, shall be entitled to their reasonable costs and expenses incurred in connection with such dispute or controversy, including expert witness fees and attorney's fees, which costs and expenses shall be deemed to have accrued on the commencement of such dispute or controversy, shall include consultation expenses and fees, and shall be paid whether or not such dispute or controversy is prosecuted to judgment.

## 16.    CONSTRUCTION

As used in this Settlement Agreement, the masculine, feminine or neuter gender, the singular or plural numbers and the conjunctive or disjunctive shall each be deemed to include the other whenever the context so indicates. This Settlement Agreement shall be construed in accordance with its fair meaning, the captions being for the convenience of the Parties only and not intended to describe or define the provisions in the portions of the Settlement Agreement to which they pertain. The terms of this Settlement Agreement have been freely negotiated by the Parties, and this Settlement Agreement shall not be construed against the drafter. In the event that any provision of this Settlement Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect.

## 17.    CROSS-REFERENCES

Any cross-references in this Settlement Agreement, unless specifically directed to another agreement or document, refer to provisions within this Settlement Agreement and shall not be considered to be references to the overall transaction or to any other agreement or document.

## 18.    CALIFORNIA LAW

Under this Settlement Agreement, any and all rights and duties set forth in it, including matters of construction, validity and performance, shall be interpreted, enforced and governed by the laws of the State of California, applicable to written instruments entered into solely in the State of California.

Settlement Agreement & Mutual Release
Crestlloyd LLC | Hilldun Corporation

**19.    SEVERABILITY**

If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the rest of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

**20.    EXECUTION IN COUNTERPARTS**

This Settlement Agreement may be executed in counterparts which, taken together, shall be deemed one document.  Electronically transmitted copies of analog signatures shall be deemed original signatures and shall have the same force and effect as an original signature.

**21.    EFFECTIVE DATE OF AGREEMENT**

This Settlement Agreement shall take effect immediately upon execution by the last signatory hereto (the "Effective Date").

THE UNDERSIGNED HEREBY ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND AND HEREBY AGREE TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

**CRESTLLOYD LLC**

Signed: _Lawrence Perkins_

By: _____Lawrence Perkins_____

Its: _____Manager_____

Dated:  January __, 2026
                1/16/2026

**HILLDUN CORPORATION**

Signed: _____

By: _____Joshua W. Kapelman_____

Its: _____EVP & Managing Director_____

Dated:  January 14, 2026

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A True And Correct Copy Of The Foregoing Document Entitled **Debtor's Motion To Approve Compromise With Hilldun Corporation; Memorandum Of Points And Authorities In Support; Declaration Of Joseph M. Rothberg In Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@raineslaw.com,
  bclark@raineslaw.com;csantiago@raineslaw.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Ryan Coy    ryan.coy@blankrome.com, michelle.grams@blankrome.com
- Marguerite Lee DeVoll    mdevoll@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com,
  travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Max Fabricant    mfabricant@lavelysinger.com
- Danielle R Gabai    dgabai@ecjlaw.com,
  dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Andrew Goodman    agoodman@andyglaw.com,
  Goodman.AndrewR102467@notify.bestcase.com
- Jonathan Gottlieb    jdg@lnbyg.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Jeffrey Huron    jeff.huron@stinson.com,
  ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
- Robert B Kaplan    rbk@jmbm.com, rbk@ecf.courtdrive.com
- Jane G Kearl    jkearl@watttieder.com, lharake@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, mlindau@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Marc A Lieberman    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com,
  kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- Nicholas David Moss    nmoss@molinolawfirm.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com,
  lgauthier@shulmanbastian.com;avernon@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@kahanafeld.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com,
  bclark@raineslaw.com,csantiago@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Joseph M Rothberg    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

- Victor A Sahn    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- William Schumacher    wschumacher@winthrop.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel Wall    dwall@wallinrussell.com
- Genevieve G Weiner    gweiner@sidley.com, ladowntownefilingnotice@sidley.com
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

**2. SERVED BY UNITED STATES MAIL**: On **January 16, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Email Service list attached

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 16, 2026 | Vanina Ivanova | /s/ Vanina Ivanova |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**