DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JOSEPH M. ROTHBERG (State Bar No. 286363)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JMR@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re,<br><br>CRESTLLOYD, LLC,<br>        Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>Adv. No. 2:22-ap-01125-DS |
| INFERNO INVESTMENT, INC., a Quebec corporation,<br>        Plaintiff,<br>  v.<br>CRESTLLOYD, LLC, a California limited liability company; HANKEY CAPITAL, LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; and HILLDUN CORPORATION, a New York corporation,<br>        Defendants. | **NOTICE OF MOTION OF DEBTOR TO APPROVE COMPROMISE OF CONTROVERSY WITH HILLDUN CORPORATION**<br><br>[Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9013-1(o)(1)]<br><br>[No Hearing Required] |
| CRESTLLOYD, LLC, a California limited liability company,<br>        Cross-Claimant,<br>  v.<br>INFERNO INVESTMENT, INC., a Quebec Corporation; NILE NIAMI, an individual; YVONNE NIAMI, an individual, GROUND VIEW LLLP, a Nevada limited liability limited partnership; 1369 LONDONDERRY ESTATE LLC, a California limited liability company; MARBELLA CONSTRUCTION INC., a | |

1

| | |
|---|---|
| 1 | California limited liability company; N:PHILANTHROPY LLC, a California limited liability company; YOGI SECURITIES HOLDINGS, LLC, a Nevada limited liability company; TROUSDALE ESTATE, LLC, a Nevada limited liability Company; JOSEPH ENGLANOFF, an individual; JUSTINE ENGLANOFF, an individual; NICOLE ENGLANOFF, an individual; JACQUELINE ENGLANOFF, an individual; HILLDUN CORPORATION, a New York corporation. |
| | Cross-Defendants. |

**TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Crestlloyd, LLC (the "Debtor" or "Plaintiff"), hereby moves (the "Motion") this Bankruptcy Court for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1), approving that certain Settlement Agreement and Mutual Releases (the "Agreement") entered into by and among the Plaintiff and Hilldun Corporation ("Hilldun" or "Defendant") with respect to the resolution of the Plaintiff's cross-claims in the adversary proceeding bearing case number 2:22-ap-01125-DS, against Hilldun (the "Adversary Proceeding").

The Agreement relates to the following factual background:

On October 26, 2021 (the "Petition Date"), the Debtor initiated its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[1]

The Debtor's primary asset consisted of residential real property located at 944 Airole Way, Los Angeles, CA 90077 (the "Airole Property"). On March 28, 2022, the Court approved the sale of the Airole Property for $126 million plus the $11.970 million Rebate from the auctioneer, for a total of $137.97 million. Dkt No. 247. On May 27, 2022, the Court entered an order authorizing the Debtor to pay $82,500,000 of the net proceeds from the sale to Hankey Capital "without prejudice to any and all parties' rights to assert claims and defenses as may be appropriate, including but not limited to the right to claw back any portion of the monies paid." Dkt No. 350.

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

On June 9, 2022, Inferno Investment, Inc. commenced this Adversary Proceeding against the Debtor; Hankey Capital, LLC; Yogi Securities Holdings, LLC; and Hilldun Corporation. Adv. Dkt. No. 1. Inferno subsequently amended its complaint, and its operative third amended complaint is filed at Adv. Dkt. No. 289. Inferno's specific claims as to Hilldun concern its 5th, 6th, and 8th claims for relief where Inferno seeks declaratory relief that its lien on the Airole Property is not subordinated to other lienholders (including Hilldun) and that Inferno is the senior lienholder on the Airole Property.

On August 10, 2022, the Debtor filed its cross-complaint against Inferno Investment, Inc.; Nile Niami; Yvonne Niami; Ground View LLP; 1369 Londonderry Estate, LLC; Marbella Construction Inc.; N:Philanthropy LLC; Yogi Securities Holdings LLC; Trousdale Estate LLC; Joseph Englanoff; Justine; Nicole; Jacqueline, and Hilldun Corporation. Adv. Dkt No. 27.

On November 27, 2024, Yogi Securities filed its Third Amended Counterclaim and Crossclaim against Crestlloyd, LLC, Inferno Investment, Inc. and Hankey Capital, LLC. Adv. Dkt. No. 288. It appears that Yogi Securities 20th claim for relief affects Hilldun as Yogi Securities seeks declaratory relief that dip loan proceeds held by Crestlloyd are encumbered by all lienholders including Yogi Securities and Hilldun.

On or about April 13, 2017, N: Philanthropy, managed by Yvonne Niami, entered into a factoring agreement in favor of Hilldun (the "2017 Factoring Agreement"). On or about February 11, 2020, Crestlloyd executed and delivered a $5,000,00 guaranty in favor of Hilldun (the "Hilldun Guaranty"), to guaranty debts incurred by N:Philanthropy: namely the 2017 Factoring Agreement. In connection with the Hilldun Guaranty, Crestlloyd executed a deed of trust, dated February 11, 2020, purporting to grant Hilldun a security interest in the Airole Property.

On December 23, 2021, Hilldun filed proof of claim no. 9 (the "Hilldun Claim") in the Debtor's bankruptcy case, based upon the Hilldun Guaranty and asserting a claim in the amount of $5,000,000 and asserting that the Hilldun Claim is secured by the deed of trust on the Airole Property.

Crestlloyd's cross-claims as to Hilldun assert claims for avoidance and recovery of constructive fraudulent transfers under 11 U.S.C. §§ 548 and 550 and California Civil Code §§

3

3439 et seq. as to the Hilldun Guaranty, and for disallowance of the Hilldun Claim under 11 U.S.C. § 502(b)(1) and (d). Crestlloyd alleges that there was no legitimate business reason for Crestlloyd to provide the Hilldun Guaranty to Hilldun and that Crestlloyd did not receive reasonably equivalent value in exchange for that transfer or obligation.

On December 2, 2025 the Defendant filed an answer to the Debtor's cross-complaint generally denying the allegations. Adv. Dkt No. 118. Following lengthy negotiations, the Parties have agreed to settle the disputes by and among them regarding Crestlloyd's cross-claims as to Hilldun which consist of: 22, 23, 24, and 25 of the Debtor's cross-complaint.[2]

The settlement negotiations by and among the Debtor and Defendant resulted in the Agreement. The Agreement provides, <u>inter alia,</u> as follows:

> "Upon entry of an order approving the 9019 Motion, Hilldun shall hold an allowed general unsecured claim in the amount of $1,000,000 (the "Allowed Hilldun Claim") without any further order by the Bankruptcy Court. The Allowed Hilldun Claim shall be treated pro rata with all other allowed general unsecured claims. Hilldun waives and releases any and all liens and security interests in the Property. Upon entry of the order approving the 9019 Motion, Hilldun further agrees to amend the Hilldun Claim to reflect the Settlement Agreement and to amend its claim so that it reflects a general unsecured claim in the amount of $1,000,000. Upon entry of an order approving the 9019 Motion, Crestlloyd will prepare a stipulation with Hilldun to dismiss Crestlloyd's cross-claims against Hilldun with prejudice."

Ultimately, the Agreement resolves cross-claims 22, 23, 24, and 25 of the Debtor's cross-complaint. Accordingly, the Debtor submits that the compromise is fair and reasonable and should, therefore, be approved by the Court. The Agreement also paves the way for Inferno and Yogi Securities to dismiss their claims against Hilldun as the Agreement contemplates that Hilldun will

---

[2]. *See* Cross-Complaint, Adv. Dkt. 27 at p. 44-48.

hold a general unsecured claim, only. The crux of Inferno and Yogi Securities' claims is that they are senior lienholders on the Airole Property in relation to Hilldun.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Debtor, in the exercise of its business judgment, has determined that it is in the best interests of the estate to fully resolve the dispute with Defendant concerning the Debtor's cross-claims. The Agreement is the product of the parties' extensive negotiations, and, ultimately, a consensual resolution.  Accordingly, the Debtor submits that the compromise is fair and reasonable and should, therefore, be approved by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion filed concurrently herewith, this Motion, the Memorandum of Points and Authorities and the Declaration of Joseph M. Rothberg, the entire record in this case, and such further evidence as may be made.

**PLEASE TAKE FURTHER NOTICE** that should you wish to obtain a copy of the Motion and the papers filed in support thereof, you may do so by contacting counsel for the Debtor whose name and contact information appears on the top left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(o)(1) any response and request for a hearing must be filed with the Court and served on the Debtor and its counsel and the Office of the United States Trustee within fourteen (14) days after the date of service of this Notice, plus three (3) additional days if you were served by mail or pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) or (F).

/ /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h) failure to timely file and serve a response may be deemed by the Court as consent to the granting of the Motion.

Dated: January 16, 2026

LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.

By:  /s/ Joseph M. Rothberg
DAVID B. GOLUBCHIK
TODD M. ARNOLD
JOSEPH M. ROTHBERG
Attorneys for Debtor and Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A True And Correct Copy Of The Foregoing Document Entitled **Notice Of Motion Of Debtor To Approve Compromise Of Controversy With Hilldun Corporation** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Ryan Coy    ryan.coy@blankrome.com, michelle.grams@blankrome.com
- Marguerite Lee DeVoll    mdevoll@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Max Fabricant    mfabricant@lavelysinger.com
- Danielle R Gabai    dgabai@ecjlaw.com, dgabai@ecf.courtdrive.com;aantonio@ecjlaw.com;dperez@ecjlaw.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- David B Golubchik    dbg@lnbyg.com, dbg@lnbyg.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Jonathan Gottlieb    jdg@lnbyg.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Jeffrey Huron    jeff.huron@stinson.com, ebailon@dykema.com;slara@dykema.com;DocketLA@dykema.com
- Robert B Kaplan    rbk@jmbm.com, rbk@ecf.courtdrive.com
- Jane G Kearl    jkearl@watttieder.com, lharake@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, mlindau@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Marc A Lieberman    marc.lieberman@flpllp.com, addy@flpllp.com,andrea@flpllp.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- Nicholas David Moss    nmoss@molinolawfirm.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com;avernon@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@kahanafeld.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com,csantiago@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

- Joseph M Rothberg    jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- Victor A Sahn    victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com
- William Schumacher    wschumacher@winthrop.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;NEF-BK@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel Wall    dwall@wallinrussell.com
- Genevieve G Weiner    gweiner@sidley.com, ladowntownefilingnotice@sidley.com
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

**2. SERVED BY UNITED STATES MAIL**: On **January 16, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Email Service list attached

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 16, 2026 | Vanina Ivanova | /s/ Vanina Ivanova |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**